

08/06/2026

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

MARVELLE J. BALLENTINE,

      *Plaintiff,*

      v.

      Case No. 1:26-cv-02331-RDA-IDD
      The Honorable Judge
      Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

      *Defendants.*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

### I.      INTRODUCTION AND SCOPE OF THE MOTION

This Motion seeks partial summary judgment on one issue: whether Defendant Katie Hall acted as the agent of Defendant National Center for Missing & Exploited Children ("NCMEC"), and within the course and scope of her employment by NCMEC, when she signed and issued, on NCMEC's behalf, the two letters dated April 22, 2026 described in the Complaint. That issue is a "part of" the claims asserted in Counts I, II, III, and VI within the meaning of Rule 56(a), because it establishes the predicate for NCMEC's potential vicarious liability for Hall's conduct.

The alternative Rule 56(g) request also asks the Court to establish closely related historical facts that Hall and NCMEC repeatedly admitted: Plaintiff provided advance notice of subpoenas he intended to serve; no subpoena had been formally served as of April 22, 2026; and Hall and

NCMEC acted without awaiting formal service. Plaintiff does not ask the Court in this Motion to decide the legal consequences of the absence of formal service.

The Motion rests on statements that Hall and NCMEC made to this Court, through counsel, in their signed filings in *Ballentine v. National Center for Missing & Exploited Children*, No. 1:26-cv-01341-MSN-WBP (E.D. Va.) (the "1341 Action"), an action arising from the same letters. Each material fact below is supported by the Defendants' own affirmative representations in that record.

The Motion does not seek, and no order granting it would constitute, any determination concerning the truth or falsity of the statements contained in the April 22, 2026 letters; the existence or nonexistence of any CyberTipline report; the existence, membership, or purpose of any agreement among the Defendants; any Defendant's intent, knowledge, or state of mind; or the amount of any damages. Those matters are reserved.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56(B), Plaintiff states that the following material facts are not genuinely in dispute. Citations are to the exhibits authenticated by the accompanying Declaration of Marvelle J. Ballentine.

1.    On April 9, 2026, Plaintiff transmitted written materials to NCMEC's Legal Department providing advance notice of subpoenas that Plaintiff intended to serve. (Ex. 5; Ex. 1 at 2 (describing Plaintiff's April 9, 2026 letter to NCMEC's Legal Department regarding advance notice of intended subpoenas).)

2.    No subpoena directed to NCMEC had been served as of April 22, 2026. (Ex. 1 at 2 ("NCMEC did not await formal service of the subpoenas"); Ex. 3 at 1 (describing the subpoenas as "sent, but not formally served").)

3.      On April 22, 2026, Hall signed and issued two letters on NCMEC letterhead, each bearing the caption of one of Plaintiff's two pending federal actions in the Middle District of Florida. (Ex. 4; Ex. 3 at 2 (quoting the letters); Ex. 1 at 2 (identifying both actions by caption and case number).)

4.      Hall and NCMEC acted without awaiting formal service of any subpoena. (Ex. 1 at 3 (NCMEC "responded to the subpoenas precisely in the manner instructed, albeit without waiting to be formally served"); Ex. 3 at 4 ("NCMEC responding without waiting to be formally served").)

5.      Hall was, at all times relevant, Corporate Counsel of NCMEC and an employee of NCMEC. (Ex. 3 at 2 ("Ms. Hall—an employee of the National Center for Missing and Exploited Children"); Ex. 4 (letterhead and signature block).)

6.      In the 1341 Action, Hall and NCMEC represented through common counsel that Hall "is and was an employee" of NCMEC "who was clearly acting in the course and scope of her employment in responding to the subpoenas," and that Hall "was working within the course and scope of her employment." (Ex. 3 at 6.)

7.      In the 1341 Action, Hall and NCMEC represented through common counsel that "NCMEC responded exactly as instructed in the subpoenas" and that NCMEC "responded to the subpoenas precisely in the manner instructed." (Ex. 3 at 2; Ex. 1 at 3.)

8.      Meta Platforms, Inc. owns and operates Facebook, Instagram, and WhatsApp. (Ex. 7.)

9.      NCMEC receives CyberTipline reports from Facebook, Instagram, and WhatsApp. (Ex. 8.)

10.     Meta Platforms, Inc. has its principal place of business in Menlo Park, California. (Ex. 7.)

11.     NCMEC has its principal place of business at 333 John Carlyle Street, Suite 125, Alexandria, Virginia. (Ex. 4.)

### III.    LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule permits judgment upon "a claim or defense—or the part of each claim or defense." *Id*. Local Civil Rule 56(A) provides that Rule 56(b)'s time provisions do not apply in this District and requires a summary-judgment motion to be filed and set for hearing or submitted on briefs within a reasonable time before trial. Local Civil Rule 56(C) provides that separate summary-judgment motions addressing separate grounds require leave of Court; this Motion presents one discrete ground. The facts numbered 8 through 11 in Section II are not advanced as a separate ground for summary judgment; they are submitted under Rule 56(g) as material facts not genuinely in dispute. A party may support an assertion that a fact cannot be genuinely disputed by citing materials in the record, including documents and admissions. Fed. R. Civ. P. 56(c)(1)(A); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

If the Court does not grant all the relief requested by the motion, it may enter an order stating any material fact that is not genuinely in dispute and treating the fact as established in the case. Fed. R. Civ. P. 56(g).

### IV.    ARGUMENT

**A.     The Defendants' own statements and the documentary record establish the agency-and-scope predicate.**

Whether Hall acted as NCMEC's agent within the course and scope of her employment when she signed and issued the April 22, 2026 letters is material because it establishes the predicate for NCMEC's potential vicarious liability on Counts I, II, III, and VI. It does not establish that Hall committed any underlying tort or that NCMEC is ultimately liable. Under Virginia law, an admitted employment relationship gives rise to a rebuttable presumption that the employee acted within the scope of employment, and that presumption applies at the summary-judgment stage. Parker v. Carilion Clinic, 296 Va. 319, 819 S.E.2d 809 (2018).

