UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA — ALEXANDRIA DIVISION

*Ballentine v. Hall, et al.,  Case No. 1:26-cv-02331-RDA-IDD*

# EXHIBIT

# 1

## Memorandum in Support of Motion to Dismiss

Defendants Katie Hall and the National Center for Missing & Exploited Children
Ballentine v. National Center for Missing & Exploited Children,
No. 1:26-cv-01341-MSN-WBP (E.D. Va.), ECF No. 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-1341 |
| | ) | |
| NATIONAL CENTER FOR MISSING & | ) | |
| EXPLOITED CHILDREN, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Defendants National Center for Missing & Exploited Children and Katie Hall, Esq.

[collectively, "NCMEC"], by and through undersigned counsel and pursuant to the Rules and

Orders of this Honorable Court, hereby respectfully submit the following Memorandum in

support of Defendants' Motion to Dismiss.  Plaintiff's Complaint should be dismissed, on the

grounds that a subpoena response cannot be the basis of a defamation claim under the litigation

privilege; because Defendants are entitled to statutory immunity relating to the operation of the

CyberTipline; and because the Complaint fails to plausibly allege that the allegedly-defamatory

statements are not, in fact, accurate, and as the alleged statement cannot be extended to establish

a defamatory imputation.  In further support, Defendants state as follows:

I.       Factual Setting/Allegations in Complaint

*Pro Se* Plaintiff Marvelle J. Ballentine alleges that on or about April 22, 2026, NCMEC—

via Ms. Hall, corporate counsel for NCMEC—wrote two letters to Plaintiff (attached hereto as

Exhibits A and B).[1]  Those letters appear to be substantively identical, and state:

---

[1] The Court may consider these letters, despite the fact they were not attached to the Complaint, as they are quoted and referred to throughout the Complaint.  *See, e.g., Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005) (noting that "when a plaintiff fails to introduce a pertinent document as

Dear Mr. Ballentine:
In response to your subpoena issued April 9, 2026, the National Center for
Missing & Exploited Children ("NCMEC") provides its written responses as
detailed below: NCMEC has received two (2) CyberTipline reports concerning
(1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level
identifier jaychizza@icloud.com between July 1, 2022 and the present.

Exs. A & B. In the Complaint, Plaintiff also references subpoenas, though in the negative—

asserting that no subpoena was served on NCMEC. Complaint at ¶ 3. However, it is not wholly

accurate; while NCMEC did not await formal service of the subpoenas, Plaintiff fails to assert

that NCMEC was *responding to subpoenas from Plaintiff*.

On April 9, 2026, Plaintiff wrote a letter to NCMEC, to the attention of the Legal

Department, "Re: Advanced Notice of Intended Subpoenas – Two Separate Matters (1)

*Ballentine v. Meta Platforms, Inc., et al.*, No. 6:26-cv-00376-AGM-DCI (M.D. Fla.) (2)

*Ballentine v. Anderson, et al.*, No. 6:26-cv-00286-AGM-DCI (M.D. Fla.)." *See* Letter from

Plaintiff to NCMEC (9/9/26) (attached hereto as Exhibit C). The letter advised of Plaintiff's

intention to formally serve the subpoenas, signed by the Clerk of Court, "after the notice period

has run." *Id.* The subpoenas attached to the letter included "Schedule A," which instructed

NCMEC to "produce a document sufficient to show whether [NCMEC] received or maintains

any CyberTipline report, referral, or submission concerning: (1) Marvelle J. Ballentine; (2) Jay

Ballentine; and/or (3) the account-level identifier jaychizza@icloud.com for the period July 2,

2022 through the date of compliance." *Id.* at Schedule A. The Schedule went on to instruct that

NCMEC was not to produce the contents of any such CyberTipline report, any narrative text, or

---

part of his complaint, the defendant may attach the document to a motion to dismiss and the Court may
consider the same without converting the motion to one for summary judgment… This ruling
encompasses not only documents quoted, relied upon, or incorporated by reference…") (internal citations
omitted).

