FILED
8/20/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff*,

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) FOR LEAVE TO SERVE THREE LIMITED INTERROGATORIES ON NCMEC BEFORE THE RULE 26(f) CONFERENCE**

Plaintiff Marvelle J. Ballentine, pursuant to Federal Rule of Civil Procedure 26(d)(1), moves for leave to serve three interrogatories on Defendant National Center for Missing & Exploited Children ("NCMEC") before the conference required by Federal Rule of Civil Procedure 26(f). The three interrogatories are set forth in Exhibit A and are reproduced verbatim here:

> **INTERROGATORY NO. 1:** Excluding information supplied by Plaintiff in the April 9, 2026 materials, court filings, public sources, and information obtained or added after original receipt by NCMEC, did either of the two CyberTipline reports referenced in NCMEC's April 22, 2026 letters, as originally received by NCMEC, contain or otherwise identify "Marvelle J. Ballentine"?

> **INTERROGATORY NO. 2:** Subject to the same exclusions, did either report, as originally received by NCMEC, contain or otherwise identify "Jay Ballentine"?

> **INTERROGATORY NO. 3:** Subject to the same exclusions, did either report, as originally received by NCMEC, contain or otherwise identify jaychizza@icloud.com?

NCMEC may answer each interrogatory with one of three responses: “Yes,” “No,” or “Unable to determine after reasonable inquiry.” The interrogatories seek no explanation and no report content.

NCMEC has placed the two CyberTipline reports at issue in its pending Motion to Dismiss. ECF No. 10. Its Memorandum in Support (ECF No. 11) argues that the April 22, 2026 statement was true and that Plaintiff “cannot plausibly assert” falsity “because he does not have access to those reports.” NCMEC holds the two reports. Plaintiff does not. The three interrogatories ask NCMEC to state whether each of Plaintiff’s three identifiers appeared in either report as originally received by NCMEC.

This Motion seeks no other relief. It seeks no production of either report or any portion of either report; no document, deposition, communication, metadata, report number, submitter identity, date, or narrative; no discovery from any Defendant other than NCMEC; and no commencement of general discovery. The grounds for this Motion are set forth in the accompanying Memorandum in Support. A proposed order and Exhibit A are submitted herewith.

Pursuant to Local Civil Rule 37(E), Plaintiff and counsel for NCMEC conferred by telephone on August 20, 2026 regarding the three interrogatories set forth in Exhibit A. NCMEC did not agree to answer the interrogatories. The parties were unable to resolve the discovery matter.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave under Rule 26(d)(1) to serve the three interrogatories set forth in Exhibit A on NCMEC before the Rule 26(f) conference; require NCMEC to answer them under oath, pursuant to Rule 33, within seven

calendar days after service, or within such other short period as the Court directs; and grant such other relief as it deems just.

Date: August 20, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) Plaintiff's Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Three Limited Interrogatories on NCMEC Before the Rule 26(f) Conference; (2) the Memorandum in Support of the Motion; (3) the accompanying Proposed Order; and (4) Exhibit A, Plaintiff's Three Proposed Interrogatories to NCMEC.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I submitted the foregoing Motion, together with the accompanying Memorandum in Support, Proposed Order, and Exhibit A, to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for Defendant National Center for Missing & Exploited Children will receive notice through the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(a)(1) and 5(b)(2)(C), I served a true and correct copy of the foregoing by first-class mail, postage prepaid, addressed as follows: Katie Hall, c/o National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; and Meta Platforms, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.



Marvelle J. Ballentine
Plaintiff, *pro se*