**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

FILED
08/20/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) FOR LEAVE TO SERVE THREE LIMITED INTERROGATORIES ON NCMEC BEFORE THE RULE 26(f) CONFERENCE

## INTRODUCTION

NCMEC has moved to dismiss. ECF No. 10. One ground of its motion is truth. Section C of its Memorandum in Support (ECF No. 11) is titled "The Statements are True, and Thus Not Actionable." In that section, NCMEC tells the Court why Plaintiff cannot contest the defense:

> He cannot plausibly assert that is the case, because he does not have access to those reports.

That sentence supplies the reason for this Motion.

NCMEC holds the two CyberTipline reports its April 22, 2026 letters described. Plaintiff does not. NCMEC asks the Court to accept the truth of the April 22 statement, and it points to

Plaintiff's lack of the two reports as the reason Plaintiff cannot contest that truth. NCMEC's motion does not merely identify the missing information; it relies on Plaintiff's inability to obtain that information as a reason to dismiss the case.

Plaintiff asks for three interrogatories, directed to one Defendant, concerning two identified records. Each asks whether one of Plaintiff's three identifiers appeared in either report as originally received by NCMEC. Each permits three answers: "Yes," "No," or "Unable to determine after reasonable inquiry." Plaintiff does not seek the reports.

The answers matter because NCMEC's own brief concedes that the April 22 letters do not say who the reports are about. NCMEC writes that a person would understandably be upset to learn "that they, or a person with the same name, or their e-mail address—is linked with a report to NCMEC." That is NCMEC's formulation, and it identifies three different things a report might concern: Plaintiff himself; a stranger who shares his name; or an email string. The letters do not say which. Only the reports can supply that source-level answer, and only NCMEC has them. The three interrogatories ask which.

Plaintiff does not ask the Court to open discovery. He asks the Court to authorize three answers about the two records NCMEC itself has made material to its request for dismissal.

## BACKGROUND

On April 22, 2026, NCMEC issued two letters, each keyed to one of Plaintiff's pending federal actions. Each letter stated: "NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present." The three identifiers are joined by "and/or." The letters do not state which identifier appears in either underlying report.

On August 12, 2026, NCMEC moved to dismiss. ECF No. 10. Section C of its Memorandum in Support (ECF No. 11) is titled "The Statements are True, and Thus Not Actionable." The Memorandum argues that Plaintiff "would need to establish that the statement was false; that NCMEC did not, in fact, receive two CyberTipline reports for the search terms specified by Plaintiff during the time period specified by Plaintiff." It then states that "[h]e cannot plausibly assert that is the case, because he does not have access to those reports."

In the same section, NCMEC writes: "While it is certainly understandable that a person would be upset to learn that they, or a person with the same name, or their e-mail address—is linked with a report to NCMEC, that does not render an accurate factual recitation of that fact actionable." NCMEC's own sentence separates what the letters merged. A report may concern Plaintiff. It may concern a different person who shares his name. It may concern nothing more than an email address. Those are three materially different facts, and the difference between them is the difference between a true statement about Plaintiff and a false one. What the Memorandum does not say, anywhere, is that either report concerned Plaintiff.

## LEGAL STANDARD

Rule 26(d)(1) bars discovery before the Rule 26(f) conference "except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Court may therefore authorize discovery now. Discovery must be relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts have broad discretion over the scope and timing of discovery.

This District has exercised that authority to permit limited discovery before the Rule 26(f) conference. *See Shenzhenshibairihongmaoyiyouxiangongsi v. Novoluto GmbH*, No. 3:25-cv-00844 (E.D. Va. Mar. 9, 2026). That case arose in the preliminary-injunction setting and applied a

modified preliminary-injunction test requiring a strong showing on the merits and likely irreparable harm absent expedited discovery. Plaintiff does not contend that the modified preliminary-injunction test governs this Rule 12 posture. The decision is relevant here for the narrower proposition that the Court may authorize circumscribed pre-Rule 26(f) discovery and limit that discovery to information necessary for an imminent adjudication where material information is asymmetrically held.

## ARGUMENT

### I. NCMEC Has Made the Unresolved Referent Material to Its Request for Dismissal.

NCMEC's dismissal argument uses Plaintiff's lack of access to the reports twice. First, NCMEC invokes it as the reason Plaintiff cannot contest truth: he "cannot plausibly assert" falsity "because he does not have access to those reports." Second, NCMEC treats the resulting silence as support for dismissal on the truth ground itself. Rule 26(d)(1) permits the Court to authorize the limited discovery necessary to test the premise NCMEC has made material.

