**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# PLAINTIFF'S PROPOSED SUPPLEMENTAL COMPLAINT TO FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)

Plaintiff Marvelle J. Ballentine, pursuant to Federal Rule of Civil Procedure 15(d), supplements Counts III and IV of the operative First Amended Complaint with events occurring after that pleading was filed. The First Amended Complaint remains unchanged. This Supplemental Complaint adds no defendant, no cause of action, and no category of relief, and is directed solely to Counts III and IV.

## I. INCORPORATION AND SCOPE

1. Plaintiff incorporates by reference the allegations in the Preliminary Statement, Jurisdiction and Venue, Parties, and Scope of Allegations sections of the First Amended

Complaint; Sections A, B, C, G, H, I, J, M, and R of the Facts of the First Amended Complaint; and Counts III and IV of the First Amended Complaint, as if fully set forth herein.

2. The allegations below supplement Counts III and IV only. The allegations concerning NCMEC and Hall concern post-filing knowledge, state of mind, acknowledged distress, continuation of the course of conduct alleged in Count III, and awareness of continuing injury. The allegations concerning Meta Platforms, Inc. concern post-filing knowledge, notice, state of mind, and Meta's demonstrated awareness of the relationship between this action and the Northern District of California proceeding identified in Count IV.

3. No independent cause of action is predicated on the filing of NCMEC's August 12, 2026 memorandum, on the August 13, 2026 communication by counsel for NCMEC and Hall, or on the August 13, 2026 filing by Meta Platforms, Inc. and its co-defendants in the Northern District of California alleged below. Consistent with the Scope of Allegations section of the First Amended Complaint, those post-filing events are alleged solely as subsequent facts bearing on the existing claims. The NCMEC and Hall events bear on knowledge, state of mind, intent or recklessness, continuation of the conduct alleged in Count III, and awareness of continuing injury. Meta's filing bears on knowledge, notice, state of mind, and Meta's awareness of the relationship between this action and the Northern District of California proceeding, under Count IV.

## II. POST-FILING EVENTS

### A. NCMEC'S AUGUST 12, 2026 MEMORANDUM AND THE AUGUST 13, 2026 COMMUNICATIONS

4. On August 12, 2026, NCMEC filed its memorandum in support of its motion to dismiss the First Amended Complaint. ECF No. 11. The memorandum was filed on behalf of

NCMEC and stated that, unless otherwise specified, its arguments applied equally to Defendant Hall because she was at all relevant times an employee of NCMEC.

5. NCMEC's August 12, 2026 memorandum expressly addressed the First Amended Complaint's allegations that Plaintiff is a survivor of childhood sexual abuse; that, after receiving the April 22, 2026 letters, Plaintiff vomited; that Plaintiff experienced recollections of childhood sexual abuse; and that Plaintiff experienced fear of arrest and prosecution.

6. By August 12, 2026, NCMEC had actual knowledge of Plaintiff's disclosed survivor history and of the severe emotional distress Plaintiff alleged resulted from the April 22, 2026 letters.

7. In addressing Plaintiff's falsity allegations, NCMEC's August 12, 2026 memorandum stated both that Plaintiff "does not have access to those reports" and that the asserted CyberTipline linkage could concern Plaintiff, "a person with the same name," or an email address.

8. NCMEC thereby acknowledged that the April 22, 2026 letters did not resolve whether either asserted CyberTipline report concerned Plaintiff personally, another person with the same name, or an email identifier.

9. NCMEC possesses the two CyberTipline reports underlying the April 22, 2026 letters.

10. Plaintiff does not possess or have access to those reports.

11. The April 22, 2026 letters do not identify which listed person or identifier corresponds to either report.

12. As of August 12, 2026, the resulting person-level uncertainty remained unresolved from Plaintiff's perspective.

13. NCMEC knew that the uncertainty remained unresolved.

14. On August 13, 2026, Plaintiff sought clarification concerning the unresolved identity question by asking counsel for NCMEC and Hall whether either CyberTipline report, as received from the reporting provider, contained or identified: (1) Plaintiff's full legal name, "Marvelle J. Ballentine"; (2) the name "Jay Ballentine"; or (3) the email identifier jaychizza@icloud.com.

15. Counsel did not provide an answer resolving whether any of those identifiers appeared in either provider-submitted report.

16. On August 13, 2026, one day after NCMEC filed its memorandum, counsel representing NCMEC and Hall wrote to Plaintiff: "I read your email as being upset with the language used in the memorandum—I did not intend to offend you with the phrasing, but my point was you got exactly what you asked for, using the language you provided."

17. When counsel made the August 13, 2026 statement: NCMEC had demonstrated actual knowledge of Plaintiff's survivor history and of the emotional injuries pleaded in the First Amended Complaint; counsel expressly acknowledged that Plaintiff was upset; the April 22, 2026 letters remained unretracted and uncorrected; NCMEC continued to possess the two underlying CyberTipline reports; Plaintiff continued to lack access to those reports; and the person-level uncertainty described in NCMEC's August 12, 2026 memorandum remained unresolved.

18. The unresolved question whether either asserted CyberTipline report concerns Plaintiff personally remained a continuing consequence of the April 22, 2026 letters after the filing of the First Amended Complaint and continued to sustain the apprehension alleged in Count III.

