FILED
8/21/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(d)**

**INTRODUCTION**

Federal Rule of Civil Procedure 15(d) permits a party, on motion and reasonable notice, to serve a supplemental pleading setting out events that happened after the date of the pleading to be supplemented. Every event pleaded in Exhibit A occurred after the First Amended Complaint was filed.

As to Count III, Exhibit A pleads that NCMEC's August 12, 2026 memorandum demonstrated actual knowledge of Plaintiff's pleaded injuries and disclosed survivor history and acknowledged that the person-level referent of the April 22, 2026 letters remains unresolved; that on August 13, 2026, counsel for NCMEC and Hall acknowledged that Plaintiff was upset and

stated that Plaintiff "got exactly what you asked for"; and that the unresolved uncertainty continued.

As to Count IV, Exhibit A pleads that on August 13, 2026, Meta Platforms, Inc. and the other Northern District of California defendants filed a consolidated motion to dismiss, ECF No. 152, that expressly cited this action; that the filing described this matter as litigation against NCMEC and its corporate counsel; that Meta was already a named and served defendant here; that Count IV asserts a claim under 42 U.S.C. § 1985(2) against Meta concerning interference with Plaintiff's participation in that Northern District of California proceeding; and that the filing did not identify those facts. The event is pleaded as evidence of Meta's knowledge, state of mind, and awareness of the relationship between the two proceedings.

The Motion is narrow. It involves the same parties, the same causes of action, and the same requested relief. It supplements two existing counts and leaves the First Amended Complaint otherwise unchanged. Leave should be granted.

## **BACKGROUND**

### A. The First Amended Complaint

The First Amended Complaint (ECF No. 5) is the operative pleading. Count III asserts intentional infliction of emotional distress against Defendants Hall and NCMEC. Count IV asserts a claim under the first clause of 42 U.S.C. § 1985(2) concerning alleged interference with Plaintiff's participation as a party and prospective witness in federal proceedings, including the proceeding now pending as *Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.).

### B. The August 12–13, 2026 NCMEC and Hall Events

On August 12, 2026, NCMEC filed its memorandum in support of its motion to dismiss. ECF No. 11. The memorandum expressly addressed the First Amended Complaint's allegations that Plaintiff is a survivor of childhood sexual abuse and that Plaintiff vomited, experienced recollections of childhood sexual abuse, and feared arrest and prosecution after receiving the April 22, 2026 letters. The memorandum stated that Plaintiff "does not have access to those reports" and described the asserted CyberTipline linkage as one that could concern Plaintiff, "a person with the same name," or an email address.

On August 13, 2026, Plaintiff asked counsel for NCMEC and Hall whether either report, as received, contained or identified his legal name, the name he uses, or his email identifier. Counsel did not provide an answer resolving the question, and wrote: "I read your email as being upset with the language used in the memorandum—I did not intend to offend you with the phrasing, but my point was you got exactly what you asked for, using the language you provided." The person-level uncertainty remains unresolved.

**C. Meta's August 13, 2026 Northern District of California Filing**

On August 13, 2026, Meta Platforms, Inc., Accenture LLP, Genpact Limited, and TaskUs, Inc. jointly filed a consolidated motion to dismiss in No. 3:26-cv-05939-RFL. ECF No. 152. The filing expressly cited the present action and described it as "a complaint against the National Center for Missing & Exploited Children ('NCMEC') and its corporate counsel in the Eastern District of Virginia based on allegedly defamatory language in a letter sent by NCMEC to Plaintiff in response to a subpoena." ECF No. 152 at 4 n.3. When the filing was made, Meta was a named defendant in this action, served on July 31, 2026, and Count IV asserted a claim under 42 U.S.C. § 1985(2) against Meta concerning Plaintiff's participation in the Northern District of California

litigation. The filing did not identify Meta's status as a defendant here and did not identify that Count IV allegation.

## LEGAL STANDARD

Rule 15(d) provides that, on motion and reasonable notice, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d).

A supplemental pleading concerns matters occurring after the filing of the pleading being supplemented. The standards governing amendment under Rule 15(a) and supplementation under Rule 15(d) are nearly identical: leave should be freely granted, and denial requires a good reason, such as prejudice to the opposing party. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002).

## ARGUMENT

### I. The Proposed Supplement Properly Pleads Subsequent Events Directly Related to Existing Claims.

### A. The August 12–13 Events Directly Supplement Count III.

The August 12 and 13, 2026 events occurred after the First Amended Complaint was filed. They concern the Defendants already named in Count III. They concern those Defendants' post-filing knowledge of the injuries already pleaded, their acknowledged awareness that Plaintiff remained distressed, their continued possession of the information capable of resolving the uncertainty already alleged, and the continuing injury already pleaded. The supplement uses the post-filing events to bear on existing allegations concerning knowledge, intent or recklessness, outrageousness, and continuing injury. Exhibit A does not allege that the August 12 memorandum or the August 13 communication independently satisfies the elements of intentional infliction of emotional distress.

### B. Meta's August 13 Filing Directly Supplements Count IV.

Count IV already concerns alleged interference with Plaintiff's participation in federal proceedings, including the Northern District of California litigation. Meta's August 13, 2026 event occurred inside that same litigation. Meta affirmatively invoked the present action there. Meta was already a defendant here, and already faced Count IV, when it made the filing. The event therefore supplies a subsequent fact concerning Meta's actual knowledge and its awareness of the relationship between the two proceedings. The proposed Supplemental Complaint does not seek liability based on Meta's filing of ECF No. 152 or on any statement contained in that filing. The filing is alleged as evidence bearing on knowledge, notice, state of mind, and the existing circumstantial allegations supporting Count IV.

## II. The Proposed Supplement Causes No Prejudice and Does Not Expand the Action.

Six facts define the scope of the request. The supplement adds no new party. It adds no new cause of action. It adds no new relief. It supplements only Counts III and IV. The subsequent events it pleads were created by or on behalf of the existing Defendants — NCMEC's own memorandum, its counsel's own communication, and Meta's own filing — so their existence presents no surprise to any Defendant. And Plaintiff sought supplementation promptly after the events occurred. The First Amended Complaint remains otherwise unchanged. The proposed supplementation permits the existing controversy to be adjudicated on a factual record that includes subsequent events directly related to existing claims.

### III. The Pending Rule 12 Posture Does Not Make Supplementation Futile.

Rule 15(d) expressly permits subsequent events to be added to an existing pleading. The presence of pending Rule 12 motions does not change the temporal character or the relevance of those subsequent events.

Exhibit A does not create independent causes of action from the post-filing litigation statements. For Count III, the subsequent events bear on existing issues of knowledge, state of mind, intent or recklessness, and continuing injury. For Count IV, Meta's filing bears on existing issues of knowledge, awareness, state of mind, and circumstantial evidence.

The question this Motion presents is whether the subsequent events may be pleaded, not whether Counts III and IV ultimately succeed. The Court can grant leave without resolving the merits of either count.

## <u>CONCLUSION</u>

The Court should grant Plaintiff leave under Federal Rule of Civil Procedure 15(d) to file the Proposed Supplemental Complaint attached as Exhibit A.

Date: August 20, 2026

Respectfully submitted,



Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com