FILED
8/20/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION TO CONTINUE HEARING ON NCMEC'S MOTION TO DISMISS PENDING RESOLUTION OF PLAINTIFF'S RULE 15(d) MOTION**

Plaintiff Marvelle J. Ballentine respectfully moves to continue the September 25, 2026 hearing on the Motion to Dismiss of Defendant National Center for Missing & Exploited Children ("NCMEC") until after the Court resolves Plaintiff's Motion for Leave to File Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d).

NCMEC filed its Motion to Dismiss on August 12, 2026 and has noticed that motion for hearing on September 25, 2026 at 10:00 a.m. Plaintiff is separately moving under Rule 15(d) for leave to supplement Count III with events occurring after the First Amended Complaint was filed and is noticing that motion for hearing on September 25, 2026.

The Rule 15(d) motion bears directly on the pleading that will govern adjudication of Count III. NCMEC's pending Motion to Dismiss expressly seeks dismissal of Count III for failure to plead intentional or reckless conduct and sufficiently outrageous conduct. Plaintiff's proposed supplemental pleading adds post-filing allegations directed to NCMEC's subsequently demonstrated knowledge, acknowledged distress, intent or recklessness, continuation of the alleged course of conduct, and awareness of continuing injury.

Under Fed. R. Civ. P. 15(d), if supplementation is permitted, the Court may also order the opposing party to plead to the supplemental pleading within a specified time. Resolving the Rule 15(d) motion first will therefore establish whether the supplemental allegations are properly before the Court and permit the Court to determine what further response, if any, should precede oral argument on NCMEC's Motion to Dismiss.

Plaintiff does not seek an extension of the briefing schedule on NCMEC's Motion to Dismiss or withdrawal of that motion. Plaintiff requests only that oral argument on the Motion to Dismiss be continued until the Court has resolved the Rule 15(d) motion and established the resulting pleading and briefing posture.

Local Civil Rule 7(G) provides that a continuance of a hearing date requires Court action and is not accomplished merely by agreement of the parties. E.D. Va. Loc. Civ. R. 7(G).

WHEREFORE, Plaintiff respectfully requests that the Court continue the September 25, 2026 hearing on NCMEC's Motion to Dismiss pending resolution of Plaintiff's Motion for Leave to File Supplemental Complaint under Rule 15(d), while leaving the September 25, 2026 hearing on Plaintiff's Rule 15(d) motion undisturbed, and reset oral argument on NCMEC's Motion to Dismiss as appropriate thereafter.

Date: August 20, 2026

Respectfully submitted,



Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Plaintiff's Motion to Continue Hearing on NCMEC's Motion to Dismiss Pending Resolution of Plaintiff's Rule 15(d) Motion.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I submitted the foregoing Plaintiff's Motion to Continue Hearing on NCMEC's Motion to Dismiss Pending Resolution of Plaintiff's Rule 15(d) Motion, which contains the certification required by Local Civil Rule 83.1(N), to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for Defendant National Center for Missing & Exploited Children will receive notice through the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(a)(1) and 5(b)(2)(C), I served a true and correct copy of the foregoing by first-class mail, postage prepaid, addressed as follows: Katie Hall, c/o National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; and Meta Platforms, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

Marvelle J. Ballentine