**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN, *ET AL.*,<br><br>Defendants. | ) | Case No. 1:26-CV-02331-RDA-IDD |

OPPOSITION OF DEFENDANT THE NATIONAL CENTER
FOR MISSING & EXPLOITED CHILDREN
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Defendant the National Center for Missing & Exploited Children ("NCMEC"), by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby respectfully opposes the *pro se* Plaintiff's "Motion for Leave to File Supplemental Complaint Pursuant to Federal Rule of Civil Procedure 15(d)" [Doc. 26] on the basis of futility. In further support, NCMEC states as follows:

## I. PROCEDURAL HISTORY & FACTUAL SETTING

*Pro Se* Plaintiff Marvelle J. Ballentine filed a substantively-identical Complaint against NCMEC (and its employee, Ms. Katie Hall, Esq.) in *Ballentine v. NCMEC*, et al., Case No. 1:26-cv-01341-MSN-WPB in this Court on May 19, 2026. On July 17, 2026, the Honorable Judge Nachmanoff granted a motion to stay discovery in that matter, staying discovery pending resolution of NCMEC's then-pending motion to dismiss. On July 27, 2026, Plaintiff filed a motion for leave to amend his Complaint in that matter, which was opposed on the grounds of futility by NCMEC on July 29, 2026. On the same day as NCMEC's Opposition was filed,

Plaintiff filed a notice of voluntary dismissal, and filed the original Complaint in this matter on July 30, 2026. On August 6, 2026, Plaintiff filed a First Amended Complaint [Doc. 5]. On August 12, 2026, NCMEC filed a Motion to Dismiss. [Doc. 10] That Motion has been set for a hearing on September 25, 2026.

Plaintiff's Motion for Leave to File Supplemental Complaint appears to be predicated on the concept that Plaintiff seeks to add allegations related to arguments set forth in NCMEC's August 12 Motion to Dismiss; a communication between undersigned counsel and Plaintiff on August 13, 2026; and a Motion to Dismiss filed by co-defendant Meta Platforms, Inc. (along with numerous other defendants) in *Ballentine v. Meta Platforms, Inc.*, Case No. 3:26-cv-005939-RFL (N.D. Cal.).

A. August 12, 2026 Motion to Dismiss

As for this issue, Plaintiff alleges that NCMEC—in arguments in NCMEC's Memorandum in Support of its Motion to Dismiss— showed "actual knowledge of Plaintiff's pleaded injuries and disclosed survivor history, acknowledged… that the person-level referent of the April 22, 2026 letters remains unresolved…" It is unclear from Plaintiff's Motion, or his Memorandum in Support [Doc. 27] how arguments in NCMEC's Motion to Dismiss have any relevance to the matter. Neither the Motion to Dismiss, nor Memorandum in Support, revealed any new information—the motion simply argues that Plaintiff has failed to state a claim upon which relief may be granted. Nor does Plaintiff provide any explanation as to why NCMEC's counsel—addressing allegations in the First Amended Complaint—would have any impact on the knowledge of NCMEC or any other defendant. For example, acknowledging that Plaintiff alleges he experienced distress does not introduce any new facts into evidence, nor demonstrate "actual knowledge of Plaintiff's pleaded injuries…" Nor do arguments in motions practice, as a

general rule, create any basis for legal action. Plaintiff sets forth no authority to suggest that is the case—and sets forth no cognizable explanation as to why the Motion to Dismiss would have any bearing on substantive claims in this matter.

B. August 13, 2026 Communication

Next, Plaintiff alleges that on August 13, 2026, undersigned counsel wrote to Mr. Ballentine and attempted to make clear that no offense was intended to Mr. Ballentine for language used in the Memorandum in support of NCMEC's Motion to Dismiss. *See* Doc. 27 at p. 3. Plaintiff had expressed displeasure with that phrasing in a prior email. Undersigned counsel responded to voluminous correspondence from Plaintiff, set forth his clients' position as to requests from Mr. Ballentine, and advised him that no offense was intended.[1] Again, it is entirely unclear how that could form the basis for any liability on the part of NCMEC—or how it informs any claim as to what NCMEC, or its employee, is claimed to have done.

C. Meta August 13, 2026 Filing

While NCMEC is aware of Plaintiff's ongoing litigation in other districts, NCMEC is not tracking the filings in those matters. Plaintiff appears to be upset with the manner in which co-defendant Meta Platforms, Inc. described *this* litigation, in parallel litigation pending in the U.S. District Court for the Northern District of California. Again, Plaintiff does not articulate how that filing impacts any claims or defenses in this matter—it certainly would not appear to implicate NCMEC in any way.

[1] To the extent the Court would like to review the email exchange, undersigned counsel would be happy to submit it as an exhibit upon the Court's request. However, given that such an innocuous attempt at polite discourse is being utilized to serve as the basis for amendment of pleadings, undersigned counsel is reluctant to introduce new grounds for grievance by Plaintiff, unless requested by the Court.

## II. ARGUMENT

Rule 15(d) provides in relevant part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented…" "[D]istrict courts use 'nearly identical' standards of review when ruling on motions to amend pleadings versus motions to supplement them." *Cole v. Lucid USA, Inc.*, 2025 U.S. Dist. LEXIS 158618, *3 (W.D. Va. 2025) (internal citations omitted). "In either situation, leave should be freely granted, and should be denied only where good reason exists… The court may also 'deny leave to supplement or amend where the proposed supplement is clearly insufficient or frivolous on its face." *Id.* (quoting *Anand v. Ocwen Loan Serv'g*, 754 F.3d 195, 200 (4th Cir. 2014)). Stated somewhat differently, "[m]otions to amend or supplement 'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, [*etc.*]…" *Wood v. Yancey,* 2025 U.S. Dist. LEXIS 168390, *4-5 (E.D. Va. 2025) (internal citations omitted).

NCMEC respectfully submits that Plaintiff's request to supplement the First Amended Complaint is frivolous and futile. Undersigned counsel can find no authority to suggest that Rule 15(d) is intended to be used to enable a litigant to complain about language utilized in a motion, while the matter is underway—or for an attempt at professionalism to discourage perceived offense. (Similarly, the manner in which a separate defendant—represented by separate counsel—characterizes the litigation would seem to have no importance, either.) Flatly put, the supplementation requested does not appear to have any impact whatsoever on the claims asserted in the First Amended Complaint, nor on the arguments set forth in NCMEC's Motion to Dismiss. It remains entirely unclear how the supplementation would in any way inform the central theme of Plaintiff's claim—that NCMEC allegedly defamed Plaintiff by imputation by responding as

requested to subpoenas. Rather, it certainly appears that this is a further attempt to prolong what NCMEC believes is frivolous litigation. Given the lack of any meaningful explanation as to why supplementation is necessary, and given the events Plaintiff claims give rise to the need for supplementation, NCMEC respectfully submits that Plaintiff's Motion should be denied.

Respectfully submitted,

JORDAN COYNE LLP

*/s/ Padraic K. Keane*

10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendant the National Center For Missing and Exploited Children*

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were electronically filed and served on all counsel of record, and were served via first-class mail, postage prepaid, and electronic mail, on this 26th day of August, 2026, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*

*/s/ Padraic K. Keane*
Padraic K. Keane