**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN, *ET AL.*,<br><br>Defendants. | ) | Case No. 1:26-CV-02331-RDA-IDD |

OPPOSITION OF DEFENDANT THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY UNDER RULE 26(d)(1)

Defendant the National Center for Missing & Exploited Children ("NCMEC"), by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby respectfully opposes the *pro se* Plaintiff's "Motion for Leave to Serve Three Limited Interrogatories on NCMEC before the Rule 26(f) Conference." [Doc. 15] NCMEC respectfully submits that the Motion should be denied, on the basis that Plaintiff has yet to establish the existence of a claim upon which relief may be granted as to NCMEC, and Plaintiff has not demonstrated any unusual circumstances or other grounds for the imposition of premature discovery in this matter. In further support, NCMEC states as follows:

## I. PROCEDURAL HISTORY

This matter arises out of three subpoenas that were sent by Plaintiff to NCMEC, inquiring as to whether NCMEC had received CyberTipline reports, and requesting "a document sufficient to show whether NCMEC received or maintains any CyberTipline report concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account level identifier

jaychizza@icloud.com." Amend. Compl. [Doc. 5] at ¶ 56. NCMEC, without awaiting formal service, responded to Plaintiff, and advised that "NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present." *Id.* at ¶ 77. Plaintiff alleges that this response was tortious and actionable as defamation by imputation, and alleges a conspiracy between the defendants hereto.

The Amended Complaint in this matter is the third iteration of a claim against NCMEC (and its employee, Ms. Katie Hall, Esq.). Plaintiff initially filed a substantively-identical complaint against NCMEC and Ms. Hall in *Ballentine v. NCMEC*, et al., Case No. 1:26-cv-01341-MSN-WPB in this Court on May 19, 2026. On July 17, 2026, the Honorable Judge Nachmanoff granted a motion to stay discovery in that matter, staying discovery pending resolution of NCMEC's then-pending motion to dismiss. On July 27, 2026, Plaintiff filed a motion for leave to amend his Complaint in that matter, which was opposed on the grounds of futility by NCMEC on July 29, 2026. On the same day as NCMEC's Opposition was filed, Plaintiff filed a notice of voluntary dismissal, and filed the original Complaint in this matter on July 30, 2026. On August 12, 2026, NCMEC filed a Motion to Dismiss. [Doc. 10] That Motion has been set for a hearing on September 25, 2026. Plaintiff has filed a "Protective Opposition" to that motion, alleging that the Opposition demonstrates that NCMEC's Motion to Dismiss is without merit, "without awaiting, and without prejudice to, Plaintiff's forthcoming motion for leave to file a supplemental pleading under Rule 15(d)." Doc. 20 at p. 1.

## II. PLAINTIFF'S MOTION UNDER RULE 26(d)(1)

Plaintiff's Motion for Leave to conduct early discovery in this matter appears to be predicated on an argument set forth in NCMEC's Motion to Dismiss—namely, that Plaintiff

cannot plausibly allege that the allegedly-actionable statements are not, in fact, true. That is entirely accurate; the CyberTipline system is not publicly-accessible for obvious reasons, and while Plaintiff can allege that the representations as to its contents are untrue, he has no factual basis for doing so. In other words, that claim is conclusory. While not expressly stated in Plaintiff's Motion, it appears his request for discovery is to ascertain whether he has a viable claim.

## III. ARGUMENT

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." (Plaintiff was advised that to the extent Plaintiff desired to have a Rule 26(f) conferral in this matter prior to the Court's ruling on NCMEC's Motion to Dismiss, NCMEC would move to stay that requirement pending resolution.). The Court has "wide latitude in controlling discovery." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003).

Plaintiff has not set forth good cause, or any other cognizable basis, on which discovery—albeit limited—is appropriate at this stage in the proceeding. Rather, Plaintiff's Motion makes it clear that he is unaware as to whether he has any legitimate claim in this matter; he cannot plausibly assert that the allegedly-defamatory letters from NCMEC are, in fact, false (among numerous other deficiencies in Plaintiff's First Amended Complaint). There is no "ambiguity" to resolve; Plaintiff simply cannot possibly know what CyberTipline Reports have been received by NCMEC, and as such cannot plausibly allege that the statements are, in fact, false. It is not NCMEC's burden to establish a plausible claim on the part of Plaintiff.

Further, Plaintiff has recently moved to supplement his First Amended Complaint, apparently complaining of statements made in NCMEC's Motion to Dismiss. Given that Plaintiff appears to have not yet settled on an operative Complaint—despite the prior litigation and the fact that he has already amended his Complaint in this matter once—discovery certainly appears premature at this stage.

In *United States v. Ebrahimi*, the defendant asked this Court for leave under Rule 26(d)(1) to serve a subpoena on the National Archives. The Court denied that motion (apparently without awaiting an opposition from the plaintiff), noting that the defendant "has not argued that 'unusual circumstances or conditions exist that would likely prejudice' him from seeking discovery, once it has been authorized." 2025 U.S. Dist. LEXIS 200610, *2 (E.D. Va. 2025) (collecting cases). Plaintiff, in this matter, has not set forth any unusual circumstances or conditions that would prejudice him from his ability to set forth a legally-coherent and cognizable claim, to the extent he presently has any such claim (or good-faith basis for such a claim).

Respectfully, NCMEC submits that early discovery is inappropriate in this matter, and should not be allowed. At the essence of this dispute is this fact: Plaintiff sent but did not serve subpoenas on NCMEC. NCMEC responded as requested, without forcing Plaintiff to deal with the expense and trouble of formal service. For that, NCMEC has been exposed to two separate lawsuits, multiple iterations of Complaints, and multiple motions. NCMEC respectfully requests that Plaintiff demonstrate that he has any valid cause of action to assert against NCMEC before NCMEC is subjected to any discovery, regardless of how limited the discovery is claimed to be.

WHEREFORE, for the reasons set forth above, Defendant NCMEC respectfully opposes Plaintiff's Motion for Discovery, and requests that the Court deny the Motion, and for such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE LLP

/s/ *Padraic K. Keane*
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendant the National Center For Missing and Exploited Children*

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were electronically filed and served on all counsel of record, and were served via first-class mail, postage prepaid, and electronic mail, on this 26th day of August, 2026, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*

/s/ *Padraic K. Keane*
Padraic K. Keane