FILED
8/26/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

## I. NCMEC OPPOSES A CLAIM PLAINTIFF DID NOT PLEAD

Plaintiff's proposed supplement states its purpose on its face. The August 12 filing and the August 13 communication are not independent causes of action. Plaintiff pleads them as post-filing facts. They bear on Count III. Count III already exists. Plaintiff said so in the pleading NCMEC opposes.

NCMEC reads that pleading otherwise. Most of its Opposition explains why the August 12 filing and the August 13 communication do not create liability on their own. Plaintiff does not dispute that. Plaintiff never pleaded it. NCMEC answers an argument Plaintiff did not make.

Remove that argument, and little of the Opposition remains. The supplement adds no defendant. The supplement adds no cause of action. The supplement adds no category of relief.

The events occurred on August 12 and August 13. Plaintiff moved on August 20. NCMEC identifies no prejudice. NCMEC identifies no delay. NCMEC identifies no discovery to reopen. NCMEC identifies no deadline to disturb. NCMEC invokes futility. NCMEC never measures the supplemental allegations against Count III.

NCMEC's final substantive paragraph completes the error. NCMEC argues that the supplement does not inform Plaintiff's claim that NCMEC "defamed Plaintiff by imputation." Count III is not a defamation claim. Count III is the only count Plaintiff seeks to supplement. NCMEC analyzed a count Plaintiff did not move to supplement.

NCMEC therefore opposes a claim Plaintiff did not plead. NCMEC opposes that claim under a theory Plaintiff disclaimed. NCMEC closes by analyzing a count Plaintiff did not supplement. The Opposition supplies no reason to deny the narrow supplementation Plaintiff requested.

The Motion should be granted.

Date: August 26, 2026

Respectfully submitted,



Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I submitted the foregoing Reply to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for Defendant National Center for Missing & Exploited Children will receive notice through the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(a)(1) and 5(b)(2)(C), I served a true and correct copy of the foregoing by first-class mail, postage prepaid, addressed as follows: Katie Hall, c/o National Center for Missing & Exploited Children, 333 John Carlyle Street, Suite 125, Alexandria, Virginia 22314; and Meta Platforms, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.



Marvelle J. Ballentine

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Reply in Support of Plaintiff's Motion for Leave to File a Supplemental Complaint Pursuant to Federal Rule of Civil Procedure 15(d) (ECF No. 26).

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Dated: August 26, 2026