FILED
8/27/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY UNDER RULE 26(d)(1)

## INTRODUCTION

NCMEC moves to dismiss on the ground that its statements are true. It then opposes the three interrogatories that would test that ground. NCMEC cannot both assert the truth of the records it holds and forbid Plaintiff from learning what those records say. Three questions decide the Motion.

## ARGUMENT

### I. Why Do These Three Answers Matter?

Because NCMEC moves to dismiss on the ground that "[t]he Statements are True, and Thus Not Actionable," and because NCMEC's own Motion does not say what the underlying reports identify. That omission controls this dispute.

NCMEC states that the CyberTipline linkage could concern Plaintiff, could concern "a person with the same name," or could concern an email address. Those are three different facts. The April 22 letters join Plaintiff's legal name, the name Plaintiff uses, and Plaintiff's email identifier with the connector "and/or." The letters do not say which identifier appeared in either report as NCMEC originally received it.

The three interrogatories ask that one question.

The question is not speculative. Plaintiff has declared, under penalty of perjury, that he never used "Marvelle J. Ballentine" to identify or operate a Meta account. Plaintiff declared that he used "Jay Ballentine." Plaintiff declared that his full legal name appeared in the April 9 materials because it was his legal and litigation name. Interrogatory No. 1 asks whether "Marvelle J. Ballentine" appeared in either CyberTipline report as NCMEC originally received it, or whether that name entered only through Plaintiff's later litigation materials.

Plaintiff does not seek discovery to learn whether he has a claim. Plaintiff seeks three source-level facts. Those facts test a truth defense NCMEC has already asked the Court to decide.

**II. Why Are the Answers Needed Now?**

Because NCMEC asks the Court to decide the truth of its statements now, and truth cannot be decided against Plaintiff without the records these answers identify.

Truth is an affirmative defense. It supports dismissal at the pleading stage only when it appears on the face of the Complaint. It does not appear here. It depends on the contents of two CyberTipline reports that exist nowhere in the record and that only NCMEC holds. NCMEC confirms this. NCMEC states that Plaintiff "simply cannot possibly know" what those reports contain, and asks the Court to dismiss on that basis. NCMEC's own Motion supplies three different possibilities in answer to that question. It states the linkage could concern Plaintiff, a person of the

same name, or an email address. A truth defense cannot be granted while the defendant's own submission leaves the identifying fact in three versions, only one of which makes the representation true as to Plaintiff. The three answers resolve which version the source records contain.

That produces two paths, and both require these answers before any ruling.

If the Court decides truth on the pleadings, the defense fails now. The defense does not appear on the face of the Complaint. The discovery is not premature.

If the Court instead weighs the reports NCMEC invokes, Rule 12(d) converts the Motion to one for summary judgment, and Rule 56(d) entitles Plaintiff to the limited discovery needed to respond. These three answers are that discovery, and no more.

The prejudice is definite. Without these answers, a dispositive ruling would decide the truth of NCMEC's statements against Plaintiff before Plaintiff could obtain the records on which truth depends. That is the unusual circumstance Rule 26(d)(1) addresses. The answers are needed now because the ruling NCMEC seeks comes now.

**III. Why Is This Particular Discovery Appropriate?**

Because the discovery is limited to the information NCMEC has made material.

The Motion seeks three interrogatories about two identified records. Each interrogatory permits one of three answers: "Yes," "No," or "Unable to determine after reasonable inquiry." The interrogatories seek no reports. They seek no narratives, no provider identities, no victim information, no dates, no report numbers, and no metadata. They seek no general discovery. They exclude Plaintiff-supplied information, court filings, and public sources. They exclude information obtained or added after NCMEC originally received the reports.

NCMEC identifies no burden. NCMEC identifies no expense. NCMEC identifies no disclosure of protected report content that the three answers would cause. NCMEC's objection is categorical instead: no discovery before Rule 26(f), "regardless of how limited" the request.

Rule 26(d)(1) permits the Court to authorize discovery before the conference. The discovery here is three closed answers about two records. NCMEC made those records material to a defense it asks the Court to decide now.

The Motion should be granted.

Date: August 27, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I submitted the foregoing Reply to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for all parties will receive notice through the Court's CM/ECF system.

Marvelle J. Ballentine

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Reply in Support of Plaintiff's Motion for Leave to Serve Limited Discovery Pursuant to Federal Rule of Civil Procedure 26(d)(1) (ECF No. 15).

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Dated: August 27, 2026