**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Defendant Meta Platforms, Inc.'s ("Meta") Motion to Dismiss ("Motion" or "Mot.") established that Plaintiff's First Amended Complaint ("FAC") should be dismissed because it fails to plausibly allege either his 42 U.S.C. § 1985(2) ("Section 1985(2)") or his common law conspiracy claims. Plaintiff's "Protective Opposition[1]" ("Opposition" or "Opp.") fails to meaningfully contest any of the grounds for dismissal, instead largely re-iterating the vague and confusing allegations of a conspiracy from the FAC.

*First*, the Opposition fails to identify any specific allegations in the FAC showing that Meta and co-Defendants National Center for Missing & Exploited Children ("NCMEC") and Katie Hall (together the "NCMEC Defendants") reached an agreement to deter Plaintiff from pursuing his

[1] Plaintiff styled his Opposition as a "Protective Opposition" because he has also filed a Motion to File a Supplemental Complaint. *See* Dkt. No. 26.

claims in two other actions brought by Plaintiff against Meta and others. Instead, the Opposition confirms that Plaintiff's conspiracy claims rely solely on the allegations that:

- Meta (along with other co-defendants) filed motions to stay discovery in the two other actions (*Ballentine v. Meta Platforms, Inc. et al.,* No. 6:26-cv-376 ("*Ballentine 2"* or the "376 Action") and *Ballentine v. Accenture, LLP et al.*, No.5:26-cv-472 ("*Ballentine 3"* or the "286 Action")); and
- One day later, the NCMEC Defendants responded to proposed subpoenas Plaintiff sent NCMEC in connection with the 376 and 286 Actions, providing information Plaintiff had been seeking from Meta in the underlying actions.

Nothing in the Opposition explains how these two actions constitute evidence of a conspiracy, merely because they coincidentally occurred within a day of each other.

*Second*, the Opposition fails to counter Meta's arguments that the FAC fails to allege the "force, intimidation, or threat" or "injury" necessary to state a claim under Section 1985(2).

*Third,* the Opposition confirms that the FAC fails to allege an underlying tort to support Plaintiff's common law conspiracy claim. Indeed, the FAC fails to allege any underlying tort, for the reasons stated in the NCMEC Defendants' Motion to Dismiss.

The FAC should be dismissed with prejudice.

## II. ARGUMENT

### a. The FAC Fails to State a Claim Under Section 1985(2)

Meta's Motion to Dismiss established that the FAC failed to sufficiently allege any of the three elements required to state a claim under 42. U.S.C. § 1985(2). *See* Motion at 8-12. Nothing in Plaintiff's Opposition changes that conclusion.

### *i. The FAC Fails to Plausibly Allege Any Agreement Between Meta and NCMEC*

Meta's Motion to Dismiss established that Plaintiff's Section 1985(2) claim fails because Plaintiff fails to allege any facts plausibly suggesting an agreement between Meta and the NCMEC Defendants. *See* Mot. at 8-11. In response, Plaintiff admits that he has not pled any facts showing "direct evidence of an express meeting of the minds" but contends he alleged "circumstantial facts" sufficient to state a claim. Opp. at 12. But as explained in Meta's Motion and further refuted below—none of the FAC's alleged "circumstantial facts" plausibly suggest an agreement of any kind, much less a conspiracy.

As set forth in Meta's Motion to Dismiss, the FAC fails to plausibly allege an agreement because the factual allegations relied on by the FAC constitute *contradictory* conduct by Meta and the NCMEC Defendants, inherently inconsistent with an agreement to pursue a common objective. *See* Mot. at 9-10. Plaintiff's response to this argument is confusing, but the Opposition appears to argue that Meta's and NCMEC's alleged conduct was not, in fact, contradictory because NCMEC's letters were meant to "displace[]" the discovery Plaintiff sought, arguing that the letters somehow constituted "an unsworn and source-free substitution for the subject of imminent examination." Opp. at 8. It is not clear what that means and, in any event, Plaintiff fails to explain how NCMEC's letters (which were never filed or raised in either the 376 Action or the 286 Action) "displaced" the discovery he sought from the parties in those actions or somehow constituted a "substitution" for the then-upcoming depositions. Indeed, the Motions to Stay Discovery in the 376 and 286 Actions did not assert that discovery was inappropriate because Plaintiff already had (or would be receiving) the information sought. Instead, the Motions to Stay Discovery argued that discovery was premature in light of the defendants' motions to dismiss. *See Ballentine 2*, Dkt. No. 92; *Ballentine 3*, Dkt. No 49. And, to the extent any of Plaintiff's claims in *Ballentine 2* survive

defendants' motion to dismiss,[2] Plaintiff can again seek the discovery he claims was "displaced" or "substituted" by the letters. Accordingly, nothing in the Opposition changes the fact that the alleged acts underlying the asserted conspiracy are fundamentally contradictory and do not plausibly suggest an agreement. *See* Mot. at 8-11.[3]

