FILED
9/1/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

## I. INTRODUCTION

Plaintiff does not seek another round of argument on Meta's Motion to Dismiss. Meta's Reply (ECF No. 39) largely reiterates or develops arguments advanced in its opening memorandum (ECF No. 22), or responds to arguments in Plaintiff's opposition (ECF No. 30). Plaintiff seeks no additional briefing on those matters.

One argument is different. Meta argues for the first time in reply that Count IV fails because Plaintiff "has not identified any non-speculative opportunity for him to provide testimony in any action" and because the FAC supposedly fails to identify "any actual testimony in federal court that Plaintiff has or likely will offer." ECF No. 39 at 7. Meta's opening memorandum did not advance that proposed pleading requirement. Plaintiff therefore has had no opportunity to address it. The Proposed Sur-Reply is confined to that issue.

The Proposed Sur-Reply requires no new evidence. The new argument is answered by the First Amended Complaint itself.

## **II. STANDARD**

Local Civil Rule 7(F)(1) permits an opening memorandum, an opposition, and a reply. Beyond those three, "[n]o further briefs or written communications may be filed without first obtaining leave of Court." E.D. Va. Loc. Civ. R. 7(F)(1).

This Court has stated the governing principles. "[A]llowing a surreply is within the court's discretion." *Taylor v. Revature LLC*, No. 1:22-cv-1153 (RDA/WBP), Dkt. 81, at 8–9 (E.D. Va. Mar. 5, 2025) (quoting *Adams v. Applied Bus. Servs.*, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019)). In deciding whether to exercise that discretion, the Court "consider[s] whether prejudice will result from the court considering a new argument without the opposing party's having an opportunity to respond." *Id.* at 9. "To cure any such prejudice, a surreply is appropriate where 'a party brings forth new material or deploys new arguments in a reply brief.'" *Id.* (quoting *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006)). A sur-reply is not appropriate where the reply merely "further support[s] an argument made in [the] opening brief" or responds to arguments first raised in the opposition. *Id.* Sur-replies "are generally disfavored" and are reserved for "rare instances." *Id.* (quoting *Steele v. Johns Hopkins Health Sys. Corp.*, 2020 WL 4471710, at *2 (D. Md. Aug. 4, 2020)).

The Court applied those principles this year in *SkyBell Technologies, Inc. v. Alarm.com, Inc.*, No. 1:25-cv-01105 (RDA/WBP), Dkt. 32 (E.D. Va. Mar. 4, 2026). There, whether the reply raised new arguments was "a closer call." *Id.* at 8. The Court granted leave anyway, reasoning that considering the sur-reply would "accomplish dispositional efficiency and . . . avoid prejudice to either party." *Id.* Plaintiff's application identifies the new proposition, the page on which it first appears, and the confined response he seeks to make.

## **III. META FIRST ADVANCED THE PROSPECTIVE-TESTIMONY REQUIREMENT IN REPLY**

The briefing progressed in three steps.

First, Meta's opening memorandum attacked injury. It argued that Plaintiff had not pleaded facts showing that the letters actually impaired his ability to testify or pursue his claims, because he continued to litigate both actions. ECF No. 22 at 12. In a footnote, Meta suggested that "attending court" might require physical presence at a proceeding. *Id.* at 12 n.1. Meta did not argue that a prospective witness must plead a presently identifiable, sufficiently certain, "non-speculative" future occasion to testify. It did not argue that Count IV fails for want of allegations identifying testimony Plaintiff "has or likely will offer." It did not use the later dismissal of one underlying action, or the pendency of a motion to dismiss in the other, as a test of Plaintiff's witness status when the alleged conduct occurred.

Second, Plaintiff's opposition answered the injury argument by pointing to the FAC's allegations of functional impairment despite continued prosecution. ECF No. 30 at 18–19. Plaintiff also explained that the conditional physical-presence footnote did not reach the statute's separate protection against deterring testimony, because the FAC pleads Plaintiff's prospective-witness status and a purpose to deter that testimony. *Id.* at 20–21.

Third, Meta's Reply introduced a new proposition. Meta now contends that "Plaintiff has not identified any non-speculative opportunity for him to provide testimony in any action," and that "[t]he FAC's failure to identify any actual testimony in federal court that Plaintiff has or likely will offer independently dooms Plaintiff's Section 1985(2) claim." ECF No. 39 at 7. Meta supports that proposition with procedural developments occurring after the alleged April 22, 2026 conduct: the dismissal of the 286 Action and the pending motion to dismiss in the 376 Action, from which Meta concludes that "it is likely that no such potential testimony will ever come to fruition." *Id.*

The distinction is narrow but consequential. An argument that Plaintiff failed to plead injury from alleged intimidation is different from an argument that Plaintiff was insufficiently a prospective witness because future testimony was not certain enough to occur. The opening argument concerned whether the alleged intimidation caused the required injury. The Reply adds a different proposition: that the prospective-testimony theory independently fails because the FAC identifies no sufficiently certain future testimony. Meta itself calls that proposition independently dispositive. ECF No. 39 at 7.

Plaintiff acknowledges that Meta's page-7 discussion begins by responding to the opposition's reliance on the testimony branch. But the subject was already joined; the new independent ground for dismissal was not. The FAC pleaded Plaintiff's prospective-witness status from the outset. ECF No. 5 ¶¶ 31, 158–160. Meta had that pleading when it filed its opening memorandum and chose to attack injury. The opposition did not introduce a new theory; it identified an existing allegation. What is new is Meta's contention that Count IV independently fails unless the FAC identifies testimony sufficiently certain or likely to occur. Plaintiff has had no prior opportunity to address that contention.

## IV. THE PROPOSED SUR-REPLY IS CONFINED TO THE NEW ISSUE

Exhibit A answers the new proposition from the four corners of the FAC. It quotes the paragraphs that plead Plaintiff's prospective-witness status, the subjects of his expected sworn testimony, Defendants' knowledge of that status, and the alleged purpose of deterring that testimony. ECF No. 5 ¶¶ 27, 31, 51–54, 158–160. It applies the Rule 12(b)(6) standard to those allegations. It does not revisit Meta's previously briefed arguments concerning agreement, intimidation, or Plaintiff's continued litigation as evidence of injury. It attaches no declaration, introduces no new evidence, and relies only on the existing Rule 12 record, principally the FAC and Meta's Reply.

Meta’s argument does not identify an omitted allegation. It asks the Court to disregard an allegation that is already there. A short response confined to that point does not delay the Motion to Dismiss. It permits the Court to decide the newly raised issue on a complete adversarial presentation, which is the purpose the Court identified in *SkyBell*.

## V. CONCLUSION

The Court should grant leave under Local Civil Rule 7(F)(1) to file the Proposed Sur-Reply attached to the Motion as Exhibit A, and should deem it filed as of the date of the Court’s Order.

Date: September 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 1, 2026, I submitted the foregoing Memorandum in Support of Plaintiff's Motion for Leave to File Sur-Reply to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for all parties will receive notice through the Court's CM/ECF system.

Marvelle J. Ballentine

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Memorandum in Support of Plaintiff's Motion for Leave to File Sur-Reply.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Dated: September 1, 2026