**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Motion for Leave to File a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d), Dkt. No. 26. Meta hereby joins, adopts and incorporates all applicable arguments and requested relief contained in Defendant National Center for Missing & Exploited Children's ("NCMEC") Opposition to Plaintiff's Motion for Leave to File a Supplemental Complaint (Dkt. No. 28). In further support, Meta states as follows:

## I. Procedural History

As described in Meta's Motion to Dismiss the First Amended Complaint ("FAC"), Plaintiff has filed a series of actions against Meta across several different courts, all stemming from the alleged disablement of his Facebook account. *See* Dkt. No. 22 at 3-5. Across all of these actions, Plaintiff has routinely filed amended complaints (or sought leave to do so), consistently delaying

decision on motions to dismiss across those actions. Indeed, since September 9, 2025 (when Plaintiff filed his first complaint against Meta in the United States District Court for the Northern District of California), Plaintiff has filed 12 distinct complaints against Meta across four distinct courts (not counting his proposed supplemental complaints in the instant action).

Plaintiff's present request for leave to supplement continues his strategy of seeking repeated amendment to delay decision on motions to dismiss. Indeed, in this court alone, Plaintiff has:

- Filed a complaint based on the allegations raised in the FAC against NCMEC and Defendant Katie Hall (together, the "NCMEC Defendants) in a distinct action (*Ballentine v. Nat'l Ctr. for Missing & Exploited Children*, No. 1:26-cv-1341 (E.D. Va.);
- Filed a motion for leave to amend that complaint to add claims against Meta;
- Voluntarily dismissed that action after the NCMEC Defendants opposed his request for leave to amend;
- Filed the complaint and FAC against the NCMEC Defendants and Meta in the instant action; and
- Following motions to dismiss, filed the present motion for leave to supplement, and has indicated a future intention to file a second such motion.

*See* Dkt. No. 22 at 5.

## II. <u>Plaintiff's Supplemental Allegations are Futile.</u>

"[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement [a complaint] are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198, n. 15 (4th Cir. 2002). In either case, "leave to amend a pleading should be denied. . . when the amendment would be futile." *Brannen v. Selene Finance, LP*, No. 2:18-cv-602, 2019 WL 13251099, at *2, 5 (E.D. Va. Nov. 14, 2019) (denying leave to file supplemental complaint where "it would be futile to permit" Plaintiff's "supplemental pleading" where his "right to relief" remained "a matter of pure speculation").

As to Plaintiff's supplemental allegations regarding the NCMEC Defendants, Meta fully adopts the arguments in NCMEC's Opposition, which explain why the supplemental allegations are "frivolous and futile," unnecessary, and "a further attempt to prolong" the litigation. Dkt. No. 32 at 4-5.

As to Plaintiff's supplemental allegations regarding Meta, Plaintiff's proposed supplement alleges only that in a motion to dismiss in a separate action brought by Plaintiff (*Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.)), Meta described Plaintiff's litigation against the NCMEC as one of several actions Plaintiff has brought arising from the alleged disablement of his Facebook account. *See* Dkt. No. 26-2 at ¶ 22-24. Plaintiff asserts that Meta's "citation of the present action . . . demonstrates that, by August 13, 2026, Meta had actual knowledge of the existence of the present action" and "of the relationship between the present action and the Northern District of California proceeding." *Id.* ¶¶ 25, 32.

But Meta's knowledge, as of August 13, 2026, that Plaintiff sued NCMEC has no relevance whatsoever to Plaintiff's claims against Meta, which are both premised on Plaintiff's assertion that Meta somehow conspired with NCMEC in connection with letters that NCMEC sent to Plaintiff on April 22, 2026. Because Plaintiff's supplemental allegations against Meta are plainly irrelevant to his claims or the issues raised in Meta's motion to dismiss, amendment would be futile and Plaintiff's motion should be denied. *See Dacha v. Moody*, No. 3:24-cv-713, 2026 WL 625494, at *15 (E.D. Va. Mar. 5, 2026) (denying motion to supplement under Rule 15(d) because "[p]ermitting [plaintiff] to supplement the records with the facts" identified in the motion to supplement "would be futile" where the facts could not plausibly serve "as a factual basis for any claim" against defendants).[1]

[1] Plaintiff's Motion for Leave to Supplement should also be denied because Plaintiff failed to attach a copy of the proposed amended pleading in its entirety, instead attaching only his supplemental allegations, "incorporating by

## III. <u>Conclusion</u>

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Supplemental Complaint.

Dated: September 3, 2026

Respectfully submitted,

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

## CERTIFICATE OF SERVICE

reference" the remainder of his FAC. *See* Dkt. No. 26-2 ¶ 1; *see also Dacha*, 2026 WL 625494, at *15, n.17 ("[W]hen a litigant seeks leave to amend or leave to supplement, []he must include a copy of the proposed amended pleading in its entirety and cannot simply spackle new allegations onto [the] Amended Complaint," noting that the failure to do so "provides an additional basis to deny the Motion to Supplement").

I hereby certify that on September 3, I caused DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be emailed and mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307
jayballentine@protonmail.com

This 3rd day of September, 2026.

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com