FILED
09/03/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) FOR LEAVE TO SERVE FOUR LIMITED INTERROGATORIES ON META PLATFORMS, INC. BEFORE THE RULE 26(f) CONFERENCE**

Plaintiff Marvelle J. Ballentine, pursuant to Federal Rule of Civil Procedure 26(d)(1), moves for leave to serve four interrogatories on Defendant Meta Platforms, Inc. ("Meta") before the conference required by Federal Rule of Civil Procedure 26(f). The four interrogatories are set forth in Exhibit A and are reproduced verbatim here:

> INTERROGATORY NO. 1: Between July 1, 2022 and April 22, 2026, did Meta submit to NCMEC a CyberTipline report in connection with the Facebook account associated with Plaintiff and terminated on or about July 4, 2022?

> INTERROGATORY NO. 2: Did any such report, as submitted by Meta, contain or otherwise identify "Marvelle J. Ballentine"?

> INTERROGATORY NO. 3: Did any such report, as submitted by Meta, contain or otherwise identify "Jay Ballentine"?

> INTERROGATORY NO. 4: Did any such report, as submitted by Meta, contain or otherwise identify jaychizza@icloud.com?

Meta may answer each interrogatory with one of three responses: "Yes," "No," or "Unable to determine after reasonable inquiry." The interrogatories seek no explanation and no report content.

Meta has moved to dismiss. ECF No. 21. Its Memorandum in Support (ECF No. 22) describes the discovery Plaintiff previously sought from Meta as "whether Meta filed a CyberTipline report regarding Plaintiff's [Facebook] account." ECF No. 22 at 6. The Memorandum characterizes NCMEC's April 22, 2026 letters as "the exact discovery that Hall and NCMEC provided," *id.* at 9, and states that NCMEC "provided him with exactly what he asked for," *id.* at 11. The same Memorandum recites that the letters "did not state that Meta . . . submitted either report, that either report concerned Plaintiff's Facebook account, or that either report" concerned the disablement of that account. *Id.* at 7 (quoting FAC ¶ 92). The Memorandum nowhere states that Meta submitted either report. The four interrogatories ask Meta whether its own records establish those propositions.

This Motion seeks no other relief. The requested relief consists exclusively of four answers under Rule 33. The Motion seeks no production of any report or any portion of any report; no report content, narrative, report number, communication, or metadata; no document request, deposition, or third-party discovery; no follow-up discovery; no discovery from any Defendant other than Meta; and no commencement of general discovery. General discovery remains closed. The grounds for this Motion are set forth in the accompanying Memorandum in Support. A proposed order and Exhibit A are submitted herewith.

Pursuant to Local Civil Rule 37(E), Plaintiff and counsel for Meta conferred by telephone on September 3, 2026 regarding the four interrogatories set forth in Exhibit A. Meta did not agree to answer the interrogatories. The parties were unable to resolve the discovery matter.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave under Rule 26(d)(1) to serve the four interrogatories set forth in Exhibit A on Meta before the Rule 26(f) conference; require Meta to answer them under oath, pursuant to Rule 33, within seven calendar days after service, or within such other short period as the Court directs; and grant such other relief as it deems just.

Date: September 3, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) Plaintiff's Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. Before the Rule 26(f) Conference; (2) the Memorandum in Support of the Motion; (3) the accompanying Proposed Order; and (4) Exhibit A, Plaintiff's Four Proposed Interrogatories to Meta Platforms, Inc.

Name of Pro Se Litigant: Marvelle J. Ballentine



Signature of Pro Se Litigant
Executed on: September 3, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I submitted the foregoing Plaintiff's Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. Before the Rule 26(f) Conference, together with the accompanying Memorandum in Support, Exhibit A, Proposed Order, and Local Civil Rule 83.1(N) Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to all counsel of record, who are registered users of that system and will be served through that means.

Marvelle J. Ballentine