FILED
09/03/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) FOR LEAVE TO SERVE FOUR LIMITED INTERROGATORIES ON META PLATFORMS, INC. BEFORE THE RULE 26(f) CONFERENCE

## I. INTRODUCTION

Meta has moved to dismiss. ECF No. 21. Its Memorandum tells the Court that NCMEC "provided him with exactly what he asked for." ECF No. 22 at 11. NCMEC said the same thing first. Before Meta appeared, NCMEC told the Court that it had responded "precisely as requested" and that "there would be no claim asserted as to . . . Meta Platforms, Inc." *Ballentine v. NCMEC*, No. 1:26-cv-01341, ECF No. 20 at 1, 7. Two weeks before that, NCMEC told the Court that what discovery revealed "could give rise to further litigation from Mr. Ballentine." *Id.*, ECF No. 11 at 4. Then Plaintiff's Declaration made concrete what NCMEC said discovery might reveal. ECF No.

31 ¶¶ 3–7. Meta's Memorandum does not say that Meta submitted either report. That is the fact every one of those statements depends on. The four interrogatories ask Meta to state it under oath.

Plaintiff asks for four interrogatories, directed to one Defendant, concerning one identified Facebook-account enforcement event and one finite period, July 1, 2022 through April 22, 2026. Interrogatory No. 1 asks whether Meta submitted a CyberTipline report in connection with that account. Interrogatories Nos. 2 through 4 ask whether any such report contained one of three identifying terms. Each permits three answers: "Yes," "No," or "Unable to determine after reasonable inquiry." Plaintiff does not seek any report.

Plaintiff does not ask the Court to open discovery. He asks the Court to authorize four answers about records Meta itself maintains, concerning a factual equivalence Meta itself has placed into its Rule 12 argument.

## II. BACKGROUND

### A. The CyberTipline Question Was Directed to Meta Before the April 22 Letters.

Before April 22, 2026, Plaintiff sought to learn whether Meta filed a CyberTipline report concerning the Facebook account terminated on or about July 4, 2022. Meta's Memorandum describes that history in Meta's own words. It states that Plaintiff "sought early discovery regarding 'whether Meta filed a CyberTipline report regarding Plaintiff's [Facebook] account.'" ECF No. 22 at 6 (quoting FAC ¶ 35). It describes Plaintiff's earlier request for admission as directed to "whether Meta filed a CyberTipline report regarding Plaintiff." *Id.* at 4. It describes Plaintiff's later notice to NCMEC as concerning "whether a CyberTipline report . . . was filed in connection with the Facebook account associated with Plaintiff and terminated on or about July 4,

2022." *Id.* (quoting the notice filed in the 376 Action, Dkt. No. 82, at 1). The question was directed to Meta first.

**B. The April 22 Letters Did Not Identify Meta or the Account.**

The April 22 letters stated that NCMEC had received two CyberTipline reports "concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present." The letters did not state that Meta submitted either report. They did not state that either report concerned Plaintiff's Facebook account. They did not state that either report concerned the July 2022 enforcement. Meta's Memorandum recites each of those three omissions. ECF No. 22 at 7 (quoting FAC ¶ 92). Meta does not dispute any of them.

**C. Meta Now Equates the Letters With the Discovery Sought From Meta.**

Meta's Memorandum characterizes the April 22 letters as "the exact discovery that Hall and NCMEC provided on April 22, 2026," which Meta's April 21 motion practice sought "to prevent." ECF No. 22 at 9. It states that the NCMEC Defendants "provided him with exactly what he asked for." *Id.* at 11. Those two statements equate the April 22 letters with the discovery Plaintiff sought from Meta. That equivalence holds only if a report Meta submitted concerning the account at issue is one of the two reports the letters describe. The letters do not say so. The equivalence Meta asserts rests on facts the letters never supplied.

**D. Plaintiff's Existing Sworn Declaration Narrows the Identifier Question.**

Plaintiff's declaration at ECF No. 31 states three facts material here. Before April 22, 2026, Plaintiff never used the name "Marvelle J. Ballentine" to create, register, identify, maintain, access, or operate any Meta account that he used. ECF No. 31 ¶ 3. In connection with his online identity, including his use of Meta products, Plaintiff used the name "Jay Ballentine." *Id.* ¶ 6. The name

"Marvelle J. Ballentine" appeared in the April 9, 2026 litigation materials because it is Plaintiff's legal name and the name under which the underlying litigation was pending, not because Plaintiff had used it to identify or operate any Meta account. *Id.* ¶ 7. Those facts make Interrogatories Nos. 2 through 4 concrete questions about identified terms rather than abstract ones.

## III. LEGAL STANDARD

Rule 26(d)(1) bars discovery before the Rule 26(f) conference "except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Court may therefore authorize discovery now. Discovery must be relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts have broad discretion over the scope and timing of discovery.

This District has exercised that authority to permit limited discovery before the Rule 26(f) conference. *See Shenzhenshibairihongmaoyiyouxiangongsi v. Novoluto GmbH*, No. 3:25-cv-00844-RCY, ECF No. 44 (E.D. Va. Mar. 9, 2026). That decision arose in the preliminary-injunction setting and applied a demanding expedited-discovery framework. It nevertheless authorized circumscribed discovery where adjudication was imminent, material information was held by one side, and the authorized discovery was narrowed to what that adjudication required. Plaintiff does not contend that the preliminary-injunction framework governs this Rule 12 posture. This four-question request warrants relief even under that demanding approach.

