FILED
09/08/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2) AND 15(d), AND REQUEST FOR EXPEDITED DETERMINATION ON THE PAPERS**

Plaintiff Marvelle J. Ballentine moves under Federal Rules of Civil Procedure 15(a)(2) and 15(d) for leave to file the complete Second Amended and Supplemental Complaint attached as Exhibit A. Plaintiff requests expedited determination of this Motion on the papers. The accompanying Memorandum in Support develops the grounds stated below, and Plaintiff incorporates it by reference.

## I. THE COMPLETE PROPOSED PLEADING ELIMINATES THE FORM OBJECTION RAISED IN ECF NO. 53

1. On September 3, 2026, Defendant Meta Platforms, Inc. ("Meta") filed its opposition to Plaintiff's pending Motion for Leave to File Supplemental Complaint Pursuant to

Federal Rule of Civil Procedure 15(d) (ECF No. 26). ECF No. 53. Meta raises a form objection to ECF No. 26. Meta states that ECF No. 26 attached "only his supplemental allegations, 'incorporating by reference' the remainder of his FAC," rather than "a copy of the proposed amended pleading in its entirety." ECF No. 53 at 3 n.1. Plaintiff does not concede that the objection was well taken. Plaintiff has instead elected to eliminate that procedural dispute rather than require the Court to adjudicate it. Exhibit A is one complete proposed Second Amended and Supplemental Complaint. It incorporates no prior pleading by reference. This Motion therefore places the entire proposed operative pleading before the Court in one document.

## II. RELIEF REQUESTED

2. Plaintiff requests leave to file the proposed Second Amended and Supplemental Complaint ("SAC") attached as Exhibit A. Plaintiff further requests that the Court deem Exhibit A filed, and deem it the operative pleading in this action, upon entry of the order granting leave. Plaintiff further requests that, upon granting leave, the Court deny ECF No. 26 as moot and deny Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 43) as moot.

## III. THE PROPOSED PLEADING

3. The First Amended Complaint (ECF No. 5) is the operative pleading. The proposed SAC replaces the First Amended Complaint with one integrated pleading.

4. The proposed SAC adds no defendant. The proposed SAC adds no cause of action. The proposed SAC adds no category of relief. The proposed SAC retains the six-count structure of the First Amended Complaint. Count I and Count II plead defamation per se and defamation by implication against Defendants Katie Hall and the National Center for Missing & Exploited Children ("NCMEC"). Count III pleads intentional infliction of emotional distress against Hall and NCMEC. Count IV pleads conspiracy under the first clause of 42 U.S.C. § 1985(2) against all

Defendants. Count V pleads Virginia common-law conspiracy against all Defendants. Count VI pleads insulting words under Va. Code § 8.01-45 against Hall and NCMEC.

5. The proposed SAC pleads additional facts in four categories. First, the proposed SAC pleads facts concerning the source-level falsity of the asserted association between the two CyberTipline reports and "Marvelle J. Ballentine." The proposed SAC pleads facts concerning the person-level falsity of the implication that the reports concerned Plaintiff personally. The proposed SAC pleads facts concerning the defamatory implication arising from the letters' wording and omitted limitations. Ex. A §§ J, K, S. Second, the proposed SAC pleads facts concerning Plaintiff's legal name and Plaintiff's Meta account. Those facts include that Plaintiff never used "Marvelle J. Ballentine" to create, identify, or operate any Meta account. Ex. A § S; Ex. B ¶¶ 2–10. Third, the proposed SAC pleads events occurring after the First Amended Complaint. Those events bear on Defendants' knowledge, on Defendants' state of mind, on the unresolved referent of the April 22, 2026 letters, and on Plaintiff's continuing injury. Ex. A § O; Ex. A, Count III. Fourth, the proposed SAC incorporates the post-filing allegations presently proposed through ECF No. 26. Those allegations include NCMEC's August 12, 2026 memorandum, the August 13, 2026 communications with counsel for NCMEC and Hall, and Meta's August 13, 2026 filing in the Northern District of California. The SAC also pleads Hall's September 2, 2026 filings expressly adopting NCMEC's litigation positions. Ex. A § O; Ex. A, Counts III, IV.

6. The proposed SAC combines amendment under Rule 15(a)(2) with supplementation under Rule 15(d) in one pleading. The amended matter and the supplemental matter concern the same two April 22, 2026 letters, the same Defendants, and the same six claims.

## IV. RELATIONSHIP TO ECF NOS. 26 AND 43

7. ECF No. 26 remains pending unless and until the Court grants this Motion. Upon grant of this Motion, the supplemental allegations proposed through ECF No. 26 become part of the operative pleading through the complete SAC, and ECF No. 26 becomes moot. If the Court denies this Motion, ECF No. 26 remains for decision on its own terms.

