FILED
09/08/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2) AND 15(d), AND REQUEST FOR EXPEDITED DETERMINATION ON THE PAPERS**

Plaintiff Marvelle J. Ballentine submits this Memorandum in Support of his Motion for Leave to File Second Amended and Supplemental Complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers. The proposed pleading is attached to the Motion as Exhibit A. Plaintiff's Declaration is attached as Exhibit B.

## I. INTRODUCTION

On September 3, 2026, Meta Platforms, Inc. ("Meta") filed its opposition to Plaintiff's pending Rule 15(d) motion (ECF No. 26). ECF No. 53. Meta raises a form objection to the

standalone Rule 15(d) pleading. Meta states that ECF No. 26 attached "only his supplemental allegations, 'incorporating by reference' the remainder of his FAC," rather than "a copy of the proposed amended pleading in its entirety." ECF No. 53 at 3 n.1. Plaintiff has eliminated the disputed form. Exhibit A is one complete amended and supplemental pleading. It contains every allegation Plaintiff presently seeks to adjudicate, in one document, without incorporation of any prior pleading. One complete pleading now replaces the need to adjudicate a standalone supplement (ECF No. 26) and a separate sur-reply request directed to briefing on the superseded pleading (ECF No. 43).

Plaintiff seeks leave, early in this case, to replace the First Amended Complaint (ECF No. 5) ("FAC") with that one integrated pleading. The proposed Second Amended and Supplemental Complaint ("SAC") keeps the same parties, the same six causes of action, and the same categories of relief. The SAC adds facts developed after the FAC was filed. The SAC adds facts that bear directly on issues Defendants placed in dispute through their Rule 12 briefing. The SAC adds nothing else.

The SAC does five principal things. First, the SAC strengthens the falsity allegations in three respects. The SAC pleads source-level falsity concerning the asserted association between the two CyberTipline reports and "Marvelle J. Ballentine." The SAC pleads person-level falsity concerning the implication that the reports concerned Plaintiff personally. The SAC pleads defamation by implication arising from the letters' combined wording and omitted limitations. The SAC pleads that Plaintiff never used that name to create, identify, or operate any Meta account. The SAC pleads, on information and belief, that neither report, as NCMEC originally received it, identified Plaintiff by that name or concerned Plaintiff personally. Ex. A §§ J, K, S. Second, the SAC pleads the distinction between the three search identifiers Plaintiff supplied and the contents

of the two reports. Ex. A §§ J, O, S. Third, the SAC incorporates the post-filing events underlying Plaintiff's pending Rule 15(d) motion (ECF No. 26). Ex. A § O. Fourth, the SAC pleads later statements and filings by Defendants and their counsel, including Meta's August 13, 2026 Northern District of California filing and Hall's September 2, 2026 filings expressly adopting NCMEC's positions. Those statements and filings bear on Defendants' subsequent knowledge, continuing positions, and the unresolved referent of the April 22, 2026 letters. Ex. A § O. Fifth, the SAC strengthens the factual allegations supporting Counts I through VI without changing any count.

Leave should be granted. There is no undue delay. There is no prejudice. There is no bad faith. The amendments are not futile.

## II. GOVERNING STANDARD

Rule 15(a)(2) provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court reads that mandate as written. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave "should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Fourth Circuit applies that standard. Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." *Id.* at 427.

Rule 15(d) permits a court, "[o]n motion and reasonable notice," to allow a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The standards governing a motion to amend and a motion to supplement "are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (citation omitted).

Futility is measured by the pleading standard. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). The applicable standard is Rule 12(b)(6). A complaint satisfies that standard when it pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts the well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

## III. LEAVE SHOULD BE GRANTED

### A. The Complete Proposed SAC Eliminates the Form Issue Raised in ECF No. 53.

ECF No. 53 objects, at page 3, footnote 1, that ECF No. 26 attached only supplemental allegations incorporating the FAC by reference rather than the proposed pleading "in its entirety." Exhibit A places the complete proposed operative pleading before the Court. Every allegation of the FAC that Plaintiff retains, every amended allegation, and every supplemental allegation appears in Exhibit A itself. Exhibit A incorporates no other document by reference. The Court therefore need not resolve whether the form of ECF No. 26 was deficient. Plaintiff does not concede that it was. The question is no longer presented.

