**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PROPOSED ORDER**

This matter is before the Court on Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64, Suspend Enforcement and Discovery Briefing, and Restore Oral Argument Following Determination of ECF No. 59 (the "Objections"). The Court has reviewed the orders at ECF Nos. 62, 63, 64, and 65; the submissions at ECF Nos. 59, 59-1, 59-2, 60, and 61; the Objections; the Memorandum in Support; the declaration; and any response and reply.

The Court finds as follows. The Objections were timely filed. The record before the Magistrate Judge on September 9, 2026 included the complete proposed Second Amended and Supplemental Complaint, the operative First Amended Complaint (ECF No. 5), the original Complaint (ECF No. 1), and a memorandum identifying and locating the material amendments by category and section. ECF No. 59 seeks to replace ECF No. 5 and not ECF No. 1. No federal rule and no Local Civil Rule of this Court requires a redlined comparison with a motion for leave to

amend, and ECF No. 64 is a case-specific direction governed by Fed. R. Civ. P. 83(b). Plaintiff is served by mail and obtained actual notice of ECF No. 64 at about 9:00 p.m. on September 11, 2026. The relief set out below is consistent with 28 U.S.C. § 636, Local Civil Rule 72, and Fed. R. Civ. P. 6, 15, 72(a), and 83(b). Accordingly, it is hereby

**PART A — PRINCIPAL DISPOSITION OF THE COMPARISON REQUIREMENT**

ORDERED that the Objections are SUSTAINED to the extent stated in this Order; it is further

ORDERED that ECF No. 64 is VACATED. This vacatur preserves consideration of ECF No. 59 and does not itself make the proposed pleading operative; it is further

ORDERED that ECF No. 59 shall proceed to determination on the existing submission (ECF Nos. 59, 59-1, 59-2, 60) and any response and reply permitted by Local Civil Rule 7(F)(1), and shall not be denied, deemed abandoned, excluded from consideration, or otherwise adversely treated on the basis that no comparison document was provided by September 11, 2026; it is further

**PART B — DISCOVERY ADJUDICATION AND PRESERVATION (applies under every branch of this Order)**

ORDERED that determination of ECF Nos. 15 and 54 is HELD IN ABEYANCE until ECF No. 59 has been determined, the resulting operative pleading has been established, and all briefing periods authorized by this Order, including any authorized supplementation, have concluded; that both discovery motions and their existing submissions (for ECF No. 15, ECF Nos. 16, 31, 33, 36, 46, and 52; for ECF No. 54, ECF Nos. 54, 54-1, and 55) remain pending without withdrawal or refiling; and that this provision applies whether the Court grants or denies the suspension of Meta's briefing requested in Part C. This case-management relief is granted independently of the disposition of the individual objections; it is further

**PART C — PRINCIPAL DISCOVERY BRIEFING SCHEDULE**

ORDERED that the September 17, 2026 and September 23, 2026 deadlines set by ECF No. 65 are SUSPENDED pending determination of ECF No. 59 and superseded by the replacement schedule in this Part; it is further

ORDERED that each replacement response period and each initial supplemental-brief period established by this Order shall run from the later of service of this Order on the party required to act or the otherwise applicable triggering event identified below, and that each reply period shall run from service of the corresponding response; it is further

ORDERED that briefing on ECF No. 54 shall resume on the following triggering events: (a) if ECF No. 59 is granted, the order granting leave shall deem the Second Amended and Supplemental Complaint filed and operative as of the date of that order, and Defendant Meta Platforms, Inc. shall file any response to ECF No. 54, addressed to the Second Amended and Supplemental Complaint, within fourteen (14) days after service of that order; (b) if ECF No. 59 is denied, Defendant Meta Platforms, Inc. shall file any response to ECF No. 54, addressed to the First Amended Complaint, within fourteen (14) days after service of the order denying leave; (c) if ECF No. 59 is granted in part, Plaintiff shall file the conforming pleading the order directs within seven (7) calendar days after Plaintiff receives actual notice of the order directing that filing, and Defendant Meta Platforms, Inc. shall file any response to ECF No. 54, addressed to the conforming pleading, within fourteen (14) days after that pleading is filed. In each case Plaintiff shall file any reply within six (6) days after service of the response; it is further

ORDERED that, on the triggering event applicable under the preceding paragraph, Defendants National Center for Missing & Exploited Children and Katie Hall may file a supplemental response to ECF No. 15, limited to any material effect of the pleading determination,

within fourteen (14) days, and Plaintiff may file a supplemental brief within six (6) days after service of any supplemental response or, if none is filed, within six (6) days after expiration of the supplemental-response period; it is further

