FILED
9/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

FILED
09/14/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NOS. 63–65 AND MOTION TO SET ASIDE ECF NO. 64, SUSPEND ENFORCEMENT AND DISCOVERY BRIEFING, AND RESTORE ORAL ARGUMENT FOLLOWING DETERMINATION OF ECF NO. 59

Plaintiff Marvelle J. Ballentine respectfully objects under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72 to the orders entered September 9 and September 10, 2026 (ECF Nos. 63, 64, 65), to the extent stated below. Local Civil Rule 72 treats these objections as a motion under Local Civil Rule 7. Plaintiff files them in that form. The Memorandum in Support states the grounds. Plaintiff incorporates it by reference.

## I. ORDERS AND PROVISIONS TO WHICH PLAINTIFF OBJECTS

1. **ECF No. 64, in its entirety.** ECF No. 64 finds that the Court "does not possess sufficient information to issue an Order" on Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (ECF No. 59). ECF No. 64 requires Plaintiff to provide a redlined

version of the proposed pleading "no later than September 11, 2026." ECF No. 64 requires that version to show "the changes, deletions, and additions that were made to Plaintiff's Complaint Dkt. No. 1." Plaintiff respectfully objects to the information-sufficiency finding. Plaintiff respectfully objects to the requirement of a comparison against ECF No. 1. Plaintiff respectfully objects to the September 11, 2026 deadline. Plaintiff respectfully objects to the three together as one condition imposed on consideration of ECF No. 59.

2. **ECF No. 63, specified portions.** Plaintiff objects to the termination of oral argument on Plaintiff's Motion for Leave to Serve Three Limited Interrogatories on NCMEC (ECF No. 15). Plaintiff objects to the generative-artificial-intelligence provision's application to every filing in this action, including filings concerning matters retained by the District Judge. Plaintiff requests review of that requirement against the Magistrate Judge's delegated authority. Plaintiff separately objects to enforcement according to specifications the order does not state. Upon restoration of a hearing, Plaintiff objects to the disposition of his Motion for Leave to Appear Remotely (ECF No. 41) as moot and requests leave to renew that motion for the new date.

3. **ECF No. 65, specified portions.** Plaintiff objects to the termination of oral argument on Plaintiff's Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta (ECF No. 54). Plaintiff objects to the September 17 and September 23, 2026 briefing deadlines set while ECF No. 59 remains undetermined. Plaintiff objects to the repeated generative-artificial-intelligence provision on the terms stated in paragraph 2.

4. **ECF No. 62.** Plaintiff does not object to ECF No. 62. Plaintiff cites ECF No. 62 as the record of the scope of his withdrawal and hearing request. ECF No. 62 withdrew ECF No. 26. ECF No. 62 vacated the September 25, 2026 hearing "solely with respect to Dkt. No. 26." ECF No.

62 provided that "[a]ll other pending motions scheduled for September 25, 2026 at 10:00 AM in Courtroom 301 will remain as scheduled." Plaintiff maintains the withdrawal of ECF No. 26.

**II. TIMELINESS**

5. The Court entered ECF Nos. 63 and 64 on September 9, 2026. The Court entered ECF No. 65 on September 10, 2026. Rule 72(a) permits objections within 14 days after service. Plaintiff receives court orders by mail. Plaintiff does not receive Notices of Electronic Filing. Plaintiff first learned of ECF No. 64 at about 9:00 p.m. on September 11, 2026. Ex. A ¶¶ 3–9. Plaintiff submitted this Motion through the Court's Electronic Document Submission System on September 13, 2026. That date falls within 14 days of the entry of each order. Plaintiff does not rely on Rule 6(d). The objections are timely.

**III. RELIEF REQUESTED**

6. Plaintiff requests an order:

(a) setting aside ECF No. 64 and permitting ECF No. 59 to proceed to determination on the existing submission (ECF Nos. 59, 59-1, 59-2, 60) and the briefing permitted by Local Civil Rule 7(F)(1);

(b) suspending enforcement of ECF No. 64 during review, including any denial, deemed abandonment, exclusion, or other adverse treatment of ECF No. 59 based on the absence of a comparison document on September 11, 2026;

(c) suspending the September 17 and September 23, 2026 deadlines set by ECF No. 65 pending determination of ECF No. 59 and replacing them with the schedule described in Part VI.C of the Memorandum; holding determination of ECF Nos. 15 and 54 in abeyance until ECF No. 59 has been determined, the resulting operative pleading has been established, and the resulting court-

authorized briefing periods have concluded; and preserving both discovery motions and their existing submissions without withdrawal or refiling;

(d) restoring oral argument on ECF No. 15 and ECF No. 54 on a date set after determination of ECF No. 59 and completion of the briefing directed to the resulting operative pleading, with notice by mail at least twenty-one days before the hearing;

(e) directing that ECF No. 59 be determined before, or expressly within, any disposition of the pending motions to dismiss (ECF Nos. 10, 21, 45) that would terminate any claim;

(f) determining whether the Magistrate Judge's delegated authority supports the case-wide generative-artificial-intelligence provisions of ECF Nos. 63 and 65, and setting aside their application beyond matters within that authority; for any requirement remaining in effect, approving the disclosure and citation-review method described in Part IX of the Memorandum, or specifying the required method; and providing that any materially additional obligation first specified in resolving this Motion operates prospectively with an opportunity to comply after notice.

