FILED
9/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

FILED
09/14/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NOS. 63–65 AND MOTION TO SET ASIDE ECF NO. 64, SUSPEND ENFORCEMENT AND DISCOVERY BRIEFING, AND RESTORE ORAL ARGUMENT FOLLOWING DETERMINATION OF ECF NO. 59**

## I. PRELIMINARY STATEMENT

Meta objected that Plaintiff's proposed supplemental pleading did not include the proposed complaint in its entirety. ECF No. 53 at 3 n.1. Plaintiff responded with one complete proposed Second Amended and Supplemental Complaint. ECF Nos. 59, 59-1. Plaintiff submitted a declaration addressing his legal name and Meta-account usage. ECF No. 59-2. Plaintiff submitted a memorandum identifying and locating the material amendments by category and section and explaining their relationship to the existing claims. ECF No. 60. The motion identifies ECF No. 5

as the pleading the proposed complaint would replace. ECF No. 59 ¶ 3. Plaintiff did not concede Meta's objection. ECF No. 59 ¶ 1; ECF No. 60 at 4. Plaintiff removed it from the case.

ECF No. 64 states that the Court lacks sufficient information to decide the amendment motion. ECF No. 64 requires an additional comparison against ECF No. 1 by September 11, 2026, two calendar days after entry. Plaintiff receives court notices by mail. Plaintiff does not receive electronic court notifications. Plaintiff obtained actual notice of the requirement at about 9:09 p.m. on September 11, 2026. Ex. A ¶¶ 3–9.

The orders also changed the disposition of the pending discovery motions. ECF No. 62 withdrew ECF No. 26, vacated its hearing, and expressly preserved the other scheduled hearings. ECF No. 63 terminated the hearing on ECF No. 15. ECF No. 65 terminated the hearing on ECF No. 54 and set opposition and reply deadlines while the amendment request remained unresolved.

Plaintiff challenges the additional condition on the record presented: the information already supplied, the cumulative comparison selected, and the notice-and-performance interval imposed. Plaintiff requests that ECF No. 64 be set aside and that ECF No. 59 proceed to determination on the existing submissions and permitted briefing. Plaintiff requests briefing on the discovery motions addressed to the resulting operative pleading, and oral argument on those motions after that briefing.

## II. GOVERNING REVIEW AND TIMELINESS

A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when the record leaves the reviewing court with a definite and firm conviction that a mistake has been committed. An order is contrary to law when it applies an incorrect legal standard or misapplies the governing rules. Local Civil Rule 72 provides that an

objection under Rule 72(a) "shall be considered a motion and is subject to the briefing and notice requirements" of Local Civil Rule 7.

These objections address the stated premise of each order and the procedure each order imposes. Part IV addresses the finding in ECF No. 64 that the Court lacked sufficient information. Parts III and V address the deadline and the comparison baseline. Part VI addresses the sequence ECF Nos. 63 and 65 set for the discovery motions. Part VII states the grounds for interim and continuing case-management relief. Part VIII addresses oral argument. Part IX addresses the Magistrate Judge's authority to impose the case-wide generative-artificial-intelligence provision and, alternatively, its specification. Part X states the determinations sought.

The Court entered ECF Nos. 63 and 64 on September 9, 2026. The Court entered ECF No. 65 on September 10, 2026. The Court serves orders on Plaintiff by mail. Ex. A ¶ 3. Plaintiff obtained actual notice of ECF Nos. 62 through 65 at about 9:09 p.m. on September 11, 2026. Ex. A ¶ 8. Plaintiff submitted these objections on September 13, 2026. Fourteen days from September 9 is September 23. The objections are timely under Rule 72(a) without resort to Rule 6(d). The deadline for objecting is distinct from the September 11 production date fixed by ECF No. 64. The first governs this filing. Part III addresses the second.

Rule 46 requires a party to state the action the party wants the court to take and the grounds for the objection. Fed. R. Civ. P. 46. Each Part below identifies the ruling, the ground, and the correction requested.

## III. THE SEPTEMBER 11 DEADLINE DID NOT AFFORD THE NOTICE-AND-PERFORMANCE INTERVAL REQUIRED IN THESE CIRCUMSTANCES

### A. The chronology established by the declaration

Plaintiff proceeds pro se. Plaintiff is not a registered CM/ECF user and has not consented to electronic service. Ex. A ¶ 3. Plaintiff receives no Notices of Electronic Filing. Ex. A ¶ 3. The Court serves orders on Plaintiff by mail at his address of record, which is a commercial mail-receiving agency. Ex. A ¶ 3.

Plaintiff supplements mail service with periodic docket review. At Plaintiff's direction, a person acting on his behalf accesses PACER and uploads documents to the RECAP archive on CourtListener. Ex. A ¶ 4. Plaintiff maintains a CourtListener docket alert for this action. Ex. A ¶ 4. In Plaintiff's experience, a CourtListener alert issues only when a document is added to the RECAP archive for the docket. Ex. A ¶ 4. Plaintiff receives no other electronic notification of docket activity. Ex. A ¶ 4.

