**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Motion for Leave to File a Sur-Reply, Dkt. No. 43 ("Mot. for Leave"). In support of its response, Meta states the following:

## I. Legal Standard

Courts in this District have held that "sur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Trustees of Columbia Univ. in City of New York v. Symantec Corp.*, No. 3:12-cv-808, 2019 WL 13189619, at *2 (E.D. Va. Oct. 10, 2019) (cleaned up and internal quotations omitted). As Plaintiff concedes, "an opposing party may not submit a sur-reply simply because the movant used their reply brief to further support an argument made in their opening brief or to respond to new arguments in the opposing party's opposition." *Taylor v. Revature, LLC*, No. 1:22-cv-1153-RDA-WBP, 2025 WL

711961, at *4 (E.D. Va. Mar. 5, 2025) (internal quotations and punctuation omitted); *See* Mot. for Leave, at 2.

## II. Argument

Plaintiff seeks leave to file a sur-reply in response to Meta's Motion to Dismiss the First Amended Complaint ("FAC"), Dkt. No. 21 ("Motion to Dismiss"), asserting that Meta's Reply in Support of its Motion to Dismiss (Dkt. No. 39) ("Reply") "introduced a new proposition," namely that "Plaintiff has not identified any non-speculative opportunity for him to provide testimony." Dkt. No. 43 at 3 (quoting Meta's Reply in Support of its Motion to Dismiss). But Meta's argument that Plaintiff failed to sufficiently allege a non-speculative opportunity for him to testify merely develops the argument Meta made in its Motion to Dismiss that Plaintiff failed to sufficiently allege injury under 42 U.S.C. § 1985(2). In its Motion to Dismiss, Meta expressly argued that Plaintiff failed to allege injury because "Plaintiff fails to plead any facts showing that the discovery actually impacted his **ability to testify** or pursue his claim." *See* Dkt. No. 22 at 12 (emphasis added); *see also id. at 2*.

In his opposition to Meta's Motion to Dismiss (Dkt. No. 30) ("Opposition"), Plaintiff argued that, even if physical presence in court was required to state a claim for the "attending court" prong of Section 1985(2), such physical presence would "not dispose of the testimony branch," apparently conceding that Plaintiff's Section 1985(2) claim relies solely on "Plaintiff's prospective-witness status." Dkt. No. 30 at 20-21. In response, Meta's Reply further developed Meta's argument that the FAC fails to allege injury because the FAC includes no non-speculative allegations that Plaintiff would testify in any action. *See* Dkt No. 39 at 7. This is not a new argument raised in reply, but rather a further development of an argument made in Meta's Motion to Dismiss in response to Plaintiff's Opposition. Accordingly, a sur-reply would be improper. *See Johnson v.*

*Henrico Cnty. Bd. of Supervisors*, No. 3:23-cv-679, 2025 WL 310122, at *1, n.3 (E.D. Va. Jan. 27, 2025) (refusing to "consider Plaintiff's Sur-Reply" where defendant's reply "introduced no new arguments or new material for which a sur-reply would be warranted").

Additionally, Plaintiff's proposed sur-reply simply reiterates allegations from the FAC, pointing to Plaintiff's allegation that he "expected to testify under oath at deposition" in the underlying actions between Plaintiff and Meta and asserting that solely because of this alleged expectation, "Plaintiff was a prospective witness" in those actions. As Meta's Motion to Dismiss and Reply point out, Plaintiff's allegations that he may have testified at some point in the underlying actions do not identify any non-speculative opportunity to testify. This is particularly true given that, at the time the alleged letters at issue were sent, Plaintiff's claims in the underlying actions had not even survived initial motions to dismiss testing the viability of his allegations.

## III. <u>Conclusion</u>

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Sur-reply.

Dated: September 15, 2026

Respectfully submitted,

By: <u>*/s/ Hillary Dang*</u>

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I caused foregoing to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be emailed and mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307
jayballentine@protonmail.com

This 15th day of September, 2026.

By: */s/ Hillary Dang*
Hillary Dang