**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**EXHIBIT A**

**PLAINTIFF'S SUR-REPLY TO DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Meta's Reply largely reiterates its opening arguments. One argument appears for the first time at page 7. Meta now contends that Plaintiff "has not identified any non-speculative opportunity for him to provide testimony in any action" and that the FAC fails to identify "any actual testimony in federal court that Plaintiff has or likely will offer." ECF No. 39 at 7. The First Amended Complaint alleges precisely what Meta says is absent.

## I. META'S NEW ARGUMENT IS CONTRADICTED BY THE FIRST AMENDED COMPLAINT

Start with the pleading. Paragraph 31 of the FAC alleges:

> Plaintiff was a prospective witness in both actions concerning his account history, the July 4, 2022 enforcement event, the absence of any law-enforcement contact with Plaintiff, and his damages. Plaintiff expected to testify under oath at deposition and at trial concerning those subjects.

ECF No. 5 ¶ 31. That paragraph identifies the witness, the actions, the subjects of the testimony, and the settings in which it was expected to be given.

The FAC then pleads what Defendants sought to do about that testimony and what they knew. The purpose of the alleged understanding was "to deter Plaintiff, by intimidation, from continuing to attend the 376 Action and the 286 Action as a party, and from testifying freely, fully, and truthfully as a prospective witness in those pending federal proceedings, including concerning the CyberTipline-reporting question." *Id.* ¶ 158. The intimidation "was directed both at Plaintiff's continued attendance as a party in the two pending federal actions and at Plaintiff's own prospective sworn testimony concerning his account, the July 4, 2022 enforcement event, the absence of any law-enforcement contact with Plaintiff, and his damages." *Id.* ¶ 159. And Defendants "knew that Plaintiff was pro se; that the noticed depositions depended on Plaintiff's personal preparation and examination; that the CyberTipline issue was central to the noticed examinations; and that Plaintiff was a prospective witness concerning his account, the enforcement event, and his damages." *Id.* ¶ 160. Count IV incorporates those allegations, *id.* ¶ 234, and separately repeats the alleged purpose and injury, *id.* ¶¶ 237, 239.

Meta's argument therefore does not identify an omitted allegation. It asks the Court to disregard an allegation that is already there.

Rule 12(b)(6) does not permit that. The Court "must accept as true all of the factual allegations contained in the complaint," and must draw "all reasonable inferences" in Plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Meta cites no authority imposing an additional

requirement that a § 1985(2) plaintiff identify a future testimony event certain or likely to occur. Meta's argument instead asks the Court to find that Plaintiff's expected testimony was unlikely to happen. But a plaintiff "need not demonstrate that her right to relief is probable or that alternative explanations are less likely." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). The question "is not whether there are more likely explanations" for the facts alleged. *Woods v. City of Greensboro*, 855 F.3d 639, 649–50 (4th Cir. 2017).

The point can be stated simply. Whether Plaintiff ultimately would have testified is a factual question concerning what later occurred. The Rule 12 question presented by Meta's new argument is whether the FAC plausibly alleges that Plaintiff was a prospective witness and that the alleged object was to deter his testimony. Paragraphs 31 and 158 through 160 expressly plead those facts.

## <u>II. META USES LATER PROCEDURAL EVENTS TO NEGATE THE CIRCUMSTANCES ALLEGED TO EXIST WHEN THE CONDUCT OCCURRED</u>

Meta's argument depends on two events. The first is the dismissal of the 286 Action. The second is a motion to dismiss now pending in the 376 Action, which Meta says, "if granted, will entirely dispose of Plaintiff's claims before discovery commences." ECF No. 39 at 7. From those two events Meta concludes that "it is likely that no such potential testimony will ever come to fruition." *Id.*

Both events postdate the conduct alleged. The FAC pleads the circumstances that existed on April 22, 2026, when the letters issued. Both federal actions were pending. ECF No. 5 ¶ 27. Plaintiff was a prospective witness in both. *Id.* ¶ 31. Plaintiff had noticed Accenture's Rule 30(b)(6) deposition for April 29 and 30, 2026, with CyberTipline reporting as a matter for examination. *Id.* ¶¶ 51–52. Plaintiff had noticed Anderson's deposition for April 28, 2026. *Id.* ¶ 53. Plaintiff had

retained a court reporter and a videographer. *Id.* ¶ 54. The alleged purpose of the understanding was to deter that prospective sworn testimony. *Id.* ¶¶ 158–164.

