**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE FOUR LIMITED INTERROGATORIES ON META PLATFORMS, INC. BEFORE THE RULE 26(f) CONFERENCE**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Motion for Leave to Serve Four Limited Interrogatories on Meta Before the Rule 26(f) Conference. Dkt. No. 54. In support of its response, Meta states the following:

## I. Procedural History

In this action, Plaintiff seeks to hold Defendants National Center for Missing & Exploited Children ("NCMEC") and Katie Hall (collectively, the "NCMEC Defendants") liable for responding to draft subpoenas that Plaintiff sent to NCMEC, which each requested "a document sufficient to show whether NCMEC received or maintains any CyberTipline report concerning (1) Marvelle J. Ballentine; (2) Jay Ballentine, and/or the account-level identifier jaychizza@icloud.com." FAC ¶ 56. He also seeks to hold Meta liable for purportedly conspiring with the NCMEC Defendants to send the responses to the draft subpoenas.

Plaintiff first raised his claims against the NCMEC Defendants in a separate action in this district. *See Ballentine v. Nat'l Ctr. for Missing & Exploited Children, et al.*, No. 1:26-cv-1341, Dkt. No. 1 (E.D. Va. May 19, 2026). After moving to dismiss Plaintiff's Complaint there, the NCMEC Defendants filed a Motion to Stay Discovery. *Id.*, Dkt. No. 11 at 3-4. The court granted their motion, staying all discovery pending resolution of the NCMEC Defendants' Motion to Dismiss. *Id.*, Dkt. No. 15. Plaintiff then voluntarily dismissed that action and reasserted his claim against the NCMEC Defendants in the instant action, adding Meta as a Defendant. *Id.*, Dkt. No. 21.

After the NCMEC Defendants renewed their Motion to Dismiss, Plaintiff filed a motion seeking leave to serve three interrogatories on NCMEC prior to any Rule 26(f) conference. *See* Dkt. No. 15. The three proposed interrogatories asked whether NCMEC received a CyberTipline report associated with each of the three identifiers listed in the proposed subpoenas Plaintiff sent to NCMEC. *Id.* NCMEC opposed Plaintiff's request. *See* Dkt. No. 33.

Similarly, after Meta filed its Motion to Dismiss (Dkt. No. 21), Plaintiff filed the instant motion, seeking leave to serve four interrogatories on Meta prior to any Rule 26(f) conference, closely mirroring his prior requests directed to NCMEC. Dkt. No. 54. Plaintiff's proposed interrogatories to Meta ask whether Meta submitted any CyberTipline regarding his Facebook account and, whether any such report submitted by Meta identified any of the three identifiers provided by Plaintiff. *Id.*

## II. Legal Standard

Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except. . . when authorized. . . by court order." "A district court has wide latitude in controlling discovery." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003). "In rare circumstances, the court may authorize expedited

discovery upon a showing of good cause." *Thornock v. JES Found. Repair & Groundworks*, No. 7:23-CV-00638, 2023 WL 12012073, at *1 (W.D. Va. Oct. 25, 2023) (internal quotation marks omitted).

Although "the Federal Rules of Civil Procedure do not specify a standard for assessing when to grant Motions for Expedited Discovery, and the Fourth Circuit has not established one," courts in this district have applied "a modified preliminary injunction test to assess whether expedited discovery is warranted." *Arthur J. Gallagher & Co. v. Markfeld*, No. 3:25-cv-885, 2026 WL 2186600, at *9 (E.D. Va. July 29, 2026) (internal quotation marks omitted). Under this test the court considers "whether the Plaintiff has made a strong showing of merits," and whether irreparable harm exists absent expedited discovery. *Id.* (internal quotation marks omitted). Such "relief outside of the federal rules should be limited to unusual circumstances." *Id.*

## III. Argument

Plaintiff's Motion does not establish that this case presents an "unusual circumstance" warranting expedited discovery outside the federal rules. Indeed, the opposite is true: Plaintiff has not shown a strong likelihood of success on the merits or any irreparable harm if his request for early discovery is denied.

### A. Plaintiff Is Not Likely To Succeed on the Merits

Meta's Motion to Dismiss demonstrates that Plaintiff cannot show a strong likelihood of success on the merits as to his claims against Meta. *See* Dkt. Nos. 21, 22, 30, 39. As Meta explained in its Motion to Dismiss, the FAC's allegations fail to state any claim for relief against Meta because, among other things, Plaintiff fails to plausibly allege the existence of a conspiracy between Meta and the NCMEC Defendants. Even if the discovery Plaintiff requests could be considered in resolving Meta's Motion to Dismiss (it cannot), the information sought cannot rescue the FAC's deficient allegations.

