**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN, *ET AL.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-CV-02331-RDA-IDD |

OPPOSITION OF DEFENDANTS KATIE HALL, ESQ. &
THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Katie Hall, Esq. and the National Center for Missing & Exploited Children [collectively, "NCMEC"], by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby respectfully opposes Plaintiff's "Motion for Leave to File Second Amended and Supplemental Complaint and Request for Expedited Determination on the Papers" [Doc. 59]. Plaintiff's Motion should be denied, on the basis of futility, because Plaintiff did not comply with the Court's Order to provide a redline version, and because the proposed Second Amended Complaint appears to be an attempt to present argument as to the pending Motion to Dismiss, which Plaintiff has already opposed (and successfully moved to vacate the hearing as to). Additionally, allowing further amendment would be prejudicial to NCMEC, as the proposed pleading—if allowed—would represent Plaintiff's fifth version of a complaint as to this dispute.[1] In further support, NCMEC states as follows:

---

[1] As detailed below, Plaintiff filed (1) his original complaint; (2) moved to amend that complaint, then voluntarily dismissed the action when NCMEC opposed the motion to amend, while a motion to dismiss was pending; (3) filed his original complaint in this action; (4) filed a first amended complaint; and (5) seeks leave to file the second amended complaint.

## I. PROCEDURAL SETTING

The above-captioned matter is the *Pro Se* Plaintiff's second lawsuit arising out of the same operative events. In the first, *Marvelle J. Ballentine v. NCMEC,* et al., Case No. 1:26-cv-01341-MSN-WBP (E.D. Va. 2026), NCMEC filed a motion to dismiss. Plaintiff opposed that motion, which was set for a hearing on August 16, 2026 before the Honorable Michael S. Nachmanoff. Plaintiff filed a motion for leave to file a "First Amended and Supplemental Complaint" on July 26, 2026, which was opposed by NCMEC on July 29, 2026. In lieu of allowing the Court to rule on either the Motion to Dismiss or the motion to amend the complaint, Plaintiff voluntarily dismissed the action on the same day that NCMEC filed its opposition (July 29, 2026).

The following day, Plaintiff filed the original Complaint [Doc. 1] in this matter. Prior to filing of any responsive pleading, Plaintiff filed a First Amended Complaint on August 6, 2026 [Doc. 5]. On August 12, 2026, Defendant the National Center for Missing & Exploited Children filed a motion to dismiss [Doc. 10], which motion was joined by Defendant Hall on September 2, 2026 [Doc. 45]. Plaintiff has opposed both motions to dismiss via "Protective Oppositions." [Docs. 30, 51]

On September 8, 2026, Plaintiff filed the Motion at issue, his "Motion for Leave to File Second Amended and Supplemental Complaint and Request for Expedited Determination on the Papers." [Doc. 59] While the First Amended Complaint was 260 paragraphs and 49 pages long, the proposed "Second Amended and Supplemental Complaint" is 297 paragraphs and 50 pages long, and would represent Plaintiff's fifth attempt to set forth a claim as to the events at issue.

On September 9, 2026, the Court ordered Plaintiff to provide a redlined version of the proposed Second Amended Complaint no later than September 11, 2026, which was to "clearly indicate the changes, deletions, and additions that were made to Plaintiff's Complaint." [Doc. 63] The Order noted that the Court "does not possess sufficient information to issue an Order on this matter." [*Id.*]

Plaintiff did not file the redlined version of the proposed pleading as ordered. On September 14, 2026, Plaintiff instead filed "Rule 72(a) Objections" to, *inter alia,* the Court's order to provide a redlined version of the proposed Second Amended Complaint, in which Plaintiff objected to the redline requirement, the deadline imposed by the Court, and various other orders. [Doc. 66] (NCMEC notes that Plaintiff represents that because he does not receive notices of electronic filing, Plaintiff was unaware of the Order requiring a redline version of the document until 9:00 P.M. on September 11, 2026.)

## II. STANDARD OF REVIEW

Under Rule 15(a), leave to amend is to be granted freely, "absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Hardee v. Mun. Jail Va. Beach Sheriff's Off.*, 2025 U.S. Dist. LEXIS 184735, *5 (E.D. Va. 2025) (quoting *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)); *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (same). A proposed amendment is futile "when it is clearly insufficient or frivolous on its face… [or] if the claim it presents would not survive a motion to dismiss." *Id.*; *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 375 (4th Cir. 2008). In determining futility, the Court is empowered to "apply common sense." *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 954 (4th Cir. 1995).

## III. ARGUMENT

As a threshold matter, NCMEC respectfully submits that the Motion should be denied due to Plaintiff's failure to comply with the Court's Order to provide a redlined version of the pleading. As noted, both the First Amended Complaint and proposed Second Amended Complaint are approximately fifty pages long—and despite numerous efforts, undersigned counsel has been unable to "reverse-engineer" a redline comparison of the two documents via either Adobe or Word. That requirement is neither onerous, nor novel; while Plaintiff's failure to timely file the ordered document is understandable based on his representations as to not receiving notifications, his refusal to do so is puzzling at best, as such a document would allow the litigants and the Court the opportunity to easily see what changes have been made. Given the procedural uncertainty due to Plaintiff's objection to the Court's order as to a redline version of the document, and given the time constraints in which NCMEC is required to file an Opposition, NCMEC requests the opportunity to supplement or amend this Opposition, if and when Plaintiff submits the redline version of the proposed Second Amended Complaint.

