FILED
9/18/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUBSEQUENT RECORD DEVELOPMENT RELEVANT TO PENDING RULE 72(a) OBJECTIONS**

Plaintiff Marvelle J. Ballentine moves under Local Civil Rule 7(F)(1) for leave to file the Notice of Subsequent Record Development attached as Exhibit A. In support, Plaintiff states as follows.

1. Plaintiff's Rule 72(a) Objections are pending. ECF No. 66. The objections challenge, among other matters, the requirement in ECF No. 64 that Plaintiff provide a redlined comparison of the proposed Second Amended and Supplemental Complaint.

2. On September 18, 2026, after the objections were filed, Defendants Katie Hall and the National Center for Missing & Exploited Children ("NCMEC") filed their opposition to Plaintiff's motion for leave to amend. ECF No. 74. ECF No. 74 states that, "despite numerous

efforts, undersigned counsel has been unable to 'reverse-engineer' a redline comparison of the two documents via either Adobe or Word." ECF No. 74 at 4.

3. Local Civil Rule 7(F)(1) provides that no further briefs or written communications may be filed without leave of Court. Plaintiff seeks that leave. A Memorandum in Support accompanies this motion.

Plaintiff submits this motion on the papers and waives oral argument on this motion only. The waiver does not alter any request for oral argument made in ECF No. 66.

WHEREFORE, Plaintiff requests an order granting leave, deeming the attached Notice filed, and providing for its consideration with ECF No. 66. A proposed order accompanies this motion.

Date: September 18, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Leave to File Notice of Subsequent Record Development Relevant to Pending Rule 72(a) Objections;
2. Memorandum in Support of Plaintiff's Motion for Leave to File Notice of Subsequent Record Development;
3. Exhibit A – Notice of Subsequent Record Development Relevant to Pending Rule 72(a) Objections;
4. Proposed Order Granting Leave to File Notice of Subsequent Record Development;
5. Certification Pursuant to Local Civil Rule 83.1(N);
6. Generative-Artificial-Intelligence Disclosure and Citation Certification pursuant to ECF Nos. 63 and 65; and
7. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion for Leave to File Notice of Subsequent Record Development Relevant to Pending Rule 72(a) Objections;
2. Memorandum in Support of Plaintiff's Motion for Leave to File Notice of Subsequent Record Development;
3. Exhibit A – Notice of Subsequent Record Development Relevant to Pending Rule 72(a) Objections;
4. Proposed Order Granting Leave to File Notice of Subsequent Record Development;
5. the Certificate of Service accompanying the Motion;
6. the Generative-Artificial-Intelligence Disclosure and Citation Certification accompanying the Motion; and
7. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: September 18, 2026

**<u>GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65</u>**

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows.

1. **Identification of use.** Plaintiff used generative artificial intelligence in the preparation of the Motion, Exhibit A (the Notice of Subsequent Record Development), and the Proposed Order submitted with this filing. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted each document as his own submission. The Proposed Order is covered by this certification and carries no separate certification on its face. The Memorandum in Support is separately filed and carries its own disclosure and certification.

2. **Citation review.** Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in the documents identified in paragraph 1 for accuracy. Plaintiff performed that review using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

3. **Method.** ECF Nos. 63 and 65 do not specify the form or placement of this disclosure. Plaintiff places the disclosure and certification in each motion filing and separately docketed memorandum, with the motion's certification expressly covering the AI-assisted attachments identified in paragraph 1. Plaintiff supplies this disclosure and certification while maintaining the authority-and-scope objection stated in Part IX of the Memorandum in Support of

his Rule 72(a) Objections. ECF No. 68. Plaintiff requests approval of this method, or specification of a different method, for any requirement that remains in effect.

Date: September 18, 2026

Marvelle J. Ballentine
*Plaintiff, pro se*