FILED
9/18/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUBSEQUENT RECORD DEVELOPMENT**

Plaintiff seeks leave to place one subsequent development before the Court in connection with his pending Rule 72(a) Objections. ECF No. 66. The objections challenge, among other matters, the requirement in ECF No. 64 that Plaintiff provide a redlined comparison of the proposed Second Amended and Supplemental Complaint. Local Civil Rule 7(F)(1) requires leave for further written communications.

On September 18, 2026, Defendants Katie Hall and NCMEC filed ECF No. 74. It states:

> "[D]espite numerous efforts, undersigned counsel has been unable to 'reverse-engineer' a redline comparison of the two documents via either Adobe or Word."

ECF No. 74 at 4. ECF No. 74 also states that “the format of the factual allegations have changed.” ECF No. 74 at 5. Both statements postdate ECF No. 66. Both concern the comparison requirement the objections present for review.

The attached Notice places that development before the Court. The Notice seeks no relief beyond ECF No. 66 and adds no ground to the objections. Leave should be granted.

Date: September 18, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

## GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows. Plaintiff used generative artificial intelligence in the preparation of this Memorandum. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted this Memorandum as his own submission. Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in this Memorandum for accuracy, using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

Marvelle J. Ballentine
September 18, 2026