FILED
9/18/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,
*Defendants.*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS RULE 26(d)(1) MOTION, ECF NO. 15, ADDRESSING NCMEC'S SEPTEMBER 18, 2026 FILING**

Plaintiff Marvelle J. Ballentine moves under Local Civil Rule 7(F)(1) for leave to file the supplemental memorandum attached as Exhibit A. Exhibit A supports Plaintiff's pending motion under Federal Rule of Civil Procedure 26(d)(1). ECF No. 15. In support, Plaintiff states as follows.

1. ECF No. 15 requests leave to serve three interrogatories on Defendant National Center for Missing & Exploited Children ("NCMEC") before the Rule 26(f) conference. The three interrogatories appear at ECF No. 15-1. Each permits three answers: "Yes," "No," or "Unable to determine after reasonable inquiry." The interrogatories seek no explanation and no report content.

2. On September 18, 2026, Defendants Katie Hall and NCMEC filed their opposition to Plaintiff's motion for leave to file a Second Amended and Supplemental Complaint. ECF No. 74. ECF No. 74 describes the statements at issue as concerning CyberTipline reports received "for

any of the three identifiers in Plaintiff's subpoena to NCMEC." ECF No. 74 at 5. ECF No. 74 states that Plaintiff "cannot plausibly assert falsity, because he does not have access to those reports," and that "[n]o allegations Plaintiff can make can change that fact." Id.

3. Those statements renew the factual premise the three interrogatories test. Exhibit A places ECF No. 74's formulations beside the pending interrogatories. Exhibit A explains why the three answers bear on the relief NCMEC now seeks.

4. The discovery request is unchanged. Exhibit A proposes no new interrogatory. Exhibit A changes no exclusion, no permitted answer, and no responding party. The supplement changes the decisional record, not the request.

5. This motion does not withdraw or modify the objections or the relief requested in ECF Nos. 66–68.

6. Local Civil Rule 7(F)(1) provides that no further briefs may be filed without leave of Court. Plaintiff seeks that leave. A Memorandum in Support accompanies this motion.

7. **Conferral.** This motion seeks briefing permission under Local Civil Rule 7(F)(1), relief that only the Court can grant. The discovery matters at issue are the three interrogatories in ECF No. 15-1. Those matters were the subject of the conference certified with ECF No. 15, and that certification stands. On September 18, 2026, Plaintiff sent counsel for Defendants Katie Hall and NCMEC this motion package, requested a telephone conference concerning the relief requested, and proposed September 21, 2026 for the call. Counsel responded that he was not available on the proposed date and stated: "My clients do not consent." The motion is opposed.

8. **Relief requested.** Plaintiff requests an order (a) granting leave to file the supplemental memorandum attached as Exhibit A; (b) deeming Exhibit A filed for consideration with ECF No. 15; (c) providing for any responsive submission the Court authorizes; and (d)

determining this motion before disposition of ECF No. 15. Adjudication of ECF No. 15 remains for the Court's ruling on that motion. A proposed order accompanies this motion.

Date: September 18, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of His Rule 26(d)(1) Motion, ECF No. 15, Addressing NCMEC's September 18, 2026 Filing;
2. Memorandum in Support of Plaintiff's Motion for Leave to File a Supplemental Memorandum Addressing ECF No. 74;
3. Exhibit A – Plaintiff's Proposed Supplemental Memorandum in Support of ECF No. 15 Addressing NCMEC's Renewed Truth and Lack-of-Access Arguments;
4. Proposed Order Granting Leave to File Supplemental Memorandum in Support of ECF No. 15;
5. Notice of Waiver of Oral Argument as to Plaintiff's Motion for Leave to File a Supplemental Memorandum;
6. Certification Pursuant to Local Civil Rule 83.1(N);
7. Generative-Artificial-Intelligence Disclosure and Citation Certification pursuant to ECF Nos. 63 and 65; and
8. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Marvelle J. Ballentine
*Plaintiff, pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of His Rule 26(d)(1) Motion, ECF No. 15, Addressing NCMEC's September 18, 2026 Filing;
2. Memorandum in Support of Plaintiff's Motion for Leave to File a Supplemental Memorandum Addressing ECF No. 74;
3. Exhibit A – Plaintiff's Proposed Supplemental Memorandum in Support of ECF No. 15 Addressing NCMEC's Renewed Truth and Lack-of-Access Arguments;
4. Proposed Order Granting Leave to File Supplemental Memorandum in Support of ECF No. 15;
5. Notice of Waiver of Oral Argument as to Plaintiff's Motion for Leave to File a Supplemental Memorandum;
6. the Certificate of Service accompanying the Motion;
7. the Generative-Artificial-Intelligence Disclosure and Citation Certification accompanying the Motion; and
8. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant

Executed on: September 18, 2026

## GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows.

1. **Identification of use.** Plaintiff used generative artificial intelligence in the preparation of the Motion, Exhibit A (the Proposed Supplemental Memorandum), the Proposed Order, and the Notice of Waiver of Oral Argument submitted with this filing. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted each document as his own submission. The Proposed Order is covered by this certification and carries no separate certification on its face. Exhibit A carries its own disclosure and certification so that the document stands compliant if deemed filed. The Memorandum in Support is separately filed and carries its own disclosure and certification.

2. **Citation review.** Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in the documents identified in paragraph 1 for accuracy. Plaintiff performed that review using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

3. **Method.** ECF Nos. 63 and 65 do not specify the form or placement of this disclosure. Plaintiff places the disclosure and certification in each motion filing and separately docketed memorandum, with the motion's certification expressly covering the AI-assisted attachments identified in paragraph 1. Plaintiff supplies this disclosure and certification while maintaining the authority-and-scope objection stated in Part IX of the Memorandum in Support of

his Rule 72(a) Objections. ECF No. 68. Plaintiff requests approval of this method, or specification of a different method, for any requirement that remains in effect.

Date: September 18, 2026

Marvelle J. Ballentine
*Plaintiff, pro se*