**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,
*Defendants.*

**EXHIBIT A**

# PLAINTIFF'S PROPOSED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ECF NO. 15 ADDRESSING NCMEC'S RENEWED TRUTH AND LACK-OF-ACCESS ARGUMENTS

This memorandum supplements the briefing on Plaintiff's pending Rule 26(d)(1) motion. ECF No. 15. It addresses the opposition Defendants Katie Hall and NCMEC filed on September 18, 2026. ECF No. 74. It changes nothing about the discovery requested.

## I. NCMEC Again Relies on Plaintiff's Lack of Access to Support Dismissal.

ECF No. 74 states that Plaintiff "cannot plausibly assert falsity, because he does not have access to those reports." ECF No. 74 at 5. ECF No. 74 continues: "[n]o allegations Plaintiff can make can change that fact." Id. The word "fact" refers to Plaintiff's lack of access. NCMEC invokes the reports' asserted contents to defeat the claims. NCMEC invokes Plaintiff's inability to inspect the reports to defeat any challenge. One informational gap does both jobs.

The categorical position is wrong. Allegations pled on information and belief "are not categorically insufficient to state a claim for relief where the proof supporting the allegation is within the sole possession and control of the defendant or where the belief is based on sufficient factual material that makes the inference of culpability plausible." *Lowy v. Daniel Defense, LLC*, No. 24-1822, slip op. at 34–35 (4th Cir. Feb. 11, 2026) (quoting *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 954 (8th Cir. 2023)). *Lowy* is a published decision. *Lowy* reversed a dismissal entered in this Division on the papers.

*Lowy* does not itself authorize discovery before the Rule 26(f) conference. *Lowy* forecloses the categorical premise: that lack of access defeats Plaintiff's allegations as a class. ECF No. 74 asks the Court to adopt that premise. NCMEC opposes the three answers directed to it. ECF No. 15 requests those answers. The premise should be tested, not assumed.

**II. NCMEC's "Any" Formulation Permits Materially Different Source Facts.**

ECF No. 74 describes the statements at issue as concerning CyberTipline reports received "for any of the three identifiers in Plaintiff's subpoena to NCMEC." ECF No. 74 at 5. That sentence is NCMEC's litigation characterization. It is not the text of the April 22, 2026 letters.

First, "any" identifies no particular matching term. A report satisfies the formulation if it matched one identifier out of three.

Second, the formulation is consistent with the absence of "Marvelle J. Ballentine" from both reports as originally received. A report matching only "Jay Ballentine," or only the email address, satisfies the formulation.

Third, NCMEC's August 12 memorandum supplied a different alternative: "a person with the same name." ECF No. 11 at 9. A report concerning a different person with the same name would not concern Plaintiff.

Fourth, the three interrogatories address the facts both formulations leave unspecified. Each asks whether either report, as originally received by NCMEC, contained or otherwise identified one named identifier. ECF No. 15-1 at 1–2.

The two open questions are distinct. The absence of "Marvelle J. Ballentine" from a report would not, by itself, establish that the report did not concern Plaintiff through his alias or his email address. The name question concerns the reports' original identifying information. The different-person question concerns personal identity. Each answer narrows one of them. Neither formulation NCMEC has offered resolves either one. NCMEC defends a disjunction. The interrogatories ask which branch or branches of it are true.

## III. Plaintiff's Declaration Supplies a Concrete Basis for the Source Question.

Plaintiff has sworn to his account-naming history. Plaintiff did not use "Marvelle J. Ballentine" to create, identify, or operate any Meta account. Plaintiff used "Jay Ballentine." Plaintiff supplied his full legal name in the April 9, 2026 materials because it is his legal name. ECF No. 31 ¶¶ 3–8.

Those facts distinguish two sources. One is information Plaintiff supplied through litigation materials. The other is identifying information contained in the reports when NCMEC originally received them. Interrogatory No. 1 tests that distinction. It excludes the April 9 materials, court filings, public sources, and information obtained or added after original receipt. ECF No. 15-1 at 1.

The request is not open-ended. It names two identified reports, three identifiers, one fixed point in time, and stated exclusions. It permits three answers. It seeks no explanation and no report content.

