FILED
9/18/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,
*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM ADDRESSING ECF NO. 74**

Plaintiff seeks leave to file one supplemental memorandum in support of his pending Rule 26(d)(1) motion. ECF No. 15. The ground is a filing Defendants made after the discovery briefing closed. Local Civil Rule 7(F)(1) requires leave for further briefs. This memorandum states why leave should be granted.

## I. NCMEC's September 18 Filing Renews the Premise of the Pending Discovery Motion.

The sequence is short. Plaintiff filed ECF No. 15 on August 20, 2026, requesting leave to serve three source-identification interrogatories before the Rule 26(f) conference. Plaintiff filed a sworn declaration stating his account-naming history. ECF No. 31. Plaintiff then moved for leave to file a Second Amended and Supplemental Complaint containing corresponding source-

identification allegations. ECF Nos. 59–60. On September 18, 2026, Defendants Katie Hall and NCMEC opposed that motion. ECF No. 74.

ECF No. 74 renews two propositions. It describes the statements at issue as concerning reports received "for any of the three identifiers in Plaintiff's subpoena to NCMEC." ECF No. 74 at 5. It states that Plaintiff "cannot plausibly assert falsity, because he does not have access to those reports," and that "[n]o allegations Plaintiff can make can change that fact." Id. ECF No. 74 applies those propositions to the proposed source-identification allegations. ECF No. 74 at 4–6.

ECF No. 74 is not one more filing that mentions the reports. ECF No. 74 renews the position that the reports' asserted contents defeat Plaintiff's claims while Plaintiff's inability to inspect the reports defeats any challenge. That is the premise the three interrogatories were drafted to test. The renewal came after the discovery briefing closed. The renewal is the ground for supplementation.

**II. The Supplement Addresses the Decision Before the Court.**

Two decisions are distinct. The first is whether this subsequent development may be added to the briefing on ECF No. 15. The second is whether the requested discovery should be authorized. This motion presents only the first. Exhibit A addresses the second, and the Court will resolve it in ruling on ECF No. 15.

The supplement's contribution is specific. It places NCMEC's September 18 formulations beside the exact questions already proposed. It explains why the three answers address NCMEC's own asserted premise. The Court deciding ECF No. 15 should have that development before it.

**III. The Supplement Permits Focused Adjudication Without Expanding Discovery.**

Exhibit A has one confined subject: ECF No. 74's renewed truth and lack-of-access arguments. Exhibit A relies on docket materials only: ECF Nos. 11, 15-1, 31, and 74. Exhibit A attaches no new declaration. Exhibit A changes no interrogatory, no exclusion, and no permitted answer. The substantive discovery argument appears in Exhibit A, not here.

Plaintiff requests leave to file Exhibit A and its consideration with ECF No. 15. Any responsive submission is for the Court's direction. Leave should be granted.

Date: September 18, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65**

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows. Plaintiff used generative artificial intelligence in the preparation of this Memorandum. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted this Memorandum as his own submission. Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in this Memorandum for accuracy, using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.



Marvelle J. Ballentine
September 18, 2026