FILED
9/21/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) FOR LEAVE TO SERVE FOUR LIMITED INTERROGATORIES ON META PLATFORMS, INC. BEFORE THE RULE 26(f) CONFERENCE

Plaintiff Marvelle J. Ballentine respectfully submits this Reply in support of his Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. Before the Rule 26(f) Conference (ECF No. 54), and in reply to Defendant Meta Platforms, Inc.'s Response in Opposition (ECF No. 73).

## I. INTRODUCTION

Meta's Opposition runs seven pages. ECF No. 73. It does not dispute that Meta's Memorandum described the April 22, 2026 letters as "the exact discovery" Plaintiff had sought from Meta. ECF No. 22 at 9. It identifies no specific burden in answering four closed questions about Meta's own records. It asserts no privilege. It does not address the three-answer format, the

bounded period, or the Motion's exclusion of all other discovery. ECF No. 54 at 2. Neither the Opposition nor Meta's dismissal briefing states whether Meta submitted a CyberTipline report within the account and date parameters specified in Interrogatory No. 1. ECF Nos. 22, 39, 73. The four interrogatories ask whether such a submission occurred and, if so, whether it contained or otherwise identified the specified terms. ECF No. 54 at 1–2.

## II. META HAS NOT ESTABLISHED THAT ITS PRELIMINARY-INJUNCTION FRAMEWORK CONTROLS THIS REQUEST

Meta asks the Court to apply a modified preliminary-injunction test to this request. ECF No. 73 at 2–3. Its principal authority, *Arthur J. Gallagher & Co. v. Markfeld*, addressed expedited discovery in a preliminary-injunction proceeding. No. 3:25-cv-00885-RCY, ECF No. 70 at 1, 17–18 (E.D. Va. July 29, 2026). *Shenzhenshibairihongmaoyiyouxiangongsi v. Novoluto GmbH* likewise applied that framework to discovery sought for a pending preliminary injunction. No. 3:25-cv-00844-RCY, ECF No. 44 at 3–6 (E.D. Va. Mar. 9, 2026). Neither decision addressed the four-question request presented here. Plaintiff identified that difference in ECF No. 55 at 4. The Court retains authority under Rule 26(d)(1) to authorize discovery before the Rule 26(f) conference and to confine that discovery to relevant, proportional inquiries under Rule 26(b)(1).

Plaintiff's merits showing rests on the circumstances pleaded in the First Amended Complaint, not on the proposition that the requested answers would establish a conspiracy. The FAC alleges common receipt of case-specific materials, imminent examinations concerning CyberTipline reporting, motions directed at that discovery, and two case-specific letters issued the following day without compulsory process and without identifying the reporting provider or account connection. FAC ¶¶ 126–135. Plaintiff relies on that combined sequence to support the pleaded inference of agreement. ECF No. 30 at 12–14. Meta disputes that inference, in part by characterizing its conduct and NCMEC's conduct as contradictory because Meta sought to prevent

discovery that NCMEC supposedly supplied. ECF No. 22 at 9–10. The distinction between an assertion about the discovery's subject and the source-specific information sought is therefore relevant to an argument Meta advances.

The reason for seeking the answers now is correspondingly specific. Meta invokes that characterization in support of dismissal with prejudice, while the letters do not identify Meta as the submitting provider or connect either report to Plaintiff's Facebook account. ECF No. 22 at 7, 9–11, 14. Plaintiff's existing declaration supplies a concrete basis for examining the listed identifiers: Plaintiff states that he did not use his legal name to identify or operate a Meta account and included it in the April 9 materials because it is his litigation name. ECF No. 31 ¶¶ 3, 6–7. That declaration does not establish what any report contained. It explains why the requested inquiry concerns identified facts rather than an unrestricted search for a claim. ECF No. 55 at 3–4.

*Novoluto* supports considering informational imbalance and tailoring discovery to an identified adjudicative need, but its irreparable-harm finding also rested on threatened marketplace injuries and shifting seller identities. *Novoluto*, No. 3:25-cv-00844-RCY, ECF No. 44 at 5–6. Plaintiff does not contend that a pending dismissal motion alone establishes irreparable harm or an automatic entitlement to discovery. The requested exercise of discretion rests on the particular factual issue, Plaintiff's existing showing, the parties' relative access to the information, and the confined scope of four interrogatories. ECF No. 55 at 3–7.

## III. META'S CHARACTERIZATION OF THE LETTERS IS NOT AN ESTABLISHED FACT

Meta's Rule 12 papers tell the Court that NCMEC "provided him with exactly what he asked for," ECF No. 22 at 11, that the letters were "the exact discovery" Meta's April 21 motion practice sought to prevent, *id.* at 9, and that NCMEC was "responding to proposed subpoenas from Plaintiff requesting the provided information," ECF No. 39 at 5–6. Meta may argue from the

wording of the First Amended Complaint and the letters. Meta may not convert its characterization of those documents into an established fact about reports the documents neither identify nor produce. A court may consider a document without accepting its assertions, or a party's assertions about it, as true. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166–69 (4th Cir. 2016). Plaintiff has contested the asserted equivalence. ECF No. 30 at 6. The letters identify no reporting provider, no account, and no enforcement event. ECF No. 22 at 7 (quoting FAC ¶ 92). The letters and the cited paragraphs do not establish that Meta submitted a report concerning the account at issue. Whether such a submission occurred is a question for inquiry into Meta's reporting records, not a fact established by its characterization of the letters. The four interrogatories address that inquiry.

