**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d), Dkt. No. 59. Meta hereby joins, adopts and incorporates all applicable arguments and requested relief contained in Defendants Katie Hall and National Center for Missing & Exploited Children's ("NCMEC Defendants") Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 74). In further support, Meta states as follows:

## I. Procedural History

As described in Meta's Motion to Dismiss the First Amended Complaint ("FAC"), Plaintiff has filed a series of actions against Meta across several different courts, all stemming from the alleged disablement of his Facebook account. *See* Dkt. No. 22 at 3-5. Across all of these actions, Plaintiff has routinely filed amended complaints (or sought leave to do so), consistently delaying

decision on motions to dismiss across those actions. Indeed, since September 9, 2025 (when Plaintiff filed his first complaint against Meta in the United States District Court for the Northern District of California), Plaintiff has filed 12 distinct complaints against Meta across four different courts.

Plaintiff's present request for leave to amend continues his strategy of seeking repeated amendments to delay decision on motions to dismiss. Indeed, in this court alone, Plaintiff has:

- Filed a complaint based on the allegations raised in the FAC against NCMEC and Defendant Katie Hall (together, the "NCMEC Defendants) in a distinct action (*Ballentine v. Nat'l Ctr. for Missing & Exploited Children*, No. 1:26-cv-1341 (E.D. Va.);
- Filed a motion for leave to amend that complaint to add claims against Meta;
- Voluntarily dismissed that action after the NCMEC Defendants opposed his request for leave to amend;
- Filed the complaint and FAC against the NCMEC Defendants and Meta in the instant action; and
- Following motions to dismiss, filed a motion for leave to file supplement his pleading, withdrew that motion, and filed the instant motion for leave to amend.

*See* Dkt. No. 22 at 5; Dkt. No. 57; Dkt. No. 59.

## II. <u>Plaintiff's Supplemental Allegations are Futile</u>

"[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement [a complaint] are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198, n. 15 (4th Cir. 2002). In either case, "leave to amend a pleading should be denied. . . when the amendment would be futile." *Brannen v. Selene Finance, LP*, No. 2:18-cv-602, 2019 WL 13251099, at *2, 5 (E.D. Va. Nov. 14, 2019) (denying leave to file supplemental complaint where "it would be futile to permit" Plaintiff's "supplemental pleading" where his "right to relief" remained "a matter of pure speculation").

As to Plaintiff's supplemental allegations regarding the NCMEC Defendants, Meta fully adopts the arguments in NCMEC's Opposition, which explain why the supplemental allegations are "futile," "unnecessary," and a further attempt to prolong the litigation. Dkt. No. 74 at 4-5.

As to Plaintiff's supplemental allegations regarding Meta, Plaintiff seeks to add allegations that in a motion to dismiss in a separate action brought by Plaintiff (*Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.)), Meta described Plaintiff's litigation against the NCMEC Defendants as one of several actions Plaintiff has brought arising from the alleged disablement of his Facebook account. *See* Dkt. No. 60 at 9. Plaintiff asserts that Meta's citation there of the present action is "a subsequent fact bearing on Meta's knowledge, state of mind, and awareness of the relationship between the two proceedings." *Id.*

But Meta's knowledge, as of August 13, 2026, that Plaintiff sued NCMEC has no relevance whatsoever to Plaintiff's claims against Meta. Those claims are premised on Plaintiff's assertion that Meta somehow conspired with NCMEC in connection with letters that NCMEC sent to Plaintiff on April 22, 2026. Plaintiff's proffered supplemental allegations regarding Meta's knowledge of Plaintiff's suit against NCMEC are plainly irrelevant to Plaintiff's claims against Meta or the issues raised in Meta's motion to dismiss. Therefore, amendment would be futile and Plaintiff's motion should be denied. *See Dacha v. Moody*, No. 3:24-cv-713, 2026 WL 625494, at *15 (E.D. Va. Mar. 5, 2026) (denying motion to supplement under Rule 15(d) because supplementation with allegations that could not plausibly serve "as a factual basis for any claim" against defendants "would be futile").

## III. Conclusion

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Dated: September 22, 2026

Respectfully submitted,

By: */s/ Hillary Dang*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, I caused DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307

This 22nd day of September, 2026.

By: */s/ Hillary Dang*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com