FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE IVAN D. DAVIS UNDER 28 U.S.C. § 455(b)(4) AND § 455(a), AND FOR PRIORITY DETERMINATION**

Plaintiff Marvelle J. Ballentine, proceeding pro se, moves under 28 U.S.C. § 455 for the disqualification of Magistrate Judge Ivan D. Davis from further participation in this action and for priority determination of this Motion. The grounds are stated below and in the accompanying Memorandum in Support. Exhibit A, Exhibit B, and the Declaration of Marvelle J. Ballentine accompany this Motion.

## I. STATUTORY BASIS AND RELIEF

This Motion rests on 28 U.S.C. § 455(b)(4). That subsection requires a magistrate judge to disqualify himself when he knows that he has a financial interest in a party to the proceeding. The Motion rests independently on 28 U.S.C. § 455(a), which requires disqualification in any proceeding in which the judge's impartiality might reasonably be questioned. Sections 455(c),

455(d)(4), 455(e), and 455(f) govern the duty to inform, the definition of financial interest, nonwaiver, and the divestiture exception.

The Motion presents one question of fact and one question of law. The question of fact is whether a financial interest in Defendant Meta Platforms, Inc. ("Meta") was held during Magistrate Judge Davis's participation in this action. The question of law is whether, on the facts determined, § 455 requires disqualification.

The Motion alleges no bias, hostility, improper motive, bad faith, or intentional nondisclosure. It rests on two signed financial disclosure reports and the docket.

## II. FINANCIAL-DISCLOSURE FACTS

Exhibit A is Magistrate Judge Davis's Financial Disclosure Report (AO Form 10) for calendar year 2025. Judge Davis electronically signed it on May 14, 2026 and on May 26, 2026. Ex. A at 1. Part VII, line 6, identifies "FB common stock" with a gross year-end value of $15,001–$50,000 and dividend income of $1,000 or less. Ex. A at 2. No transaction is reported on that line. The same report records purchases and sales of other securities during 2025. Ex. A at 3 (Part VII, lines 37–40).

Exhibit B is Magistrate Judge Davis's Financial Disclosure Report for calendar year 2024, dated August 18, 2025. Part VII, line 6, identifies "FB common stock" with value code K ($15,001–$50,000) and income code A ($1,000 or less). Ex. B at 4. No transaction is reported on that line.

Both reports identify common-stock holdings by trading symbol. Ex. A at 2–3 (Part VII, lines 4–6, 16–34); Ex. B at 4–6 (Part VII, lines 4–6, 16–18, 20–35). "FB" was the Nasdaq trading symbol for the Class A common stock of Facebook, Inc. Facebook, Inc. changed its corporate name to Meta Platforms, Inc. on October 28, 2021. The trading symbol for the same stock changed

to "META" in June 2022. The Memorandum in Support, Part II.B, identifies the public filings with the Securities and Exchange Commission that establish those facts.

The reports establish that Judge Davis reported holding "FB common stock" at the close of 2024 and at the close of 2025. Whether that holding continued through the period of Judge Davis's participation in this action is an inference from the reports. It is not an established fact. This Motion asks the Court to determine it.

## III. PARTICIPATION IN THE ACTION

Plaintiff filed this action on July 30, 2026, naming Meta as a defendant. ECF No. 1. The First Amended Complaint names Meta. ECF No. 5. Meta appeared through counsel, moved to dismiss, and filed its corporate disclosure statement on August 21, 2026. ECF Nos. 21, 22, 24.

The Clerk's docket assigns Magistrate Judge Davis to this action. On August 25, 2026, the Clerk set Plaintiff's motions at ECF Nos. 15 and 26 for hearing before Judge Davis on September 25, 2026. On September 8, 2026, the Clerk set ECF No. 54 for hearing before Judge Davis on the same date.

Judge Davis entered six orders. ECF No. 62 (Sept. 9, 2026) treated ECF No. 26 as withdrawn. ECF No. 63 (Sept. 9, 2026) denied ECF No. 41 as moot, terminated the hearing on ECF No. 15, and required any party using generative artificial intelligence to identify that use and certify citation review. ECF No. 64 (Sept. 9, 2026) required Plaintiff to file, by September 11, 2026, a redlined version of the proposed amended complaint showing changes against the original Complaint, ECF No. 1. ECF No. 65 (Sept. 10, 2026) terminated the hearing on ECF No. 54, set Meta's response and Plaintiff's reply dates, and restated the certification requirement. ECF No. 82 (Sept. 22, 2026) granted ECF No. 78 and restated the certification requirement. ECF No. 84 (Oct. 7, 2026) is described next.

