FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Ivan D. Davis

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE IVAN D. DAVIS UNDER 28 U.S.C. § 455(b)(4) AND § 455(a), AND FOR PRIORITY DETERMINATION**

## I. INTRODUCTION

Magistrate Judge Davis's two most recent annual financial disclosure reports list "FB common stock." Ex. A at 2 (Part VII, line 6); Ex. B at 4 (Part VII, line 6). Each report assigns the holding a year-end value of $15,001 to $50,000. Judge Davis signed the 2025 report on May 14, 2026 and May 26, 2026. Ex. A at 1. "FB" was the trading symbol of Facebook, Inc. Facebook, Inc. is Meta Platforms, Inc. Meta is a defendant in this action.

Plaintiff filed this action on July 30, 2026. Judge Davis has since entered six orders. The last of them, ECF No. 84, denied discovery directed to Meta and denied leave to amend. Section 455(b)(4) requires a magistrate judge who knows that he has a financial interest in a party to

disqualify himself. Section 455(d)(4) defines a financial interest as ownership of a legal or equitable interest "however small." Section 455(e) bars the parties from waiving that ground.

The reports establish the holding at the end of 2024 and at the end of 2025. They do not establish the holding in August, September, or October 2026. The present record cannot resolve that fact. The Court can. This Motion asks that the fact be stated on the record and that the statute be applied to it.

## II. STATEMENT OF FACTS

**A. The disclosure reports.** Exhibit A is the Financial Disclosure Report (AO Form 10) of "Davis, Ivan," Magistrate Judge, U.S. District Court, Virginia Eastern, for calendar year 2025. It bears two electronic signatures: May 14, 2026 at 1:34 p.m. and May 26, 2026 at 9:57 a.m. Ex. A at 1. Each signature follows this certification: "I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief." Id. Part VII, line 6, reads: "FB common stock," income "$1,000 or less," income type "Dividend," gross value "$15,001 - $50,000," value method "Cash/Market." Ex. A at 2. Line 6 reports no transaction. Lines 37 through 40 report sales and purchases of four other securities on August 21, 2025. Ex. A at 3.

Exhibit B is the Financial Disclosure Report of "Davis, Ivan D.," U.S. Magistrate Judge, full-time, for the reporting period January 1, 2024 to December 31, 2024, dated August 18, 2025. Ex. B at 1. Part VII, line 6, reads: "FB common stock," income code A, income type "Dividend," value code K, value method T. Ex. B at 4. The report's legend defines code A as "$1,000 or less," code K as "$15,001 - $50,000," and code T as "Cash Market." Id. Line 6 reports no transaction. The report's certification, signed "s/ Ivan D. Davis," uses the same "accurate, true, and complete to the best of my knowledge and belief" language. Ex. B at 8.

Both reports identify common-stock holdings by trading symbol. Ex. A at 2–3 (lines 4–6, 16–34); Ex. B at 4–6 (lines 4–6, 16–18, 20–35). Both reports list mutual funds and exchange-traded funds as separate line items. Ex. A at 2–3 (lines 2, 3, 11, 12, 18, 35); Ex. B at 4–6 (lines 2, 3, 11, 12, 18, 36). Both reports list an IRA as a separate line item. Ex. A at 3 (line 36); Ex. B at 6 (line 37).

**B. Facebook, Inc. is Meta Platforms, Inc.** The Class A common stock of Facebook, Inc. traded on the Nasdaq Stock Market under the symbol "FB." Meta Platforms, Inc., Annual Report (Form 10-K) for the fiscal year ended Dec. 31, 2021 (filed Feb. 3, 2022) (cover page). On October 28, 2021, Facebook, Inc. amended its certificate of incorporation to change its name to Meta Platforms, Inc. Facebook, Inc., Current Report (Form 8-K) (Oct. 28, 2021); Meta Platforms, Inc., Annual Report (Form 10-K) for the fiscal year ended Dec. 31, 2021 (filed Feb. 3, 2022). In June 2022, the trading symbol for the same Class A common stock changed from "FB" to "META." Meta Platforms, Inc., Annual Report (Form 10-K) for the fiscal year ended Dec. 31, 2022 (filed Feb. 2, 2023) (cover page). Federal courts treat the two names as one company. *Mirror Worlds Techs., LLC v. Meta Platforms, Inc.*, 122 F.4th 860 (Fed. Cir. 2024) (identifying Meta Platforms, Inc. as the company formerly known as Facebook, Inc.).

The reports for 2024 and 2025 continue to describe the asset as "FB common stock." The description supports an inference that line 6 denotes common stock of Meta Platforms, Inc. Plaintiff asks the Court to confirm that inference. Mot. Part V(a).

