FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 84 AND MOTION TO SET ASIDE THE AMENDMENT AND DISCOVERY DENIALS AND FOR COORDINATED DETERMINATION OF THE PENDING OBJECTIONS**

Plaintiff Marvelle J. Ballentine objects under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72 to the Order entered October 7, 2026 (ECF No. 84). Local Civil Rule 72 treats these objections as a motion under Local Civil Rule 7. Plaintiff files them in that form. A Memorandum in Support accompanies this Motion under Local Civil Rule 7(F)(1) and states the grounds. Plaintiff incorporates it by reference. No comparison document accompanies this filing.

## I. THE ORDER AND THE TWO DISPOSITIONS CHALLENGED

1. ECF No. 84 was signed by Magistrate Judge Ivan D. Davis and entered October 7, 2026. It makes two dispositions.

2. Discovery. ECF No. 84 denies "as premature" Plaintiff's Motion for Leave to Serve Three Limited Interrogatories on NCMEC before the Rule 26(f) Conference (ECF No. 15) and Plaintiff's Motion for Leave to Serve Four Limited Interrogatories on Meta Platforms, Inc. before the Rule 26(f) Conference (ECF No. 54). ECF No. 84 at 1. The Order states: "At this time, the Court cannot issue an order concerning Plaintiff's Motions because discovery has not officially begun in this case. Pursuant to the Federal Rules of Civil Procedure, discovery officially begins when the District Judge issues a Scheduling Order and currently there is no Scheduling Order in this case." *Id.* at 1–2.

3. Amendment. ECF No. 84 denies Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), and Request for Expedited Determination on the Papers (ECF No. 59). The Order states: "Plaintiff was given ample opportunity to comply with the Court's September 9, 2026 Order [Dkt. No. 64] by producing a redlined Second Amended Complaint but has failed to do so as of the date of this Order." ECF No. 84 at 2.

4. The motions to dismiss filed by NCMEC (ECF No. 10), Meta (ECF No. 21), and Hall (ECF No. 45) remain pending before the District Judge against the First Amended Complaint (ECF No. 5).

## II. THE OBJECTIONS

5. First objection: the discovery ruling rests on a legal premise the rule does not permit. Rule 26(d)(1) bars discovery before the Rule 26(f) conference "except . . . when authorized by these rules, by stipulation, or by court order." ECF Nos. 15 and 54 requested that court order. ECF No. 84 treated the absence of a Scheduling Order and of ordinary discovery as preventing the Court from issuing one. That premise removes the exception the motions invoked. The ruling is contrary to law. It evaluated neither request under any standard for preconference discovery.

6. Second objection: the comparison condition must be reviewed together with its enforcement. ECF No. 64 found that the Court "does not possess sufficient information to issue an Order" on ECF No. 59, and required a marked comparison of the proposed pleading against the original Complaint (ECF No. 1) by September 11, 2026. ECF No. 59 seeks to replace the First Amended Complaint (ECF No. 5), not ECF No. 1. The complete proposed pleading (ECF No. 59-1), a supporting declaration (ECF No. 59-2), and a memorandum identifying the material amendments by category and section (ECF No. 60) were before the Court. Plaintiff's objections to the informational premise, the selected baseline, and the compliance period (ECF Nos. 66, 67, 68) were pending and undecided when ECF No. 84 enforced the condition by denying ECF No. 59.

7. Third objection: the initial failure and the continued nonproduction required assessment against the relief Plaintiff had requested. Plaintiff first received actual notice of ECF No. 64 at about 9:09 p.m. on September 11, 2026, the compliance date. ECF No. 68-1 ¶¶ 3–10. Two days later Plaintiff sought review of the condition, suspension of its enforcement, relief from the expired deadline under Rule 6(b)(1)(B), and a prospective compliance procedure keyed to a ruling on the baseline. ECF No. 67 ¶¶ 6–9. No comparison was produced through October 7, 2026. The requests for relief were never decided. ECF No. 84 treated elapsed time as resolving them. Plaintiff objects to the finding of "ample opportunity" to the extent it rests on a misunderstanding of the notice chronology, and separately objects to the judgment that nonproduction justified denying a completed Rule 15 submission on this record, without a warning in ECF No. 64 and without addressing the less severe course already proposed.

8. Fourth objection: the rulings affect substantial rights. The amendment denial excludes identified allegations and subsequent events from the pleading against which three dismissal motions will be decided. ECF No. 59-1 §§ O, P–S; ECF No. 60 at 7–15. The discovery denials

reject seven closed answers about records Defendants control, on which Defendants' dismissal arguments rely, on the erroneous premise stated in the first objection. Fed. R. Civ. P. 61.

