**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**[PROPOSED] ORDER ON PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 84 AND ON THE PENDING OBJECTIONS CONCERNING ECF NO. 64**

This matter is before the Court on Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections (ECF No. ___), Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64 (ECF Nos. 66, 67) with the Memorandum in Support (ECF No. 68), and Plaintiff's Motion for Leave to File Notice of Subsequent Record Development (ECF No. 76). Having considered the objections, the briefing, and the record under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), it is hereby

**A. Disposition of the Objections**

ORDERED that Plaintiff's objections to ECF No. 84 are SUSTAINED to the extent set forth in this Order; it is further

ORDERED that the ruling in ECF No. 84 denying Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (ECF No. 59) is SET ASIDE, and the rulings in ECF No. 84 denying Plaintiff's motions for leave to serve limited interrogatories before the Rule 26(f) conference (ECF Nos. 15 and 54) are SET ASIDE; it is further

ORDERED that ECF No. 76 is GRANTED; the Notice at ECF No. 76-1 is deemed filed and has been considered in connection with ECF Nos. 66 and 67; it is further

ORDERED that ECF Nos. 66 and 67 are SUSTAINED to the extent set forth in Part B, and that every other issue presented in ECF Nos. 66, 67, and 68 not expressly decided in this Order remains pending and preserved;

**B. The Comparison Condition and ECF No. 59**

ORDERED that the requirement in ECF No. 64 that Plaintiff provide a comparison of the proposed pleading against the Complaint (ECF No. 1) is VACATED as a condition of consideration of ECF No. 59, and that the September 11, 2026 deadline in ECF No. 64 is of no further effect; it is further

ORDERED that ECF No. 59 is GRANTED under Federal Rules of Civil Procedure 15(a)(2) and 15(d); that the proposed pleading at ECF No. 59-1 is deemed filed as of the date of this Order as Plaintiff's Second Amended and Supplemental Complaint and is the operative pleading in this action; and that the Clerk is DIRECTED to docket ECF No. 59-1 separately as the Second Amended and Supplemental Complaint; it is further

ORDERED that Defendants shall respond to the Second Amended and Supplemental Complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3), unless the Court directs otherwise under the following paragraph; it is further

ORDERED that, within fourteen (14) days of the entry of this Order, each Defendant shall file a statement advising whether it elects to stand on its pending motion to dismiss (ECF No. 10,

21, or 45, as applicable) and supporting memorandum as directed to the Second Amended and Supplemental Complaint, or to file a new response under Rule 15(a)(3). Upon receipt of those statements the Court will direct any further briefing. ECF Nos. 10, 21, and 45 remain pending until so directed;

**C. ECF Nos. 15 and 54**

ORDERED that Plaintiff's motions for leave to serve limited interrogatories before the Rule 26(f) conference (ECF Nos. 15 and 54) are GRANTED under Federal Rule of Civil Procedure 26(d)(1); that Plaintiff may serve on Defendant National Center for Missing & Exploited Children the three interrogatories set out at ECF No. 15-1, and on Defendant Meta Platforms, Inc. the four interrogatories set out at ECF No. 54-1, on the terms stated in those documents; and that each responding Defendant shall serve its answers under oath, limited to "Yes," "No," or "Unable to determine after reasonable inquiry," within seven (7) calendar days after service of the interrogatories. This authorization is limited to the interrogatories identified; it does not open general discovery, and no other discovery is authorized by this Order;

**D. Preservation and Transition**

ORDERED that nothing in this Order revives ECF No. 26, which remains withdrawn (ECF No. 62), or affects ECF Nos. 43, 70, and 71; it is further

ORDERED that the objections in ECF Nos. 66 and 67 concerning the generative-artificial-intelligence provisions of ECF Nos. 63 and 65, the termination of oral argument, and the remote-appearance motion (ECF No. 41) are not resolved by implication and remain pending; Plaintiff's request to restore oral argument on ECF Nos. 15 and 54 is DENIED AS MOOT in light of Part C, without prejudice to the remaining objections; it is further

ORDERED that the Interim Order entered at ECF No. ___ expires upon entry of this Order; it is further

**E. The Fifth Objection and the Financial-Conflict Applications**

ORDERED that the fifth objection presented in Plaintiff's objections to ECF No. 84, which rests on 28 U.S.C. § 455(b)(4) and § 455(a) and on the financial disclosure reports submitted as Exhibits A and B to Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis, is not rejected by implication by the relief granted in Parts A through D, and that Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. ___) remains pending for determination; it is further

ORDERED that the Court will identify, in its order determining Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. ___), which requests presented in the fifth objection and in that motion are decided, which are reserved, and which are moot because complete relief has been granted by this Order; and that nothing in this Order treats ownership of the reported interest during the Magistrate Judge's participation, or disqualification under 28 U.S.C. § 455, as established or as rejected.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff at his address of record and to all counsel of record.

It is so ORDERED.

Alexandria, Virginia
________________, 2026

______________________________
Rossie D. Alston, Jr.
United States District Judge