**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**[ALTERNATIVE PROPOSED] ORDER ON PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 84 RESTORING ECF NOS. 59, 15, AND 54 FOR DETERMINATION**

This matter is before the Court on Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections (ECF No. ___), Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64 (ECF Nos. 66, 67) with the Memorandum in Support (ECF No. 68), and Plaintiff's Motion for Leave to File Notice of Subsequent Record Development (ECF No. 76). Having considered the objections, the briefing, and the record under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), it is hereby

**A. Disposition of the Objections**

ORDERED that Plaintiff's objections to ECF No. 84 are SUSTAINED to the extent set forth in this Order; it is further

ORDERED that the ruling in ECF No. 84 denying ECF No. 59 is SET ASIDE, and the rulings in ECF No. 84 denying ECF Nos. 15 and 54 are SET ASIDE; it is further

ORDERED that ECF No. 76 is GRANTED; the Notice at ECF No. 76-1 is deemed filed and has been considered in connection with ECF Nos. 66 and 67; it is further

ORDERED that ECF Nos. 66 and 67 are SUSTAINED IN PART as set forth in Part B, and that every other issue presented in ECF Nos. 66, 67, and 68 not expressly decided in this Order remains pending and preserved;

**B. ECF No. 59**

ORDERED that ECF No. 59 is RESTORED to pending status for determination under Federal Rules of Civil Procedure 15(a)(2) and 15(d) on its existing authorized submissions, including ECF Nos. 59, 59-1, 59-2, 60, 61, 74, 76-1, 77, 78, 78-1, and 83; it is further

ORDERED that the comparison requirement in ECF No. 64 is VACATED as a condition of consideration of ECF No. 59, that the September 11, 2026 deadline in ECF No. 64 is VACATED, and that no adverse consequence shall attach to ECF No. 59 or to the proposed pleading at ECF No. 59-1 on account of nonproduction of a comparison; it is further

ORDERED that ECF No. 59 shall be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate a claim and that depends on the identity of the operative pleading;

**C. ECF Nos. 15 and 54**

ORDERED that ECF Nos. 15 and 54 are RESTORED to pending status for determination under Federal Rule of Civil Procedure 26(d)(1), on their existing authorized submissions, including ECF Nos. 15, 15-1, 16, 31, 33, 36, 46, 52, 78, and 78-1 as to ECF No. 15, and ECF Nos. 54, 54-1, 55, 73, and 81 as to ECF No. 54; it is further

ORDERED that the grounds for ECF Nos. 15 and 54 based on the First Amended Complaint and the existing record are preserved independently of the disposition of ECF No. 59, and that Plaintiff's request to restore oral argument on those motions (ECF No. 67 ¶ 6(d)) remains pending;

**D. Preservation and Transition**

ORDERED that nothing in this Order revives ECF No. 26, which remains withdrawn (ECF No. 62), or affects ECF Nos. 43, 70, and 71; it is further

ORDERED that the objections in ECF Nos. 66 and 67 concerning the generative-artificial-intelligence provisions of ECF Nos. 63 and 65, the termination of oral argument, and the remote-appearance motion (ECF No. 41) are not resolved by implication and remain pending; it is further

ORDERED that the suspension of the comparison requirement in the Interim Order entered at ECF No. ___ is replaced by Part B of this Order; that the protection in the Interim Order against adverse treatment of ECF No. 59 on the ground of nonproduction continues until ECF No. 59 is determined; and that the sequencing direction in Part B supersedes the corresponding provisions of the Interim Order; it is further

**E. The Fifth Objection and the Financial-Conflict Applications**

ORDERED that the fifth objection presented in Plaintiff's objections to ECF No. 84, which rests on 28 U.S.C. § 455(b)(4) and § 455(a) and on the financial disclosure reports submitted as Exhibits A and B to Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis, is not rejected by implication by the relief granted in Parts A through D, and that Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. ___) remains pending for determination; it is further

ORDERED that the Court will identify, in its order determining Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge

Referral, and Related Interim Relief (ECF No. ___), which requests presented in the fifth objection and in that motion are decided, which are reserved, and which are moot because complete relief has been granted by this Order; and that nothing in this Order treats ownership of the reported interest during the Magistrate Judge's participation, or disqualification under 28 U.S.C. § 455, as established or as rejected.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff at his address of record and to all counsel of record.

It is so ORDERED.

Alexandria, Virginia
________________, 2026

______________________________
Rossie D. Alston, Jr.
United States District Judge