FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 84 AND MOTION TO SET ASIDE THE AMENDMENT AND DISCOVERY DENIALS AND FOR COORDINATED DETERMINATION OF THE PENDING OBJECTIONS**

## I. ECF NO. 84 TREATED THE RULE 26(d)(1) EXCEPTION AS UNAVAILABLE AND DENIED A COMPLETED AMENDMENT SUBMISSION FOR NONPRODUCTION OF A COMPARISON

ECF No. 84 denied ECF Nos. 15 and 54 on the stated ground that discovery had not begun and would not begin until a Scheduling Order issued. ECF No. 84 at 1–2. ECF Nos. 15 and 54 asked for one thing: an order under Rule 26(d)(1) authorizing seven interrogatories before the Rule 26(f) conference. Rule 26(d)(1) permits discovery before that conference "when authorized . . . by court order." The motions invoked that clause. The Order treated the exception as absent. Part III quotes the Order's reasoning and answers it.

The same Order denied ECF No. 59 for nonproduction of the comparison directed by ECF No. 64. ECF No. 84 at 2. Plaintiff produced no comparison through October 7, 2026. He states that without qualification. The objection concerns what that fact justified on this record. The complete proposed pleading and a memorandum locating its material changes were on the docket; the comparison condition was under timely challenge before this Court; relief from the expired deadline was pending; and further amendment briefing had been accepted. ECF Nos. 59-1, 60, 66, 67, 68, 82. None of those requests was decided. ECF No. 84 disposed of them by denying the motion they concerned.

Plaintiff asks the Court to set aside both rulings, to decide the comparison condition together with the September objections, and to grant ECF Nos. 59, 15, and 54 on their existing submissions or restore them for determination under the correct frameworks. Plaintiff separately objects to ECF No. 84 on a ground that arose from financial disclosure reports he obtained after its entry; Part IX states that objection. Plaintiff submits no comparison with this filing.

## II. EACH RULING IS REVIEWED UNDER THE STANDARD THAT GOVERNS IT, AND THE OBJECTIONS ARE TIMELY

### A. The standard separates legal premises, factual findings, and the exercise of discretion.

The District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The Fourth Circuit applies that text to nondispositive orders, and a court abuses its discretion "when it relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 214, 217, 220 (4th Cir. 2022) (quoting *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012)). *Wall* vacated a judgment entered after Rule 72(a) objections were overruled by implication without resolution of the issues they raised. *Id.* at 216–18.

Three kinds of error are presented. The first is legal: the premise that the absence of a Scheduling Order and of ordinary discovery forecloses a Rule 26(d)(1) order. The second is factual, to the extent the finding of "ample opportunity" rests on a misunderstanding of when Plaintiff received notice of ECF No. 64. The third concerns discretion: whether denial of a completed amendment submission was a permissible response to nonproduction on this record. Each is addressed under its own standard.

**B. The objections are timely.**

Rule 72(a) requires objections within 14 days after service. ECF No. 84 was entered October 7, 2026. The Court serves orders on Plaintiff by mail. ECF No. 68-1 ¶ 3. Plaintiff submitted these objections on October 13, 2026. That submission is within fourteen days of the entry date itself, without the additional time Rule 6(d) provides for mail service. Plaintiff does not rely on the later date.

**C. Alternative classification.**

Amendment and preconference discovery are pretrial matters within § 636(b)(1)(A). Plaintiff presents these objections under Rule 72(a). To the extent the Court treats any portion of ECF No. 84 as dispositive of a claim or defense, Plaintiff alternatively requests treatment of that portion under 28 U.S.C. § 636(b)(1)(B)–(C) and de novo determination under Rule 72(b)(3). Plaintiff does not contend that ECF No. 84 terminated any claim. The proposed pleading adds no defendant, no cause of action, and no category of relief; it retains the six-count structure of the First Amended Complaint. ECF No. 59 ¶¶ 3–6.

**D. The concurrent applications do not replace these objections.**

Plaintiff concurrently presents a motion under 28 U.S.C. § 455 concerning the Magistrate Judge's disqualification and a motion to the District Judge for targeted vacatur and withdrawal or modification of the referral. Those applications neither replace these objections nor extend their

filing period. The grounds and affirmative relief presented in these objections remain independently maintained. Rule 72(a) provides that a party "may not assign as error a defect in the order not timely objected to." These objections are filed within the Rule 72(a) period and preserve every defect identified here.

## III. THE DISCOVERY MOTIONS INVOKED AUTHORITY THAT ECF NO. 84 TREATED AS UNAVAILABLE

### A. The Order's stated reason is categorical, and the rule contains the exception the motions invoked.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The first clause states the restriction. The last clause states the exception. Both Defendants quoted that exception in their oppositions. ECF No. 33 at 3; ECF No. 73 at 2. Their dispute concerned entitlement, not the existence of authority.

ECF No. 84 did not decide entitlement. It stated: "At this time, the Court cannot issue an order concerning Plaintiff's Motions because discovery has not officially begun in this case. Pursuant to the Federal Rules of Civil Procedure, discovery officially begins when the District Judge issues a Scheduling Order and currently there is no Scheduling Order in this case." ECF No. 84 at 1–2. The rule keys its restriction to the Rule 26(f) conference, not to a Scheduling Order, and excepts a court order from the restriction. A court may evaluate a request for that order and decline it. A court may not treat the restriction as the answer to a request for the exception. A ruling that "relies on erroneous factual or legal premises" is contrary to law. *Wall*, 42 F.4th at 220. Plaintiff contends only that the Order's expressed reason is categorical.

