FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL, AND RELATED INTERIM RELIEF**

Plaintiff Marvelle J. Ballentine moves under 28 U.S.C. § 636(b)(1)(A), 28 U.S.C. § 455, and Federal Rules of Civil Procedure 54(b) and 72(a) for targeted vacatur of the Orders entered September 9, 2026 (ECF No. 64) and October 7, 2026 (ECF No. 84), for withdrawal or modification of the referral of pretrial matters to Magistrate Judge Ivan D. Davis, and for related interim relief. A Memorandum in Support accompanies this Motion under Local Civil Rule 7(F)(1). Plaintiff incorporates it by reference.

## I. THE THREE COORDINATED APPLICATIONS

1. Plaintiff submits three applications concurrently. The Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination asks the Magistrate Judge to determine the statutory disqualification question, state

the facts on which it depends, and effect any necessary transfer of the referred matters. The Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections asks the District Judge to correct ECF No. 84 on four procedural grounds and on a fifth ground based on the financial-conflict evidence. This Motion asks the District Judge to determine the consequences of that evidence for the orders already entered, to control the referral, and to protect adjudication of the proposed Second Amended and Supplemental Complaint (ECF No. 59) and the discovery requests (ECF Nos. 15, 54).

2. The relief requested here is cumulative of the relief requested in the Rule 72(a) objections where both apply. It is not duplicative recovery. It is not a substitute for timely objections, and it does not extend or restart any period to object under Rule 72(a).

## II. THE EVIDENTIARY PREDICATE

3. Exhibit A to the disqualification motion is the Financial Disclosure Report (AO Form 10) of Magistrate Judge Davis for calendar year 2025, electronically signed May 14, 2026 and May 26, 2026. Exhibit B is the Financial Disclosure Report for calendar year 2024, dated August 18, 2025. Each report lists "FB common stock" at Part VII, line 6, with a gross year-end value of $15,001 to $50,000. Ex. A at 2; Ex. B at 4. "FB" was the trading symbol of Facebook, Inc., which changed its name to Meta Platforms, Inc. on October 28, 2021. Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis ¶¶ 2–4 ("Ballentine Decl.").

4. Meta Platforms, Inc. ("Meta") has been a defendant since July 30, 2026. ECF Nos. 1, 5. Meta moved to dismiss and filed its corporate disclosure statement on August 21, 2026. ECF Nos. 21, 22, 24. Magistrate Judge Davis entered ECF Nos. 62, 63, and 64 on September 9, 2026; ECF No. 65 on September 10, 2026; ECF No. 82 on September 22, 2026; and ECF No. 84 on October 7, 2026. ECF No. 84 decides discovery directed to Meta. ECF No. 84 at 1.

5. The reports establish the reported holding at year-end 2024 and year-end 2025. Plaintiff advances continued qualifying ownership during the participation described in paragraph 4 as an inference from the reports. Plaintiff does not allege an unreported sale, does not allege ownership by the Magistrate Judge personally rather than by another holder covered by § 455(b)(4), and does not allege knowledge on any particular date. The questions requiring resolution are: whether the reported interest is a covered financial interest; the arrangement through which it is held and whether 28 U.S.C. § 455(d)(4)(i) applies; the dates of ownership; knowledge, where § 455(b)(4) requires it; and whether the conditions of 28 U.S.C. § 455(f) are satisfied.

6. Plaintiff was unaware of the reported financial interest when ECF No. 84 was entered and at every earlier point in this action, and promptly presented the issue after learning of it. Ballentine Decl. ¶ 2.

## III. THE ORDERS TARGETED AND THEIR CONTINUING EFFECTS

7. ECF No. 64 found that the Court "does not possess sufficient information to issue an Order on this matter" and directed Plaintiff to provide "a redlined version of the Amended Complaint [Dkt. Nos. 59-1, 60-1], no later than September 11, 2026," that "must clearly indicate the changes, deletions, and additions that were made to Plaintiff's Complaint [Dkt. No. 1]." ECF No. 64. Plaintiff's objections to that order, submitted September 13, 2026, remain pending. ECF Nos. 66, 67, 68.

8. ECF No. 84 denied ECF Nos. 15 and 54 "as premature," stating that "the Court cannot issue an order concerning Plaintiff's Motions because discovery has not officially begun in this case." ECF No. 84 at 1. It denied ECF No. 59 on the ground that Plaintiff "was given ample opportunity to comply with the Court's September 9, 2026 Order [Dkt. No. 64] by producing a redlined Second Amended Complaint but has failed to do so as of the date of this Order." *Id.* at 2.

