**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**[PROPOSED] INTERIM ORDER ON PLAINTIFF'S MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL, AND RELATED INTERIM RELIEF**

This matter is before the Court on the request for interim relief contained in Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. ___). Having considered the request, Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination pending before the Magistrate Judge (ECF No. ___), Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections (ECF No. ___), the pending objections at ECF Nos. 66 and 67 with their supporting memorandum at ECF No. 68, the motion at ECF No. 76, and the record, and for the reasons stated in Plaintiff's Memorandum in Support, it is hereby

**A. Referral Protection**

ORDERED that further substantive action on matters referred to Magistrate Judge Ivan D. Davis in this action is SUSPENDED pending determination of the disqualification motion (ECF No. ___) and completion of any transfer or reassignment that determination requires. This paragraph does not restrict the Magistrate Judge from determining the disqualification motion, from stating the facts on which it depends, or from taking the ministerial steps necessary to effect any transfer; it is further

**B. Comparison Protection**

ORDERED that further reliance on the comparison requirement in the Order entered September 9, 2026 (ECF No. 64), and on nonproduction of the comparison it directed, is SUSPENDED pending the Court's determination of ECF Nos. 66 and 67, of Plaintiff's Rule 72(a) objections to ECF No. 84 (ECF No. ___), and of the Motion (ECF No. ___). This suspension does not vacate ECF No. 84, does not restore ECF No. 59 to pending status, and does not itself grant ECF No. 59; the denial of ECF No. 59 in ECF No. 84 remains operative until the Court determines the objections and the Motion. While this suspension operates, no further adverse consequence shall attach to ECF No. 59 or to the proposed pleading at ECF No. 59-1 on the ground of nonproduction of the comparison directed by ECF No. 64; it is further

**C. Adjudication Sequencing**

ORDERED that the amendment-related issues presented in ECF Nos. 66, 67, and 76, in Plaintiff's Rule 72(a) objections to ECF No. 84, and in the Motion, and the financial-conflict issues presented in the fifth objection and in the Motion, shall be determined before, or expressly within, any disposition of the pending motions to dismiss (ECF Nos. 10, 21, and 45) that would terminate a claim and that relies on the exclusion of the proposed pleading at ECF No. 59-1. Those motions remain pending, and all briefing on them remains of record; it is further

**D. No Delay of Independently Warranted Relief**

ORDERED that nothing in this Order prevents the Court from granting, before every financial-conflict question is resolved, any relief independently warranted on Plaintiff's Rule 72(a) objections to ECF No. 84 or on ECF Nos. 66, 67, and 76; it is further

**E. Preservation and Termination**

ORDERED that ECF Nos. 59, 59-1, 59-2, 60, 61, 74, 78, 78-1, and 83, and ECF Nos. 15, 15-1, 16, 31, 33, 36, 46, 52, 54, 54-1, 55, 73, and 81, remain of record as authorized submissions on the matters to which they are directed; it is further

ORDERED that nothing in this Order treats ownership of the interest reported in Exhibits A and B to the disqualification motion during the Magistrate Judge's participation, or disqualification under 28 U.S.C. § 455, as established, and nothing in this Order determines the disqualification motion; it is further

ORDERED that each Part of this Order is severable and operates independently of the others; it is further

ORDERED that the protection in Part A expires upon entry of an order determining the disqualification motion and completing any transfer or reassignment it requires; that the protection in Part B expires upon entry of the order determining Plaintiff's Rule 72(a) objections to ECF No. 84 and the Motion, or upon entry of an order determining the comparison requirement in ECF No. 64 and specifying its operative effect, whichever is later; and that the sequencing direction in Part C expires upon entry of the order determining the amendment and financial-conflict issues it identifies.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff at his address of record and to all counsel of record.

It is so ORDERED.

Alexandria, Virginia
________________, 2026

________________________________
Rossie D. Alston, Jr.
United States District Judge