**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL, AND RELATED INTERIM RELIEF**

This matter is before the Court on Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. ___), together with Plaintiff's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials and for Coordinated Determination of the Pending Objections (ECF No. ___), Plaintiff's Rule 72(a) Objections to ECF Nos. 63–65 and Motion to Set Aside ECF No. 64 (ECF Nos. 66, 67) with the Memorandum in Support (ECF No. 68), and Plaintiff's Motion for Leave to File Notice of Subsequent Record Development (ECF No. 76). Having considered the Motion, the Declaration of Marvelle J. Ballentine in Support of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis and its Exhibits A and B, the disposition of Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and §

455(a), and for Priority Determination (ECF No. ___), the briefing, and the record under 28 U.S.C. §§ 455 and 636(b)(1)(A) and Federal Rules of Civil Procedure 54(b) and 72(a), it is hereby

**A. Findings**

ORDERED that the Court FINDS, on the record identified above and to the extent that record establishes, that the interest reported as "FB common stock" on the Magistrate Judge's financial disclosure reports for calendar years 2024 and 2025 is common stock of Defendant Meta Platforms, Inc.; that the interest was held, in the manner stated in the record, during the period from ____________, 2026 through ____________, 2026; that disqualification was required for that period under 28 U.S.C. § 455(b)(4), or alternatively under 28 U.S.C. § 455(a); and that no exception under 28 U.S.C. § 455(d)(4)(i) or § 455(f) applies to that period, for the reasons stated in the record. These findings extend only to the period and the ground the record establishes; it is further

ORDERED that the Court FINDS, applying the considerations identified in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988), that vacatur of the orders identified in Part C is warranted for the reasons stated in the record; it is further

**B. Referral**

ORDERED that the referral of pretrial matters in this action to Magistrate Judge Ivan D. Davis is WITHDRAWN as to the matters identified in Part D, and that those matters are RETAINED by the undersigned or REASSIGNED to another Magistrate Judge of this Court in accordance with the Court's assignment procedures, as the Court directs; it is further

**C. Vacatur**

ORDERED that the Order entered October 7, 2026 (ECF No. 84) is VACATED in full; it is further

ORDERED that the comparison requirement and the September 11, 2026 deadline in the Order entered September 9, 2026 (ECF No. 64) are VACATED. To the extent the findings in Part A do not extend to September 9, 2026, the comparison requirement and the September 11, 2026 deadline remain subject to determination on ECF Nos. 66 and 67 and on Plaintiff's Rule 72(a) objections to ECF No. 84, and no adverse consequence shall attach to ECF No. 59 or to the proposed pleading at ECF No. 59-1 on account of nonproduction of the comparison pending that determination; it is further

**D. Preservation and Adjudication**

ORDERED that ECF Nos. 15, 54, and 59 are RESTORED to pending status, and that every authorized submission of every party on those motions remains of record and available for decision, including ECF Nos. 59, 59-1, 59-2, 60, 61, 74, 78, 78-1 (as accepted by ECF No. 82), and 83 as to ECF No. 59; ECF Nos. 15, 15-1, 16, 31, 33, 36, 46, 52, 78, and 78-1 as to ECF No. 15; and ECF Nos. 54, 54-1, 55, 73, and 81 as to ECF No. 54; it is further

ORDERED that ECF No. 59 is GRANTED under Federal Rules of Civil Procedure 15(a)(2) and 15(d) on its existing submissions; that the proposed pleading at ECF No. 59-1 is deemed filed as of the date of this Order as Plaintiff's Second Amended and Supplemental Complaint and is the operative pleading; that the Clerk is DIRECTED to docket ECF No. 59-1 separately; and that, within fourteen (14) days of the entry of this Order, each Defendant shall file a statement advising whether it elects to stand on its pending motion to dismiss (ECF No. 10, 21, or 45, as applicable) as directed to the Second Amended and Supplemental Complaint or to file a new response under Rule 15(a)(3). Should the Court instead determine that independent adjudication is the appropriate course, ECF No. 59 shall be determined on its existing submissions by the undersigned or by the reassigned Magistrate Judge within thirty (30) days of the entry of this Order; it is further

ORDERED that ECF Nos. 15 and 54 are GRANTED under Federal Rule of Civil Procedure 26(d)(1); that Plaintiff may serve the three interrogatories at ECF No. 15-1 on Defendant National Center for Missing & Exploited Children and the four interrogatories at ECF No. 54-1 on Defendant Meta Platforms, Inc., on the terms stated in those documents; and that each responding Defendant shall serve its answers under oath, limited to "Yes," "No," or "Unable to determine after reasonable inquiry," within seven (7) calendar days after service. Should the Court instead determine that independent adjudication is the appropriate course, ECF Nos. 15 and 54 shall be determined under Rule 26(d)(1) on their existing submissions by the undersigned or by the reassigned Magistrate Judge within thirty (30) days of the entry of this Order. No other discovery is authorized by this Order; it is further

**E. Pending Applications**

ORDERED that Plaintiff's Rule 72(a) objections to ECF No. 84 (ECF No. ___) are SUSTAINED to the extent stated in Parts A, C, and D, and that any request presented in those objections for which complete relief has been granted by Parts C and D is DENIED AS MOOT; it is further

ORDERED that ECF No. 76 is GRANTED and the Notice at ECF No. 76-1 is deemed filed; that ECF Nos. 66 and 67 are SUSTAINED to the extent stated in Part C; and that every other issue presented in ECF Nos. 66, 67, and 68, including the objections concerning the generative-artificial-intelligence provisions of ECF Nos. 63 and 65, the termination of oral argument, and the remote-appearance motion (ECF No. 41), remains pending and is not resolved by implication; it is further

ORDERED that nothing in this Order revives ECF No. 26, which remains withdrawn (ECF No. 62), or affects ECF Nos. 43, 70, and 71; and that the acceptance of ECF Nos. 78 and 78-1 under ECF No. 82 is preserved; it is further

ORDERED that the Interim Order entered at ECF No. ___ expires upon entry of this Order.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff at his address of record and to all counsel of record.

It is so ORDERED.

Alexandria, Virginia
________________, 2026

________________________________
Rossie D. Alston, Jr.
United States District Judge