FILED
10/13/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-IDD
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL, AND RELATED INTERIM RELIEF**

## I. THE REQUESTED CORRECTION

Two signed financial disclosure reports of Magistrate Judge Davis list "FB common stock" at year-end 2024 and year-end 2025, each with a value of $15,001 to $50,000. Ex. A at 2; Ex. B at 4. FB common stock is the common stock of Defendant Meta Platforms, Inc. Two orders entered during the Magistrate Judge's participation in this action carry continuing procedural effects. ECF No. 64 conditioned consideration of the proposed Second Amended and Supplemental Complaint on a comparison document due within two days. ECF No. 84 denied the amendment motion for nonproduction of that document and denied two discovery motions, one directed to Meta, on the stated ground that discovery had not begun.

This Motion asks the District Judge to remove those continuing effects and to adjudicate the affected motions on the submissions already of record. Two questions are presented, and they are different. Whether participation violated 28 U.S.C. § 455 is the statutory question. Whether the affected orders should be vacated is the remedial question. The disqualification motion before the Magistrate Judge presents the first. This Motion presents the second, together with the referral and interim questions that only the District Judge can decide. The merits of the underlying claims are not argued here. They are argued in the Rule 72(a) objections and the amendment briefing, which this Motion preserves.

## II. AUTHORITY AND PROCEDURAL POSTURE

### A. Referral and district-judge review.

A district judge may designate a magistrate judge to determine pretrial matters, and may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) implements that review on timely objection. The referral itself remains within the District Judge's control; the statute designates and the District Judge may withdraw or modify the designation. Plaintiff does not invoke 28 U.S.C. § 636(c)(4), which governs consensual civil-trial referrals, and does not contend that its standard applies to this ordinary pretrial referral. The Fourth Circuit treats a ruling that "relies on erroneous factual or legal premises" as an abuse of discretion correctable on Rule 72(a) review. *Wall v. Rasnick*, 42 F.4th 214, 217, 220 (4th Cir. 2022).

### B. Interlocutory revision under Rule 54(b).

An order "that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). The Fourth Circuit reads that text to give "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light," and permits revision where there is

"substantially different evidence," a change in applicable law, or clear error causing "manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). That discretion "is not limitless," and a party may not use Rule 54(b) to repeat evidence or arguments the court has already considered. *Id.* at 325–26. Plaintiff invokes Rule 54(b) as additional authority for the District Judge's revision of ECF Nos. 64 and 84. Plaintiff does not invoke it to revive any reconsideration request to the Magistrate Judge, and does not contend that it extends any Rule 72(a) deadline. The financial disclosure reports are evidence that no court in this action has considered. They are not a repetition of anything previously presented.

### C. The retrospective remedy.

Section 455 "neither prescribes nor prohibits any particular remedy for a violation of that duty." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988). The remedial inquiry considers "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. *Liljeberg* applied that inquiry to a final judgment under Rule 60(b)(6). The orders targeted here are interlocutory. Plaintiff does not invoke Rule 60(b)(6). The three considerations govern the remedial question whatever the procedural vehicle, and the District Judge's authority over interlocutory orders under § 636(b)(1)(A) and Rule 54(b) supplies the vehicle.

ECF No. 64 is already before the District Judge on timely objections submitted September 13, 2026. ECF Nos. 66, 67, 68. Those objections challenge the informational premise, the baseline, and the deadline. This Motion adds the financial-conflict evidence as a separate basis for relief from ECF No. 64. It does not suggest that the period to object to ECF No. 64 has restarted, and it does not depend on that period.

## III. THE FINANCIAL PREDICATE AND THE PERIOD REQUIRING REVIEW

The chronology is short. Judge Davis certified the 2024 report on August 18, 2025. Ex. B at 1, 8. He certified the 2025 report on May 14 and May 26, 2026. Ex. A at 1. Plaintiff filed this action, naming Meta, on July 30, 2026. ECF No. 1. Meta appeared, moved to dismiss, and filed its corporate disclosure statement on August 21, 2026. ECF Nos. 21, 22, 24. Judge Davis entered ECF No. 64 on September 9, 2026 and ECF No. 84 on October 7, 2026. Plaintiff was unaware of the reported financial interest when ECF No. 84 was entered and promptly presented the issue after learning of it. Ballentine Decl. ¶ 2.

