FILED
10/23/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 96 AND MOTION TO SET ASIDE OR MODIFY THAT ORDER, DETERMINE REASSIGNMENT AUTHORITY, AND GRANT LEAVE TO SUPPLEMENT ECF NO. 93**

Plaintiff Marvelle J. Ballentine objects under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to the Order entered October 22, 2026 (ECF No. 96). Plaintiff moves to set aside or modify that Order, to determine the authority under which this action was reassigned and the procedure by which the successor Magistrate Judge was designated, and for leave under Local Civil Rule 7(F)(1) to file the supplement to ECF No. 93 attached as Exhibit A. A Memorandum in Support accompanies this Motion under Local Civil Rules 7(F)(1) and 72. Plaintiff incorporates it by reference.

## I. THE DISPOSITION CHALLENGED

1. The docket for October 22, 2026 records two actions. An unnumbered entry states: "Case Reassigned to Magistrate Judge William E. Fitzpatrick. Magistrate Judge Ivan D. Davis no longer assigned to the case." ECF No. 96, signed by Magistrate Judge Davis, addresses

Plaintiff's Motion to Disqualify Magistrate Judge Ivan D. Davis Under 28 U.S.C. § 455(b)(4) and § 455(a), and for Priority Determination (ECF No. 86). The docket entry for ECF No. 96 states that the matter "can be resolved without oral argument," orders that the Motion "is DENIED AS MOOT," and states: "The case has been reassigned to Magistrate Judge William E. Fitzpatrick."

2. The quotations in this Motion and in the Memorandum in Support are taken from the October 22, 2026 docket entry for ECF No. 96.

3. Both actions are dated October 22, 2026. ECF No. 96 describes the reassignment as completed. The available entries do not establish the relative timing of execution, issuance, entry, and the effective termination or modification of the relevant designation.

4. These Objections are directed to ECF No. 96. The administrative reassignment entry is addressed through the District Judge's authority over the referral under 28 U.S.C. § 636(b) and Local Civil Rule 72.

## II. TIMELINESS

5. Rule 72(a) requires objections within 14 days after service of the order. ECF No. 96 was entered October 22, 2026. These Objections are filed within 14 days of that date and are timely under Rule 72(a).

6. These Objections do not extend, restart, or replace any period to object to any other order. Plaintiff's pending submissions concerning ECF Nos. 63, 64, 65, and 84 (ECF Nos. 66, 67, 76, 89, 90, 91, 93, 94) remain pending on their own terms. Plaintiff maintains each of them by this reference.

## III. OBJECTIONS

### Objection One: Authority to adjudicate ECF No. 86.

7. *Predicate.* ECF No. 96 states that the case "has been reassigned." The reassignment entry states that Magistrate Judge Davis is "no longer assigned to the case." The record does not

identify the designation under which Magistrate Judge Davis acted on October 22, 2026, the scope of the reassignment, or any authority retained over ECF No. 86.

8. *Ground.* A magistrate judge's authority to hear and determine a pretrial matter derives from a designation under 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 72. Plaintiff objects to the disposition of ECF No. 86 if, when ECF No. 96 was issued, the reassignment had terminated the authority necessary to adjudicate that motion and no applicable statutory, standing, or case-specific authority permitted the disposition. Plaintiff requests identification of the operative authority and the effect of reassignment on it. The objection does not rest merely on the absence of a separately docketed referral order.

9. *Relief.* Determination of the operative authority and the effect of the reassignment on it. If the authority necessary to adjudicate ECF No. 86 had ended and no other authority permitted the disposition, vacatur of ECF No. 96.

10. This objection does not depend on whether a financial interest in Meta Platforms, Inc. was held on any date.

**Objection Two: Permissible administrative action after recusal or during required disqualification.**

11. *Predicate.* ECF No. 96 disposes of the whole of ECF No. 86, including the requests in ECF No. 86, Parts V and VII(A2), for determinations of fact. The record does not state whether the reassignment reflected a recusal, another disqualification determination, or another administrative basis.

12. *Ground.* A judge who has recused takes no action in the case beyond the ministerial steps needed to transfer it. *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 22-2168, slip op. at 52–54 (4th Cir. Aug. 5, 2024) (published), reported at 111 F.4th 337; *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899, 904–05 (4th Cir. 1983) (en banc). The same limit applies during a

period in which 28 U.S.C. § 455 requires disqualification. *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983); *In re BellSouth Corp.*, 334 F.3d 941, 949–50 & n.4 (11th Cir. 2003). Plaintiff contends that disposing of ECF No. 86 after the relevant authority ended would exceed implementation of a transfer. Plaintiff objects to ECF No. 96 to the extent it constitutes adjudication after an established recusal or during a period in which § 455 required disqualification.

13. *Relief.* Determination whether ECF No. 96 was authorized adjudication, permissible administrative closure, or action beyond the authority remaining. If the latter, vacatur of ECF No. 96 and independent disposition of ECF No. 86's prospective request by the District Judge.

14. The two objections are independent. Each identifies its own predicate, ground, and relief.

## IV. RELATED REQUESTS

### A. Request Concerning the Successor Designation and Conditional Corrective Relief.

15. Plaintiff requests identification of the authority and procedure that produced the successor designation. If the designation resulted from discretionary selection by a disqualified officer or another unauthorized process, Plaintiff requests correction under the Court's governing assignment procedures, administered without the disqualified officer's participation. Plaintiff requests Clerk-administered random selection to the extent authorized by those procedures. If the existing designation complied with the governing procedure, Plaintiff requests that determination.