The present record reinforces that presumption. In the 1341 Action, through common counsel, Hall and NCMEC represented that Hall "is and was an employee" of NCMEC "who was clearly acting in the course and scope of her employment in responding to the subpoenas," and that Hall "was working within the course and scope of her employment." (Ex. 3 at 6.) They also represented that "NCMEC responded exactly as instructed in the subpoenas" and that NCMEC "responded to the subpoenas precisely in the manner instructed." (Ex. 3 at 2; Ex. 1 at 3.) The letters themselves bear NCMEC letterhead and Hall's signature as Corporate Counsel. (Ex. 4.)

Counsel's factual statements made within the representation may be admissible against the client. United States v. Blood, 806 F.2d 1218, 1221 & n.2 (4th Cir. 1986); Fed. R. Evid. 801(d)(2)(C)–(D). Because the quoted statements were made in a prior action, they are evidentiary admissions rather than judicial stipulations in this action. Their force is nevertheless substantial. Unless Defendants present competent evidence sufficient to explain or controvert those admissions and the documentary record, the record leaves no genuine dispute on the agency-and-scope predicate.

B.     **Defendants' repeated no-formal-service admissions are proper subjects for Rule 56(g).**

The absence of formal service is not an inference drawn by Plaintiff. Hall and NCMEC stated that NCMEC "did not await formal service of the subpoenas," that it responded "albeit without waiting to be formally served," that the matter arose from subpoenas "sent, but not formally served," and that NCMEC responded without waiting to be formally served. (Ex. 1 at 2–3; Ex. 3 at 1, 4.) Those repeated statements identify the same April 22, 2026 conduct at issue and confirm the context in which Hall acted for NCMEC.

Facts 1 through 4 are historical facts, not requests for a ruling on litigation privilege, statutory immunity, or any other legal consequence. They are material because Defendants have characterized the April 22 letters as subpoena responses, while repeatedly acknowledging that no formal service had occurred and that they did not wait for it. Establishing those facts under Rule 56(g) would narrow the record without deciding what legal effect the facts ultimately have.

### C.       Rule 56(d) does not require deferral of this narrow request.

A party opposing summary judgment on the ground that it cannot yet present essential facts must identify, by affidavit or declaration, the specific reasons it cannot do so. Fed. R. Civ. P. 56(d); see Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244–46 (4th Cir. 2002). Harrods also protects a nonmovant that has not had a reasonable opportunity for discovery needed to oppose summary judgment. That principle does not require deferral here because the requested relief turns on materials already in the record: Plaintiff's April 9 advance notice, the letters and signature block, Defendants' repeated statements that no formal service occurred and that they did not wait for it, Hall's employment and title, and Defendants' own descriptions of the capacity in which Hall acted. Discovery is not necessary to determine what Defendants stated in signed filings or what appears on the face of those documents.

Plaintiff acknowledges that Rule 56(d) considerations would stand differently as to matters this Motion does not reach, including the purpose for which the letters were issued and any communications among the Defendants. This Motion is confined to historical facts shown by the documentary record and facts the Defendants have already asserted.

**D.      In the alternative, the Court should enter an order under Rule 56(g).**

If the Court declines to enter judgment on the agency-and-scope issue, Plaintiff requests that the Court exercise its authority under Rule 56(g) to state that the material facts numbered 1 through 11 in Section II are not genuinely in dispute and to treat those facts as established in this action. Each concerns the face of the April 9 and April 22 documents, Defendants' own repeated statements, or the parties' own public filings and publications. Establishing them does not require the Court to decide intent, purpose, communications among the Defendants, or the legal consequences of the absence of formal service.

**V.      CONCLUSION**

Plaintiff respectfully requests that the Court grant partial summary judgment establishing that Defendant Hall acted as NCMEC's agent and within the course and scope of her employment when she signed and issued, on NCMEC's behalf, the April 22, 2026 letters; in the alternative, that the Court enter an order under Rule 56(g) stating that the facts numbered 1 through 11 in Section II are established in this action; and that the Court grant such other relief as it deems just.

Date: August 6, 2026                                              Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 6, 2026, I submitted the foregoing Memorandum in Support to the Clerk of Court through the Court's Electronic Document Submission System for docketing. No Defendant has appeared in this action and no counsel of record has entered an appearance. Pursuant to Federal Rules of Civil Procedure 5(a)(1) and 5(b)(2)(C), I served a true and correct copy of the foregoing upon each Defendant by first-class mail, postage prepaid, addressed as follows: Katie Hall, c/o National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; and Meta Platforms, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

Marvelle J. Ballentine

FILED
08/06/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**


MARVELLE J. BALLENTINE,

     *Plaintiff,*

     v.    Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.


KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

     *Defendants.*


## LOCAL CIVIL RULE 83.1(N) CERTIFICATION

I, Marvelle J. Ballentine, Plaintiff *pro se* in the above-captioned action, declare under penalty of

perjury pursuant to 28 U.S.C. § 1746 that no attorney has prepared, or assisted in the preparation

of, Plaintiff's Motion for Partial Summary Judgment, the Memorandum in Support thereof, the

Declaration of Marvelle J. Ballentine and Exhibits 1 through 8 thereto, or the Proposed Order,

filed in the above-captioned action.


Executed on August 6, 2026.


Marvelle J. Ballentine
Plaintiff, Pro Se
1520 Belle View Blvd, Ste. #5847
Alexandria, VA 22307
(407) 794-6503
jayballentine@protonmail.com