"any material beyond what is necessary to show the existence or nonexistence of a CyberTipline report, referral, or submission." *Id.*

In other words, Plaintiff sent subpoenas to NCMEC, and NCMEC responded to the subpoenas precisely in the manner instructed, albeit without waiting to be formally served. Nevertheless, Plaintiff complains that the response letters "[state] that NCMEC received two CyberTipline reports 'concerning' three identifiers associated with Plaintiff, without establishing that any report contained those identifiers or that the identifiers referred to a single person." Complaint at ¶ 4. (Again, "concerning" was the language utilized by Plaintiff in the subpoenas he sent to NCMEC's legal department.) Plaintiff also alleges that the letters had "content defects," including that they did not identify any report number, report date, or reporting electronic service provider (*id.* at ¶ 51) (which was consistent with the admonitions in Schedule A of the subpoenas); did not state whether Meta Platforms, Inc. submitted the reports, or that either report concerned Plaintiff's Facebook account (*id.* at ¶ 52) (again, consistent with Schedule A's instructions); linked Plaintiff's three identifiers in the disjunctive using "and/or" without establishing that any single identifier corresponded to either report (*id.* at ¶ 53), *etc.* (again, "and/or" appears in Schedule A).

Plaintiff alleges that the response letters (Exs. A & B) "impute[s] to Plaintiff constituting offenses involving moral turpitude… [which] imputation conveyed by each of the two April 22, 2026 letters is false. Plaintiff has not engaged in conduct constituting, or reasonably appearing to constitute, a violation of any statute enumerated in 18 U.S.C. ¶ 2258A." Complaint at ¶ 62. Plaintiff claims that upon reading the letters—providing him the information he requested—he suffered "humiliation, embarrassment, mental suffering, and injury to reputation as a result…" *Id.* at ¶ 82. Plaintiff asserts two counts of "Defamation Per Se and Defamation by Implication,"

one for each response letter, and seeks compensatory damages of $25,000,000.00, punitive damages, *etc.*

## II.      STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim.  In reviewing a dismissal for failure to state a claim, the Court is to accept as true all factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Id.*  While Courts are to construe *pro se* complaints liberally, a *pro se* plaintiff must nevertheless allege sufficient facts to state a plausible cause of action.  *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 856 (E.D. Va. 2016) (internal citations omitted).

## III.     ARGUMENT

### A. *Plaintiffs' Claims are Barred by the Litigation Privilege.*

First, Plaintiff's claims are barred by the litigation privilege.  Under Virginia law, litigation privilege "is broad in scope and applies to communications made in proceedings pending in a court or before a quasi-judicial body."  *Lindeman v. Lesnick*, 268 Va. 532, 537 (2004).  It is an absolute privilege, meaning "the maker of an absolutely privileged

communication is accorded complete immunity from liability [even if] the communication is made maliciously and with knowledge that it is false." *Id.* (quoting *Spencer v. Looney*, 116 Va. 767, 774 (1914)). The reason for the rule is "to encourage unrestricted speech in litigation." *Lindeman*, 268 Va. at 537 (internal citations omitted). Virginia courts have "extended the application of the absolute privilege well beyond the actual courtroom," such as applying the privilege to protect a third party whose statements were republished by another during a deposition. *Id.* (citing *Watt v. McKelvie*, 219 Va. 645, 651 (1978)). "Words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged." *Donahoe Constr. Co. v. Mt. Vernon Assocs.*, 235 Va. 531, 537 (1988).

While undersigned counsel has not identified any clear holding by the Fourth Circuit or its member districts as to whether subpoena responses are subject to absolute privilege, this Court has recognized that the privilege would apply to comments made in response to a police investigation. *Fields v. Sprint Corp.*, 2017 U.S. Dist. LEXIS 147654, *18 (E.D. Va. 2017). Other courts have extended the privilege in that manner. *See, e.g., United States Dep't of Educ. v. NCAA*, 481 F.3d 936, 939 (7th Cir. 2007) (noting that "[d]efamation based on material contained in a response to a subpoena, as in other statements made in a judicial proceeding, is absolutely privileged.") (internal citations omitted); *Parrino v. SunGard Availability Servs. LP*, 2012 U.S. Dist. LEXIS 32137, *9 (E.D.N.Y. 2012) (noting that "certain communications, such as the act of responding to a subpoena, may not serve as the basis for a defamation action") (internal citations omitted, applying New York law); *Willis v. Centennial Mortg. & Funding, Inc.*, 2004 U.S. Dist. LEXIS 18666, *25 (D. Minn. 2004) (holding that defendant's actions, in responding to subpoena, were absolutely privileged in defamation suit); *Farooq v. Std. Chtd. Bank*, 2026 U.S. Dist. LEXIS 10392, *7-8 (E.D. Tex. 2026) (noting that "[u]nder Texas law, the

5

bank's response to the subpoena is shielded by an absolute privilege and could not form the basis

of a tort claim"); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 574 FN4 (3rd Cir.