NCMEC did not merely deny an allegation; it advanced truth as an affirmative ground for dismissal. The three interrogatories are directed to the precise factual proposition NCMEC made material: whether either report, as originally received by NCMEC, contained or otherwise identified each of Plaintiff's three identifiers. That proposition is relevant to a defense NCMEC raised, Fed. R. Civ. P. 26(b)(1), and NCMEC cannot rely on Plaintiff's lack of access to bar Plaintiff from testing the premise while relying on the same lack of access to establish it.

The ordinary answer to a request for pre-conference discovery is: wait for ordinary discovery. NCMEC is not waiting. Its motion asks the Court to dismiss the action with prejudice

now, in part on the ground that the April 22 statement was true. The need for the three answers exists now because NCMEC has chosen to litigate truth now.

In *Shenzhenshibairihongmaoyiyouxiangongsi*, the Court found expedited discovery justified in part because a pending adjudication would otherwise require a party to litigate while lacking information necessary to that adjudication, and it emphasized the imbalance of information while limiting discovery to what was necessary. No. 3:25-cv-00844. The procedural posture differs, but those practical considerations are present here. Plaintiff does not contend that every pending motion to dismiss entitles a plaintiff to discovery. Five features combine here and will rarely combine elsewhere:

(1) an affirmative truth theory;
(2) two specifically identified source records;
(3) exclusive control of those records by the movant;
(4) the movant's express reliance on the opposing party's lack of access; and
(5) a request limited to three closed answers.

**II. The Three Interrogatories Are Directed Only to That Ambiguity.**

Each interrogatory asks a single closed question: whether one identified term — "Marvelle J. Ballentine," "Jay Ballentine," or jaychizza@icloud.com — appeared in, or was otherwise identified by, either of the two CyberTipline reports referenced in NCMEC's April 22, 2026 letters, as originally received by NCMEC. Each interrogatory excludes information Plaintiff supplied, information from court filings and public sources, and information obtained or added after original receipt by NCMEC, so each answer addresses the report as NCMEC originally received it.

The interrogatories are directed only to the ambiguity NCMEC's own Memorandum describes. NCMEC identified three possible referents — Plaintiff, a person with the same name, or an email address — without stating which is true. The three interrogatories ask NCMEC to answer that question from the records it holds, and nothing else.

## III. The Requested Discovery Is Minimal and Does Not Commence General Discovery.

Plaintiff seeks three interrogatories, directed only to NCMEC, concerning only the two reports NCMEC has already identified, requiring review only of those reports as originally received by NCMEC, and permitting only three responses: "Yes," "No," or "Unable to determine after reasonable inquiry." Plaintiff does not seek production of either report or any portion of either report. He does not seek any additional interrogatory, document request, deposition, third-party discovery, communication, metadata, report number, submitter identity, date, narrative, or follow-up discovery. Answering three closed questions about two identified records in the answering party's possession imposes a burden that is minimal and sharply bounded. The request is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A "Yes" establishes only that the identified term appeared in, or was otherwise identified by, at least one report as originally received by NCMEC. A "No" establishes only that the identified term did not appear in, or otherwise identify, either report under the stated exclusions. An "Unable to determine after reasonable inquiry" establishes only that NCMEC cannot presently make that source-level determination after reasonable inquiry. Every permitted answer reduces uncertainty on the question NCMEC made material. None adjudicates liability, and Plaintiff does not ask the Court to treat any answer as adjudicating liability.

The Court need not choose between opening general discovery and leaving ordinary discovery closed. The proposed order leaves ordinary discovery closed and authorizes only the three interrogatories identified in the Motion. It preserves three answers made presently material by NCMEC's own dispositive filing without commencing general discovery.

The Fourth Circuit has recognized that dispositive relief ordinarily should not rest on facts within the moving party's exclusive control when the opposing party has been denied any opportunity to test them. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–47 (4th Cir. 2002). NCMEC asks the Court to resolve a fact-dependent truth argument against Plaintiff on the basis of Plaintiff's lack of access to records NCMEC controls; the three answers requested are the least discovery that could test that argument. *Harrods* arose under Rule 56, and Plaintiff does not contend that the Court cannot rule on NCMEC's motion without discovery.

## **CONCLUSION**

This Motion asks for three answers. NCMEC asks for dismissal. NCMEC says its April 22 statement was true. NCMEC will not say whom the statement was about. It told the Court the reports may concern Plaintiff, a person with his name, or an email address. Only the reports can supply that source-level answer. NCMEC has them. Plaintiff does not. NCMEC relies on that fact to argue Plaintiff cannot dispute truth at all. A party should not obtain dismissal on a fact-dependent truth theory by relying on records it alone controls while refusing the limited discovery necessary to test that theory. The Court should not decide truth on records one side holds and the other side has never seen. Three closed questions cure that. Rule 26(d)(1) permits them. The Motion should be granted.

Date: August 20, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com