**B. META'S AUGUST 13, 2026 NORTHERN DISTRICT OF CALIFORNIA FILING**

19. On August 13, 2026, Meta Platforms, Inc., Accenture LLP, Genpact Limited, and TaskUs, Inc. jointly filed a consolidated motion to dismiss Plaintiff's Second Amended Complaint

in *Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.), ECF No. 152. That proceeding is the Northern District of California action referenced in Count IV of the First Amended Complaint.

20. The August 13, 2026 filing expressly cited the present action by case number: *Ballentine v. Katie Hall, et al.*, No. 1:26-cv-02331 (E.D. Va.).

21. At page 4, footnote 3, ECF No. 152 characterized the present action as "a complaint against the National Center for Missing & Exploited Children ('NCMEC') and its corporate counsel in the Eastern District of Virginia based on allegedly defamatory language in a letter sent by NCMEC to Plaintiff in response to a subpoena."

22. When the August 13, 2026 filing was made, Meta was a named defendant in the present action; Meta had been served in the present action on July 31, 2026; and the operative First Amended Complaint asserted Count IV under the first clause of 42 U.S.C. § 1985(2) against Meta and other defendants.

23. Count IV alleges interference with Plaintiff's participation as a party and prospective witness in federal proceedings that include the litigation now pending as *Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.).

24. Meta's August 13, 2026 filing identified the present action. It did not identify Meta as a defendant in the present action. It did not identify the claim under 42 U.S.C. § 1985(2) alleging interference with Plaintiff's participation in the Northern District of California proceeding in which the filing was made.

25. Meta's affirmative citation of the present action in the Northern District of California proceeding demonstrates that, by August 13, 2026, Meta had actual knowledge of the existence of the present action, of the relationship between the present action and the Northern District of

California proceeding, and of the allegations asserted against Meta concerning Plaintiff's participation in that proceeding.

## III. SUPPLEMENT TO COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Against Defendants Katie Hall and NCMEC)*

26. Plaintiff incorporates the preceding allegations of this Supplemental Complaint and the allegations incorporated into Count III of the First Amended Complaint as though fully set forth herein.

27. By August 12, 2026, NCMEC had actual knowledge of Plaintiff's disclosed survivor history and of the severe emotional distress Plaintiff alleged the April 22, 2026 letters caused. The following day, counsel representing NCMEC and Hall acknowledged that Plaintiff was upset and stated that Plaintiff "got exactly what you asked for, using the language you provided."

28. The post-filing sequence — actual knowledge of the pleaded injuries, acknowledgment of Plaintiff's distress, continued possession of the information capable of resolving the person-level uncertainty, continued knowledge that Plaintiff lacked access to that information, and the August 13, 2026 statement — further supports Count III's existing allegations that the course of conduct was intentional or reckless and was continued with knowledge of its effect on Plaintiff.

29. NCMEC also knew that Plaintiff lacked access to the reports and that the April 22, 2026 letters had left unresolved whether either asserted report concerned Plaintiff personally, another person with the same name, or an email identifier. Because that uncertainty remained unresolved, the apprehension alleged in Count III continued after the filing of the First Amended Complaint. Considered with the conduct already alleged in Count III, the post-filing events further

support the existing allegations concerning intent or recklessness, outrageousness, and continuing injury.

## IV. SUPPLEMENT TO COUNT IV

## CONSPIRACY TO DETER A PARTY AND WITNESS, BY INTIMIDATION, FROM ATTENDING AND TESTIFYING IN COURTS OF THE UNITED STATES — 42 U.S.C. § 1985(2)

30. Plaintiff incorporates the preceding allegations of this Supplemental Complaint and the allegations incorporated into Count IV of the First Amended Complaint as though fully set forth herein.

31. Meta's August 13, 2026 filing expressly invoked the present action in the Northern District of California proceeding identified in Count IV. The filing demonstrates Meta's actual post-filing knowledge of the relationship between the two proceedings. The filing was made while Meta was a named and served defendant in the present action, and after Count IV had alleged interference with Plaintiff's participation in the Northern District of California litigation.

32. The August 13, 2026 filing is pleaded as a subsequent fact bearing on Meta's knowledge, Meta's state of mind, Meta's awareness of the relationship between the present action and the Northern District of California proceeding, and the existing circumstantial allegations supporting Count IV. Liability under Count IV remains predicated on the conduct alleged in the First Amended Complaint.

## V. RELIEF

This Supplemental Complaint seeks no relief different from or additional to the relief requested under Counts III and IV of the First Amended Complaint. Plaintiff respectfully requests

that the Court read this Supplemental Complaint together with the operative First Amended Complaint and award the relief requested therein.

Date: August 20, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Plaintiff's Proposed Supplemental Complaint to First Amended Complaint.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I submitted the foregoing Plaintiff's Proposed Supplemental Complaint to First Amended Complaint, which contains the certification required by Local Civil Rule 83.1(N), to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for Defendant National Center for Missing & Exploited Children will receive notice through the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(a)(1) and 5(b)(2)(C), I served a true and correct copy of the foregoing by first-class mail, postage prepaid, addressed as follows: Katie Hall, c/o National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; and Meta Platforms, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.



Marvelle J. Ballentine