Aside from the contradictory nature of the purported conspiracy, the Opposition confirms that the FAC relies only on the coincidental timing of Meta's Motions to Stay Discovery and NCMEC's letters to support his purported conspiracy. Plaintiff attempts to frame his allegations as something more substantial by purporting to separate his allegations into "nine numbered circumstances." But, at bottom, all of the "supporting circumstances" amount to nothing more than (1) Meta moved to stay discovery prior to imminently noticed depositions and, (2) one day later, NCMEC responded to Plaintiff's proposed subpoenas, despite not yet being required to respond. *See* Opp. at 7-8. Plaintiff's conclusory assertion that these allegations constitute "factual matter that plausibly suggests agreement" is unsupported by the actual factual allegations. Opp. at 8. As Meta's Motion to Dismiss established, the FAC's conclusory allegations of coincidentally timed conduct between two defendants are insufficient to plausibly suggest agreement. *See* Mot. at 10.

#### ***ii. The FAC Fails to Allege the Use of Force, Intimidation, or Threats***

Meta's Motion to Dismiss also established that the FAC fails to allege the use of force, intimidation, or threats by Meta or the NCMEC Defendants, which is necessary to state a claim.

---

[2] *Ballentine 3* has been dismissed. *See* Mot. at 4-5.

[3] Although the Opposition takes issue with Meta's description of the burden to plead agreement for Section 1985 conspiracy claims (Opp. at 12), courts routinely dismiss such claims at the Rule 12(b)(6) stage, recognizing the high burden for alleging conspiracy claims under Section 1985. *See Caldwell v. Green,* 451 F. Supp. 2d 811, 821 (W.D. Va. 2006) (granting motion to dismiss and recognizing that the "Fourth Circuit noted in *Simmons* that plaintiffs 'rarely, if ever ... set forth sufficient facts to establish a 1985 conspiracy' and [] courts frequently grant motions to dismiss for these claims.") (quoting *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995)); *Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) ("Because of the high threshold that a Plaintiff must meet to establish a prima facie case under section 1985, courts often grant motions of dismissal.").

Mot at 11-12. In response, Plaintiff concedes that the FAC fails to allege any threats or use of force but summarily claims that he has sufficiently pled intimidation. Opp. at 14-15. But as Plaintiff admits in his Opposition, his intimidation theory rests solely on the NCMEC Defendants' allegedly premature response to an "Advance Notice of Intended Subpoena" that Plaintiff *himself* sent. Mot. at 11; Opp. at 16. Those alleged facts do not plausibly suggest that anyone was attempting to intimidate Plaintiff in any manner, and Plaintiff does not point to any authority suggesting that such conduct is sufficient to state claim for intimidation.

The Opposition's attempts to distinguish authority cited or referred to in Meta's Motion are unavailing. First, Plaintiff's attempt to distinguish *Scott v. Mountain Mission Sch., Inc.* 809 F. 2d 786, 1987 WL 36169, at *2 (4th Cir. 1987) by asserting that *Scott* involved "an accusation communicated to a third party" while the letters from NCMEC were not shared with anyone else is nonsensical. *See* Opp. at 16. The fact that the letters here were entirely private cuts *against* any intimidation, because absent any intentional publication of the letters, there is no indication that the letters were meant to pressure Plaintiff into dropping his claims. Similarly, Plaintiff also attempts to distinguish *Glynn v. Impact Science & Tech.* by asserting that the conduct at issue in *Glynn* (counterclaims raised by defendant) were "litigation conduct," and Plaintiff contends the responses to the proposed subpoenas in the 376 and 286 Actions are somehow not "litigation conduct." Opp. at 17. But *Glynn* held that the Section 1985(2) claim failed because the defendant had "a reasonable basis in fact and law to pursue [the] counterclaims," precluding a finding of improper motive. 807 F. Supp. 2d 391, 422 (D. Md. 2011). Here, the NCMEC Defendants similarly had a reasonable basis for sending the letters, because they were responding to proposed subpoenas

from Plaintiff requesting the provided information.[4] Plaintiff's Opposition thus confirms that the FAC fails to allege force, intimidation, or threats intended to deter his claims.