## IV. ARGUMENT

### A. Meta Made the Missing Source-Side Facts Material to Its Own Motion.

Meta could have argued only that the FAC fails to plead an agreement. Meta did more. Meta told the Court that the April 22 letters were "the exact discovery" its April 21 motion practice sought to prevent, and that NCMEC "provided him with exactly what he asked for." ECF No. 22

at 9, 11. Those are factual characterizations. They assert that the letters answered the question Plaintiff had directed to Meta. That assertion holds only if Meta submitted a report concerning the account and enforcement event at issue. Whether Meta did so is therefore relevant to Meta's own defense. Rule 26(b)(1) reaches "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Meta placed the equivalence in its defense. The four interrogatories test it.

**B. Meta Seeks Dispositive Adjudication Now, So the Need Exists Now.**

The ordinary answer to a request for pre-conference discovery is: wait for ordinary discovery. Meta is not waiting. Its motion asks the Court to dismiss the claims against it with prejudice now. ECF No. 22 at 14. In support, Meta uses the April 22 letters as part of its explanation for why Plaintiff's intimidation theory fails: the letters, Meta says, gave Plaintiff exactly what he asked for. *Id.* at 11. The need for the four answers exists now because Meta chose to make the asserted equivalence relevant now.

**C. The Present Request Differs From the Earlier Requests Described in Meta's Memorandum.**

Meta's Memorandum recounts Plaintiff's earlier efforts to learn whether Meta filed a CyberTipline report. ECF No. 22 at 3–4, 6. Each of those requests preceded Meta's Rule 12 filing in this action. The present four interrogatories arise after Meta represented to this Court that NCMEC's April 22 letters furnished the discovery Plaintiff had sought from Meta. This Motion tests a factual premise in Meta's current defense. It does not renew an earlier request in its earlier posture.

**D. Interrogatory No. 1 Asks the Question the April 22 Letters Never Answered.**

The April 22 letters state that two CyberTipline reports exist. They identify no submitting provider. They identify no account. Meta says those letters supplied the discovery Plaintiff sought from Meta. Interrogatory No. 1 asks whether Meta submitted a CyberTipline report, between July 1, 2022 and April 22, 2026, in connection with the Facebook account associated with Plaintiff and terminated on or about July 4, 2022. That question is the missing link between the letters as written and the equivalence Meta asserts. The letters do not answer it. Meta's records do.

**E. Interrogatories Nos. 2 Through 4 Identify What Meta Itself Submitted.**

Interrogatories Nos. 2 through 4 mirror the pending motion directed to NCMEC from the other side of the transmission. ECF No. 15 asks what NCMEC originally received. This Motion asks what Meta submitted. Each of the three interrogatories asks whether any report Meta submitted within the defined parameters contained or otherwise identified one specified term: "Marvelle J. Ballentine," "Jay Ballentine," or jaychizza@icloud.com. The three terms are the three identifiers stated in the April 22 letters. The questions concern nothing else.

**F. The Request Is Narrow and the Burden Is Minimal.**

Plaintiff seeks four interrogatories, directed only to Meta, concerning one Facebook account and one enforcement event, within one bounded period, addressing three identifiers, and permitting only three responses. Plaintiff does not seek production of any report or any portion of any report. He does not seek any additional interrogatory, document request, deposition, third-party discovery, communication, metadata, report number, narrative, or follow-up discovery. Review is confined to Meta's own CyberTipline-reporting records sufficient to answer the four questions. Answering four closed questions about the answering party's own records imposes a burden that is minimal and bounded. The request is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**G. Each Possible Answer Narrows the Dispute Without Determining Liability.**

A "Yes" to Interrogatory No. 1 establishes only that Meta submitted at least one CyberTipline report within the defined parameters. A "No" establishes only that Meta did not. An "Unable to determine after reasonable inquiry" establishes only that Meta cannot presently make that determination. Interrogatories Nos. 2 through 4 likewise establish only whether the specified identifier appeared in such a Meta-submitted report. No answer adjudicates conspiracy, intimidation, defamation, or liability. Plaintiff does not ask the Court to treat any answer as adjudicating liability. Every permitted answer reduces uncertainty on a question Meta made material. None decides the case.

**H. Coordinating This Motion With ECF No. 15 Preserves the Court's Existing Discovery Schedule.**

ECF No. 15 seeks three closed source-record answers from NCMEC. The docket sets ECF No. 15 and ECF No. 26 for hearing on September 25, 2026, at 10:00 a.m., in Alexandria Courtroom 301, before Magistrate Judge Ivan D. Davis. This Motion addresses the submitting-party side of the same narrow factual question. ECF No. 15 asks what NCMEC received. This Motion asks what Meta sent. Hearing the two motions together permits the Court to resolve the related requests on one existing motions docket. It requires no new hearing date. The proposed order leaves general discovery closed and authorizes only the four interrogatories identified in the Motion. General discovery remains governed by Rule 26(f), the Federal Rules of Civil Procedure, and further orders of the Court.

**V. CONCLUSION**

Meta says NCMEC furnished the exact discovery Plaintiff sought from Meta. Meta's own Memorandum recites that the letters never identify Meta as the reporting provider and never

connect either report to the account and enforcement event at issue. Meta's records answer that question. Plaintiff seeks four sworn answers from those records and nothing else. Rule 26(d)(1) permits that limited relief. The Motion should be granted.

Date: September 3, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com