8. ECF No. 43 is Plaintiff's Motion for Leave to File Sur-Reply. ECF Nos. 43, 44. That motion is directed to Meta's Rule 12 briefing addressed to the First Amended Complaint. ECF Nos. 22, 39. Upon grant of this Motion, the SAC replaces the First Amended Complaint. Plaintiff then no longer requires the separate sur-reply vehicle, and ECF No. 43 becomes moot.

9. This Motion therefore permits one complete operative pleading to replace two separate pending procedural requests.

## V. PROCEDURAL POSTURE

10. This action is at the pleading stage. Plaintiff filed the original Complaint on July 30, 2026 (ECF No. 1). Plaintiff filed the First Amended Complaint on August 6, 2026 (ECF No. 5). NCMEC moved to dismiss the First Amended Complaint on August 12, 2026 (ECF Nos. 10, 11). Meta moved to dismiss the First Amended Complaint on August 21, 2026 (ECF Nos. 21, 22). Meta filed its reply on August 31, 2026 (ECF No. 39). On September 2, 2026, Hall moved to dismiss the First Amended Complaint and expressly adopted and joined NCMEC's Motion to Dismiss and Memorandum in Support (ECF No. 45). On September 2, 2026, the Court vacated the hearing on NCMEC's motion to dismiss and directed that the motion be decided on the papers (ECF No. 50).

11. Plaintiff filed ECF No. 26 on August 21, 2026 (ECF Nos. 26, 27, 28). NCMEC opposed ECF No. 26 on August 26, 2026 (ECF No. 32). Plaintiff replied the same day (ECF No. 35). Hall opposed ECF No. 26 on September 2, 2026 (ECF No. 47). Meta opposed ECF No. 26 on September 3, 2026 (ECF No. 53). ECF No. 26 is set for hearing on September 25, 2026, at 10:00

a.m., before Magistrate Judge Ivan D. Davis, together with Plaintiff's Rule 26(d)(1) motion (ECF No. 15). Plaintiff is contemporaneously filing a separate motion to vacate the September 25, 2026 hearing as to ECF No. 26 only and to submit ECF No. 26 on the papers, without prejudice to ECF No. 15.

12. On September 1, 2026, Plaintiff filed ECF No. 43, Plaintiff's Motion for Leave to File Sur-Reply, with a Memorandum in Support (ECF No. 44), directed to Meta's reply in support of its motion to dismiss the First Amended Complaint (ECF No. 39).

13. As of the filing of this Motion, no Defendant has answered. No scheduling order has issued under Rule 16(b). No conference has occurred under Rule 26(f). Merits discovery has not commenced.

## VI. BRIEFING AND DETERMINATION ON THE PAPERS

14. This Motion is submitted under the ordinary briefing schedule of Local Civil Rule 7(F)(1). Plaintiff waives oral argument on this Motion and is filing a Notice of Waiver of Oral Argument with it. Plaintiff requests expedited determination of this Motion on the papers upon completion of the briefing permitted by the Local Rules.

## VII. RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (a) granting Plaintiff leave under Federal Rules of Civil Procedure 15(a)(2) and 15(d) to file the complete Second Amended and Supplemental Complaint attached as Exhibit A, deeming Exhibit A filed, and deeming it the operative pleading in this action; (b) upon granting leave, **denying** ECF No. 26 as moot; (c) upon granting leave, **denying** ECF No. 43 as moot; (d) **granting** expedited determination of this Motion on the papers upon completion of briefing under Local Civil Rule 7(F)(1); (e) directing the Clerk, to the extent administratively necessary, to docket the Second

Amended and Supplemental Complaint separately as the operative complaint; and (f) providing that Defendants shall respond to the Second Amended and Supplemental Complaint within the time prescribed by the Federal Rules of Civil Procedure or such other time as the Court directs. A proposed order is submitted with this Motion.

Date: September 7, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;
2. Proposed Order;
3. Exhibit A — Proposed Second Amended and Supplemental Complaint;
4. Exhibit B — Declaration of Marvelle J. Ballentine;
5. Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;

6. Certification Pursuant to Local Civil Rule 83.1(N) accompanying the Motion; and

7. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants, who are registered users of that system and will be served through that means.

Date: September 7, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**CERTIFICATION PURSUANT TO**
**LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;
2. Proposed Order;
3. Exhibit A — Proposed Second Amended and Supplemental Complaint;
4. Exhibit B — Declaration of Marvelle J. Ballentine;

5. Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;

6. the Certificate of Service accompanying the Motion; and

7. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: September 7, 2026