**B. The Motion Is Timely and Presented at an Early Procedural Stage.**

This Motion comes at the earliest stage of the case. Plaintiff filed the original Complaint on July 30, 2026 (ECF No. 1). Plaintiff filed the FAC on August 6, 2026 (ECF No. 5). NCMEC moved to dismiss the FAC on August 12, 2026 (ECF Nos. 10, 11). Meta moved to dismiss the FAC on August 21, 2026 (ECF Nos. 21, 22). Meta filed its reply on August 31, 2026 (ECF No. 39). On September 2, 2026, Hall moved to dismiss the FAC and expressly adopted and joined NCMEC's Motion to Dismiss and Memorandum in Support. ECF No. 45. On September 3, 2026, Meta filed ECF No. 53. No Defendant has answered. No scheduling order has issued under Rule 16(b). No Rule 26(f) conference has occurred. Merits discovery has not begun. Because no Rule 16(b) scheduling order has issued, Rule 15(a)(2) alone supplies the governing standard for this Motion.

The amendment follows developments that occurred during that same period. NCMEC filed its memorandum on August 12, 2026. Plaintiff put his questions to NCMEC's counsel on August 13, 2026. Counsel responded the same day. Ex. A § O. Meta filed its memorandum and its reply after that. Hall moved to dismiss the FAC on September 2, 2026, expressly adopting and joining NCMEC's positions. ECF No. 45. Meta raised its form objection on September 3, 2026. ECF No. 53 at 3 n.1. The SAC pleads facts that came into existence, or that Defendants placed in issue, during the five weeks between the FAC and this Motion. Plaintiff filed ECF No. 26 nine days after NCMEC's memorandum. Plaintiff files this Motion two weeks after that, and one day after Meta filed ECF No. 53. There is no delay to excuse.

The Motion also reduces rather than multiplies the procedural questions pending before the Court. Plaintiff responded to the newly raised form objection by consolidating the requested amendment into a single complete pleading. If leave is granted, one pleading replaces the FAC, the

standalone supplement proposed in ECF No. 26, and the sur-reply proposed in ECF No. 43. The Court will then have one operative pleading and one set of allegations to adjudicate.

**C. The Proposed SAC Does Not Prejudice Defendants.**

Prejudice is the principal ground on which leave may be denied, and none exists here. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. A prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* (alteration in original) (citation omitted). An amendment "is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.*

The SAC does less than the amendment *Laber* describes as non-prejudicial. The SAC adds no theory of recovery. The SAC keeps the same Plaintiff, the same Defendants, the same six counts, the same two April 22, 2026 letters, the same underlying transactions and occurrences, and the same categories of relief. The SAC pleads no new unrelated factual episode. No discovery has been completed that would have to be reopened. No trial preparation has occurred that would have to be duplicated.

The amendments principally concern facts within Plaintiff's personal knowledge, including facts set forth in Plaintiff's Declaration, Ex. B, or information already known to, created by, or maintained by Defendants. The contents of the two CyberTipline reports, and the identifiers those reports originally contained, are within NCMEC's records and, to the extent Meta submitted either report, within Meta's records. Ex. A § S. The August 12, 2026 memorandum, the August 13, 2026 correspondence, the August 13, 2026 filing in the Northern District of California, Hall's September 2, 2026 filings, and the filings in the 1341 Action are Defendants' own statements. Ex.

A § O. Defendants have already briefed the subjects the SAC addresses, including truth, the referent of the letters, privilege, 18 U.S.C. § 2258D, and the sufficiency of the conspiracy allegations. ECF Nos. 11, 22, 39, 45. The SAC pleads facts responsive to positions Defendants chose to take. An amendment that answers a defendant's own briefing, before any answer and before any discovery, does not prejudice that defendant. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