**PART D — HEARING, SEQUENCE, AND GENERATIVE-ARTIFICIAL-INTELLIGENCE PROVISIONS**

ORDERED that ECF Nos. 63 and 65 are MODIFIED to the extent they terminated oral argument on ECF Nos. 15 and 54, and that the Magistrate Judge shall set oral argument on ECF Nos. 15 and 54 on a date after determination of ECF No. 59 and completion of the briefing authorized by this Order, with notice to Plaintiff by mail at least twenty-one (21) days before the hearing; it is further

ORDERED that Plaintiff may renew his Motion for Leave to Appear Remotely (ECF No. 41) as to the newly scheduled hearing within fourteen (14) days after service of the notice of hearing; it is further

ORDERED that ECF No. 59 shall be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate any claim; it is further

ORDERED that the generative-artificial-intelligence provisions of ECF Nos. 63 and 65 are MODIFIED to apply to filings concerning matters assigned or referred to the Magistrate Judge. Their application to filings concerning matters retained by the District Judge, including Plaintiff's Rule 72(a) Objections, is SET ASIDE; it is further

ORDERED that, to the extent the generative-artificial-intelligence provisions of ECF Nos. 63 and 65 remain in effect, they are satisfied by a signed disclosure-and-certification section following the signature block of each docketed filing prepared with generative-artificial-intelligence assistance, stating that such assistance was used, describing its nature, and certifying

review of each legal and record citation for accuracy. For a motion and its attachments, the motion's signed disclosure and certification may identify the AI-assisted attachments and certify review of the legal and record citations in those materials. A proposed order expressly identified and covered by that certification need not carry a separate certification on its face. A separately docketed memorandum shall carry its own disclosure and certification. A declaration may include its disclosure and certification within its signed sworn text. The provisions do not require disclosure as to previously created third-party documents attached as exhibits. Any materially additional obligation first specified by later order shall operate prospectively from actual notice of that order; it is further

**ALTERNATIVE A — COMPARISON REQUIREMENT** [Applies only if the Court does not vacate ECF No. 64 in full. Replaces the second and third paragraphs of Part A. Part B, Part C, and Part D are unaffected.]

ORDERED, in the alternative to vacatur, that the comparison requirement of ECF No. 64 is MODIFIED to require a redlined comparison of the proposed Second Amended and Supplemental Complaint (ECF No. 59-1) against [the First Amended Complaint (ECF No. 5) / the Complaint (ECF No. 1)]; that Plaintiff shall provide that comparison within seven (7) calendar days after actual notice of this Order; that the September 11, 2026 date set by ECF No. 64 is VACATED; that ECF No. 59 shall proceed to determination on the existing submission (ECF Nos. 59, 59-1, 59-2, 60) together with the comparison so provided and any response and reply permitted by Local Civil Rule 7(F)(1); and that ECF No. 59 shall not be denied, deemed abandoned, excluded from consideration, or otherwise adversely treated on the basis of nonperformance by September 11, 2026; it is further

**ALTERNATIVE B — DISCOVERY BRIEFING** [Applies only if the Court does not suspend the ECF No. 65 briefing deadlines pending determination of ECF No. 59. Replaces Part C in its entirety. Part B continues to apply: neither discovery motion is determined before ECF No. 59 is resolved and all applicable briefing has concluded, and both motions and their existing submissions are preserved.]

ORDERED, in the alternative to suspension of the ECF No. 65 briefing deadlines pending determination of ECF No. 59, that if those deadlines are not suspended, then: (a) if either deadline established by ECF No. 65 has elapsed during any interim suspension, both the September 17 and September 23, 2026 deadlines are superseded, and Defendant Meta Platforms, Inc. shall file any response to ECF No. 54 within fourteen (14) days after service of this Order and Plaintiff shall file any reply within six (6) days after service of that response; (b) Plaintiff may file supplemental briefing on ECF Nos. 15 and 54, addressed to the resulting operative pleading, within fourteen (14) days after the later of service of this Order or (i) service of any order granting ECF No. 59 in full or (ii) the filing of the conforming pleading directed by any order granting ECF No. 59 in part, which pleading Plaintiff shall file within seven (7) calendar days after actual notice of that order; (c) Defendants may respond to any such supplemental briefing within fourteen (14) days after service of it; (d) this Alternative B replaces Part C in its entirety; and (e) the existing submissions on both motions are preserved; it is further

ORDERED that any interim order entered on the interim application accompanying this Motion is superseded by this Order.

The Clerk is directed to send a copy of this Order to Plaintiff at his address of record and to all counsel of record.

ENTERED this ___ day of __________ 2026.
Alexandria, Virginia

Rossie D. Alston, Jr.
United States District Judge