7. **Alternative relief on the comparison requirement.** If the District Judge sustains a comparison requirement in any form, Plaintiff requests an order identifying the required baseline pleading. Plaintiff requests seven calendar days after actual notice of that order to produce the comparison. Plaintiff requests express relief from the September 11, 2026 date. If the Court treats the September 11 date as a deadline that survives review, Plaintiff requests an extension under Rule 6(b)(1)(B) on the grounds stated in Part III.C of the Memorandum.

8. **Alternative relief concerning discovery briefing.** If the deadlines set by ECF No. 65 remain in place, Plaintiff separately requests that determination of ECF Nos. 15 and 54 be held

in abeyance pending determination of ECF No. 59. Upon any grant of ECF No. 59 in full or in part, Plaintiff requests permission to submit supplemental briefing addressing the resulting operative pleading before either discovery motion is determined. The existing submissions on both motions shall be preserved, and adjudication shall follow completion of the applicable court-authorized briefing periods.

9. **Interim relief.** Plaintiff requests an interim order, in the form of the accompanying Proposed Interim Order, before September 17, 2026. The filing of Rule 72(a) objections does not itself suspend the orders objected to. The grounds for the interim order are stated in Part VII of the Memorandum. Plaintiff submits the interim application on the papers. Plaintiff does not waive oral argument on ECF Nos. 15 and 54. Plaintiff does not waive oral argument on the balance of these objections.

10. **Independent request for case-management relief.** Plaintiff requests the interim and continuing abeyance described above within this Motion. The request rests on Rule 6(b)(1)(A), Local Civil Rule 37(F), and the Court's docket-management authority, as developed in Parts VI and VII of the Memorandum. Plaintiff requests determination of that relief independently of whether the Court sustains, modifies, or rejects any individual Rule 72(a) objection. The requested sequence is determination of ECF No. 59, establishment of the resulting operative pleading, completion of the resulting discovery briefing, and adjudication of ECF Nos. 15 and 54.

## IV. SUPPORTING RECORD

11. Plaintiff submits with this Motion: Exhibit A, Declaration of Marvelle J. Ballentine Regarding Notice of ECF Nos. 62–65; the Memorandum in Support; a Proposed Interim Order; and a Proposed Order.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Interim Order and, upon determination of these objections, the Proposed Order, granting the relief stated in paragraphs 6 through 10.

Date: September 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64, Suspend Enforcement and Discovery Briefing, and Restore Oral Argument Following Determination of ECF No. 59;

2. Memorandum in Support;

3. Exhibit A — Declaration of Marvelle J. Ballentine Regarding Notice of ECF Nos. 62–65;

4. Proposed Interim Order;

5. Proposed Order;

6. Certification Pursuant to Local Civil Rule 83.1(N);

7. Generative-Artificial-Intelligence Disclosure and Citation Certification pursuant to ECF Nos. 63 and 65; and

8. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: September 13, 2026

Marvelle J. Ballentine

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64, Suspend Enforcement and Discovery Briefing, and Restore Oral Argument Following Determination of ECF No. 59;

2. Memorandum in Support;

3. Exhibit A — Declaration of Marvelle J. Ballentine Regarding Notice of ECF Nos. 62–65;

4. Proposed Interim Order;

5. Proposed Order;

6. the Certificate of Service accompanying the Motion;

7. the Generative-Artificial-Intelligence Disclosure and Citation Certification accompanying the Motion; and

8. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: September 13, 2026

**GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65**

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows.

1. **Identification of use.** Plaintiff used generative artificial intelligence in the preparation of the Motion, the Declaration of Marvelle J. Ballentine, the Proposed Interim Order, and the Proposed Order submitted with this filing. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted each document as his own submission. The Proposed Interim Order and Proposed Order are covered by this certification and carry no separate certification on their face. The Memorandum in Support is separately filed and carries its own disclosure and certification.

2. **Citation review.** Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in the documents identified in paragraph 1 for accuracy. Plaintiff performed that review using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

3. **Method.** ECF Nos. 63 and 65 do not specify the form or placement of this disclosure. Plaintiff places the disclosure and certification in each motion filing and separately docketed memorandum, with the motion's certification expressly covering the AI-assisted attachments identified in paragraph 1. Plaintiff supplies this disclosure and certification while maintaining the authority-and-scope objection stated in Part IX of the Memorandum in Support.

Plaintiff requests approval of this method, or specification of a different method, for any requirement that remains in effect.

Date: September 13, 2026

Marvelle J. Ballentine
*Plaintiff, pro se*