Plaintiff's last submission before the orders at issue was the September 7, 2026 EDSS submission docketed September 8 as ECF Nos. 57 through 61. Ex. A ¶ 5. From about September 7 through the afternoon of September 11, 2026, Plaintiff was unwell and did not work on this action. Ex. A ¶ 6. At Plaintiff's direction, no docket review occurred during that period. Ex. A ¶ 6. On the evening of September 11, Plaintiff resumed work. Ex. A ¶ 7. He understood the September 25, 2026 hearing to remain scheduled as to ECF Nos. 15 and 54. Ex. A ¶ 7. He intended to prepare for that hearing and to decide whether to arrange travel pending a ruling on ECF No. 41. Ex. A ¶ 7. Plaintiff requested that the docket be reviewed and any new documents uploaded. Ex. A ¶ 7.

At about 9:09 p.m. Eastern Time on September 11, Plaintiff received a CourtListener alert for this action. Ex. A ¶ 8. Plaintiff then opened the CourtListener docket page for this action. That was the first time Plaintiff learned of ECF Nos. 62, 63, 64, or 65. Ex. A ¶¶ 8–9.

As of the execution of the declaration, Plaintiff had not received a mailed copy of ECF No. 62, 63, 64, or 65 at his address of record. Ex. A ¶ 10. The record does not show the date on which the Clerk mailed the orders.

Entry of an order, service by mail, actual notice, and the opportunity to prepare a required submission are different events. ECF No. 64 fixed the submission date without providing a period measured from Plaintiff's receipt of notice.

### B. The rules-based and due-process grounds

**Formal service.** Rule 77(d)(1) requires the Clerk to serve notice of entry of an order as provided in Rule 5(b). Rule 5(b)(2)(C) provides that service by mail "is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Civ. P. 77(d)(1). Completion of service upon mailing fixes the service date. It does not fix the date of receipt or the date of awareness. ECF No. 64 was entered September 9. ECF No. 64 set September 11 as the performance date. No mailed copy had reached Plaintiff by the time he executed his declaration. Ex. A ¶ 10.

**Actual notice under Rule 83(b).** A judge may regulate practice "in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b). The same rule provides: "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement." *Id*. No federal rule requires a redlined comparison with a motion for leave to amend. No Local Civil Rule of this Court requires one. The absence of a generally applicable redline requirement identifies ECF No. 64 as a case-specific direction governed by Rule 83(b). Plaintiff obtained actual notice of that direction at about 9:09 p.m. on the compliance date. Ex. A ¶ 8. That notice informed him of an obligation already due that day.

**Opportunity to perform.** Rule 83(b) addresses actual notice of a case-specific requirement. The opportunity to act after notice is a related but distinct question. Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties" of the requirement and "must afford a reasonable time for those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Whether a party has had a reasonable opportunity depends on the circumstances presented and the reasons offered. *Ungar v. Sarafite*, 376 U.S. 575, 589–91 (1964). Plaintiff challenges both the two-calendar-day period fixed when the order issued and the opportunity remaining after actual notice. Actual notice at the end of the compliance date does not establish that Plaintiff had a reasonable opportunity to prepare, verify, and submit the required comparison. The Court's Electronic Document Submission System marks accepted documents as filed on the date of submission. E.D. Va., *Electronic Document Submission System (EDSS) User Manual* 5 (Apr. 2026); see Ex. A ¶ 11. Plaintiff's objection concerns the time available to prepare and submit the comparison. The date of the Clerk's later docketing is not the basis of that objection.

Plaintiff requested expedited determination of the materials already submitted, after completion of briefing. ECF No. 59 ¶ 14; ECF No. 60 at 15–16. That request sought prompt adjudication of an existing submission. That request did not seek an expedited obligation to prepare additional material.

**C. The remedy**

Plaintiff requests vacatur of ECF No. 64. Plaintiff requests an order that ECF No. 59 shall not be denied, deemed abandoned, excluded from consideration, or otherwise disadvantaged based on the absence of a comparison document on September 11, 2026.

If the Court treats the September 11 date as a deadline that survives review, Plaintiff requests an extension under Rule 6(b)(1)(B) for excusable neglect. The determination "is at bottom an equitable one, taking account of all relevant circumstances," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fourth Circuit treats the reason for the delay as the most important factor. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533–34 (4th Cir. 1996).

Each factor is addressed on this record. Prejudice: no response to ECF No. 59 was yet due on September 11, no Defendant had asserted that the submission was insufficient, and no order or filing identifies harm from the absence of a comparison document. Length and impact: Plaintiff sought relief on the first business day after actual notice. He requests suspension during review and, if a comparison requirement is sustained, seven calendar days after actual notice of that determination to comply. No response to ECF No. 59 was yet due on September 11. Plaintiff requests no suspension of briefing on ECF No. 59. The requested pause concerns enforcement of the comparison requirement and the specified discovery proceedings. Reason and control: Plaintiff did not know the obligation existed until about 9:09 p.m. on the compliance date, and Plaintiff was unwell from about September 7 through the afternoon of September 11. Ex. A ¶¶ 6, 8. *Thompson* involved a party who knew the deadline and entrusted the filing to outgoing mail. 76 F.3d at 532–34. This record involves a newly created obligation of which Plaintiff first learned at approximately 9:09 p.m. on the compliance date, without a meaningful remaining opportunity to perform. The two situations are distinct. Good faith: Plaintiff sought review on the first business

day after notice, disclosed the chronology under penalty of perjury, and committed to produce any comparison the District Judge sustains within seven days of actual notice of that ruling.