A later procedural development does not erase the circumstances the FAC alleges existed when Defendants acted. Both actions were then pending. Plaintiff was then a prospective witness in both. Depositions were then noticed and imminent. Plaintiff then expected to testify under oath at deposition and trial. The alleged agreement was then directed at deterring that prospective testimony. The FAC alleges the circumstances that existed when the challenged conduct occurred. Later procedural developments do not negate those pleaded historical facts on a Rule 12(b)(6) motion.

Nor can the possibility that a pending Rule 12 motion may later terminate another action be converted, on this Rule 12 motion, into a factual determination that Plaintiff's pleaded prospective testimony was speculative. The 376 Action has not been dismissed. Meta's prediction that Plaintiff's anticipated testimony is unlikely ever to occur remains a prediction about the future posture of another case. A prediction about the future of another case is not a ground for dismissing a well-pleaded allegation about the past in this one.

## <u>III. META'S REPLY ITSELF DEMONSTRATES WHY ITS NEW CERTAINTY THEORY FAILS</u>

Meta's Reply addresses the 376 Action twice. Read together, the two passages establish one thing: the future posture of that action is unresolved.

At pages 3 and 4, answering Plaintiff's point that the letters displaced the discovery he had noticed, Meta says that "to the extent any of Plaintiff's claims in Ballentine 2 survive defendants' motion to dismiss, Plaintiff can again seek the discovery he claims was 'displaced' or 'substituted' by the letters." ECF No. 39 at 3–4. At page 7, answering Plaintiff's prospective-witness allegation,

Meta says that because the same motion to dismiss is pending, "it is likely that no such potential testimony will ever come to fruition." *Id.* at 7.

Put those statements side by side. On pages 3 and 4, Meta acknowledges that the 376 Action may survive and that discovery may resume. On page 7, Meta relies on the same unresolved motion to argue that Plaintiff's potential testimony is unlikely ever to occur. Meta itself recognizes that the posture of the 376 Action remains unresolved. A pending motion to dismiss therefore supplies no factual basis at Rule 12 to declare the FAC's expressly pleaded prospective testimony nonexistent or insufficiently concrete.

The statute confirms the point. Section 1985(2) addresses a conspiracy to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully." 42 U.S.C. § 1985(2). The statute expressly protects a party or witness from being deterred from testifying to a matter pending in federal court. The FAC alleges that both matters were pending, ECF No. 5 ¶ 27; that Plaintiff was a prospective witness who expected to testify under oath at deposition and trial, *id.* ¶ 31; the subjects of that testimony, *id.* ¶¶ 31, 159; and an alleged purpose to deter it, *id.* ¶¶ 158, 237. Meta cites no authority imposing an additional requirement that the FAC identify a future testimony event certain or likely to occur.

## **CONCLUSION**

Meta's new argument supplies no basis for dismissal. The FAC expressly pleads Plaintiff's prospective-witness status, the subjects of his anticipated sworn testimony, Defendants' knowledge of that status, and the alleged purpose of deterring that testimony while both federal actions were pending. The Court should reject the argument first advanced at page 7 of Meta's Reply and deny Meta's Motion to Dismiss.

Date: September 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I submitted the foregoing Proposed Sur-Reply, attached as Exhibit A to Plaintiff's Motion for Leave to File Sur-Reply, to the Clerk of Court through the Court's Electronic Document Submission System for docketing on CM/ECF. Upon docketing, counsel for all parties will receive notice through the Court's CM/ECF system.

Marvelle J. Ballentine

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the foregoing Proposed Sur-Reply to Defendant Meta Platforms, Inc.'s Reply in Support of Motion to Dismiss, attached as Exhibit A to Plaintiff's Motion for Leave to File Sur-Reply.

Name of Pro Se Litigant: Marvelle J. Ballentine



Signature of Pro Se Litigant

Dated: September 1, 2026