Courts have recognized that discovery prior to resolution of case-dispositive motions to dismiss are inappropriate, as is the case here. *See, e.g.*, *Rivers v. United States*, No. 6:18-cv-00061, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) (finding that "early discovery is not reasonable at this stage of the proceeding" and "good cause" exists "to stay all discovery" until after the court "determines which of Plaintiff's claims, if any, survive" the pending motions to dismiss); *cf. Colonial River Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc.*, No. 3:22-cv-717, 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023) (staying discovery pending resolution of motion to dismiss where the motion "would dispose of all the claims against [defendant]" and the "moving Defendants have made a colorable showing raising doubts as to the viability of Plaintiff's complaint"). And, because Meta's Motion to Dismiss tests only the sufficiency of the allegations in the FAC, any discovery would have no bearing on the resolution of Meta's Motion to Dismiss. *Meade v. Hicks*, No. 3:21-cv-222, 2022 WL 433004, at *4 (E.D. Va. Feb. 11, 2022) (noting that "at the motion to dismiss stage, the Court generally only considers the well-pleaded factual allegations in the complaint").

**B. Plaintiff Cannot Establish Irreparable Harm**

Plaintiff also cannot establish any irreparable harm from not receiving the discovery he requests now. In the event that either of Plaintiff's claims against Meta survive Meta's Motion to Dismiss, Plaintiff would be free to then seek discovery, after the parties have conferred pursuant to Rule 26(f).

Notably, a different court in this district previously stayed all discovery pending resolution of the NCMEC Defendants' Motion to Dismiss the first lawsuit that Plaintiff filed against them based on the same responses to Plaintiff's draft subpoenas that are at issue in the present action. *Ballentine v. Nat'l Ctr. for Missing & Exploited Children, et al.*, No. 1:26-cv-1341-MSN/WBP,

Dkt. No. 15. Allowing Plaintiff to obtain early discovery in this new action (against either Meta or the NCMEC Defendants) would improperly reward Plaintiff's procedural gamesmanship in voluntarily dismissing his first action only to re-file a substantially similar action to avoid both the stay of discovery and Rule 15's requirement that he obtain leave before amending his complaint.

**C. Plaintiff's Proffered Justification for Seeking Early Discovery Lacks Merit.**

Plaintiff appears to argue that any decision on Meta's Motion to Dismiss without the requested discovery would be prejudicial to Plaintiff because Meta's Motion to Dismiss purportedly raised a new factual issue; namely, whether NCMEC's responses to Plaintiff's draft subpoenas provided the "exact discovery" that Meta objected to in parallel cases that Plaintiff brought against Meta. Dkt. No. 55 at 4-5. But he is wrong. Meta's Motion to Dismiss did not raise a new factual issue, it responded to Plaintiff's allegations. Specifically, the FAC itself alleges that the "April 21, 2026 motions [i.e., Meta's motions to stay discovery in the separate actions] were directed at the same discovery the April 9, 2026 materials [i.e., the proposed subpoenas to NCMEC] described." FAC ¶ 127. The FAC further alleges that NCMEC's letters "supplied. . . the precise subject scheduled for sworn examination" in Plaintiff's upcoming deposition, which the motions to stay sought to prevent. FAC ¶ 133. To the extent Plaintiff disagrees with Meta's characterizations of his FAC, he was free to raise that—and did in fact do so—in his Opposition to Meta's Motion to Dismiss. *See* Dkt. No. 30 at 6 (arguing that the FAC did not admit that the letters from "NCMEC supplied exactly what Plaintiff requested"). That issue can be resolved based on the parties' briefing on Meta's Motion to Dismiss. Any further factual development would be wholly irrelevant for the purpose of evaluating the Motion to Dismiss, since the Court cannot consider evidence outside the pleadings. *See Meade*, 2022 WL 433004, at *4.

Because the requested discovery does not impact the resolution of Meta's Motion to Dismiss, the pendency of that motion cannot give rise to irreparable harm warranting premature discovery.

**IV. Conclusion**

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's Motion for Leave to Serve Four Limited Interrogatories on Meta Before the Rule 26(f) Conference.

Dated: September 17, 2026

Respectfully submitted,

By: *<u>/s/ Hillary Dang</u>*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, I caused the foregoing to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307

This 17th day of September, 2026.

By: *<u>/s/ Hillary Dang</u>*
Hillary Dang