Based on the representations in Plaintiff's Memorandum in Support of the Motion for Leave [Doc. 60], however, NCMEC respectfully submits that leave to amend at this stage would be futile and unnecessary. In Plaintiffs' Memorandum, he asserts that:

> The SAC [Second Amended Complaint] does five principal things. **First**, the SAC strengthens the falsity allegations in three respects… [and] pleads source-level falsity concerning the asserted association between the two CyberTipline reports and "Marvelle J. Ballentine"… pleads "person-level falsity" concerning the implication that the reports concern Plaintiff personally… pleads defamation by implication arising from the letters combined working and omitted limitations… pleads that Plaintiff never used that name to create, identify, or operate any Meta account… pleads, on information and belief, that neither report, as NCMEC originally received it, identified Plaintiff by that name or concerned Plaintiff personally. **Second**, the SAC pleads the distinction between the three search identifiers Plaintiff supplied and the contents of the two reports. **Third**, the SAC incorporates the post-filing events underlying Plaintiff's pending Rule

> 15(d) motion… **Fourth**, the SAC pleads later statements and filings by Defendants and their counsel… Those statements and filings bear on Defendants' subsequent knowledge, continuing positions, and the unresolved reference of the April 22, 2026 letters. **Fifth**, the SAC strengthens the factual allegations supporting Counts I through VI without changing any count.

Doc. 60 at p. 2-3 (emphasis added for ease of review). Taking these arguments in order:

As to the first purported change, that is apparently in response to NCMEC's pending Motion to Dismiss, in which NCMEC asserts, *inter alia,* that the allegedly-actionable statement—that NCMEC received CyberTipline Reports for any of the three identifiers in Plaintiff's subpoena to NCMEC—are true, and that Plaintiff cannot plausibly assert falsity, because he does not have access to those reports. No allegations Plaintiff can make can change that fact; if Plaintiff had access to the CyberTipline reports, they presumably would be exhibits to the pleading, or provided under seal to the Court for review.

As to the second purported change, Plaintiff has filed "protective oppositions" to the motions to dismiss, and fought against having a hearing held on NCMEC's Motions to Dismiss. He has had the opportunity to argue as to any distinctions he sees fit; there is no reason an amended pleading is needed to accomplish that goal.

As to the third and fourth purported change, Plaintiff attempts to "incorporate post-filing events underlying Plaintiff's pending Rule 15(d) motion" and "later statements and filings by Defendants and their counsel…" To be clear, no defendant has individually filed any document in this matter—*i.e.,* all filings have been by counsel— and it remains entirely unclear how an argument in a motion to dismiss, or opposition to a motion, could form the basis of any pleading.

Plaintiff alleges that the fifth purported change "strengthens the factual allegations… without changing any count." Given the length of the proposed document, and the fact that the format of the factual allegations have changed, it is unclear how the factual allegations have been

strengthened. However, this again appears to relate to argument as to the motions to dismiss, which presumably were presented in the "protective oppositions," or could have been presented at a hearing, had Plaintiff not moved to have those hearings vacated.

Additionally, NCMEC respectfully submits that amendment would not impact the arguments set forth in NCMEC's pending Motions to Dismiss, and thus would be futile. Specifically, NCMEC has argued that (1) the claims are barred by the litigation privilege, in that the allegedly-actionable statements were made in a subpoena response; (2) that NCMEC has statutory immunity to several of Plaintiff's causes of action; (3) that Plaintiff cannot plausibly assert that the statements are false, as he does not have access to the CyberTipline reports; (4) the allegedly-defamatory meaning cannot be imputed from the language utilized in the statements at issue; and (5) that the "insulting words" claim fails for the same reason. None of the broadly-described changes impact those arguments, and as noted, Plaintiff has filed oppositions to those motions and intentionally avoided the opportunity to present oral argument.

Finally, NCMEC respectfully submits that allowing leave to file a second amended complaint would be prejudicial to NCMEC. As noted above, NCMEC has been forced to file numerous motions in the prior iteration of this lawsuit, and in the present suit, and Plaintiff has resisted on multiple occasions NCMEC's opportunity to have the Court rule on motions to dismiss. In the event that the Motion for Leave is granted, NCMEC will be forced to file a third motion to dismiss, as to a dispute that NCMEC respectfully submits lacks merit. Given Plaintiff's multiple prior amendments—in this case and the prior iteration—NCMEC respectfully submits that it will continue to suffer unfair prejudice if amendment is allowed prior to this Honorable Court ruling on the pending motions to dismiss.

## IV. CONCLUSION

In light of the foregoing, NCMEC respectfully submits that Plaintiff's Motion for Leave to File a Second Amended Complaint be denied, on the basis of futility, or in the alternative that the Motion be held in abeyance until the Court has had the opportunity to rule on the pending Motions to Dismiss, in the event the Court believes that any defects in the pleadings could be addressed via amendment.

Respectfully submitted,

JORDAN COYNE LLP

/s/ *Padraic K. Keane*
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendants Katie Hall, Esq. & the National Center for Missing and Exploited Children*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of this Opposition were electronically filed and served, and were served via first-class mail, postage prepaid, and electronic mail, on this 18th day of September, 2026, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*

/s/ *Padraic K. Keane*
Padraic K. Keane