The declaration has limits, and the request respects them. The declaration establishes Plaintiff's own account practices. It does not identify the submitting provider or every possible

source of a report's contents. The interrogatories put the source question to the entity that holds the reports.

## IV. NCMEC Identifies the Reports as Material Evidence; Plaintiff Seeks Less than Production.

ECF No. 74 states that if Plaintiff had access to the reports, they "presumably would be exhibits to the pleading, or provided under seal to the Court for review." ECF No. 74 at 5. That sentence treats the reports as the evidence bearing on this dispute. That sentence identifies a sealed-review path. NCMEC holds the reports. No defendant in either action has filed a CyberTipline report, openly or under seal.

The sentence also demands proof at the pleading stage. Plaintiffs are not required "to prove [their] case in the complaint," and the requirement of factual detail is "tempered by the recognition that a plaintiff may only have so much information at [her] disposal at the outset." *Lowy*, slip op. at 22 (quoting *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)). A court may consider the April 22 letters for their language without accepting their assertions as true. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167–69 (4th Cir. 2016). Pleading the letters does not make the letters proof of their own truth.

The consequences NCMEC seeks sharpen the timing. NCMEC requests dismissal with prejudice. ECF No. 11 at 17. NCMEC opposes amendment as futile and asks that leave await rulings on the motions to dismiss. ECF No. 74 at 5–7. Both requests rest on what the reports are said to establish. Plaintiff has asked three questions about those reports. NCMEC opposes the answers.

The scope of this argument is narrow. Plaintiff draws no waiver from NCMEC's sealed-review reference. Plaintiff requests no adverse inference from nonproduction. This motion requests neither the reports nor a sealing procedure. It requests three answers.

**V. Three Sworn Answers Test NCMEC's Chosen Premise with Defined Burden.**

The pending interrogatories read in full:

> **INTERROGATORY NO. 1:** Excluding information supplied by Plaintiff in the April 9, 2026 materials, court filings, public sources, and information obtained or added after original receipt by NCMEC, did either of the two CyberTipline reports referenced in NCMEC's April 22, 2026 letters, as originally received by NCMEC, contain or otherwise identify "Marvelle J. Ballentine"?
>
> **INTERROGATORY NO. 2:** Subject to the same exclusions, did either report, as originally received by NCMEC, contain or otherwise identify "Jay Ballentine"?
>
> **INTERROGATORY NO. 3:** Subject to the same exclusions, did either report, as originally received by NCMEC, contain or otherwise identify jaychizza@icloud.com?

ECF No. 15-1 at 1–2. NCMEC shall answer each interrogatory only "Yes," "No," or "Unable to determine after reasonable inquiry." Id. at 1. The interrogatories seek no explanation and no report content. Id. Each asks about either report. None requires a report-by-report mapping. None asks why a match occurred.

Rule 26(d)(1) permits discovery before the Rule 26(f) conference by court order. Relevance, timing, access, and burden point the same way. NCMEC selected the two reports and the three identifiers as the factual basis of its defense. NCMEC holds the reports. NCMEC seeks claim-terminating relief now. The burden is three sworn one-sentence answers under Rule 33, within the response period requested in ECF No. 15 or the period the Court directs.

The answers have defined value and defined limits. Each answer fixes or narrows one original-source fact. No answer determines ownership of an alias, defamatory meaning, or liability. Plaintiff does not contend that every ground in the motions to dismiss requires discovery. Plaintiff requests resolution of the source question before any relief that depends on accepting NCMEC's account of what the reports establish.

**CONCLUSION**

The Court should grant ECF No. 15 on its existing terms and consider ECF No. 74 as further support for the present need for the three answers. NCMEC's "any" formulation leaves the identifying facts unspecified. ECF No. 15 asks for those facts, under oath, without requesting the reports.

Date: September 18, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65**

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows. Plaintiff used generative artificial intelligence in the preparation of this Supplemental Memorandum. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted this Supplemental Memorandum as his own submission. Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in this Supplemental Memorandum for accuracy, using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

Marvelle J. Ballentine
September 18, 2026