The answers would be material without being conclusive. A "Yes" to Interrogatory No. 1 would establish that Meta submitted a report within the stated parameters. It would not, by itself, establish that the submission was either report referenced in the April 22 letters. Interrogatories Nos. 2 through 4 would identify whether a qualifying Meta submission contained or otherwise identified the specified terms. ECF No. 54 at 1–2. No answer would adjudicate conspiracy, intimidation, defamation, or liability. ECF No. 55 at 7. Plaintiff maintains that the FAC independently pleads an agreement through the circumstances stated in FAC ¶¶ 124–138. The requested discovery addresses the reporting facts relevant to Meta's characterization of that alleged conduct.

## IV. THE SAME SUBJECT IS NOT THE SAME ANSWER

Meta reads two paragraphs of the First Amended Complaint as pleading the equivalence. ECF No. 73 at 5. They do not. Paragraph 127 alleges that "the April 21, 2026 motions were directed at the same discovery the April 9, 2026 materials described." That is an allegation about what the motions targeted. Paragraph 133 alleges that the letters "supplied, outside the discovery process, an

unsworn and source-free assertion concerning the precise subject scheduled for sworn examination." The Opposition quotes that paragraph as alleging that the letters "supplied. . . the precise subject scheduled for sworn examination." ECF No. 73 at 5. The ellipsis removes the words "outside the discovery process, an unsworn and source-free assertion concerning." Paragraph 133 alleges an unsworn assertion about the subject of the contemplated examination. Paragraph 135 alleges that the assertion "purported to answer" the report-existence question. Neither paragraph concedes that the letters identified Meta as the submitting provider or connected either report to Plaintiff's Facebook account. Meta's shortened quotation does not supply those missing propositions.

Meta proposes that "[t]hat issue can be resolved based on the parties' briefing." ECF No. 73 at 5. The Court can determine from the FAC whether the cited paragraphs admit that Meta submitted an account-related report. They do not. Whether Meta actually made such a submission is a separate factual question that those paragraphs and the April 22 letters leave unanswered. The four interrogatories address that question; they are not needed to establish what the FAC says.

## V. THE CITED DECISIONS CONFIRM DISCRETION; THEY DO NOT DECIDE THIS REQUEST

*Rivers* denied the early discovery requested there and stayed all discovery on the defendants' motion. ECF No. 73 at 4. *Colonial River*, as Meta quotes it, stayed discovery on a stay motion after the court found the movants had made a colorable showing. *Id.* Those decisions confirm the Court's discretion to defer discovery. They do not establish that a pending dismissal motion categorically defeats a request under Rule 26(d)(1). The question remains whether the grounds stated in ECF No. 55 justify these four interrogatories now: one defendant, one identified account, one bounded period, three permitted responses, and no production of any report. ECF No. 54 at 1–2.

The Opposition calls the dismissal of Case No. 1:26-cv-01341 "procedural gamesmanship." ECF No. 73 at 5. Rule 41(a)(1)(A)(i) conferred that dismissal as of right. The stay entered in that action governed discovery in that action. It did not decide the four interrogatories now proposed. It did not address Meta's subsequently filed characterization of the April 22 letters. The First Amended Complaint here was filed as of right under Rule 15(a)(1). ECF No. 59 ¶ 10. Plaintiff then sought leave to supplement under Rule 15(d), ECF No. 26, and now seeks leave to file an amended and supplemental pleading, ECF No. 59. The present request is evaluated on the present record.

## VI. CONCLUSION

The Opposition identifies no specific burden, asserts no privilege, and contests neither the scope nor the format of the four interrogatories. The answers are relevant to a characterization Meta placed in its own Rule 12 briefing. Meta seeks dismissal with prejudice while the source-side facts remain in Meta's records. The request is confined to four answers about those records. The Motion should be granted.

Date: September 21, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I submitted the foregoing Plaintiff's Reply in Support of Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. Before the Rule 26(f) Conference, together with the accompanying Certification Pursuant to Local Civil Rule 83.1(N) and Generative-Artificial-Intelligence Disclosure and Citation Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants, who are registered users of that system and will be served through that means.

Marvelle J. Ballentine

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) Plaintiff's Reply in Support of Motion Under Federal Rule of Civil Procedure 26(d)(1) for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. Before the Rule 26(f) Conference; (2) the Certificate of Service accompanying the Reply; (3) the Generative-Artificial-Intelligence Disclosure and Citation Certification accompanying the Reply; and (4) this Certification Pursuant to Local Civil Rule 83.1(N). This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: September 21, 2026

**<u>GENERATIVE-ARTIFICIAL-INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION PURSUANT TO ECF NOS. 63 AND 65</u>**

Pursuant to the Orders entered September 9, 2026 (ECF No. 63) and September 10, 2026 (ECF No. 65), Plaintiff states as follows.

**1. Identification of use.** Plaintiff used generative artificial intelligence in the preparation of the Reply, the Certificate of Service, the Certification Pursuant to Local Civil Rule 83.1(N), and this Disclosure and Certification. The assistance consisted of research, drafting, and revision of text; retrieval of docket entries and filed documents from the public RECAP archive; and verification of record citations against the docket. Plaintiff reviewed, edited, and adopted each document as his own submission.

**2. Citation review.** Plaintiff certifies that he has reviewed each citation to legal authority and each citation to the record in the documents identified in paragraph 1 for accuracy. Plaintiff performed that review using automated citation-verification tools to verify cited authorities against published sources and by comparing each record citation to the document as docketed.

**3. Method.** ECF Nos. 63 and 65 do not specify the form or placement of this disclosure. Plaintiff places the disclosure and certification following the signature block of the filing it covers. Plaintiff provides this disclosure and certification while maintaining the objections presented in ECF Nos. 66 and 68.

Date: September 21, 2026

Marvelle J. Ballentine
*Plaintiff, pro se*