ECF No. 84 denied as premature Plaintiff's motions for leave to serve limited interrogatories on NCMEC (ECF No. 15) and on Meta (ECF No. 54). ECF No. 84 describes those motions as "requests for expedited discovery concerning Defendants National Center for Missing & Exploited Children ('NCMEC') and Meta Platforms, Inc., respectively." ECF No. 84 at 1. ECF No. 84 also denied Plaintiff's motion for leave to file a Second Amended and Supplemental Complaint (ECF No. 59), stating that Plaintiff "has failed" to produce the redline required by ECF No. 64. ECF No. 84 at 2.

Every order listed above was entered after Meta became a party. ECF No. 84 expressly addresses discovery directed to Meta.

## IV. TIMELINESS

Plaintiff was unaware of the reported financial interest when ECF No. 84 was entered on October 7, 2026, and at every earlier point in this action, and promptly presented this Motion after learning of it through the Financial Disclosure Reports database maintained by the Administrative Office of the United States Courts. Ballentine Decl. ¶¶ 2–3. *Kolon Indus. Inc. v. E.I. du Pont de Nemours & Co.*, 748 F.3d 160, 169–71 (4th Cir. 2014), applies the prompt-presentation requirement to motions under § 455(b); the judge's independent obligation under § 455 does not eliminate that requirement.

## V. REQUESTED DETERMINATION

Plaintiff requests that the Court state on the record: (a) whether the asset reported as "FB common stock" on Exhibits A and B is common stock of Meta Platforms, Inc.; (b) whether that interest was held on July 30, 2026, and on each date on which ECF Nos. 62, 63, 64, 65, 82, and 84 were entered; (c) the date and manner of any divestiture; (d) whether the interest is held directly or through a mutual or common investment fund within the meaning of 28 U.S.C. § 455(d)(4)(i); and (e) any other fact the Court considers material to the application of 28 U.S.C. § 455(f).

Upon determination of those facts, Plaintiff requests a determination whether 28 U.S.C. § 455(b)(4) or § 455(a) requires disqualification. If disqualification is required, Plaintiff requests an order of disqualification and the ministerial steps necessary to return or transfer the referred matters through the Court's assignment procedures.

## VI. RELATED PROCEEDINGS

Plaintiff's Rule 72(a) objections to ECF Nos. 63, 64, and 65 (ECF No. 66), Plaintiff's motion to set aside ECF No. 64 (ECF No. 67), and Plaintiff's motion for leave to file a notice of subsequent record development (ECF No. 76) are pending before District Judge Alston. On October 12, 2026, Plaintiff submitted through the Court's Electronic Document Submission System a Notice of Waiver of Oral Argument as to ECF Nos. 66, 67, and 76, requesting determination of those motions on the papers under Local Civil Rule 7(J).

Concurrently with this Motion, Plaintiff submits Rule 72(a) objections to ECF No. 84 and a separate application to District Judge Alston to withdraw or modify the referral and for targeted vacatur of ECF Nos. 64 and 84. Those filings seek the retrospective and case-management remedies. This Motion does not. This Motion asks Judge Davis to determine the statutory disqualification question and the facts on which it depends. Neither this Motion nor the companion filings extends the time to object under Rule 72(a) or replaces any pending objection.

Plaintiff reserves review under Rule 72(a) of any order disposing of this Motion.

## VII. CONCLUSION AND RELIEF REQUESTED

Plaintiff requests that the Court:

A1. Disqualify Magistrate Judge Davis under 28 U.S.C. § 455(b)(4), and alternatively under 28 U.S.C. § 455(a), upon determination of the facts identified in Part V;

A2. State on the record whether the reported interest was held during the challenged participation, the date and manner of any divestiture, and the facts necessary to determine any claimed exception under 28 U.S.C. § 455(f);

A3. Determine this Motion before taking any further substantive action in this matter;

A4. Upon disqualification, return or transfer the referred matters through the Court's assignment procedures; and

A5. Determine this Motion on the papers, in a written disposition sufficient to identify the grounds of decision.

Plaintiff waives oral argument and requests determination on the papers under Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78(b). A Notice of Waiver of Oral Argument under Local Civil Rule 7(E) accompanies this Motion. A proposed order accompanies this Motion.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination;

2. Exhibit A (Financial Disclosure Report, Calendar Year 2025) and Exhibit B (Financial Disclosure Report, Calendar Year 2024);

3. Declaration of Marvelle J. Ballentine in Support of the Motion;

4. Proposed Order of Disqualification and Transfer;

5. Certification Pursuant to Local Civil Rule 83.1(N);

6. Generative Artificial Intelligence Disclosure and Citation Certification; and

7. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination;

2. Declaration of Marvelle J. Ballentine in Support of the Motion;

3. Proposed Order of Disqualification and Transfer;

4. the Certificate of Service accompanying the Motion;

5. the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Motion; and

6. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

**<u>GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION</u>**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*