**C. Meta's party status and Judge Davis's participation.** Meta has been a named defendant since July 30, 2026. ECF Nos. 1, 5. Meta moved to dismiss and filed its corporate disclosure statement on August 21, 2026. ECF Nos. 21, 22, 24. Magistrate Judge Davis is the assigned magistrate judge. Hearings on Plaintiff's motions were set before him on August 25 and September 8, 2026. He entered ECF Nos. 62, 63, and 64 on September 9, 2026; ECF No. 65 on

September 10, 2026; ECF No. 82 on September 22, 2026; and ECF No. 84 on October 7, 2026. ECF No. 84 denied ECF Nos. 15 and 54 as premature, describing them as requests for expedited discovery concerning NCMEC and "Meta Platforms, Inc., respectively," and denied ECF No. 59 for noncompliance with ECF No. 64. ECF No. 84 at 1–2. The docket reflects no disclosure of the reported holding to the parties.

**D. Discovery and submission.** Plaintiff was unaware of the reported financial interest when ECF No. 84 was entered and promptly presented this Motion after learning of it. Ballentine Decl. ¶ 2. Plaintiff retrieved Exhibits A and B from the Financial Disclosure Reports database maintained by the Administrative Office of the United States Courts. *Id.* ¶¶ 3–4.

**E. Related proceedings.** ECF Nos. 66, 67, and 76 are pending before District Judge Alston. On October 12, 2026, Plaintiff submitted through the Court's Electronic Document Submission System a Notice of Waiver of Oral Argument as to ECF Nos. 66, 67, and 76, requesting determination of those motions on the papers under Local Civil Rule 7(J). Concurrently with this Motion, Plaintiff submits Rule 72(a) objections to ECF No. 84 and an application to District Judge Alston concerning the referral and retrospective relief. This Memorandum does not repeat the arguments in those filings.

## III. ARGUMENT

### A. Direct Ownership of Common Stock in a Party Requires Disqualification Under § 455(b)(4).

**1. The statutory elements.** Section 455 applies to "[a]ny justice, judge, or magistrate judge of the United States." 28 U.S.C. § 455(a). Section 455(b)(4) requires disqualification where the judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4). The elements are a covered officer, a financial interest,

knowledge, and a party. Judge Davis is a covered officer. Meta is a party. ECF Nos. 1, 5, 21, 24. The remaining elements are the financial interest and knowledge.

**2. Common stock is a financial interest regardless of amount.** Section 455(d)(4) defines "financial interest" as "ownership of a legal or equitable interest, however small." The Fourth Circuit reads those words as written. "If a judge has an ownership interest in a party or in the subject matter in controversy, it matters not at all whether the interest is a large or infinitesimally small amount." *In re Va. Elec. & Power Co.*, 539 F.2d 357, 368 (4th Cir. 1976). "[I]t is well-established that the ownership of stock constitutes a 'financial interest'" under § 455(b)(4). *Cent. Tel. Co. of Va. v. Sprint Commc'ns Co. of Va., Inc.*, 715 F.3d 501, 515 (4th Cir. 2013) (quoting *Shell Oil Co. v. United States*, 672 F.3d 1283, 1289 (Fed. Cir. 2012)). The Fourth Circuit "read[s] § 455(b)(4) to require a judge who is a stockholder in a party to a case to disqualify himself from participation in the case even when he is not the fact-finder." *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049, 1051 (4th Cir. 1984). *Gladhill* concerned a juror who owned stock in a party. The court cited § 455(b)(4) as the legislative rule confirming that a stockholder in a party may not sit. Id. The reported holding here is common stock. The statute makes its amount irrelevant.

**3. The fund exception does not appear on the face of the reports.** Section 455(d)(4)(i) provides that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." In *Central Telephone*, the judge held the shares in an IRA "along with the assets of many others who hold similar accounts," and the fund managers made the buy and sell decisions "without input from the presiding judge." 715 F.3d at 516. The Fourth Circuit held that the exception applied and that no financial interest existed. Id. The reports here describe line 6 as "common stock." They list the judge's funds separately. They list the judge's IRA separately. Ex. A at 2–3; Ex. B at 4–6. On its

face, line 6 is a direct holding. Whether the stock is held through an arrangement that qualifies under § 455(d)(4)(i) is a fact within Judge Davis's knowledge. The Motion asks that it be stated. Mot. Part V(d).