9. Fifth objection: statutory disqualification based on subsequently obtained financial disclosures. Plaintiff separately objects to ECF No. 84 under 28 U.S.C. § 455(b)(4) and § 455(a). The annual financial disclosure reports of Magistrate Judge Davis submitted as Exhibits A and B to the concurrent Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination identify "FB common stock," the reported Meta interest, at year-end 2025 (Exhibit A) and year-end 2024 (Exhibit B). Plaintiff advances continued qualifying ownership during the relevant participation as an inference requiring determination, not as an established fact. Plaintiff was unaware of the reported interest when ECF No. 84 was entered and presents this ground promptly after learning of it. Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis ¶¶ 2–4. Plaintiff requests consideration of that Declaration and Exhibits A and B and vacatur of ECF No. 84 upon the necessary statutory and remedial findings, either on these objections or through the concurrent targeted-vacatur application. This objection supplements, and does not replace, the preceding four objections.

## III. STANDARD OF REVIEW AND ALTERNATIVE CLASSIFICATION

10. The District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The first objection presents legal error. The third presents a factual component and a discretionary component. The second and fourth concern the exercise of discretion and its effect. The fifth presents an additional statutory issue that requires consideration of the financial evidence identified in paragraph 9 and a separate remedial determination under 28 U.S.C. § 455. To the extent the Court treats any portion of ECF No. 84 as dispositive of a claim or defense, Plaintiff

alternatively requests treatment of that portion under 28 U.S.C. § 636(b)(1)(B)–(C) and de novo determination under Rule 72(b)(3). Plaintiff does not contend that ECF No. 84 terminated any claim.

## IV. TIMELINESS, RELATED MATTERS, AND THE INDEPENDENCE OF THESE OBJECTIONS

11. ECF No. 84 was entered October 7, 2026. The Court serves orders on Plaintiff by mail. ECF No. 68-1 ¶ 3. Plaintiff submitted this Motion through the Court's Electronic Document Submission System on October 13, 2026. That submission is within fourteen days of the entry date itself, without the additional time Rule 6(d) provides for mail service. Fed. R. Civ. P. 6(a)(1), 72(a).

12. Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 (ECF No. 66), his Motion to Set Aside ECF No. 64 (ECF No. 67), the Memorandum in Support (ECF No. 68), and his Motion for Leave to File Notice of Subsequent Record Development (ECF No. 76) remain pending before the District Judge. ECF Nos. 66 and 67 remain the vehicle challenging ECF Nos. 63, 64, and 65. These objections challenge ECF No. 84. They do not restart the time to challenge the September orders, and they withdraw nothing stated in ECF Nos. 66, 67, 68, or 76. On October 12, 2026, Plaintiff submitted through the Court's Electronic Document Submission System a Notice of Waiver of Oral Argument as to ECF Nos. 66, 67, and 76, requesting determination of those motions on the papers under Local Civil Rule 7(J).

13. Plaintiff concurrently presents a motion under 28 U.S.C. § 455 concerning the Magistrate Judge's disqualification and a motion to the District Judge for targeted vacatur and withdrawal or modification of the referral. Those applications neither replace these objections nor extend their filing period. The grounds and affirmative relief presented in these objections remain independently maintained.

14. A separate Notice of Waiver of Oral Argument accompanies this Motion and requests determination of these objections, this Motion, and the interim application on the papers. That notice does not waive Plaintiff's pending request to restore oral argument on ECF Nos. 15 and 54. ECF No. 67 ¶ 6(d).

## V. INTERIM RELIEF REQUESTED

15. The filing of Rule 72(a) objections does not itself suspend the order objected to. Plaintiff therefore requests an interim order, in the form of the accompanying Proposed Interim Order, on an expedited basis. Each part is requested separately and may be granted without the others:

(a) suspending enforcement of the comparison condition in ECF No. 64 pending the Court's determination of ECF Nos. 66, 67, 68, and 76 and of these objections;

(b) providing that, while that suspension operates, ECF No. 59 and the proposed pleading at ECF No. 59-1 shall not be denied, stricken, deemed abandoned, excluded, or otherwise adversely treated on the ground of nonproduction of the comparison directed by ECF No. 64;

(c) directing that the amendment-related issues presented in ECF Nos. 66, 67, and 76 and in these objections be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate a claim and that depends on the identity of the operative pleading;

(d) directing that the discovery objections presented here be determined before, or expressly within, any adjudication that relies on the factual premises the interrogatories in ECF Nos. 15-1 and 54-1 address;

(e) preserving the fifth objection and the concurrent targeted-vacatur application for coordinated determination, without treating ownership of the reported interest or disqualification as established; and

(f) expedited consideration of this request.