### B. The requests are closed, limited, and directed to records only Defendants hold.

ECF Nos. 15 and 15-1 propose three interrogatories to NCMEC. Each asks whether one of the two CyberTipline reports referenced in NCMEC's April 22, 2026 letters, "as originally received by NCMEC," contained or otherwise identified "Marvelle J. Ballentine," "Jay Ballentine," or jaychizza@icloud.com. Each excludes information supplied by Plaintiff in the April 9, 2026 materials, court filings, public sources, and information obtained or added after original receipt.

ECF Nos. 54 and 54-1 propose four interrogatories to Meta. They ask whether, between July 1, 2022 and April 22, 2026, Meta submitted to NCMEC a CyberTipline report in connection with the Facebook account associated with Plaintiff and terminated on or about July 4, 2022, and whether any such report contained or otherwise identified each of the three identifiers. A Meta submission is not assumed to be either report referenced in NCMEC's letters.

The same limitations govern both sets. Answers are limited to "Yes," "No," or "Unable to determine after reasonable inquiry." No explanation, report content, report-by-report mapping, or determination of personal identity from a name alone is requested. Each motion asks that answers be served within seven calendar days after service. ECF No. 15 at 2–3; ECF No. 54 at 3. Neither motion seeks the reports, depositions, documents, metadata, or any follow-up discovery. An answer of "Unable to determine" fixes one fact about the state of the responding party's records and establishes nothing about liability.

**C. The existing showing supports authorization.**

The April 22, 2026 letters associated two CyberTipline reports with the three identifiers Plaintiff had supplied in his April 9, 2026 materials, joined by "and/or." ECF No. 60 at 8; ECF No. 59-1 § J. NCMEC's dismissal memorandum asserts that the statements in the letters are true, states that Plaintiff "does not have access to those reports," and describes the asserted linkage as involving Plaintiff, "a person with the same name," or an e-mail address. ECF No. 74 at 5

(describing ECF No. 11); ECF No. 59-1 ¶ 160; ECF No. 60 at 8. NCMEC seeks dismissal with prejudice, and its opposition to amendment states that "[n]o allegations Plaintiff can make can change that fact." ECF No. 11 at 17; ECF No. 74 at 5. One informational gap does two jobs. NCMEC invokes the reports' contents to defeat the claims and invokes Plaintiff's inability to inspect the reports to defeat any challenge. ECF No. 78-1 at 1–2. The three answers test the first use without requiring production of anything.

Meta's position is parallel. Meta's dismissal briefing characterizes the conspiracy allegations as implausible. ECF No. 73 at 3–4 (describing ECF Nos. 21, 22, 39). Whether Meta submitted a CyberTipline report concerning the account terminated July 4, 2022, and what identifiers any such report carried, are facts in Meta's records, and Meta seeks dismissal with prejudice while those facts remain there. ECF No. 59-1 ¶ 215; ECF No. 81 at 2–6; ECF No. 55 at 4–7.

Plaintiff's own knowledge is on the record. Before April 22, 2026, he never used the name "Marvelle J. Ballentine" on any Meta account; the Facebook account associated with the July 4, 2022 enforcement event was maintained under the name "Jay Ballentine"; and he supplied his legal name in the April 9, 2026 materials because it is the name under which the two federal actions were pending. ECF No. 31; ECF No. 59-2 ¶¶ 2–10; ECF No. 60 at 7–8. That declaration supplies the factual basis for each interrogatory.

Timing is the reason for the request now. If dismissal with prejudice is entered on the premise of what the reports establish and Plaintiff's inability to inspect them, no later discovery occurs. ECF No. 16 at 4–7; ECF No. 55 at 4–7; ECF No. 78-1 at 4–6; ECF No. 81 at 2–6. No Defendant identified a specific burden or asserted a privilege against answering. ECF No. 81 at 6.

**D. The actual oppositions do not supply the reason ECF No. 84 stated.**

NCMEC argued that Plaintiff's "request for discovery is to ascertain whether he has a viable claim." ECF No. 33 at 3. The First Amended Complaint states its claims without the answers. The requests test an affirmative factual representation on which NCMEC seeks dismissal with prejudice.

Meta argued that a Rule 12(b)(6) motion tests only the sufficiency of the allegations, so discovery "would have no bearing" on its motion. ECF No. 73 at 4–5. Defendants' motions do not confine themselves to sufficiency. They assert the truth of the letters and Plaintiff's lack of access as grounds. The answers bear on whether those assertions may be accepted at this stage. Authorization of early discovery and use of any resulting answer in deciding a pleading motion are separate questions.

Meta urged a modified preliminary-injunction test. ECF No. 73 at 3. Plaintiff has argued that a reasonableness or good-cause inquiry governs. ECF No. 16 at 4–7; ECF No. 55 at 4–7; ECF No. 81 at 2–6. Under either formulation the court evaluates the request. ECF No. 84 evaluated nothing. Plaintiff preserves his alternative showing under the stricter approach: the First Amended Complaint pleads each claim in detail, and the harm from denial is a dismissal with prejudice entered on an untested factual premise.