9. Both orders are targeted because ECF No. 64 supplies the condition that ECF No. 84 enforced. Vacatur of the denial in ECF No. 84 while the comparison requirement and the expired September 11 deadline in ECF No. 64 remained controlling would restore ECF No. 59 to a posture in which the same nonproduction could produce the same denial. The relief requested as to each order is severable.

## IV. RELIEF REQUESTED

10. Plaintiff requests an order, in the form of the accompanying Proposed Order:

(R1) Referral. Withdrawing or modifying the referral of pretrial matters to Magistrate Judge Davis, with the affected matters retained by the District Judge or reassigned through the Court's assignment procedures;

(R2) Vacatur. Vacating ECF No. 84 in full and vacating the comparison requirement and the September 11, 2026 deadline in ECF No. 64, upon the statutory findings identified in paragraph 5 and the remedial findings described in the Memorandum in Support, with the relief as to each order determined severably and matched to the period for which disqualification is established;

(R3) Restoration and preservation. Restoring ECF Nos. 15, 54, and 59 to pending status, with every authorized submission of every party preserved, including the briefing accepted by ECF No. 82 (ECF Nos. 78, 78-1), NCMEC and Hall's opposition (ECF No. 74), and Meta's opposition (ECF No. 83);

(R4) Affirmative adjudication. Following vacatur, determining in coordination with the Rule 72(a) objections the pending request that the District Judge grant ECF No. 59 under Rules 15(a)(2) and 15(d) and deem ECF No. 59-1 the operative pleading, and grant ECF Nos. 15 and 54 under Rule 26(d)(1), on their independently briefed merits; or alternatively, directing prompt independent determination of the restored motions by the District Judge or a reassigned Magistrate Judge;

(R5) Interim protection. Entering the accompanying Proposed Interim Order, which (a) suspends further substantive action under the challenged referral pending determination of the disqualification motion and any necessary administrative transfer; (b) suspends further reliance on the nonproduction condition in ECF No. 64 pending determination of ECF Nos. 66 and 67, the Rule 72(a) objections to ECF No. 84, and this Motion; and (c) directs that the amendment and financial-conflict issues be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate a claim and that relies on the exclusion of the proposed pleading. Plaintiff does not contend that the filing of this Motion itself stays any order;

(R6) Existing objections. Determining this Motion in coordination with ECF Nos. 66, 67, and 76 and with the Rule 72(a) objections to ECF No. 84, and identifying in the order which issues are decided, which remain pending, and which are moot because complete relief has been granted. The pendency of this Motion does not prevent the District Judge from granting independently warranted relief on the Rule 72(a) objections, and Plaintiff requests that relief without awaiting resolution of every financial-conflict question; and

(R7) Decision record. Stating findings and reasons sufficient to identify the applicable disqualification ground, the period for which it is established, any applicable exception, and the disposition of the retrospective relief requested.

## V. POSITIONS PRESERVED

11. Plaintiff maintains that the First Amended Complaint (ECF No. 5) independently states each of its six claims; that ECF No. 59 should be granted on its merits; and that ECF Nos. 15 and 54 are supported on the First Amended Complaint and the existing record. Nothing in this Motion revives ECF No. 26, which remains withdrawn (ECF No. 62). Nothing in this Motion makes the hearing or certification provisions of ECF Nos. 63, 65, or 82 a prerequisite to the relief requested, and nothing in it withdraws the objections to those provisions in ECF Nos. 66 and 67.

12. This Motion alleges no bias, hostility, improper motive, concealment, or investment-driven decision-making. It rests on two signed financial disclosure reports, the docket, and the statute.

## VI. SUPPORTING RECORD AND SUBMISSION

13. Plaintiff submits with this Motion: the Memorandum in Support; a Proposed Interim Order; a Proposed Order; and a Notice of Waiver of Oral Argument. This Motion relies on the Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis and its Exhibits A and B, submitted concurrently with the disqualification motion and not yet assigned docket numbers, and on the existing record, including ECF Nos. 68-1, 59-2, and 31. Plaintiff submits no additional declaration.

14. Plaintiff waives oral argument on this Motion under Local Civil Rule 7(J) and requests determination on the papers under Federal Rule of Civil Procedure 78(b), or such hearing arrangement as the Court directs. A Notice of Waiver of Oral Argument accompanies this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Interim Order and, upon determination of this Motion, the Proposed Order, granting the relief stated in paragraph 10.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief;

2. Proposed Interim Order;

3. Proposed Order;

4. Certification Pursuant to Local Civil Rule 83.1(N);

5. Generative Artificial Intelligence Disclosure and Citation Certification; and

6. this Certificate of Service.

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents:

1. Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief;

2. Proposed Interim Order;

3. Proposed Order;

4. the Certificate of Service accompanying the Motion;

5. the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Motion; and

6. this Certification Pursuant to Local Civil Rule 83.1(N).

This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*