Section 455(b)(4) requires disqualification where the judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4). A financial interest is "ownership of a legal or equitable interest, however small." *Id.* § 455(d)(4). "It is well-established that the ownership of stock constitutes a 'financial interest.'" *Shell Oil Co. v. United States*, 672 F.3d 1283, 1289 (Fed. Cir. 2012); *accord Cent. Tel. Co. of Va. v. Sprint Commc'ns Co. of Va., Inc.*, 715 F.3d 501, 515 (4th Cir. 2013). Subsection (b)(4) requires knowledge. *Liljeberg*, 486 U.S. at 859. The fund exception in § 455(d)(4)(i) applies where shares are held through a mutual or common investment fund managed without the judge's input. *Cent. Tel.*, 715 F.3d at 516. The reports list the FB holding as common stock and list funds and an IRA as separate line items. Ex. A at 2–3; Ex. B at 4–6. Whether the holding is in fact held through a qualifying arrangement is a fact for determination.

Section 455(a) requires disqualification "in any proceeding in which his impartiality might reasonably be questioned." The inquiry is objective and does not require knowledge. *Liljeberg*, 486 U.S. at 859–60. Whether an objective observer would question impartiality depends on the circumstances, including the judge's knowledge before the action was filed, "what happened while

the case was pending before him, and what he did when he learned" of the interest. *Id.* at 856. Plaintiff does not contend that § 455(a) applies without regard to those circumstances. Plaintiff contends that those circumstances must be determined and that, on the facts the reports support, an informed observer would question the impartiality of a judge deciding discovery directed to a company whose stock the judge reported holding five months earlier.

Section 455(f) relieves a judge of disqualification where the interest is discovered after assignment, substantial judicial time has been devoted to the matter, the interest could not be substantially affected by the outcome, and the judge divests. 28 U.S.C. § 455(f). Each condition is factual. Divestiture requires that the interest be "sold or given away"; placement in a blind trust does not qualify. *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025 (Fed. Cir. 2022). Whether divestiture cures earlier participation depends on how far the litigation had advanced and what decisions were rendered in the interim. *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024). Plaintiff does not contend that § 455(f) is categorically unavailable. Plaintiff contends that its conditions must be determined on the record, and that a present disposition of the interest, if one has occurred or occurs, does not by itself resolve the effect of participation before it. The retrospective determination requested here remains live whether or not present recusal becomes unnecessary.

## IV. THE THREE LILJEBERG CONSIDERATIONS SUPPORT VACATUR

### A. Risk of injustice to the parties.

The concrete effect of the two orders is procedural. ECF No. 64 supplied a condition on consideration of ECF No. 59. ECF No. 84 used nonproduction of the conditioned document to exclude the proposed pleading from consideration and, separately, rejected the discovery requests on the stated ground that discovery had not begun. The result is that three dismissal motions will be decided against a pleading Plaintiff moved to replace, without seven closed answers about records

only Defendants hold. Plaintiff does not contend that losing a motion establishes injustice. The injustice identified is adjudication of those motions by a judge who, on the evidence, held a financial interest in the party whose discovery request he denied, with the consequence that the completed submissions were never reached on their merits.

The proposed correction preserves completed briefing. Every submission on ECF Nos. 15, 54, and 59, including Defendants' oppositions at ECF Nos. 33, 73, 74, and 83 and the reply accepted by ECF No. 82, remains of record and is determined as it stands. No party begins again. Defendants have an interest in retaining favorable rulings and in prompt resolution. Independent determination on the existing submissions addresses that interest: it supplies a decision by a judge whose participation is not questioned, on the same papers, without treating the challenged rulings as controlling. The Federal Circuit, reviewing a judgment of this District, rejected the argument that a judge's prior rulings should stand because they were decided before he learned of his wife's interest, and rejected the argument that vacatur requires a showing of actual bias. *Centripetal*, 38 F.4th 1025. "Unlike § 455(a), [§ 455(b)(4)] is not triggered by an appearance of impropriety, but by a known financial interest, which creates not only an appearance of impropriety but impropriety itself." *Id.*

**B. Risk of injustice in other cases.**

The second consideration asks whether denial of relief "will produce injustice in other cases." *Liljeberg*, 486 U.S. at 864. A remedy confined to prospective recusal leaves every order entered during the disqualification in force. The statute's duty to inform, § 455(c), and its bar on waiver of subsection (b) grounds, § 455(e), assume that participation during a known financial conflict has consequences beyond the judge's future participation. Vacatur where the statutory and remedial findings are made "may prevent a substantive injustice in some future case by encouraging a judge or litigant to more carefully examine possible grounds for disqualification."