16. Plaintiff does not allege that Magistrate Judge Davis selected Magistrate Judge Fitzpatrick. Plaintiff raises no objection to Magistrate Judge Fitzpatrick personally. Plaintiff does not seek the reinstatement of Magistrate Judge Davis.

**B. Alternative Relief: Define ECF No. 96's Effect in Determining ECF No. 93.**

17. ECF No. 96 disposed of ECF No. 86 on mootness grounds following reassignment. It did not determine whether the challenged earlier participation complied with § 455 and did not adjudicate ECF No. 93. Plaintiff requests that the District Judge decide ECF No. 93 on its own grounds, resolving the statutory facts to the extent necessary to that decision, or granting independently warranted relief without reaching unnecessary questions.

18. Plaintiff does not contend that ECF No. 96 purports to decide ECF No. 93. The request is for the District Judge to define the effect of ECF No. 96 when adjudicating the pending retrospective application.

**C. Leave to Supplement ECF No. 93.**

19. The October 22, 2026 developments postdate ECF No. 93 and bear on the relief it requests. Plaintiff requests leave under Local Civil Rule 7(F)(1) to file the Proposed Supplement attached as Exhibit A, which is confined to those developments and their effect on ECF No. 93 ¶ 10(R1) through (R7), with such opportunity for the Defendants to respond as the Court directs.

## V. RELIEF REQUESTED

20. Plaintiff requests an order, in the form of the accompanying Proposed Orders:

(1) granting leave to file Exhibit A;

(2) retaining in the District Judge the determination of the Objections and related requests, and placing on the record, in the decision itself, through a statement of the Clerk, or from existing records, the following: the effective scope of the reassignment and, where material and available, its timing relative to ECF No. 96; whether authority over ECF No. 86 remained and the source of that authority; whether the reassignment reflected recusal, another disqualification determination, or another administrative basis relevant to the Objections; and the governing successor-selection procedure and whether that procedure was followed;

(3) affording the parties an opportunity to address any newly supplied material factual information before it becomes a basis for decision;

(4) upon sustaining Objection One or Objection Two, vacating ECF No. 96 and disposing independently of ECF No. 86's prospective request, with the material statutory questions addressed as necessary in deciding ECF No. 93;

(5) in the alternative, leaving the prospective mootness disposition in place, identifying its limited effect as stated in paragraph 17, and determining ECF No. 93 on its own grounds;

(6) identifying the authority and procedure that produced the successor designation and, if that designation resulted from an unauthorized process, correcting it as stated in paragraph 15;

(7) determining the Objections in coordination with ECF Nos. 66, 67, 76, 89, 90, 91, 93, and 94, distinguishing in the order the relief granted, the requests that remain pending, and the requests rendered unnecessary by complete relief; and

(8) providing that no relief granted returns any referred matter to Magistrate Judge Davis.

21. Plaintiff does not contend that the filing of these Objections stays any order or makes ECF No. 59-1 the operative pleading. Vacatur of ECF No. 96 would not by itself vacate ECF No. 64 or ECF No. 84 or grant ECF No. 59. Those requests are stated in ECF Nos. 66, 67, 89, 90, 91, 93, and 94 and are determinable on their own grounds.

## VI. SUBMISSION

22. Local Civil Rule 72 provides that an objection under Rule 72(a) "shall be considered a motion and is subject to the briefing and notice requirements on Local Civil Rule 7." Plaintiff waives oral argument on this Motion only and requests that the Court direct its submission

on the papers under Local Civil Rules 7(E) and 7(J) and Federal Rule of Civil Procedure 78(b). A Notice of Waiver of Oral Argument and Request for Submission on the Papers accompanies this Motion. The waiver does not withdraw the objections stated in ECF Nos. 66 and 67 to provisions of ECF Nos. 63 and 65.

23. Plaintiff submits with this Motion: the Memorandum in Support; Exhibit A; Proposed Orders A, B, and C; and the Notice of Waiver of Oral Argument and Request for Submission on the Papers. Plaintiff relies on the existing record, including ECF Nos. 86 through 94 and their attachments.

WHEREFORE, Plaintiff respectfully requests that the Court enter Proposed Order A and, upon determination of these Objections, Proposed Order B or, in the alternative, Proposed Order C.

Date: October 23, 2026

Respectfully submitted,



Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Rule 72(a) Objections to ECF No. 96 and Motion to Set Aside or Modify That Order, Determine Reassignment Authority, and Grant Leave to Supplement ECF No. 93, with its Certificate of Service, Local Civil Rule 83.1(N) Certification, and Generative Artificial Intelligence Disclosure and Citation Certification;
2. Memorandum in Support;
3. Exhibit A (Proposed Supplement to ECF No. 93);
4. Proposed Order A;
5. Proposed Order B;
6. Proposed Order C; and
7. Notice of Waiver of Oral Argument and Request for Submission on the Papers.

Counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc. are registered users of the Court's Case Management/Electronic Case Filing (CM/ECF) system. Upon the Clerk's docketing of the submission, the CM/ECF system will transmit a Notice of Electronic Filing to each of them, and service will be made through that means under Federal Rule of Civil Procedure 5(b)(2)(E). EDSS submission is not itself service.

Date: October 23, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Rule 72(a) Objections to ECF No. 96 and Motion to Set Aside or Modify That Order, Determine Reassignment Authority, and Grant Leave to Supplement ECF No. 93, including the Certificate of Service, this Certification, and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 23, 2026

## GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 23, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*