1980) (noting absolute privilege extends to disclosure of records in response to subpoena).

The Complaint emphasizes repeatedly that the subpoenas in question were not formally

served pursuant to Rule 45.  Even if true, this Court may take judicial notice of the fact that

parties routinely waive formal service of subpoenas, and routinely produce information in

response to a subpoena without requiring formal service.  To wit, in both Virginia state courts

and the Fourth Circuit, even service of process can be waived, despite the service requirements

set forth under the relevant frameworks.  A failure to serve is not a prohibition against response;

it simply means that compliance may not be compelled.

B.  *NCMEC is Statutorily Immune from Plaintiff's Claims.*

Second, NCMEC enjoys a qualified statutory immunity that bars Plaintiff's claims.  18

U.S.C. § 2258D provides that in light of NCMEC's

> clearinghouse role as a private, nonprofit organization and its mission to help find
> missing children, reduce online sexual exploitation of children and prevent future
> victimization… a civil claim… against NCMEC, including any director, office,
> employee, or agent of NCMEC, arising from the performance of the CyberTipline
> responsibilities or functions of NCMEC… may not be brought in any Federal or
> State Court.

18 U.S.C. § 2258D(a).  The statutory immunity is not absolute; it does not apply where NCMEC,

or its employee or agent engaged in intentional misconduct (§ 2258D(b)(1)), or acted with actual

malice, reckless disregard a substantial risk of causing injury without legal justification, or for a

purpose unrelated to the performance of any responsibility or function under § 2258D, § 2258A

(requiring reports to CyberTipline), or Section 404 of the Missing Children's Assistance Act (§

2258D(b)(2)).  Further, the statutory immunity does not apply to an act or omission relating to an

"ordinary business activity, including general administration or operations, the use of motor vehicles, or personnel management." § 2258D(c).

Defendants respectfully submit that the statutory immunity applies to Plaintiff's claims. Plaintiff sent subpoenas to NCMEC seeking information NCMEC gathered and held via its CyberTipline clearinghouse function. Plaintiff specifically requested, and provided signed subpoenas seeking, a disclosure of whether NCMEC had "received or maintains any CyberTipline report, referral, or submission concerning: (1) Marvelle J. Ballentine; (2) Jay Ballentine; and/or (3) the account-level identifier jaychizza@icloud.com." Ex. C at Sched. A. NCMEC responded that "NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com..." Exs. A & B. In other words, NCMEC responded to what appeared to be otherwise valid subpoenas, without forcing Plaintiff to formally serve the subpoenas, and responded *precisely in the manner requested*.

None of the exceptions are applicable. No facts are alleged, nor can any reasonable inference be derived from any factual allegations, that NCMEC—in responding to an apparently-valid subpoena, as requested by the author of the subpoena, engaged in "intentional misconduct." Similarly, there are no facts alleged, nor any reasonable inferences warranted, to suggest that NCMEC acted with "actual malice" or with "reckless disregard" for a substantial risk of injury. Against, NCMEC provided the actual information that Plaintiff indicated he sought. "Actual malice," in the context of a defamation claim, requires "knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Fleming v. Moore*, 221 Va. 884, 891 (1981) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).[2] Plaintiff does not

---

[2] NCMEC does not suggest, based on the facts as presently known, that Plaintiff is a public figure, who would ordinarily need to meet the actual malice standard—but that standard is applicable due to the

allege that the statement—essentially, that he had been the subject of multiple CyberTipline reports—was false, much less does Plaintiff allege that NCMEC knew that the allegations reported via the CyberTipline were false.