#### *iii. The FAC Fails to Plead Injury*

Meta's Motion to Dismiss established that Plaintiff also failed to plead any facts showing that the discovery NCMEC provided impacted his ability to testify or pursue his claim, particularly because Plaintiff has continued to aggressively litigate both actions. The Opposition merely recites the conclusory allegations in the FAC that Plaintiff was "impact[ed]" by his receipt of the letters, without identifying any non-conclusory basis for his assertion that this impact "materially diminished" his ability to continue pursuing his claims. *See* Opp. at 18-19. As established in Meta's Motion, such conclusory allegations do not suffice to plead injury. Mot. at 12.

Neither *Haddle v. Garrison,* 525 U.S. 121 (1998) nor *King v. Rubenstein*, 825 F.3d 206 (4th Cir. 2016)—Plaintiff's sole authority for establishing injury—support the sufficiency of Plaintiff's allegations here. In *Haddle*, the Supreme Court found that plaintiff's allegations that defendants conspired to have him fired (and that he was fired), was sufficient to establish injury. *Haddle,* 525 U.S. at 125-26. In *King*, the plaintiff alleged that he was forced to have surgery on his genitals that, among other things, left painful scarring in addition to mental anguish. *King*, 825 F.3d at 218. Neither set of allegations are remotely similar to the allegations here, which consist solely of conclusory allegations of emotional distress from receiving information that Plaintiff himself requested. Mot. at 12

[4] In his Opposition, Plaintiff takes issue with the fact that Meta's Motion to Dismiss sometimes refers to the proposed subpoenas simply as "subpoenas," which Plaintiff asserts improperly treats the proposed subpoenas as an "operative request." Opp. at 5. Whether the proposed subpoenas are treated as operative requests for information or merely a notice that Plaintiff intended to make the request operative at a later date is immaterial. The fact remains that Plaintiff sent to NCMEC two documents containing a request for information (in the format of a subpoenas) and NCMEC responded to those requests. The only logical inference from the receipt of such requests is that Plaintiff is interested in receiving the requested information. There was simply no reason for NCMEC to believe, based on the face of the proposed subpoenas, that Plaintiff did not want the requested information unless and until Plaintiff followed up with formal service.

Finally, the Opposition appears to concede that Plaintiff's Section 1985(2) claim does not rely on the "attending court" prong of Section 1985(2), instead relying solely on "Plaintiff's prospective-witness status," alleging only "a purpose to deter testimony," not to deter the pursuit of his claims. Opp. at 20-21. But Plaintiff has not identified any non-speculative opportunity for him to provide testimony in any action. Indeed, in light of the pending motion to dismiss in the 376 Action (which, if granted, will entirely dispose of Plaintiff's claims before discovery commences), and the fact that Plaintiff's complaint has already been dismissed in the 286 Action, it is likely that no such potential testimony will ever come to fruition. The FAC's failure to identify any actual testimony in federal court that Plaintiff has or likely will offer independently dooms Plaintiff's Section 1985(2) claim.

**B. The FAC Fails to Allege a Common Law Conspiracy Claim**

As explained in Meta's Motion to Dismiss, Plaintiff's common law conspiracy claim fails for the same reasons as his Section 1985(2) claim: because he fails to allege any non-conclusory facts showing an agreement. *See* Mot. at 13; Opp. at 21.

Meta's Motion to Dismiss also established that Plaintiff's common law conspiracy claim fails because the FAC fails to establish the commission of any underlying tort. Mot. at 13-14. Plaintiff's Opposition does not substantively respond to Meta's argument and instead merely refers to his opposition to the NCMEC Defendants' motion to dismiss. But Plaintiff's Opposition to NCMEC's motion to dismiss fails to refute the multiple, independent reasons that Plaintiff has failed to sufficiently plead a predicate tort as thoroughly explained in NCMEC's briefing in support of its Motion to Dismiss. *See* Dkt. Nos. 10-11 (the NCMEC Defendants' Motion to Dismiss). Accordingly, Plaintiff does not refute that his failure to plead an underlying tort is independently fatal to his conspiracy claim against Meta.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court dismiss the FAC with prejudice.

Dated: August 31, 2026

Respectfully submitted,

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I caused DEFENDANT META PLATFORMS, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be emailed and mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307
jayballentine@protonmail.com

This 31st day of August, 2026.

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com