**D. The Amendments Clarify and Strengthen Existing Claims.**

**1. Source-level falsity.**

The SAC pleads a second, independent factual basis for falsity through two distinct propositions. The first proposition rests on Plaintiff's personal knowledge. Section S alleges that Plaintiff's legal name is Marvelle J. Ballentine, and that before April 22, 2026, Plaintiff never used that name to create, register, identify, maintain, access, or operate any account on any Meta product or service that Plaintiff used. Section S alleges that Plaintiff never used that name as a username, profile name, display name, or account name on any Meta product, that Plaintiff did not provide that name to Meta as the name identifying Plaintiff or any Meta account Plaintiff operated, and that the Facebook account associated with the July 4, 2022 enforcement event was maintained under the name "Jay Ballentine." Section S alleges that Plaintiff included "Marvelle J. Ballentine" in the April 9, 2026 materials because it is his legal name and the name under which the two federal actions were pending. Ex. A § S; Ex. B ¶¶ 2–10.

The second proposition is pleaded on information and belief. Section S alleges that neither of the two reports referenced in the April 22, 2026 letters, as originally received by NCMEC,

contained or otherwise identified Plaintiff as "Marvelle J. Ballentine," and that neither report concerned Plaintiff personally. *Id.*

The two propositions do different work. The second proposition supplies the source-level falsity allegation: the letters asserted an association between the two reports and "Marvelle J. Ballentine," and the reports, as NCMEC received them, contained no such identifier. The first proposition supports the inference underlying the second. The first proposition also raises a provenance question: if the reports did not carry that name, the letters obtained it from a source other than the reports. The first proposition does not independently establish that the name could not appear in a report. The SAC does not plead that it does. The letters' sentence is disjunctive, and the SAC does not allege that every reading of the entire "and/or" sentence is false. The SAC alleges that the particular asserted association with "Marvelle J. Ballentine" is false at the source level. The SAC alleges that the implication that the reports concerned Plaintiff personally is false at the person level. The SAC alleges that the combined wording and omitted limitations convey a defamatory implication. Ex. A §§ J, K, S. The FAC pleaded that the imputation is false because Plaintiff has engaged in no conduct constituting a violation of any statute enumerated in 18 U.S.C. § 2258A. The SAC retains that allegation. Counts I, II, and VI each incorporate Section S. Ex. A, Counts I, II, VI. The existing defamation claims gain a concrete factual basis. The claims themselves do not change.

**2. Search criteria versus the contents of the reports.**

The April 22, 2026 letters repeated the three identifiers Plaintiff supplied in his April 9, 2026 notice, joined by "and/or," in the order Plaintiff listed them. Ex. A § J. NCMEC's August 12, 2026 memorandum then described the asserted CyberTipline linkage as involving Plaintiff, "a person with the same name," or an e-mail address, and stated that Plaintiff "does not have access to

those reports." Ex. A § O. The SAC pleads that distinction as fact. The letters repeated Plaintiff's search terms. The letters did not state what either report contained, which identifier matched which report, or whether NCMEC determined that the three identifiers refer to the same person. Ex. A §§ J, O, S. That distinction bears on falsity, on defamatory implication, on Hall's knowledge, and on the meaning a reasonable reader would take from the letters. The SAC pleads it as factual matter supporting the existing counts.

**3. Subsequent events.**

Section O incorporates events that occurred after the FAC was filed. NCMEC's August 12, 2026 memorandum stated that NCMEC "responded to the subpoenas without awaiting formal service," that Plaintiff "does not have access to those reports," and that the linkage may involve "a person with the same name." Plaintiff's August 13, 2026 questions to counsel asked whether either report, as originally received by NCMEC, contained or otherwise identified "Marvelle J. Ballentine," "Jay Ballentine," or jaychizza@icloud.com. Counsel's August 13, 2026 response did not answer those questions. Counsel stated instead that Plaintiff "got exactly what you asked for, using the language you provided." No answer identifying what either report contains has been provided. The letters remain unretracted and uncorrected. Meta's August 13, 2026 filing in the Northern District of California cited this action by case number and characterized it as an action against NCMEC and its corporate counsel. Meta was a named and served defendant here facing Count IV when it made that filing. Ex. A § O (¶¶ 165–170) (citing *Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.), ECF No. 152, at 4 n.3). Count IV pleads that filing as a subsequent fact bearing on Meta's knowledge, state of mind, and awareness of the relationship between the two proceedings. Ex. A, Count IV. Count III pleads that the severe emotional distress

on which that Count rests continued after the FAC was filed, while the referent of the letters remained unresolved. Ex. A, Count III.