Rule 6(d) does not supply this relief. Rule 6(d) adds three days to a period that runs from service by mail. ECF No. 64 fixed a calendar date. Rule 6(d) does not move a fixed calendar date.

## IV. THE INFORMATION-SUFFICIENCY DETERMINATION MUST BE ASSESSED AGAINST ECF NOS. 59 AND 60

### A. The procedural objection Plaintiff addressed

Meta's opposition to ECF No. 26 objected that Plaintiff attached "only his supplemental allegations, 'incorporating by reference' the remainder of his FAC," rather than "a copy of the proposed amended pleading in its entirety." ECF No. 53 at 3 n.1. Plaintiff answered that objection five days later. ECF No. 59 at 1–3; ECF No. 60 at 1–4. The asserted absence of a complete proposed pleading was the subject of Meta's form objection. ECF No. 59 supplied that pleading. ECF No. 60 explained the form of the submission and the substance of the proposed changes. Plaintiff did not concede that ECF No. 26 was defective. ECF No. 59 ¶ 1; ECF No. 60 at 4.

### B. What the existing submission supplied

ECF No. 64 states that the Court lacked "sufficient information to issue an Order." The submission before the Court on September 9 contained the following.

| Record location | Information available to the Court on September 9, 2026 |
|---|---|
| ECF No. 59 ¶¶ 3–5 | ECF No. 5 identified as the operative pleading. The proposed replacement identified. The same parties, six counts, and categories of relief retained. Four categories of additional facts, each cited to a section of the proposed pleading. |
| ECF No. 59 ¶¶ 7–13 | Relationship of the motion to ECF Nos. 26 and 43. Procedural posture. No answer, no scheduling order, no Rule 26(f) conference, no discovery. |
| ECF No. 60 at 1–4 | The five principal changes. The integrated form. The governing standards under Rules 15(a)(2) and 15(d). The response to Meta's form objection. |
| ECF No. 60 at 5–7 | Timing, procedural stage, and absence of prejudice under *Laber*. |
| ECF No. 60 at 7–10 | Section-by-section description of the material amendments: |

| | |
|---|---|
| | source-level falsity, search identifiers versus report contents, subsequent events, retained counts. |
| ECF No. 60 at 10–15 | Absence of bad faith. Futility analysis under the Rule 12(b)(6) standard. Rule 15(d) supplementation. Procedural effect of granting leave. |
| ECF No. 60 at 15–16 | The requested sequence: expedited determination after Local Civil Rule 7(F)(1) briefing. |
| ECF No. 59-2 ¶¶ 2–10; ECF No. 59-1 § S | The declaration concerning Plaintiff's legal name and Meta-account usage, and the corresponding pleaded facts. |
| ECF No. 5; ECF No. 1 | The operative pleading and the original pleading, both on the docket. |

ECF No. 60 is a twenty-page filing. Pages 1 through 16 are the memorandum. Pages 17 through 20 are the certificate of service and the Local Civil Rule 83.1(N) certification. The memorandum identifies the material amendments by category. The memorandum locates each category in the proposed pleading by section. The memorandum states the governing standard for each. The complete proposed pleading was attached as ECF No. 59-1 and again as ECF No. 60-1. ECF No. 5 was on the docket. ECF No. 1 was on the docket.

**C. The objection to the additional condition**

A redline may assist comparison. Plaintiff does not challenge the authority of a court to request one. Plaintiff objects to the condition imposed on this record. ECF No. 64 made consideration of ECF No. 59 contingent on an additional submission due September 11. The complete proposed pleading and the explanation in ECF No. 60 were already before the Court.

ECF No. 64 identifies the comparison it requires. On the record presented, ECF No. 64 does not connect the additional comparison, the selected baseline, and the September 11 deadline to an informational need that ECF No. 60 left unmet. Plaintiff does not contend that Rule 52 or Rule 72 required ECF No. 64 to state findings; Rule 52(a)(3) generally does not require findings on a motion. Plaintiff contends that the premise the order states is not supported by the record it addresses. ECF No. 64 issued one day after ECF Nos. 59 and 60 were docketed. No Defendant's

response was due under Local Civil Rule 7(F)(1). No Defendant had asserted that the submission was insufficient.

Rule 83(b) permits a judge to regulate practice in a manner consistent with federal law, the federal rules, and the local rules. Fed. R. Civ. P. 83(b). A district court's inherent authority to manage its docket "must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation omitted). The exercise "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." Id.; see id. at 45–48. ECF No. 64 identifies one problem: insufficient information. The record on September 9 contained the complete proposed pleading, the pleading it replaces, the original pleading, a sixteen-page memorandum identifying and locating the material amendments, and a declaration. The condition imposed was a two-day requirement to produce a cumulative comparison against a pleading the motion does not seek to replace. That condition does not respond to the problem stated. Plaintiff requests review of the additional condition in light of that record, the selected comparator, and the notice-and-performance interval.