**4. Knowledge.** Section 455(b)(4) applies when the judge "knows" of the interest. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988). Section 455(c) directs a judge to "inform himself about his personal and fiduciary financial interests." 28 U.S.C. § 455(c). Two facts bear on knowledge. The first is knowledge of the holding. Judge Davis certified on May 14 and May 26, 2026 that the 2025 report was "accurate, true, and complete to the best of my knowledge and belief." Ex. A at 1. He certified the 2024 report in the same terms on August 18, 2025. Ex. B at 8. Those certifications support an inference that Judge Davis knew, as of May 26, 2026, that he had reported holding FB common stock at the close of 2025. The second is knowledge that the issuer is a party. Meta's name appears in the caption of every filing. ECF No. 84 names "Meta Platforms, Inc." and rules on discovery directed to Meta. ECF No. 84 at 1. The docket establishes Meta's participation. Whether Judge Davis connected the reported holding with the party is a fact the Motion asks the Court to state. In *Central Telephone*, the appellant relied on the judge's financial disclosure form to establish knowledge. 715 F.3d at 515. The Fourth Circuit did not reach that question because the fund exception applied. Id. at 516. No fund exception appears here.

**5. Nonwaiver.** Section 455(e) bars a judge from accepting from the parties a waiver of any ground enumerated in subsection (b). "Under § 455(e), the judge may not even accept a waiver of this disqualification from the parties." *Gladhill*, 743 F.2d at 1051; see also *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025 (Fed. Cir. 2022) ("Recusal under § 455(a) may be waived, but recusal under § 455(b) cannot be waived."). Plaintiff offers no waiver. No party can.

### B. Section 455(a) Independently Requires Consideration of Disqualification.

Section 455(a) requires disqualification in any proceeding in which the judge's "impartiality might reasonably be questioned." The test is objective. "The critical question presented by this statute 'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)). The observer is "a person outside the judicial system," and "not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." Id. at 287. Section 455(a) requires no knowledge. Congress "intended to require knowledge under subsection (b)(4) and not to require knowledge under subsection (a)." *Liljeberg*, 486 U.S. at 859. The provision's purpose "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." Id. at 860.

Facts that fall short under § 455(b) remain relevant under § 455(a). "Even where the facts do not suffice for recusal under § 455(b), however, those same facts may be examined as part of an inquiry into whether recusal is mandated under § 455(a)." *In re Certain Underwriter Defs.*, 294 F.3d 297, 306 (2d Cir. 2002). The Second Circuit applied that rule to a district judge whose spouse held stock in a defendant during part of the case. *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024) (per curiam). The record there did not show when the judge learned of the holding, and the court assumed he learned of it only after judgment. The court held that "it is reasonable to question the partiality of a judge presiding over a case in which his spouse holds an ownership interest in a party," and it vacated the judgment. Id. *Litovich* is persuasive authority. Its reasoning applies with greater force to a judge's own reported holding.

*Central Telephone* reached a different result on different facts. There, the shares came into the judge's portfolio through mergers of which he was unaware, were held in an IRA managed by others, and were disclosed to the parties and sold promptly after the judge learned of them. 715 F.3d at 516–17. None of those facts appears here. The reports list the stock as a direct holding. Judge Davis certified the holding in two consecutive annual reports, most recently in May 2026. The docket reflects no disclosure to the parties.

Plaintiff does not contend that any ruling in this action evidences bias. Adverse rulings are not the basis of this Motion. Section 455(a) "forbids more than actual bias." *DeTemple*, 162 F.3d at 286. It asks what an informed outside observer would think of a judge deciding discovery directed to a company whose stock the judge reported owning five months earlier. That observer would question it.

**C. Section 455(f) Does Not Eliminate the Need to Determine the Relevant Facts.**

Section 455(f) relieves a judge of disqualification in defined circumstances. The matter must have been assigned to the judge. The disqualifying interest must appear or be discovered "after the matter was assigned to him or her." Substantial judicial time must have been "devoted to the matter." The interest must be a financial interest in a party "other than an interest that could be substantially affected by the outcome." And the judge must "divest[] himself or herself of the interest that provides the grounds for the disqualification." 28 U.S.C. § 455(f); see *Certain Underwriter*, 294 F.3d at 303. Each condition is a question of fact. The present record does not resolve them.

*Substantial judicial time.* The Second Circuit measures substantial judicial time by "examining the time and effort a district court invests in a matter," not by counting calendar days. *Certain Underwriter*, 294 F.3d at 304. The exception is unavailable "where the docket reflects little time devoted to the matter." Id. at 304–05 (describing *Tramonte v. Chrysler Corp.*, 136 F.3d 1025,

1031–32 (5th Cir. 1998)). The docket shows six orders by Judge Davis between September 9 and October 7, 2026. Each is one or two pages. No hearing was held. ECF Nos. 63, 65. No report and recommendation issued. Whether that participation is "substantial" within § 455(f) is for the Court to determine on the record.

*Appearance or discovery after assignment.* Judge Davis signed the 2025 report on May 14 and May 26, 2026. This action was filed on July 30, 2026. The holding was reported before the assignment existed. The record does not show when, if ever, Judge Davis identified the reported holding as an interest in a party to this action. Plaintiff does not contend that § 455(f) is unavailable merely because the stock was acquired or reported before assignment. Plaintiff contends that the Court must state the timing before § 455(f) can be applied.