## VI. RELIEF ON THE OBJECTIONS

16. Plaintiff requests an order, in the form of the accompanying Proposed Order:

(a) sustaining these objections and setting aside the rulings in ECF No. 84 denying ECF Nos. 59, 15, and 54;

(b) granting ECF No. 76 and deeming the Notice at ECF No. 76-1 filed and considered; determining the comparison-related objections in ECF Nos. 66 and 67 and the supporting issues in ECF No. 68; and expressly reserving every other issue presented in ECF Nos. 66, 67, and 68 that the order does not decide;

(c) removing the comparison condition in ECF No. 64 as a prerequisite to consideration of ECF No. 59, and vacating the September 11, 2026 deadline;

(d) granting ECF No. 59 under Rules 15(a)(2) and 15(d); deeming ECF No. 59-1 filed as the Second Amended and Supplemental Complaint and the operative pleading; directing separate docketing; setting the time for responses; and directing how ECF Nos. 10, 21, and 45 will be handled in light of the operative pleading;

(e) alternatively to (d), restoring ECF No. 59 to pending status for determination under Rules 15(a)(2) and 15(d) on its existing authorized submissions, including ECF Nos. 59, 59-1, 59-2, 60, 74, 78, 78-1, 83, and, if leave is granted, 76 and 76-1, without an additional comparison;

(f) granting ECF Nos. 15 and 54 and authorizing service of the interrogatories at ECF Nos. 15-1 and 54-1 on the terms stated in those motions, with answers due seven calendar days after service or within another period the Court directs;

(g) alternatively to (f), restoring ECF Nos. 15 and 54 to pending status for determination under Rule 26(d)(1), with their authorized briefing preserved and their grounds based on the First Amended Complaint intact independently of the disposition of ECF No. 59, including ECF Nos.

15, 15-1, 16, 31, 33, 36, 46, 52, 78, and 78-1 as to ECF No. 15, and ECF Nos. 54, 54-1, 55, 73, and 81 as to ECF No. 54; and

(h) determining the fifth objection in coordination with the concurrent Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief, and identifying in the order which issues are decided, which are reserved, and which are moot because complete relief has been granted on the preceding objections. The pendency of the financial-conflict applications does not prevent the District Judge from granting independently warranted relief on the preceding objections, and Plaintiff requests that relief under paragraphs (a) through (g) without awaiting resolution of the financial-conflict applications.

## VII. POSITIONS PRESERVED

17. Plaintiff maintains that the First Amended Complaint (ECF No. 5) independently states each of its six claims and survives ECF Nos. 10, 21, and 45. Plaintiff maintains his entitlement to amend and to supplement through ECF No. 59. Plaintiff maintains that ECF Nos. 15 and 54 are supported on the First Amended Complaint and the existing record, whether or not leave to amend is granted.

18. Nothing in this Motion revives ECF No. 26, which remains withdrawn (ECF No. 62), or affects ECF Nos. 43, 70, and 71. Nothing in this Motion withdraws the objections in ECF Nos. 66 and 67 concerning the generative-artificial-intelligence provisions, the termination of oral argument, or the remote-appearance motion (ECF No. 41), or resolves them by implication. The hearings previously set on ECF Nos. 15 and 54 were terminated (ECF Nos. 63, 65); Plaintiff's request to restore argument on those motions (ECF No. 67 ¶ 6(d)) remains pending.

## VIII. SUPPORTING RECORD

19. Plaintiff submits with this Motion: the Memorandum in Support; a Proposed Interim Order; a Proposed Order; an Alternative Proposed Order; and a Notice of Waiver of Oral Argument. The first four objections rely on the existing record, including ECF Nos. 68-1, 59-2, and 31 and the docket. The fifth objection additionally relies on the Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis and its Exhibit A (Financial Disclosure Report, Calendar Year 2025) and Exhibit B (Financial Disclosure Report, Calendar Year 2024), submitted with the concurrent disqualification motion and not yet assigned docket numbers.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Interim Order and, upon determination of these objections, the Proposed Order or, in the alternative, the Alternative Proposed Order, granting the relief stated in paragraphs 15 through 16.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections;

2. Proposed Interim Order;

3. Proposed Order;

4. Alternative Proposed Order;

5. Certification Pursuant to Local Civil Rule 83.1(N);

6. Generative Artificial Intelligence Disclosure and Citation Certification; and

7. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections;

2. Proposed Interim Order;

3. Proposed Order;

4. Alternative Proposed Order;

5. the Certificate of Service accompanying the Motion;

6. the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Motion; and

7. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*