Meta noted that discovery was stayed in the earlier action, No. 1:26-cv-01341, pending NCMEC's motion to dismiss there, and argued that Plaintiff may seek discovery later if his claims survive. ECF No. 73 at 5. The earlier action was voluntarily dismissed, and a stay of general discovery entered on that record does not decide a request for seven closed answers in this one. ECF No. 84 did not rely on it. The requests are directed to the premise on which dismissal with prejudice is sought. A ruling on that premise before the answers exist is the harm the timing argument identifies.

**E. Relief and independence.**

Plaintiff requests that the Court authorize the interrogatories on the existing showing. Alternatively, Plaintiff requests that the Court set aside the denials and direct determination of ECF Nos. 15 and 54 under Rule 26(d)(1), preserving their briefing. Both motions rest on the First Amended Complaint and the existing record, and the requested answers remain supported whether or not leave to amend is granted. ECF Nos. 16, 55.

## IV. THE RECORD BEFORE ECF NO. 84 CONTAINED A COMPLETED SUBMISSION AND UNRESOLVED REQUESTS CONCERNING THE CONDITION

**September 7–8.** Plaintiff submitted the motion for leave to amend and supplement through the Electronic Document Submission System on September 7, 2026. ECF No. 68-1 ¶ 5. The Clerk docketed it September 8 as ECF No. 59, with the complete proposed Second Amended and Supplemental Complaint (ECF No. 59-1), a supporting declaration (ECF No. 59-2), a memorandum identifying the material amendments by category and section (ECF No. 60), and a notice waiving oral argument and requesting determination on the papers (ECF No. 61).

**September 9.** ECF No. 64 found that the Court "does not possess sufficient information to issue an Order on this matter." It directed Plaintiff to provide "a redlined version of the Amended Complaint [Dkt. Nos. 59-1, 60-1], no later than September 11, 2026," that "must clearly indicate the changes, deletions, and additions that were made to Plaintiff's Complaint [Dkt. No. 1]." ECF No. 64. It stated no consequence for nonproduction.

**September 11.** Plaintiff first learned of ECF No. 64 at about 9:09 p.m. Eastern Time, through a CourtListener docket alert. ECF No. 68-1 ¶¶ 8–9. Plaintiff is not a registered CM/ECF user and receives court orders by mail; no mailed copy had arrived as of September 13. *Id.* ¶¶ 3, 10.

**September 13–14.** Plaintiff submitted his objections to ECF Nos. 63–65 and his motion to set aside ECF No. 64 on September 13. ECF No. 67 ¶ 5. The Clerk docketed them September 14. ECF Nos. 66, 67, 68, 68-1. They objected to the information-sufficiency finding, the comparison against ECF No. 1, and the September 11 deadline. ECF No. 67 ¶ 1. They requested suspension of enforcement during review, relief from the expired deadline under Rule 6(b)(1)(B), and, if a comparison requirement were sustained, an order identifying the baseline with seven calendar days after actual notice to comply. ECF No. 67 ¶¶ 6(b), 7; ECF No. 68 at 3–12.

**September 18.** NCMEC and Hall opposed amendment. ECF No. 74. The opposition stated that "Plaintiff's failure to timely file the ordered document is understandable based on his representations as to not receiving notifications," reported that counsel "has been unable to 'reverse-engineer' a redline comparison of the two documents via either Adobe or Word," and requested "the opportunity to supplement or amend this Opposition, if and when Plaintiff submits the redline version." ECF No. 74 at 4. Plaintiff sought leave to present the comparison-difficulty statement in connection with the pending objections. ECF No. 76 (submitted September 18, docketed September 22).

**September 22.** ECF No. 82 accepted ECF Nos. 78 and 78-1 as a reply to both NCMEC's discovery opposition (ECF No. 33) and NCMEC and Hall's amendment opposition (ECF No. 74). Meta opposed amendment the same day. ECF No. 83.

**October 7.** ECF No. 84 denied ECF No. 59 for nonproduction "as of the date of this Order" and denied ECF Nos. 15 and 54 as premature. The docket reflects no determination of ECF Nos. 66, 67, or 76, of the suspension request, or of the Rule 6(b)(1)(B) request before that date. On October 12, 2026, Plaintiff submitted a Notice of Waiver of Oral Argument as to ECF Nos. 66, 67,

and 76, requesting determination of those motions on the papers under Local Civil Rule 7(J). That submission postdates ECF No. 84.

ECF No. 82 has one significance here. Plaintiff does not contend that it extended the deadline, suspended ECF No. 64, or authorized withholding the comparison. He contends that the amendment motion was treated as live and briefed on its merits through September 22, and was then denied without reaching them.

## V. THE COMPARISON CONDITION MUST BE EVALUATED AGAINST THE SUBMITTED INFORMATION AND THE SELECTED BASELINE

### A. The stated premise was insufficient information, and the record supplied substantial information.

ECF No. 64 rests on one finding: the Court "does not possess sufficient information to issue an Order on this matter." Four documents were before the Court when that finding was made. The proposed pleading was filed in full; it runs 297 paragraphs. ECF No. 59-1; ECF No. 74 at 2. A declaration supporting the new account-name allegations was filed. ECF No. 59-2. A twenty-page memorandum stated that the proposed pleading "does five principal things" and located each by section. ECF No. 60 at 2–3, 7–14. The pleading to be replaced was on the docket. ECF No. 5. ECF No. 60 does not display every wording change. It identifies the material amendments by category and section. The additional requirement should be assessed against that information.