*Id.* at 868. The remedy requested is not discipline. It addresses the legal effect of judicial participation during an established disqualification, and it addresses nothing else.

**C. Public confidence.**

The third consideration is the objective concern created by adjudication involving a corporate party in which a qualifying interest was held. The Federal Circuit ordered vacatur under § 455(b)(4) where "there [wa]s neither an allegation nor suggestion that the judge was unduly influenced by his wife's financial interest, which no one argues was substantial." *Shell Oil,* 672 F.3d at 1291. The statute "simply requires recusal whenever financial conflicts of interest exist, regardless of whether those conflicts affect the outcome of the case." *Id.* Plaintiff makes no claim of actual influence, no claim that this action is economically significant to Meta, and no claim of improper intent. The concern is the one the statute identifies: a judge deciding whether a party may be required to answer three questions about its own records, while reporting ownership of that party's stock.

*Liljeberg* leaves room for harmless error. 486 U.S. at 862. Not every violation requires vacatur of every order, and the Federal Circuit has stated the rule the same way: "mandatory recusal does not require mandatory vacatur." *Shell Oil*, 672 F.3d at 1293. Plaintiff addresses harmlessness in Part V rather than avoiding it.

## V. THE FINANCIAL-CONFLICT VACATUR DECISIONS AND THE QUESTION OF HARMLESSNESS

Three decisions apply the separate disqualification and remedy inquiries to financial conflicts. *Shell Oil* held that a trial judge whose spouse held stock in the parent of two parties was required to disqualify himself "from the entire proceeding," that severing the affected parties did not satisfy that requirement, and that vacatur was the appropriate remedy on the *Liljeberg* factors. 672 F.3d at 1290–93. *Centripetal* arose in this District. The Federal Circuit reversed the denial of a

recusal motion, vacated every order entered after the judge learned of his wife's interest in a party, and remanded for proceedings before a different judge, observing that "[a]llowing the same judge to reaffirm his own rulings would severely undermine § 455." 38 F.4th 1025. *Litovich* vacated a judgment under § 455(a) where the judge's spouse had divested her stock before the decision issued, because the length of participation during the conflict and the substantive motions decided in that period made the divestiture insufficiently curative. 106 F.4th 218. *Centripetal* and *Shell Oil* are decisions of the Federal Circuit and *Litovich* is a decision of the Second Circuit. They are persuasive authority, not binding Fourth Circuit law. Plaintiff does not read *Litovich* to hold that every former holding creates continuing disqualification. He reads it to hold that divestiture after substantive participation does not automatically eliminate the need for a remedy.

Harmlessness is addressed on the orders' own terms. The discovery ruling in ECF No. 84 rests on a legal premise, that discovery cannot be authorized before a Scheduling Order, that the District Judge can correct independently on the Rule 72(a) objections. The amendment ruling is different. It rests on a case-specific finding of "ample opportunity" and on the selection of denial as the consequence of nonproduction, with no determination of the pending requests for relief from the deadline. ECF No. 84 at 2. A finding and a choice of consequence made by a judge whose participation is questioned are not cured by a reviewing court's confirmation that some consequence was available. Plaintiff does not contend that review by the District Judge is legally incapable of correcting either ruling. Plaintiff contends that the appropriate correction is independent adjudication of the restored motions on their existing submissions, which the District Judge can provide on the Rule 72(a) objections, and that vacatur removes the challenged rulings as the baseline against which that adjudication would otherwise occur.

## VI. ORDER-SPECIFIC APPLICATION AND PRESERVATION

ECF No. 84 should be vacated in full. It contains the denials of all three motions to be restored, and no part of it operates independently of the challenged participation.

ECF No. 64 should be vacated as to the comparison requirement and the expired September 11 deadline. That requirement is the predicate ECF No. 84 enforced. Vacating the enforcement while leaving the predicate in place would leave ECF No. 59 subject to the same condition and the same consequence. ECF No. 64 is separately before the District Judge on the September objections, which challenge it on grounds that do not depend on the financial evidence. ECF Nos. 66, 67, 68. If the evidence establishes disqualification as of October 7 but not as of September 9, the independent challenge to ECF No. 64 remains pending on those grounds, and Plaintiff does not represent that both orders were necessarily entered during the same proven conflict.