C.  *The Statements Are True, and Not Actionable.*

Third, assuming *arguendo* that no privilege or immunity applies, the Complaint fails to state a claim upon which relief may be granted, as Plaintiff does not assert that the factual representations in the letter are inaccurate, and Plaintiff's theory of defamation by implication is not actionable.  Under Virginia law, "a private individual asserting a claim of defamation first must show that a defendant has published a *false* factual statement…" *Dangerfield v. WAVY Broadcasting, Inc.*, 228 F. Supp. 3d 696, 701 (E.D. Va. 2017) (quoting *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 46 (2009) (emphasis added)).  Plaintiff appears to argue that because NCMEC confirmed the existence of CyberTipline reports relating to the search terms provided by Plaintiff, "a reader… would understand the letter to convey that NCMEC possesses two reports concerning Plaintiff arising from facts or circumstances from which there is an apparent violation of the child-exploitation statutes…" and in so doing "imputes to Plaintiff conduct constituting offenses involving moral turpitude…"  Complaint at ¶¶ 60, 61.[3]  While Plaintiff denies, in Paragraph 62, engaging in such conduct, Plaintiff does not allege that the factual representation—that NCMEC received two responsive reports—is inaccurate.  That alone is fatal to any defamation claim.  *See Gazette, Inc. v. Harris*, 229 Va. 1, 15 (1985) (a "private figure plaintiff may recover upon proof by a preponderance of evidence that the publication was false, and that the defendant either knew it to be false, or believing it was true, lacked reasonable

───────────────

statute in question, and no facts are presented by which one could conclude that the response was motivated by ill will, intent to harm, *etc*.

[3] Of course, NCMEC did no such thing.  NCMEC responded that there were two reports relating to the terms identified by Plaintiff.

grounds for such belief…").  Plaintiff may not like that there are two reports associated with the search terms he provided, but nowhere in the Complaint does he assert that fact—that two reports exist—is false.

Virginia does recognize the theory of defamation by implication, so long as the implication is "reasonably drawn from the words actually used." *Webb v. Virginian-Pilot Media Cos.*, 287 Va. 84, 89 (2014).  Whether such an implication may reasonably be drawn is a question of law.  *Id.* at 90.  The meaning of the allegedly defamatory language "cannot, by innuendo, be extended beyond its ordinary and common acceptation." *Id.* at 89 (quoting *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 9 (1954)). In the case at hand, Plaintiff attempts to do just that--impermissibly extend the language in the letters, by arguing that NCMEC, by advising of the existence of the reports, was implying that Plaintiff had violated child exploitation statutes that gave rise to those reports.  That is not an implication that can reasonably be drawn.

All NCMEC stated was that it had received two CyberTipline reports relating to the search terms provided by Plaintiff; NCMEC did not express any opinion as to the validity of those reports, nor express in any way those reports were or were not credible (and as noted *supra*, Plaintiff expressly instructed NCMEC to not provide any information beyond what was provided).

*Dangerfield* is instructive.  In that matter, the plaintiff sued a news organization for, *inter alia*, reporting that Plaintiff had been accused of rape.[4]  The court concluded that was factually accurate, and noted "Defendants' broadcast stated that Plaintiff was 'accused of rape.' Plaintiff may not extrapolate beyond the 'plain and natural' meaning of words to claim that Defendants' broadcast stated that Plaintiff was a 'rapist.'" *Dangerfield*, 228 F. Supp. 3d at 702 (internal

---

[4] The plaintiff also complained as to a report that he had been arrested for rape, which the defendant conceded was not accurate.  228 F. Supp. 3d at 704.

9

citations omitted). Here, Plaintiff is attempting to do precisely what the Court prohibited in *Dangerfield*; extend factually-accurate representations that he had been subject of CyberTipline reports to claim that NCMEC stated he had engaged in child exploitation or other conduct that would be appropriately reported to NCMEC. NCMEC advised of reports; NCMEC took no position as the validity of the reports, or expressed anything relating to the conduct that lead to the reports. Rather, NCMEC provided only the information requested—the existence or nonexistence of a CyberTipline report as to the search terms identified by Plaintiff.

III.    CONCLUSION

In light of the foregoing, Defendants respectfully submit that dismissal is necessary and appropriate in this matter. Defendants are entitled to absolute immunity for statements made in response to Plaintiff's subpoenas, even if those statements would otherwise be actionable. Defendants are entitled to statutory immunity, as the allegations arise out of Defendants' operation and custodianship of the CyberTipline, and the Complaint fails to state any factual allegations that could so much as support an inference that Defendants acted with actual malice, recklessly, *etc.* Finally—the Complaint fails to state a claim upon which relief may be granted as to defamation—whether by implication or otherwise— because the Complaint does not allege that the allegedly-defamatory statements were false, and the plain language of the allegedly-defamatory statements are not reasonably subject to the interpretation advocated by Plaintiff.