Each of those matters is a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Each concerns the same letters, the same Defendants, and the same claims. Each bears on knowledge, on state of mind, on the referent of the letters, or on continuing injury. Rule 15(d) exists to bring such matters into the operative pleading. These matters support supplementation.

**4. The existing Counts remain the same.**

The SAC changes no cause of action. Counts I and II remain claims for defamation per se and defamation by implication against Hall and NCMEC, one count for each of the two April 22, 2026 letters. Count III remains a claim for intentional infliction of emotional distress against Hall and NCMEC. Count IV remains a claim under the first clause of 42 U.S.C. § 1985(2) against all Defendants. Count V remains a claim for Virginia common-law conspiracy against all Defendants. Count VI remains a claim for insulting words under Va. Code § 8.01-45 against Hall and NCMEC, pleaded in the alternative. Ex. A, Counts I–VI. The Prayer for Relief seeks the same categories of relief on the same counts against the same Defendants. Ex. A, Prayer for Relief.

**E. There Is No Bad Faith.**

The procedural facts show no bad faith. This is Plaintiff's first motion for leave to amend in this action; the FAC was filed as of right before any Defendant responded. The case is at the pleading stage. No Defendant has answered. No scheduling order has issued. No merits discovery has occurred. The events pleaded in Section O occurred after the FAC was filed. The Motion promptly follows the Rule 12 briefing, ECF No. 26, and the form objection raised in ECF No. 53.

The SAC keeps the same parties and the same six counts. The record reflects no bad faith and no dilatory motive.

**F. The Proposed Amendments Are Not Futile.**

Futility turns on whether the proposed pleading states a claim under Rule 12(b)(6). *Katyle*, 637 F.3d at 471. At that stage the Court accepts the well-pleaded facts as true. *Kolon*, 637 F.3d at 440. The Court does not accept a defendant's characterization of a defendant-authored document as an established fact. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167–69 (4th Cir. 2016). The question is whether the SAC pleads facts that, accepted as true, support the existing claims. It does.

The SAC contains factual allegations addressed to each of the dismissal theories Defendants have asserted. First, the SAC distinguishes an advance notice of intended subpoenas from formally served compulsory process. The SAC pleads that the April 9, 2026 transmission was captioned "Advanced Notice of Intended Subpoenas," enclosed signed subpoenas, and stated that formal service would occur after the notice period had run. Neither subpoena was served. No return, proof of service, or court order existed. Plaintiff neither waived service nor requested an early response. Ex. A §§ G, I.

Second, the SAC pleads the voluntary and private issuance of the April 22, 2026 letters. The letters were addressed to Plaintiff alone. The letters were not copied to any court or counsel, and were not filed in either action. The letters were not CyberTipline reports or referrals, and were not made under any function described in 18 U.S.C. §§ 2258A, 2258B, or 2258C. Ex. A § I. The SAC pleads the statutory exceptions in the alternative. *Id.*

Third, the SAC pleads source-level falsity concerning the asserted association with "Marvelle J. Ballentine" through Section S.

Fourth, the SAC pleads person-level falsity and defamatory implication. The letters placed Plaintiff's full legal name in the same sentence as "two CyberTipline reports." The letters omitted every limiting statement that would have confined the assertion to a different identifier, person, provider, or event. The letters conveyed to the third-party recipients that the reports concerned Plaintiff personally. Ex. A §§ J, K; Ex. A, Counts I, II.

Fifth, the SAC pleads facts supporting Hall's knowledge, intent, recklessness, and actual malice as of April 22, 2026. Hall had access to NCMEC's legal-intake records showing that no subpoena had been served. Hall selected language characterizing the letters as responses to a subpoena. Hall listed Plaintiff's own search terms disjunctively, in Plaintiff's order, without disambiguation. Hall omitted every source-identifying detail. Ex. A §§ I, J, S; Ex. A, Counts I, II.