Rule 15(a)(2) directs that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has identified the grounds on which leave is denied: undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc). The absence of a comparison document does not itself establish futility, prejudice, or bad faith. To the extent nonperformance by September 11 is proposed as a procedural basis for denying consideration of ECF No. 59, the validity of the condition and Plaintiff's opportunity to satisfy it require separate determination. Plaintiff requests that the Rule 15 merits and the asserted September 11 default be addressed separately.

Any proposed claim-terminating consequence based on September 11 nonperformance would require separate consideration of the circumstances of that nonperformance, the notice and warning provided, and the availability of less severe alternatives. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (dismissal); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40–41 (4th Cir. 1995) (default judgment). ECF No. 64 is not a sanctions order and contains no warning. Plaintiff cites those authorities only against a consequence that would operate as a case-dispositive sanction.

Plaintiff requests that the information-sufficiency finding be set aside. Plaintiff requests that ECF No. 59 proceed to determination on the existing submission.

## V. ECF NO. 64 USES A DIFFERENT BASELINE FROM THE PLEADING ECF NO. 59 SEEKS TO REPLACE

ECF No. 59 seeks to replace ECF No. 5. ECF No. 59 ¶ 3; ECF No. 60 at 2, 15. ECF No. 64 requires comparison to ECF No. 1. The ordered comparison therefore combines changes already made through the First Amended Complaint with the changes presently proposed through ECF No. 59.

An amended pleading supersedes the original as the operative pleading and renders the original of no legal effect. *Young v. City of Mount Ranier*, 238 F.3d 567, 572–73 (4th Cir. 2001). Plaintiff filed ECF No. 5 as of right on August 6, 2026. ECF No. 59 ¶ 10. Every pending motion to dismiss is directed to ECF No. 5. ECF Nos. 10, 21, 45. ECF No. 1 may supply historical context. It does not supply the baseline that isolates the amendments presently proposed. ECF No. 59 presents two questions: whether the proposed pleading should replace ECF No. 5 under Rule 15(a)(2), and whether the post-August 6 events should be added under Rule 15(d). Comparing the proposed pleading to ECF No. 1 combines amendments already made with amendments now requested. ECF No. 64 does not identify why that cumulative comparison was necessary in addition to the proposed

pleading and ECF No. 60's explanation of the current amendments. This is Plaintiff's first motion for leave to amend. No prior amendment was allowed by leave. ECF No. 60 at 10.

Plaintiff requests vacatur of the ECF No. 1 comparison requirement as part of the principal relief.

**Alternative relief.** If the District Judge sustains a comparison requirement, Plaintiff requests an order identifying the required baseline. Plaintiff requests seven calendar days after actual notice of that determination to produce it. Plaintiff requests express relief from the September 11, 2026 date. The package submits neither comparison. It seeks a ruling on the requirement and a prospective period if the requirement survives review.

## VI. THE AMENDMENT REQUEST SHOULD BE DETERMINED BEFORE DISCOVERY BRIEFING IS COMPLETED AGAINST THE PLEADING IT WOULD REPLACE

### A. Plaintiff maintains all three substantive positions

Plaintiff maintains that the First Amended Complaint states each of its six claims and survives the pending motions to dismiss. ECF Nos. 20, 30, 51. Plaintiff maintains that amendment is warranted under Rule 15(a)(2) for the reasons stated in ECF No. 60 at 4–14. Plaintiff maintains that the post-August 6 events independently warrant supplementation under Rule 15(d) for the reasons stated in ECF No. 60 at 14–15. The standards governing amendment and supplementation "are nearly identical," and leave under either "should be freely granted." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Plaintiff renews the request for leave through ECF No. 59. Plaintiff incorporates ECF No. 60 at 2–16 by reference. *Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 426–29.

Vacating ECF No. 64 removes the disputed condition. Granting ECF No. 59 is the separate action that makes the proposed pleading operative. Fed. R. Civ. P. 15(a)(2), (d). Plaintiff requests

both. Vacatur alone preserves consideration of ECF No. 59. It does not make the proposed pleading operative.

**B. The consequence of the existing sequence**

ECF No. 60 requested prompt determination so the parties could address one complete operative pleading. ECF No. 64 imposed another submission requirement before determination of that request. ECF No. 65 established discovery briefing while the request remained unresolved. Plaintiff seeks a sequence in which the pleading determination precedes completion of briefing on the discovery directed to those allegations.

ECF No. 54 remains supported by the operative First Amended Complaint and the existing record. ECF No. 15 does as well. The First Amended Complaint pleads the three identifiers, the letters' wording, and the distinction between the letters and the source records. The proposed pleading adds allegations bearing on the same requested discovery. Section S of the proposed pleading alleges, on Plaintiff's personal knowledge, that Plaintiff never used "Marvelle J. Ballentine" to create, register, identify, maintain, access, or operate any Meta account. ECF No. 59-1 § S; ECF No. 59-2 ¶¶ 2–10; ECF No. 60 at 7. Section S alleges, on information and belief, that neither report as originally received by NCMEC contained or otherwise identified Plaintiff by that name and that neither concerned Plaintiff personally. ECF No. 59-1 § S; ECF No. 60 at 7–8. Section O adds NCMEC's August 12, 2026 statements and counsel's August 13, 2026 response. ECF No. 59-1 § O; ECF No. 60 at 9.