*Nature of the interest.* The reported value is $15,001 to $50,000. Plaintiff does not contend that the outcome of this action could substantially affect the value of a holding in that range in a company of Meta's size. This condition does not by itself foreclose § 455(f).

*Divestiture.* The Federal Circuit, reviewing a judgment of this District, held that "to 'divest' oneself of 'ownership' of a legal or equitable interest is possible only if one is 'deprived or dispossesse[d]' of ownership—something that is possible only if the interest is sold or given away." *Centripetal*, 38 F.4th 1025. Placing the stock in a blind trust did not qualify. Id. The court vacated the rulings entered after the judge learned of the interest and directed reassignment, observing that "[a]llowing the same judge to reaffirm his own rulings would severely undermine § 455, which is why cases are routinely reassigned upon vacatur of judgment under § 455." Id. No divestiture appears in this record. Plaintiff does not assume that one occurred. Plaintiff does not assume that none occurred. The Motion asks the Court to state whether one occurred and when. Mot. Part V(c).

Two further points follow. First, divestiture under § 455(f) does not by itself resolve the effect of participation before it. "While Section 455(f) allows a judge to divest a newly-discovered disqualifying interest and continue to preside over a case, that divestiture cannot cure circumstances in which recusal was required years before and important decisions have been rendered in the interim." *Litovich*, 106 F.4th 218 (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 131 (2d Cir. 2003)). Whether curative divestiture is available once "a litigation has advanced to substantive disputes" is "a determination that must be analyzed on a case-by-case basis." *Id.* Second, whether an order entered during a period of disqualification should stand is a separate question from whether the judge may continue. The considerations for that question are "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864. That question is presented to the District Judge in the companion application. It is not presented here.

**D. The Motion Was Presented Promptly After Discovery.**

"Timeliness is an essential element of a recusal motion." United States v. Owens, 902 F.2d 1154, 1155 (4th Cir. 1990). A party "must raise the disqualification of the ... [judge] at the earliest moment after knowledge of the facts." Id. at 1156 (quoting Satterfield v. Edenton-Chowan Bd. of Educ., 530 F.2d 567, 574–75 (4th Cir. 1975)). The rule exists "to prevent waste and delay" and to prevent a party from awaiting an outcome before moving. Id. The Fourth Circuit applies that requirement to motions under § 455(b) as well as § 455(a), and the judge's independent obligation does not excuse a party's delay. *Kolon Indus. Inc. v. E.I. du Pont de Nemours & Co.*, 748 F.3d 160, 169–71 (4th Cir. 2014). Plaintiff was unaware of the reported interest when ECF No. 84 was entered and at every earlier point in this action, and presented this Motion promptly after learning of it, with no intervening ruling. Ballentine Decl. ¶ 2. That presentation satisfies *Owens* and *Kolon*.

### E. The Court Should Determine the Facts, Apply the Statute, and Transfer the Referred Matters If Disqualification Is Required.

The Motion asks for five things. First, a statement on the record of the facts identified in Part V of the Motion: the identity of the issuer, the dates of ownership, any divestiture, the manner of holding, and any fact bearing on § 455(f). Second, a determination whether § 455(b)(4) or § 455(a) requires disqualification on those facts. Third, priority determination, so that no further substantive action is taken before the statutory question is resolved. Fourth, upon disqualification, return or transfer of the referred matters through the Court's assignment procedures. Fifth, a written disposition sufficient to identify the grounds of decision.

The Motion does not ask Judge Davis to vacate any order. Vacatur of ECF Nos. 64 and 84 is requested from District Judge Alston in the companion application, under the considerations identified in *Liljeberg*, 486 U.S. at 864. The Motion does not ask Judge Davis to decide any contested substantive matter after disqualification. The reassignment practice described in *Centripetal* serves the same purpose here: the judge whose participation is questioned does not revisit his own rulings.

## IV. CONCLUSION

Two signed reports identify a holding of FB common stock. FB common stock is Meta common stock. Meta is a party. Judge Davis has entered six orders in this action, one of which decided discovery directed to Meta. Whether the holding continued into that period is the fact on which § 455(b)(4) turns. Section 455(a) requires an objective assessment of the same circumstances, whether or not knowledge is established. The Court should state the facts on the record, apply § 455 to them, disqualify if the statute requires it, and transfer the referred matters through the Court's assignment procedures.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I submitted the foregoing Memorandum in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination, together with the accompanying Certification Pursuant to Local Civil Rule 83.1(N) and Generative Artificial Intelligence Disclosure and Citation Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) the Memorandum in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination; (2) the Certificate of Service accompanying the Memorandum; (3) the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Memorandum; and (4) this Certification Pursuant to Local Civil Rule 83.1(N). This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

**GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*