### B. The selected baseline combines two sets of changes.

ECF No. 59 seeks to replace the First Amended Complaint. ECF No. 5; ECF No. 59 ¶ 3. ECF No. 64 required comparison against the original Complaint. ECF No. 1. A comparison against ECF No. 1 displays the amendments made when the First Amended Complaint was filed and the amendments now proposed, merged. It does not isolate the changes the motion asks the Court to evaluate. The required document would not supply the information a comparison exists to supply. ECF No. 68 at 8–12. Plaintiff does not contend that a historical comparison can never serve a case-

management purpose. He contends that this cumulative comparison was not the appropriate prerequisite to considering this motion on this record.

**C. The governing limits on case-specific procedural directions.**

A judge "may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b). The same rule provides that "[n]o sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement." *Id.* The Supreme Court has identified two limits on a court's case-management power: the exercise must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice, and "the power cannot contradict any express rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016).

Plaintiff does not contend that the Magistrate Judge lacked authority to request a comparison. Plaintiff had actual notice of the direction as of 9:09 p.m. on September 11, so the actual-notice condition in Rule 83(b) does not by itself defeat the October 7 denial. Its function is to secure an opportunity to comply before a disadvantage attaches. The opportunity actually afforded is the subject of Part VI.

**D. The connection between the requirement and the denial.**

The requirement added a cumulative document measured against a superseded pleading, with two days to produce it, and the consequence attached was exclusion of the completed submission from consideration. The question is whether the informational value of the additional document, measured against what the Court already had, justified withholding consideration of ECF No. 59 when the condition was under challenge, relief from its deadline was pending, and a prospective procedure had been proposed. ECF No. 84 does not address that question.

## VI. THE ORIGINAL DEADLINE AND THE LATER NONPRODUCTION REQUIRE DIFFERENT ASSESSMENTS

ECF No. 84 found that Plaintiff "was given ample opportunity to comply." ECF No. 84 at 2. The finding spans September 9 through October 7. Two periods inside it present different questions.

### A. The initial opportunity ended late on the compliance date.

ECF No. 64 was entered Wednesday, September 9. It set a deadline of Friday, September 11. Plaintiff first received actual notice at about 9:09 p.m. on September 11. ECF No. 68-1 ¶¶ 8–9. The preparation opportunity remaining after actual notice was the remainder of that evening. NCMEC's own opposition states that "Plaintiff's failure to timely file the ordered document is understandable based on his representations as to not receiving notifications." ECF No. 74 at 4. Plaintiff uses that concession for the initial period only; it is not a concession of excusable neglect or an excuse extending to October 7.

### B. Relief from the expired deadline was requested within two days and was never decided.

Rule 6(b)(1)(B) permits an extension after a deadline has expired "if the party failed to act because of excusable neglect." The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice," "the length of the delay and its potential impact on judicial proceedings," "the reason for the delay, including whether it was within the reasonable control of the movant," and "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fourth Circuit treats the reason for the delay as "[t]he most important of the factors." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). Plaintiff requested Rule 6(b)(1)(B) relief on September 13. ECF No. 67 ¶ 7; ECF No. 68 at 7–8. Each factor is renewed here.

*Prejudice.* No opposition to ECF No. 59 was due on September 11. No Defendant has identified harm from the timing of a comparison. NCMEC's opposition describes the document as one that "would allow the litigants and the Court the opportunity to easily see what changes have been made," and asks to supplement its opposition "if and when" a comparison is filed. ECF No. 74 at 4. That is a request for convenience and a workable course, not a claim of prejudice.

*Length and impact.* The interval between actual notice and the request for relief was two days. Less than three hours remained in the compliance date when actual notice arrived. ECF No. 68-1 ¶¶ 8–9. The amendment motion remained the subject of authorized briefing through September 22. ECF No. 82.

*Reason and reasonable control.* The reason for the initial failure is sworn. Plaintiff receives orders by mail and supplements mail service with periodic docket review; he was unwell from about September 7 through the afternoon of September 11 and directed that no review occur during that period. ECF No. 68-1 ¶¶ 3–6, 10. The method and timing of the Court's service were outside Plaintiff's control. The decision not to review the docket during the sworn period of illness was his. The combination left no meaningful opportunity to comply before the deadline expired.

*Good faith.* Plaintiff disclosed the chronology under oath, sought relief within two days, and proposed a specific compliance procedure. ECF No. 67 ¶ 7; ECF No. 68-1. The request was never ruled on. ECF No. 84 did not deny it. ECF No. 84 proceeded as though it had been denied.

### C. The continued nonproduction is acknowledged, and it did not by itself establish that denial was the appropriate consequence.

No comparison was produced between September 11 and October 7. Plaintiff states that without qualification. Objections to a nondispositive order do not stay it. *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584–85 (E.D. Va. 2010) ("[T]here is no support for the contention that a magistrate judge's order on a nondispositive motion . . . is automatically stayed

upon timely filing of an objection to that order.”). ECF No. 64 remained enforceable throughout the period. Plaintiff does not contend otherwise.