ECF Nos. 63, 65, and 82 are not targeted. Their hearing and certification provisions are not prerequisites to the relief requested here, and Plaintiff's objections to those provisions in ECF Nos. 66 and 67 remain pending. The acceptance of ECF Nos. 78 and 78-1 under ECF No. 82 is preserved. ECF No. 62 is not targeted; ECF No. 26 remains withdrawn. The organizing principle is procedural correction, not preservation of orders because they favored Plaintiff. Should the Court consider broader vacatur necessary, Plaintiff requests that all authorized briefing be independently preserved or re-accepted so that no party is required to resubmit it.

## VII. TIMELINESS AND CONSIDERATION OF THE EVIDENCE

The financial ground was not included in the September objections or in the original drafting of the Rule 72(a) objections because Plaintiff was unaware of the reported interest. Ballentine Decl. ¶ 2. He presented the ground promptly after learning of it, in three coordinated applications submitted the same day. The Fourth Circuit requires that a disqualification motion be raised "at the earliest moment after knowledge of the facts," and applies that requirement to § 455(b) as well as § 455(a). *Kolon Indus. Inc. v. E.I. du Pont de Nemours & Co.*, 748 F.3d 160, 169–

71 (4th Cir. 2014). The judge's independent obligation under § 455(c) and the nonwaiver provision of § 455(e) do not eliminate the litigant's obligation; "waiver and timeliness are distinct issues." *Id.* Plaintiff does not argue otherwise. The showing here is that no interval of knowing delay exists.

Plaintiff requests express consideration of Exhibits A and B and the Declaration in deciding this Motion, and, to the extent needed, in connection with the pending objections. The District Judge's authority to revise interlocutory orders on substantially different evidence, *Carlson*, 856 F.3d at 325, and the statute's delegation of the remedy to the judiciary, *Liljeberg*, 486 U.S. at 862, each supply a basis for considering the evidence. The retrospective remedy should not depend solely on whether the evidence is received within the ordinary scope of Rule 72(a) record review.

## VIII. RESTORATION, AFFIRMATIVE ADJUDICATION, AND INTERIM PROTECTION

Restoration is not the endpoint requested. Vacatur supplies the procedural correction. Rules 15(a)(2), 15(d), and 26(d)(1) supply the separate bases for granting ECF Nos. 59, 15, and 54 on their briefed merits, and the Rule 72(a) objections present those merits. Plaintiff requests that the District Judge proceed, following vacatur, to grant those motions on the existing submissions, or alternatively to direct their prompt independent determination.

The interim relief has four parts. First, suspension of further substantive action under the challenged referral while the disqualification motion is determined and any administrative transfer is effected. Second, suspension of further reliance on the nonproduction condition in ECF No. 64 while ECF Nos. 66 and 67, the Rule 72(a) objections to ECF No. 84, and this Motion are determined. Third, determination of the amendment and financial-conflict issues before, or expressly within, any claim-terminating disposition of ECF Nos. 10, 21, or 45 that relies on the exclusion of the proposed pleading. Fourth, express provision that the District Judge may grant

independently warranted relief on the Rule 72(a) objections without awaiting resolution of every financial-conflict question.

A pause "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance," and the applicant "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The burden rests on the party seeking the pause. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Defendants have an interest in prompt disposition of their dismissal motions. The hardship asserted is specific: claim-terminating adjudication on a pleading Plaintiff moved to replace, under a condition imposed and enforced by a judge whose participation is questioned on documentary evidence, while that question is pending before two judges of this Court. Defendants' briefing is preserved in full. Each protection has a defined terminating event: determination of the disqualification motion and completion of any transfer; determination of the identified objections and this Motion; and entry of the order on the amendment and financial-conflict issues. Plaintiff does not request a pause tied to the remaining hearing or certification disputes, and does not request an indefinite stay.

Date: October 13, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I submitted the foregoing Memorandum in Support of Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief, together with the accompanying Certification Pursuant to Local Civil Rule 83.1(N) and Generative Artificial Intelligence Disclosure and Citation Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc., who are registered users of that system and will be served through that means.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, any of the following documents: (1) the Memorandum in Support of Plaintiff's Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief; (2) the Certificate of Service accompanying the Memorandum; (3) the Generative Artificial Intelligence Disclosure and Citation Certification accompanying the Memorandum; and (4) this Certification Pursuant to Local Civil Rule 83.1(N). This certification applies to each and every document identified above.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 13, 2026

GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 13, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*