NCMEC is in the honorable, though not enviable, position of attempting to protect children from those who would exploit or otherwise victimize them. As part of its statutory mandate, NCMEC receives reports from providers as to child exploitation and abuse; and NCMEC is subject to subpoena as to those reports. NCMEC, in this matter, did nothing more than respond to Plaintiff's subpoena, in the matter Plaintiff instructed, without waiting to be

formally-served with the signed subpoenas Plaintiff provided, and did so in a factually-accurate way.  While NCMEC appreciates that no individual would want to be the subject of reports, the fact that Plaintiff was the subject of such reports is neither defamatory, nor actionable.

WHEREFORE, for the reasons set forth above, Defendants National Center for Missing & Endangered Children and Katie Hall, Esq., respectfully request that the Complaint be dismissed, with prejudice, and for such additional relief as this Honorable Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE LLP


 /s/ *Padraic K. Keane*
Padraic K. Keane #88876
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendants*
*National Center for Missing & Endangered*
*Children and Katie Hall, Esq.*

11

Exhibit A



NATIONAL CENTER FOR
**MISSING &
EXPLOITED**
C H I L D R E N˚

April 22, 2026

Marvelle J. Ballentine
1520 Belle View Blvd, Ste. #5847
Alexandria, VA 22307

**Re:**   **Subpoena for Production of Documents – RE: Marvelle Ballentine v. Meta Platforms, Inc., et al.**

Dear Mr. Ballentine:

In response to your subpoena issued April 9, 2026, the National Center for Missing & Exploited Children ("NCMEC") provides its written responses as detailed below.

NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present.

If you have any questions, please contact me at kehall@ncmec.org.

Sincerely,

Katie Hall
Corporate Counsel

# Exhibit B



NATIONAL CENTER FOR
**MISSING &**
**EXPLOITED**
C H I L D R E N<sup>.</sup>

April 22, 2026

Marvelle J. Ballentine
1520 Belle View Blvd, Ste. #5847
Alexandria, VA 22307

**Re:**   **Subpoena for Production of Documents – RE: Marvelle Ballentine v. Devin S. Anderson, et al.**

Dear Mr. Ballentine:

In response to your subpoena issued April 9, 2026, the National Center for Missing & Exploited Children ("NCMEC") provides its written responses as detailed below.

NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present.

If you have any questions, please contact me at kehall@ncmec.org.

Sincerely,

Katie Hall
Corporate Counsel

# Exhibit C

Marvelle J. Ballentin
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6403

April 9, 2026

**VIA OVERNIGHT EXPRESS MAIL**

National Center for Missing & Exploited Children Attn: Legal Department / Subpoena Compliance 333 John Carlyle Street Alexandria, VA 22314

Re: Advance Notice of Intended Subpoenas — Two Separate Matters (1) *Ballentine v. Meta Platforms, Inc., et al.*, No. 6:26-cv-00376-AGM-DCI (M.D. Fla.) (2) *Ballentine v. Anderson, et al.*, No. 6:26-cv-00286-AGM-DCI (M.D. Fla.)

Dear Counsel:

This envelope contains **two separate advance notices** of intended subpoenas to the National Center for Missing & Exploited Children, one for each of the above-captioned matters. Each notice is transmitted pursuant to NCMEC's fourteen-day advance-notice procedure for records subpoenas and is accompanied by a signed copy of the draft subpoena that will be formally served after the notice period has run.

The enclosures are as follows:

1. Advance Notice of Intended Subpoena in Case No. 6:26-cv-00376-AGM-DCI, with signed draft subpoena attached.
2. Advance Notice of Intended Subpoena in Case No. 6:26-cv-00286-AGM-DCI, with signed draft subpoena attached.

Although transmitted in a single envelope for efficiency, the two notices are independent. Each identifies its own case caption, case number, and subpoena recipient, and each should be processed as a discrete matter. Both subpoenas seek the same categorical information: whether a CyberTipline report under 18 U.S.C.

§ 2258A was filed concerning the Facebook account associated with Marvelle J. Ballentine and terminated on or about July 4, 2022.

I am proceeding pro se in both matters. Please direct any questions, objections, or procedural correspondence regarding either notice to the contact information above, and please reference the applicable case number in any response so that the record in each matter remains distinct.

Thank you for your attention to these notices.