The SAC separately pleads later events, including Hall's refusal to correct or retract, NCMEC's August 2026 filings, and counsel's August 13, 2026 response. Those later events support Defendants' subsequent actual knowledge, their continuing position after notice of Plaintiff's claims, the unresolved referent of the letters, and continuing injury. Ex. A § O; Ex. A, Counts I, II, III. The SAC does not plead the later events as proof of what Hall knew on April 22, 2026.

Sixth, the SAC pleads Plaintiff's disclosed survivor status and Hall's knowledge of it before April 22, 2026, through the publicly filed pleadings in the 286 Action and the materials Hall reviewed or received. Ex. A §§ C, G; Ex. A, Count III.

Seventh, the SAC pleads the circumstantial facts supporting the alleged agreement in nine enumerated allegations. NCMEC, Meta, and Accenture received identical materials on April 9, 2026, the April 21, 2026 motions were directed at the same discovery, and the depositions were imminent. No compulsory obligation existed, two case-keyed letters issued one day after those

motions, and the letters issued before the notice period expired. The letters omitted every source-identifying detail, substituted an unsworn assertion for sworn examination, and issued while the motions remained pending. Ex. A § N.

Eighth, the SAC pleads deterrence directed both at Plaintiff's attendance as a party and at Plaintiff's testimony as a prospective witness. Ex. A §§ P, R; Ex. A, Count IV.

Ninth, the SAC pleads personal injury and litigation-related injury. The SAC pleads physical manifestation, disrupted sleep and eating, fear of arrest, withdrawal from his children, consideration of dismissing both actions, and materially diminished capacity in performing litigation functions. Ex. A § R.

Tenth, the SAC strengthens the predicate defamation allegations on which the Virginia conspiracy claim rests. Ex. A, Counts I, II, V.

Defendants' pending motions contend that the letters were true or substantially true, privileged, and immune, and that the conspiracy allegations are implausible. ECF Nos. 11, 22. The privilege theory asks the Court to treat the admitted pre-service correspondence as litigation-protected subpoena responses despite the absence of formal service. The SAC pleads the facts that define that dispute: signed subpoenas existed; advance notice was transmitted; formal service had not occurred; Plaintiff had not waived service; Plaintiff had not requested an early response; and no court order required a response. Ex. A §§ G, I.

The truth theory does not assert that the two reports concern Plaintiff personally. NCMEC's own memorandum framed the possible referent as Plaintiff, "a person with the same name," or an e-mail address. Ex. A § O. NCMEC's Rule 12 briefing expressly preserved that ambiguity. The SAC pleads additional facts addressed to it: the reports, as received, did not identify Plaintiff as "Marvelle J. Ballentine," and did not concern Plaintiff personally. Ex. A § S.

The question on futility is whether the proposed SAC, tested under the Rule 12(b)(6) standard, states plausible claims notwithstanding the defenses asserted. The SAC pleads facts that prevent those defenses from establishing futility as a matter of law at this stage. The Court accepts the pleaded facts as true and draws reasonable inferences in Plaintiff's favor; factual disputes and competing inferences cannot be resolved against Plaintiff when assessing the sufficiency of the proposed pleading. *Kolon*, 637 F.3d at 440; *Goines*, 822 F.3d at 167–69. The Court need not resolve every pending Rule 12 argument to find that the SAC is not futile. The Court need only find that the SAC pleads facts that, accepted as true, state the six existing claims notwithstanding the asserted defenses. The SAC does that. The amendments are not futile.

## IV. RULE 15(d) SUPPORTS INCORPORATING THE SUBSEQUENT EVENTS INTO THE SAME OPERATIVE PLEADING

The post-FAC events belong in the same pleading as the claims they support. Those events concern the same two April 22, 2026 letters, the same three Defendants, and the same claimed injuries. Those events also concern the same disputed factual propositions: whether either report identifies Plaintiff, what NCMEC and Hall knew when the letters issued, and what the letters continue to do to Plaintiff. Ex. A §§ O, R; Ex. A, Count III. Rule 15(d) permits a pleading that sets out such later events. Fed. R. Civ. P. 15(d). The Fourth Circuit treats a pleading that both amends and supplements as an ordinary application of Rules 15(a) and 15(d), governed by the same standard. *Franks,* 313 F.3d at 198 n.15. On September 2, 2026, Hall herself adopted and joined NCMEC's FAC-directed dismissal positions. Hall separately adopted NCMEC's opposition to Plaintiff's pending Rule 26(d)(1) motion. ECF Nos. 45, 46.