The interrogatories are directed to those propositions. ECF No. 15 proposes three interrogatories to NCMEC, each answerable "Yes," "No," or "Unable to determine after reasonable inquiry," asking whether either report, as originally received by NCMEC, contained or otherwise identified "Marvelle J. Ballentine," "Jay Ballentine," or jaychizza@icloud.com. ECF No. 15-1.

ECF No. 54 proposes four interrogatories to Meta in the same form. ECF No. 54-1. The first asks whether Meta submitted a CyberTipline report to NCMEC in connection with the Facebook account terminated on or about July 4, 2022. Id. The remaining three ask whether any such report contained any of the same three identifiers. Id. NCMEC's memorandum states that Plaintiff "does not have access to those reports." ECF No. 11 at 9. The proposed pleading pleads what Plaintiff knows and what Plaintiff alleges on information and belief as separate propositions. The interrogatories are directed to the second category.

Briefing completed before determination of ECF No. 59 may require supplementation to address the allegations subsequently made operative. Resolving ECF No. 59 first would permit one round of briefing against the resulting operative pleading. Rule 15 governs when the proposed pleading becomes operative. Rule 26 governs the discovery sought. Plaintiff does not contend that the proposed pleading governs the action now. Plaintiff identifies its contents as the reason to sequence the pleading determination before the discovery briefing.

**C. Replacement schedule**

Plaintiff requests suspension of the opposition and reply deadlines established by ECF No. 65 pending determination of ECF No. 59, followed by a replacement schedule addressed to the resulting operative pleading. Plaintiff separately requests that determination of ECF Nos. 15 and 54 remain in abeyance until ECF No. 59 has been determined and the resulting court-authorized briefing periods have concluded. ECF No. 15 is fully briefed. Its existing submissions should be preserved, with any additional briefing limited to a material effect of the pleading determination. ECF No. 54 has outstanding response and reply deadlines. Those deadlines should be replaced on the triggering events stated below.

Plaintiff requests the ordinary intervals of Local Civil Rule 7(F)(1): fourteen days for the response and six days for the reply. If ECF No. 59 is granted, service of the order granting leave and deeming the Second Amended and Supplemental Complaint filed would start Meta's fourteen days on ECF No. 54. If ECF No. 59 is denied, service of the order denying leave would start Meta's fourteen days, with briefing addressed to the First Amended Complaint. If ECF No. 59 is granted in part, the filing of the conforming pleading the order directs, within seven calendar days after Plaintiff receives actual notice of the order directing that filing, would start Meta's fourteen days. Because ECF No. 59 is not stayed and may be determined while these objections are pending, each replacement response period and each initial supplemental-brief period should run from the later of service of the order resolving these objections on the party required to act or the otherwise applicable triggering event. Service of Meta's response would start Plaintiff's six days in each branch. Local Civil Rule 7(F)(1) supplies those intervals and permits a different court-ordered arrangement. Each replacement date is defined by a future event so that the schedule operates whenever the ruling issues.

ECF Nos. 15 and 54 should remain pending without withdrawal or refiling. The existing briefing on ECF No. 15 (ECF Nos. 16, 31, 33, 36, 46, 52) should be preserved. The parties should be permitted limited supplemental briefing on ECF No. 15 addressed to any material effect of the pleading determination, on the same triggering events.

**Alternative.** If the Court permits Meta's briefing under ECF No. 65 to proceed, Plaintiff separately requests that determination of ECF Nos. 15 and 54 be held in abeyance pending determination of ECF No. 59. Upon any grant of ECF No. 59 in full or in part, Plaintiff requests leave to submit supplemental briefing addressed to the resulting operative pleading before either discovery motion is determined. The existing submissions on both motions should be preserved. A

ruling that permits Meta's briefing to continue does not dispose of the separate request to defer adjudication of both motions.

**D. Determination of ECF No. 59 before or within any claim-terminating disposition**

Three motions to dismiss directed to the First Amended Complaint are pending before the District Judge. ECF Nos. 10, 21, 45. ECF No. 59 is pending before the Magistrate Judge. A disposition of the motions to dismiss that terminated a claim while ECF No. 59 remained undetermined would decide the sufficiency of a pleading Plaintiff has moved to replace. It would do so without addressing the motion to replace it. Plaintiff requests that ECF No. 59 be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate any claim. To the extent a ruling on ECF No. 59 would foreclose a claim, Plaintiff requests that the ruling issue in a form permitting the review 28 U.S.C. § 636(b)(1) provides for dispositive matters.