What occurred in that period is established by the chronology in Part IV: review of the condition was sought, relief from the deadline and a prospective procedure were requested, counsel’s comparison-difficulty statement was presented, and further briefing was accepted. Those requests did not excuse compliance. They bear on the appropriate response to noncompliance. A party whose request for relief from a deadline is pending has not been told that the request is denied, has not been told that a different deadline applies, and has not been told what consequence will follow. ECF No. 84 supplied all three answers at once, by denying the motion.

*Plant* recommended sanctions against a party that had repeatedly failed to respond to discovery after objections with no staying effect. 711 F. Supp. 2d at 584–86. It did not hold that every period of noncompliance during pending objections requires the most consequential available response. *Plant* marks the difference between enforceability, which Plaintiff concedes, and the selection of a consequence, which is the question here. Elapsed time neither resolved the pending requests nor established that exclusion of the completed submission was the appropriate consequence. ECF No. 84 treated it as doing both.

**D. ECF No. 59 should be determined on the existing submission.**

Plaintiff requests that ECF No. 59 be determined on the existing complete submission without an additional comparison. The proposed pleading, the supporting declaration, and the memorandum locating the material amendments by category and section are on the docket. ECF Nos. 59-1, 59-2, 60. Any order setting aside the denial should expressly vacate the comparison requirement and the September 11 deadline, so that the restored motion is not subject to the same condition.

## VII. THE STATED PROCEDURAL REASON SHOULD NOT EXCLUDE THIS AMENDMENT-AND-SUPPLEMENTATION SUBMISSION

### A. Both forms of leave were requested, and each requires a reason bearing on the request.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) permits a supplemental pleading for events "that happened after the date of the pleading to be supplemented," and the standards for the two motions "are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

*Foman* does not exempt a movant from valid procedural orders. It requires that a denial rest on an apparent or declared reason that justifies it. Plaintiff does not contend that noncompliance with a procedural direction can never justify denying leave. He contends that nonproduction of this cumulative comparison, on the record stated in Parts IV through VI, did not justify excluding this completed submission.

The nature and timing of the proposed changes bear on every Rule 15 factor. The proposed pleading adds no defendant, no cause of action, and no category of relief; it retains the six counts of the First Amended Complaint. ECF No. 59 ¶¶ 3–6. It strengthens the falsity allegations, incorporates post-filing events, and adds factual support to existing counts. ECF No. 60 at 2–3. It was submitted on September 7, twenty-six days after the first dismissal motion, before any answer,

Rule 26(f) conference, discovery, or Scheduling Order. ECF No. 84 at 1–2. The supplemental matter concerns events after August 6, 2026. ECF No. 59 ¶ 5.

**B. No warning preceded the consequence, and a less severe course was already on the docket.**

ECF No. 64 did not state that nonproduction would result in denial of ECF No. 59. The Fourth Circuit, upholding a dismissal under Rule 41(b), treated the magistrate judge's "explicit warning that a recommendation of dismissal would result from failure to obey his order" as "a critical fact," while observing that "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). *Ballard* upheld the consequence imposed. Plaintiff relies on it by analogy for one point: the presence or absence of a warning bears on whether the consequence selected was the appropriate one among those available.

The consequence here is stated accurately. ECF No. 84 did not dismiss any claim. It excluded the proposed pleading from consideration and withheld decision on the proposed allegations, with the result that three dismissal motions will be decided against a pleading Plaintiff moved to replace. A less severe course was on the docket: identify the baseline, set a compliance period, and preserve the completed submission for decision. ECF No. 67 ¶ 7. NCMEC itself proposed to supplement its opposition "if and when" a comparison was filed. ECF No. 74 at 4. ECF No. 84 does not state why that course was rejected. It does not mention it.

**C. Delay, litigation history, and prejudice do not supply the missing reason.**

NCMEC describes the proposed pleading as "Plaintiff's fifth version of a complaint as to this dispute" and states that it "will be forced to file a third motion to dismiss." ECF No. 74 at 1 & n.1, 2, 6. Meta adopts those arguments, counts "12 distinct complaints against Meta across four different courts" since September 2025, and characterizes the motion as part of a "strategy of seeking repeated amendments to delay decision on motions to dismiss." ECF No. 83 at 1–2. The

Rule 15 inquiry turns on "the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment "is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred," and "[d]elay alone . . . is an insufficient reason to deny" leave. *Id. Foman* lists "repeated failure to cure deficiencies by amendments previously allowed." 371 U.S. at 182. The categories Defendants combine are different.

NCMEC's count merges a pleading filed in a different action, a motion to amend in that action that was never decided, the original Complaint here, the First Amended Complaint here, and the proposed pleading. ECF No. 74 at 1 n.1, 2. In this action, one amended pleading was filed as of right before any responsive pleading. ECF No. 5; ECF No. 74 at 2. One motion to supplement was withdrawn before decision, and its proposed allegations were consolidated into the single pleading now proposed. ECF Nos. 26, 62; ECF No. 59 ¶ 5. No amendment in this action has been allowed by leave, and no court has found a deficiency in any pleading concerning the April 22, 2026 letters. The proposed pleading is the first request for leave to amend in this action.

The record contradicts the delay characterization. ECF No. 59 requested expedited determination on the papers with oral argument waived, and Plaintiff moved to vacate the hearing on NCMEC's dismissal motion so that it would be decided on the papers. ECF Nos. 42, 50, 59, 61. Those are requests for decision, not for delay. Meta's count of complaints in other courts concerns actions about the disablement of Plaintiff's Facebook account, a subject on which the proposed pleading predicates no claim. ECF No. 59-1 ¶ 23. The question under Rule 15 is the effect of this amendment in this action.