Regards,

Marvelle J. Ballentine
Plaintiff, *pro se*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| Marvelle J. Ballentine | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:26-cv-00286-AGM-DCI |
| Devin S. Anderson; Christopher W. Keegan; and Meta Platforms, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Custodian of Records
National Center for Missing and Exploited Children

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Marvelle J. Ballentine<br>1520 Belle View Blvd, Ste. #5847, Alexandria, VA 22307 | Date and Time:<br><br>May 8, 2026, at 5:00 p.m. Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 9, 2026

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marvelle J. Ballentine pro se; 7862 W. Irlo Bronson Mem. Hwy #82, Kissimmee, FL 34747 , who issues or requests this subpoena, are: E-mail: jayballentine@protonmail.com I Tel: (407) 794-6503

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

*Ballentine v. Meta Platforms, Inc., et al.*, Case No. 6:26-cv-00376-AGM-DCI

United States District Court for the Middle District of Florida

The responding person must produce a document sufficient to show whether the National Center for Missing and Exploited Children ("NCMEC") received or maintains any CyberTipline report, referral, or submission concerning:

(1) Marvelle J. Ballentine;

(2) Jay Ballentine; and/or

(3) the account-level identifier jaychizza@icloud.com

for the period July 1, 2022 through the date of compliance.

If no such CyberTipline report, referral, or submission exists, the responding person must produce a written statement so stating after a reasonable search.

This subpoena does not request and NCMEC should not produce:

(a) the contents of any CyberTipline report;

(b) any narrative text;

(c) attachments;

(d) images, video, or media;

(e) investigative materials; or

(f) any material beyond what is necessary to show the existence or nonexistence of a CyberTipline report, referral, or submission.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| Marvelle J. Ballentine | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:26-cv-00376-AGM-DCI |
| Meta Platforms, Inc.; Accenture LLP; | ) | |
| Genpact Limited; and TaskUs, Inc. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Custodian of Records
National Center for Missing and Exploited Children

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Marvelle J. Ballentine<br>1520 Belle View Blvd, Ste. #5847, Alexandria, VA 22307 | Date and Time:<br><br>May 8, 2026, at 5:00 p.m. Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 9, 2026

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marvelle J. Ballentine
pro se; 7862 W. Irlo Bronson Mem. Hwy #82, Kissimmee, FL 34747 , who issues or requests this subpoena, are:
E-mail: jayballentine@protonmail.com I Tel: (407) 794-6503

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

*Ballentine v. Meta Platforms, Inc., et al.*, Case No. 6:26-cv-00376-AGM-DCI

United States District Court for the Middle District of Florida

The responding person must produce a document sufficient to show whether the National Center for Missing and Exploited Children ("NCMEC") received or maintains any CyberTipline report, referral, or submission concerning:

(1) Marvelle J. Ballentine;

(2) Jay Ballentine; and/or

(3) the account-level identifier jaychizza@icloud.com

for the period July 1, 2022 through the date of compliance.

If no such CyberTipline report, referral, or submission exists, the responding person must produce a written statement so stating after a reasonable search.

This subpoena does not request and NCMEC should not produce:

(a) the contents of any CyberTipline report;

(b) any narrative text;

(c) attachments;

(d) images, video, or media;

(e) investigative materials; or

(f) any material beyond what is necessary to show the existence or nonexistence of a CyberTipline report, referral, or submission.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

#### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

#### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

#### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

#### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE

ATE ■ ANY WEIGHT

edule free Package Pickup, scan the QR code.



JSPS.COM/PICKUP



PS10001000006

EP13F October 2(
OD: 12 1/2 x 1/2



**E**

US POSTAGE PAID IMI
2026-04-09
34747
C6818636
Commercial
FLAT RATE ENV

easypost

0901000018622

## USPS PRIORITY MAIL EXPRESS

MARVELLE J. BALLENTINE
7862 W IRLO BRONSON MEMORIAL HWY # 82
KISSIMMEE FL 34747-1738

**0007**

WAIVER OF SIGNATURE

C049

SHIP TO: NATL CTR FOR MISSING & EXPLOITED
CHILDRE
(NCMEC)
333 JOHN CARLYLE ST STE 125
ALEXANDRIA VA 22314-5950



### USPS TRACKING #



9470 1361 0619 6274 5884 61

 **PirateShip.com**
Make shipping fun



I understand that Priority Mail Express™, Priority Mail®, and Global Express Guaranteed® packaging is the property of the United States Postal Service® and is provided free of charge for use with USPS

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.

UNITED STATES
POSTAL SERVICE.