One integrated pleading serves efficient adjudication. Defendants respond to one pleading. The Court adjudicates one set of allegations. The alternative is a FAC plus a separate supplemental

pleading, each covering the same claims and the same course of conduct, each requiring a separate response, and each requiring the Court to read two documents to find the allegations supporting a single count. Nothing in Rule 15 requires that result. Rule 15(d) exists to avoid it. The subsequent events should be incorporated into the SAC.

## V. PROCEDURAL EFFECT OF GRANTING LEAVE

Granting leave has five procedural consequences. First, the SAC supersedes the FAC and becomes the operative pleading. "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted). Second, the supplemental allegations presently proposed through ECF No. 26 are incorporated into the SAC, and ECF No. 26 becomes moot. Third, the sur-reply proposed in ECF No. 43 is directed to Meta's reply in support of its motion to dismiss the FAC. ECF Nos. 39, 43, 44. Once the SAC replaces the FAC, that separate FAC-directed request is unnecessary. ECF No. 43 then becomes moot. Fourth, Defendants may respond to the SAC within the time provided by Federal Rule of Civil Procedure 15(a)(3) or such other time as the Court directs. Fifth, the case proceeds on one complete operative pleading containing the complete allegations Plaintiff presently seeks to adjudicate.

The pending motions to dismiss directed to the FAC (ECF Nos. 10, 21, 45) are procedural context for this Motion. This Motion does not request any disposition of those motions. The Court's management of the FAC-directed Rule 12 motions after the SAC becomes the operative pleading remains within the Court's discretion and outside the relief requested here.

Plaintiff requests expedited determination of the Motion on the papers after ordinary briefing under Local Civil Rule 7(F)(1) is complete. Plaintiff waives oral argument and is filing a Notice of Waiver of Oral Argument with the Motion. Prompt determination will permit Defendants

to direct their responses to one complete pleading and will avoid simultaneous adjudication of a superseded pleading, a standalone supplemental pleading, and a separate sur-reply request.

## VI. CONCLUSION

The SAC adds facts, not claims. It is presented before any answer, before any scheduling order, and before any discovery. It prejudices no Defendant. It is sought in good faith. It is not futile. It eliminates the form objection raised in ECF No. 53 by placing one complete pleading before the Court. Plaintiff respectfully requests that the Court enter an order: (a) granting Plaintiff leave under Federal Rules of Civil Procedure 15(a)(2) and 15(d) to file the complete Second Amended and Supplemental Complaint attached as Exhibit A, deeming Exhibit A filed, and deeming it the operative pleading in this action; (b) upon granting leave, denying ECF No. 26 as moot; (c) upon granting leave, denying ECF No. 43 as moot; (d) granting expedited determination of the Motion on the papers upon completion of briefing under Local Civil Rule 7(F)(1); (e) directing the Clerk, to the extent administratively necessary, to docket the Second Amended and Supplemental Complaint separately as the operative complaint; and (f) providing that Defendants shall respond to the Second Amended and Supplemental Complaint within the time prescribed by the Federal Rules of Civil Procedure or such other time as the Court directs.

Date: September 7, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;
2. Proposed Order;
3. Exhibit A — Proposed Second Amended and Supplemental Complaint;
4. Exhibit B — Declaration of Marvelle J. Ballentine;
5. Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;

6. Certification Pursuant to Local Civil Rule 83.1(N) accompanying the Motion; and

7. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants, who are registered users of that system and will be served through that means.

Date: September 7, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**CERTIFICATION PURSUANT TO**
**LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;
2. Proposed Order;
3. Exhibit A — Proposed Second Amended and Supplemental Complaint;
4. Exhibit B — Declaration of Marvelle J. Ballentine;

5. Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers;
6. the Certificate of Service accompanying the Motion; and
7. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: September 7, 2026