## VII. GROUNDS FOR INTERIM AND CONTINUING CASE-MANAGEMENT RELIEF

The filing of Rule 72(a) objections does not suspend the order objected to. Plaintiff therefore requests an interim order during review and an express ruling on continuing abeyance when the objections are determined. Three requests rest on three different grounds. The first ground supports suspension of ECF No. 64's enforcement during review. The remaining grounds support adjustment of the discovery-briefing deadlines and interim and continuing abeyance of discovery adjudication, respectively.

**Suspension of ECF No. 64's enforcement during review.** The District Judge holds the objections. Fed. R. Civ. P. 72(a). The objections challenge the September 11 requirement. A denial, deemed abandonment, or exclusion of ECF No. 59 for September 11 nonperformance, entered while those objections are pending, would decide the objected-to question first. Suspension

preserves the District Judge's review and preserves consideration of ECF No. 59 without an intervening adverse consequence.

**Adjustment of the unexpired September 17 and September 23 deadlines.** Rule 6(b)(1)(A) permits the court, for good cause, to extend a period "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). This request precedes both deadlines. Good cause is the pendency of ECF No. 59 and of these objections, and the reasons stated in Part VI. Local Civil Rule 37(F) recognizes court-ordered extensions concerning discovery motions.

**A limited pause in determination of ECF Nos. 15 and 54.** A court has authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and exercises that authority by weighing the competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The party requesting the pause must show that the balance favors it. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The balance is as follows. Duration: interim relief preserves the identified proceedings during district-judge review. The separately requested continuing abeyance runs through determination of ECF No. 59, establishment of the resulting operative pleading, and conclusion of the resulting court-authorized briefing periods. Plaintiff requests an express ruling on that continuing relief when the Court determines the objections. Effect on Meta: Meta's response on ECF No. 54 is deferred, not enlarged; Meta briefs once, against one pleading. Effect on NCMEC and Hall: ECF No. 15 is fully briefed; the immediate relief defers adjudication of an already briefed motion and imposes no briefing obligation; no discovery is proceeding; no scheduling order has issued. Effect on Plaintiff: without abeyance, Plaintiff's reply on ECF No. 54 may become due before the pleading determination and the District Judge's ruling on the requested sequence, and the discovery motions may be determined against a pleading that a pending motion seeks to replace. Effect on the

Court: one round of briefing against one pleading instead of two rounds against two. No Defendant has identified prejudice from the sequence Plaintiff requests.

Plaintiff requests determination of the interim application before September 17, 2026. Plaintiff also requests an express determination of continuing abeyance through resolution of ECF No. 59 and the resulting briefing. Those case-management requests are independently supported by the grounds stated above and do not depend entirely on sustaining the Rule 72(a) objections. Plaintiff submits the interim application on the papers. That submission is limited to the interim application.

## VIII. ORAL ARGUMENT ON BOTH DISCOVERY MOTIONS SHOULD BE RESTORED AFTER THE PLEADING DETERMINATION AND BRIEFING

This Part states a separate objection and a separate request for a ruling.

### A. The hearing chronology

| Date | Record |
|---|---|
| August 20–21, 2026 | Plaintiff filed ECF No. 15 (NCMEC interrogatories motion), ECF No. 16 (memorandum), and ECF No. 17 (notice of hearing). |
| August 24, 2026 | ECF No. 31, Plaintiff's declaration supporting ECF No. 15, was docketed. |
| August 25, 2026 | The Court set the September 25, 2026 hearing on ECF Nos. 15 and 26 before the Magistrate Judge. |
| August 31–September 1, 2026 | Plaintiff filed ECF No. 41, requesting leave to appear remotely at the September 25 hearing as to ECF Nos. 15 and 26. |
| September 3–4, 2026 | Plaintiff filed ECF Nos. 54 (Meta interrogatories motion), 55 (memorandum), and 56 (notice of hearing for September 25). |
| September 8, 2026 | The Court set the September 25, 2026 hearing on ECF No. 54. ECF Nos. 57–61 were docketed the same day: the withdrawal of ECF No. 26 (ECF No. 57), the request to vacate the hearing as to ECF No. 26 only (ECF No. 58), the amendment motion (ECF Nos. 59, 60), and the waiver of oral argument on ECF No. 59 (ECF No. 61). |
| September 9, 2026 | ECF No. 62 deemed ECF No. 26 withdrawn, vacated the hearing "solely with respect to Dkt. No. 26," and provided that all other motions set for September 25 "will remain as scheduled." ECF No. 63 denied ECF No. 41 as moot, citing the withdrawal of ECF No. 26, and terminated the hearing on ECF No. 15. ECF No. 64 |

| | |
|---|---|
| | imposed the comparison requirement. |
| September 10, 2026 | ECF No. 65 terminated the hearing on ECF No. 54 and set the September 17 and September 23 deadlines. |

ECF No. 31 was part of the record when the Court set the hearing on August 25. ECF No. 31 was part of the record when the Court terminated the hearing on September 9.

**B. The scope of Plaintiff's requests and waivers**

Plaintiff requested withdrawal of ECF No. 26 and termination of its hearing only. ECF Nos. 57, 58. ECF No. 62 granted that request and expressly preserved the other scheduled hearings. Plaintiff's waiver at ECF No. 61 addressed the amendment motion, ECF No. 59. Plaintiff's waiver at ECF No. 40 addressed the motions to dismiss, ECF Nos. 10 and 21. Those submissions did not request termination of oral argument on ECF Nos. 15 and 54. ECF No. 41 requested leave to participate in the September 25 hearing remotely.