The asserted prejudice is the expense of responding to the operative pleading. Every defendant responds to the operative pleading, and NCMEC asserts that the proposed changes do

not affect the grounds in its pending motion. ECF No. 74 at 6. No discovery has occurred, no Scheduling Order exists, and no trial date is set. ECF No. 84 at 1–2. The nature of the amendment and its timing decide the question. *Laber*, 438 F.3d at 427. NCMEC's alternative request that leave await rulings on the dismissal motions, ECF No. 74 at 7, would decide those motions against allegations Plaintiff has already moved to replace. That is the sequence Part X asks the Court to avoid.

**D. Counsel's comparison statement is used within its limits.**

NCMEC's counsel reported an inability to "reverse-engineer" a comparison of the two pleadings with ordinary software. ECF No. 74 at 4. Plaintiff does not treat the statement as a concession that a comparison is impossible, and does not offer it as the reason for nonproduction after September 11. He offers it for one proposition: the party that supported the requirement reported that ordinary tools would not generate the document. That bears on the preparation burden and on the reasonableness of a two-day period of which under three hours remained after actual notice.

## VIII. THE EXCLUDED ALLEGATIONS MATTER, AND THE ASSERTED MERITS GROUNDS DO NOT ESTABLISH FUTILITY

Rule 61 directs the Court to disregard errors "that do not affect any party's substantial rights." These do.

**A. The denial excludes identified allegations from the pleading against which dismissal will be decided.**

The proposed pleading adds account-name practices and source-level identification: Plaintiff never used "Marvelle J. Ballentine" on any Meta account; the account was maintained as "Jay Ballentine"; and on information and belief neither report, as originally received, identified Plaintiff by that name or concerned him personally. ECF No. 59-1 § S (¶¶ 211–215); ECF No. 59-2 ¶¶ 2–10; ECF No. 60 at 7–8. Counts I, II, and VI incorporate § S. ECF No. 59-1 ¶¶ 216, 238, 288. It

adds subsequent statements and events bearing on knowledge and continuing positions, § O (¶¶ 157–173); the objective, means, overt acts, and injury supporting the § 1985(2) count, §§ P–R and ¶¶ 269–278; continuing severe emotional distress, ¶ 268; and source-level and person-level falsity and defamatory implication supporting Counts I, II, and VI, §§ J, K, S and ¶¶ 291–292. ECF No. 60 at 8–15.

Plaintiff maintains that the First Amended Complaint is independently sufficient. The effect of exclusion is that ECF Nos. 10, 21, and 45 will be decided without the allegations above, on a pleading Plaintiff moved to replace before any of those motions was decided.

**B. Each asserted ground is answered on the proposed pleading.**

ECF No. 84 did not reach futility. Defendants assert it, and it was briefed. ECF No. 74 at 4–6; ECF No. 83 at 2–3; ECF No. 60 at 11–14; ECF No. 78-1. If the Court considers a ground not raised in those submissions, Plaintiff requests an opportunity to address it. On NCMEC's framing of futility as inability to survive a motion to dismiss, ECF No. 74 at 3, each ground turns on facts the proposed pleading alleges.

*Litigation privilege.* NCMEC asserts that the letters "were made in a subpoena response." ECF No. 74 at 6. The proposed pleading alleges that no subpoena had been served, that no court order required a response, that the letters were addressed to Plaintiff alone and were not copied to any court or counsel or filed in either action, and that a motion to stay discovery had been filed in each referenced action the day before. ECF No. 59-1 ¶ 261; ECF No. 60 at 11–12. A Rule 12(b)(6) motion "generally cannot reach the merits of an affirmative defense," and may do so only if all facts necessary to the defense "clearly appear[] on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). The absence of compelled process is the pleaded fact on which the scope of protection turns, and the proposed pleading alleges it against the defense.

*Statutory immunity*. NCMEC invokes 18 U.S.C. § 2258D and 34 U.S.C. § 20505. ECF No. 11 at 7–8. As NCMEC describes them, § 2258D reaches claims arising from the performance of NCMEC's CyberTipline functions and does not apply where NCMEC engaged in intentional misconduct, acted with actual malice, acted "for a purpose unrelated to the performance of any responsibility or function" under the identified statutes, or acted with reckless disregard of a substantial risk of causing injury; and § 20505 does not apply where the plaintiff shows actual malice or an unrelated purpose. *Id.* at 7. The proposed pleading alleges that the claims do not challenge NCMEC's receipt, maintenance, or lawful referral of CyberTipline reports, and that the letters were not CyberTipline reports or referrals and were not made under any function described in 18 U.S.C. §§ 2258A, 2258B, or 2258C. ECF No. 59-1 ¶ 23, § I; ECF No. 60 at 11–12. It pleads the statutory exceptions in the alternative, including Hall's knowledge, intent, and recklessness and the litigation-directed purpose alleged in Sections N and P. ECF No. 60 at 12; ECF No. 59-1 ¶¶ 237, 259, 174–176. Both provisions require the Court first to classify the letters as performance of a covered function and then to resolve state of mind and purpose. The proposed pleading alleges each of those facts against immunity.