ECF No. 63 denied ECF No. 41 as moot on the stated ground that ECF No. 26 had been withdrawn. Plaintiff filed ECF No. 41 as to ECF No. 15 as well. ECF No. 63 then terminated the ECF No. 15 hearing in its next decretal paragraph. ECF No. 62's preservation of the other hearings did not bar a later order from changing the schedule. The objection is to the exercise of that discretion on this record.

Plaintiff requests oral argument on both discovery motions. Plaintiff objects to their disposition without argument under the present pleading and briefing sequence.

**C. What oral argument would address**

The hearing would address whether the requested interrogatories should be authorized and on what terms. Plaintiff seeks written discovery responses through the proposed interrogatories. The hearing is a discovery-motion hearing. Counsel would not supply sworn answers at it.

Argument would address the relationship between the three NCMEC interrogatories and the four Meta interrogatories. Argument would address the relevance of each requested answer to the claims in the operative pleading. Argument would address the distinction between the requested identifying information and the contents of the reports. Argument would address the declarations on file (ECF Nos. 31, 59-2) and Defendants' filed descriptions of what the April 22, 2026 letters supplied. Argument would address any burden, privilege, or statutory restriction Defendants assert in their briefing. NCMEC's memorandum states that Plaintiff "does not have access to those reports." ECF No. 11 at 9. The interrogatories are drafted to require no report content. ECF Nos. 15-1, 54-1. Argument would address the relationship between that objection and that drafting.

**D. The governing basis and the requested correction**

Rule 78(b) permits a court, "[b]y rule or order," to provide for "submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b). Local Civil Rule 7(J) permits determination without oral hearing. Plaintiff does not contend that calendaring created an entitlement to argument. The preserved issue is whether terminating these hearings was an appropriate exercise of discretion in the circumstances presented. Plaintiff had noticed argument on both motions and had sought remote participation. The Court had preserved the hearing by order the same day as to every motion other than ECF No. 26. A motion to replace the pleading against which the discovery motions' relevance is measured was pending.

Plaintiff requests modification of ECF Nos. 63 and 65 to provide oral argument on ECF Nos. 15 and 54 after determination of ECF No. 59 and completion of the resulting briefing. Plaintiff requests a newly scheduled date. Plaintiff does not request reinstatement of September 25,

2026. Reinstating that date while suspending the briefing that precedes it would place the hearing before the briefing.

Plaintiff requests, as part of that relief, that notice of the new date be mailed at least twenty-one days before the hearing. Plaintiff does not assert an entitlement to that interval. Plaintiff receives notice by mail, resides outside the Commonwealth, and must arrange travel or renew a request for remote appearance after the date is set. Twenty-one days accommodates mail transit, the renewal of ECF No. 41 for the new date, and a ruling on it before the hearing.

Upon restoration of a hearing, Plaintiff requests reconsideration of the denial of ECF No. 41 as moot. Alternatively, Plaintiff requests leave to renew that request for the new date within fourteen days after service of the notice of hearing. That request is separate from the request to hear the motions.

## IX. THE CASE-WIDE CERTIFICATION REQUIREMENT MUST REST ON THE MAGISTRATE JUDGE'S DELEGATED AUTHORITY

ECF No. 63 at 1 and ECF No. 65 at 1 each provide: "should any party utilize generative artificial intelligence for the preparation of any filing submitted to this Court, that party must identify the use of the generative artificial intelligence in the filing as well as provide a certification that said party has reviewed all citations for accuracy."

ECF Nos. 63 and 65 require disclosure and certification for "any filing submitted to this Court" when generative artificial intelligence is used in its preparation. The requirement applies throughout this action. It reaches filings concerning matters before the District Judge, including these objections. The language contains no limitation to filings concerning matters assigned to the Magistrate Judge.

A magistrate judge exercises authority conferred by 28 U.S.C. § 636 and assigned by the district court. Section 636(b)(1)(A) permits determination of assigned nondispositive pretrial

matters. Section 636(b)(3) permits assignment of additional duties consistent with the Constitution and federal law. Local Civil Rule 72 authorizes duties permitted by governing law and provides for assignment or referral by an order entered in the action or instructions of a district judge.

Rule 83(b) permits procedural directions consistent with federal law. It does not independently enlarge the duties assigned under § 636. The Fourth Circuit has identified § 636 as the source of a magistrate judge's authority and has distinguished that statutory authority from the inherent Article III powers of a district court. *Reddick v. White*, No. 08-2286, slip op. at 5–7 (4th Cir. Dec. 1, 2011) (per curiam) (unpublished). Authority to administer an assigned matter does not, by itself, establish authority to impose a continuing requirement on every filing in the action.