*Falsity*. NCMEC asserts that Plaintiff "cannot plausibly assert falsity, because he does not have access to those reports." ECF No. 74 at 5. The proposed pleading separates three propositions. The source-level proposition is that neither report, as originally received, contained or identified "Marvelle J. Ballentine." The person-level proposition is that neither report concerned Plaintiff personally. The implication proposition concerns what the letters' wording and omissions conveyed. ECF No. 59-1 ¶¶ 213–214, §§ J, K; ECF No. 60 at 8. The first two are pleaded on information and belief, supported by Plaintiff's sworn personal knowledge that he never used that name on any Meta account and that the account was maintained as "Jay Ballentine," and by

NCMEC's own description of the linkage as involving Plaintiff, "a person with the same name," or an e-mail address. ECF No. 59-1 ¶¶ 160, 215; ECF No. 59-2 ¶¶ 2–10. Allegations "pled on information and belief are not categorically insufficient to state a claim for relief where the proof supporting the allegation is within the sole possession and control of the defendant . . . ." *Lowy v. Daniel Defense, LLC*, No. 24-1822, slip op. at 34–35 (4th Cir. Feb. 11, 2026) (quoting *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 954 (8th Cir. 2023)). *Lowy* reversed a dismissal entered in this Division. ECF No. 78-1 at 2. The Section S facts plead a plausible claim. Considering the letters for their language does not make their assertions true. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167–68 (4th Cir. 2016) (where a document is incorporated "for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true").

*Defamatory meaning.* NCMEC asserts that "the allegedly-defamatory meaning cannot be imputed from the language utilized." ECF No. 74 at 6. The proposed pleading alleges the words: Plaintiff's full legal name, alternate name, and email identifier associated with "two CyberTipline reports," on NCMEC letterhead, over the signature of NCMEC's Corporate Counsel, framed as a response to subpoena process before formal service. ECF No. 59-1 ¶ 291. It alleges the omitted limitations, the context in which the words were read, and that Hall issued the letters "knowing, or recklessly disregarding," the implication. *Id.* §§ J, K, ¶¶ 237, 259; ECF No. 60 at 12. Meaning is assessed from the words and the pleaded context. The proposed pleading supplies each.

*Intentional infliction of emotional distress.* Count III alleges the conduct, its direction at Plaintiff alone, and its timing. ECF No. 59-1 ¶ 261. It alleges that Hall knew, before she issued the letters, that Plaintiff is a disclosed survivor of childhood sexual abuse, and identifies the disclosures. *Id.* ¶ 262, § C. It alleges causation, severity, physical manifestation, and functional

impairment, and that the distress continued through the events in Section O. *Id.* ¶¶ 266–268. The count rests on direct transmission, not on publication or reputational injury. *Id.* ¶¶ 261, 266.

*Federal conspiracy, 42 U.S.C. § 1985(2).* Count IV alleges distinct persons, an agreement supported by nine pleaded facts in Section N, a deterrent objective directed at Plaintiff's attendance as a party and testimony as a prospective witness in two pending federal actions, overt acts, and injury. ECF No. 59-1 ¶¶ 270–271, 174–176, 277; §§ N, P, Q, R. Meta's sufficiency challenge is met by those allegations, and its argument concerning later knowledge is answered in Part VIII.C.

*Common-law conspiracy.* Count V alleges the combination through the understanding in Section N, the predicate torts alleged in Counts I and II, the overt acts in Section Q, and the damages in Section R. ECF No. 59-1 ¶¶ 281–286.

*Insulting words.* NCMEC asserts that Count VI "fails for the same reason" as the defamatory-meaning ground. ECF No. 74 at 6. Count VI pleads a separate theory under Va. Code § 8.01-45. It does not depend on publication to any third party and incorporates no allegation from Section L. ECF No. 59-1 ¶ 289. It alleges the words, the context in Section K, the imputation conveyed, and its falsity. *Id.* ¶¶ 291–292. The answer to the defamatory-meaning ground answers this one on the same pleaded words and context.

**C. Meta's argument concerning later knowledge misreads the purpose for which the allegation is pleaded.**

Meta argues that its "knowledge, as of August 13, 2026, that Plaintiff sued NCMEC has no relevance whatsoever" to claims premised on an April 22, 2026 conspiracy. ECF No. 83 at 3. The proposed pleading does not offer the August 13 filing as proof of the April agreement. It pleads that filing "as a subsequent fact bearing on Meta's knowledge, Meta's state of mind, Meta's awareness of the relationship between this action and the 376 Action, and the circumstantial allegations supporting this Count," and states that it "is not an independent basis for liability" and that liability

"rests on the conduct alleged in Sections N, P, and Q." ECF No. 59-1 ¶ 276; *see id.* ¶ 169. Whether a later fact carries weight on an earlier state of mind is a question for the merits, and futility of one supplemental allegation would not justify denying leave for the entire pleading.

**D. The proposed pleading limits the use of later filings on its face.**

The proposed pleading "predicates no liability on the filing of any motion, brief, or other paper in any court," and alleges court filings "solely as facts establishing timing, notice, knowledge, coordination, and admissions." ECF No. 59-1 ¶ 23; *see id.* ¶¶ 157, 169, 172, 276. Privilege arguments directed at those filings do not reach the purpose for which they are pleaded.