Plaintiff requests determination of the assignment governing the Magistrate Judge's authority in this action and whether that assignment supports the requirement's case-wide reach. Plaintiff requests that the provisions be confined to filings concerning matters assigned to the Magistrate Judge and that their application to filings concerning matters retained by the District Judge be set aside. Plaintiff requests a determination of authority before approval of a compliance method.

**Alternative relief: specification and compliance**

The orders require identification of generative-AI use "in the filing" and a certification of citation review. They prescribe no location or form for either. They do not address citations within attached materials. They do not state whether research, drafting, revision, proofreading, or formatting assistance each triggers the obligation, whether the system must be identified or its contribution described, whether declarations, proposed orders, and previously created third-party exhibits are covered, whether "all citations" includes record references, quotations, and pinpoints, or whether a separate declaration under 28 U.S.C. § 1746 is required.

Plaintiff supplies the following disclosures and certifications while seeking review. For any requirement that remains in effect, Plaintiff requests approval of this method or specification of a different method. Each docketed filing that Plaintiff submits with generative-AI assistance carries, following its signature block, a signed section titled "Generative-Artificial-Intelligence Disclosure and Citation Certification." That section states that generative AI was used, describes the nature of the assistance, identifies each attachment submitted with the filing that the assistance covered, and certifies that Plaintiff reviewed each citation to legal authority and each citation to the record in the filing and its attachments for accuracy, stating the method of review. A memorandum docketed as a separate entry carries its own section. A declaration states within its sworn text that generative AI assisted with its form and that each fact stated is the declarant's own. Proposed orders are identified in the certification of the motion they accompany and carry no separate certification on their face, so that the document tendered for the Court's signature contains only the proposed order. Previously created third-party documents attached as exhibits are identified as not prepared with generative AI. The separate Local Civil Rule 83.1(N) certification is maintained.

Plaintiff requests that any materially additional disclosure or review obligation first specified in resolving this Motion operate prospectively, with an opportunity to comply after notice. Rule 83(b) bars a sanction or other disadvantage for noncompliance with a requirement not in federal law, the federal rules, or the local rules absent actual notice of the requirement. Fed. R. Civ. P. 83(b).

## X. THE CONSEQUENCES AND DETERMINATIONS SOUGHT

The challenged procedures bear on five matters. The first is whether the proposed allegations will be considered. The second is whether amendment and supplementation will be determined on the *Foman* grounds or on a form condition. The third is the pleading against which

the discovery motions' relevance is measured. The fourth is whether Plaintiff will be heard on the discovery issues the parties have briefed. The fifth is whether the Magistrate Judge's assigned duties authorize a continuing certification requirement for every AI-assisted filing in this action. Rule 61 directs the Court to disregard errors that do not affect a party's substantial rights. Fed. R. Civ. P. 61. Each correction requested here is connected to adjudication: the determination of ECF No. 59, the briefing on ECF Nos. 15 and 54, and the disposition of the pending motions to dismiss.

Timely, specific objections preserve each issue for review. A judgment entered while objections remain pending operates as an implicit rejection of them, and that rejection is reviewable. *Wall v. Rasnick*, 42 F.4th 214, 217–19 (4th Cir. 2022). Plaintiff requests express resolution of each objection and each alternative.

Plaintiff has not produced the comparison ECF No. 64 required. Plaintiff has sought review of the requirement instead. Plaintiff maintains ECF No. 59. Plaintiff maintains the positions directed to the First Amended Complaint in ECF Nos. 20, 30, and 51. Plaintiff maintains the withdrawal of ECF No. 26.

Plaintiff requests an order granting the relief stated in paragraphs 6 through 10 of the Motion. The order should set aside ECF No. 64. The order should suspend enforcement of ECF No. 64 during review. The order should suspend the ECF No. 65 deadlines pending determination of ECF No. 59 and establish replacement briefing on the triggering events identified in Part VI.C. The order should preserve ECF Nos. 15 and 54 as pending motions, preserve their existing submissions, and defer adjudication of both until ECF No. 59 has been determined and the resulting court-authorized briefing periods have concluded. The order should expressly determine that case-management relief independently of the disposition of the individual objections. The order should restore oral argument on ECF Nos. 15 and 54 on a newly scheduled date after the pleading

determination and resulting briefing. The order should direct determination of ECF No. 59 before or within any claim-terminating disposition of ECF Nos. 10, 21, and 45. The order should determine the source and scope of the Magistrate Judge's authority to impose the case-wide certification requirement. The order should set aside its application beyond that authority. For any requirement remaining in effect, the order should approve or specify the compliance method. In the alternative, Plaintiff requests identification of the comparison baseline, seven calendar days from actual notice to produce it, and supplemental discovery briefing after any grant of ECF No. 59.

Date: September 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION (ECF Nos. 63, 65)**

Plaintiff used generative artificial intelligence in the preparation of this Memorandum. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted this Memorandum as his own submission. Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in this Memorandum for accuracy, by using automated citation-verification tools to verify cited authorities against published sources, and by comparing each record citation to the document as docketed. Plaintiff supplies this disclosure and certification while maintaining the authority-and-scope objection stated in Part IX of the Memorandum in Support of his Rule 72(a) Objections.

Marvelle J. Ballentine
September 13, 2026