**E. The authorized briefing is preserved without adopting every earlier formulation.**

Plaintiff preserves three groups of authorized submissions: the amendment briefing on ECF No. 59, including ECF Nos. 74, 78, 78-1 (as accepted by ECF No. 82), and 83; the briefing on discovery directed to NCMEC under ECF No. 15; and the briefing on discovery directed to Meta under ECF No. 54. Paragraphs 16(e) and 16(g) of the accompanying Motion identify each group by docket number. Plaintiff states his position on the timing of the discovery requests as set out in Part III.D and in ECF No. 78-1, and does not adopt any broader formulation in earlier briefing.

## IX. FIFTH OBJECTION: THE SUBSEQUENTLY OBTAINED FINANCIAL DISCLOSURES PRESENT AN INDEPENDENT GROUND FOR RELIEF FROM ECF NO. 84

Exhibits A and B to Plaintiff's concurrent Motion to Disqualify Magistrate Judge Ivan D. Davis are the Magistrate Judge's annual financial disclosure reports for calendar years 2025 and 2024. Each lists "FB common stock," the reported Meta interest, at Part VII, line 6, with a year-end value of $15,001 to $50,000. The reports establish the reported holding at year-end 2024 and year-end 2025. Whether the holding continued during the Magistrate Judge's participation in this action

is an inference from the reports. Plaintiff advances it as an inference requiring determination, not as an established fact.

Section 455(b)(4) requires disqualification where a magistrate judge knows that he has a financial interest in a party, "however small." 28 U.S.C. § 455(b)(4), (d)(4). Section 455(a) requires disqualification where impartiality might reasonably be questioned, an objective inquiry that does not depend on the judge's knowledge. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988). The manner in which the interest is held, the dates of ownership, and any exception under § 455(d)(4)(i) or § 455(f) are matters requiring determination.

Plaintiff was unaware of the reported interest when ECF No. 84 was entered and presents this ground promptly after learning of it. Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify ¶¶ 2–4. Plaintiff requests express consideration of Exhibits A and B and the Declaration on this limited issue, or alternatively adjudication of this ground through the concurrent Motion for Targeted Vacatur of ECF Nos. 64 and 84, so that its determination does not depend exclusively on the scope of ordinary Rule 72(a) record review.

Section 455 "neither prescribes nor prohibits any particular remedy." *Liljeberg*, 486 U.S. at 862. Vacatur turns on "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. Plaintiff requests vacatur of ECF No. 84 upon the necessary statutory and remedial findings. Plaintiff does not contend that ECF No. 84 is void. This objection supplements the four preceding objections, which remain independently presented with their affirmative relief, and its pendency does not prevent the District Judge from granting relief independently warranted on them.

## X. AN INTERIM ORDER IS NECESSARY BECAUSE OBJECTIONS DO NOT SUSPEND ECF NO. 64, AND THE REQUESTED SEQUENCE IS JUSTIFIED

**A. The need.**

ECF No. 64 remains operative while objections are pending. *Plant*, 711 F. Supp. 2d at 584–85. Absent an express order, further adverse treatment of ECF No. 59 may rest on nonproduction of the comparison while the condition itself is under review, and ECF Nos. 10, 21, and 45 may be decided against a pleading whose proposed replacement was excluded by the disputed condition. Plaintiff asks the Court to define the order in which it decides related matters.

**B. The balance of interests.**

A pause in proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance," and "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Fourth Circuit places the burden on the party seeking the pause. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

Deferring claim-terminating adjudication of ECF Nos. 10, 21, and 45 postpones decision on motions that are fully briefed, and Defendants' interest in prompt resolution is affected. The sequence is nevertheless justified. The hardship is specific: claim-terminating adjudication on a pleading Plaintiff has moved to replace, while the condition that excluded the replacement is before this Court on timely objections. A ruling entered in that posture must be revisited if the objections are sustained. The matters may be determined together in one order; the request is for order of decision, not for a separate waiting period. The comparison-condition protection affects no interest of Defendants beyond timing. ECF No. 74 at 4. The existing briefing on every affected motion is preserved, and the period is defined by identified decisions.

**C. The endpoints are different for each protection, and each part is severable.**

The suspension of the comparison condition ends when the District Judge determines the condition. The amendment sequencing continues through the determination of ECF No. 59. The discovery sequencing applies only to adjudication that relies on the factual premises the interrogatories address. The Court may grant the comparison protection while denying broader deferral, or correct the discovery ruling while rejecting amendment relief. The Proposed Interim Order is drafted so that each paragraph operates independently.

## XI. RELIEF

Plaintiff requests the relief stated in the accompanying Motion and proposed orders: the interim order described in Part X; an order sustaining these objections and setting aside the rulings in ECF No. 84; an order granting ECF No. 59 and deeming ECF No. 59-1 the operative pleading, or alternatively restoring ECF No. 59 for determination on its existing submissions without an additional comparison; an order granting ECF Nos. 15 and 54, or alternatively restoring them for determination under Rule 26(d)(1); and coordinated determination of the fifth objection and the concurrent targeted-vacatur application, with vacatur of ECF No. 84 upon the necessary findings.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I submitted the foregoing Memorandum in Support of Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections, together with the accompanying Certification Pursuant to Local Civil Rule 83.1(N) and Generative Artificial Intelligence Disclosure and Citation Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) the Memorandum in Support of Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections; (2) the Certificate of Service accompanying the Memorandum; (3) the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Memorandum; and (4) this Certification Pursuant to Local Civil Rule 83.1(N). This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*