FILED
10/23/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,
*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 72(a) OBJECTIONS TO ECF NO. 96 AND MOTION TO SET ASIDE OR MODIFY THAT ORDER, DETERMINE REASSIGNMENT AUTHORITY, AND GRANT LEAVE TO SUPPLEMENT ECF NO. 93**

## I. PRELIMINARY STATEMENT

The October 22, 2026 docket records reassignment of this action to Magistrate Judge Fitzpatrick and states that Magistrate Judge Davis is no longer assigned. ECF No. 96, signed by Magistrate Judge Davis, disposes of Plaintiff's disqualification motion on the ground that the case has been reassigned. The quotations from ECF No. 96 in this Memorandum are taken from its October 22, 2026 docket entry. Plaintiff objects to that adjudication to the extent it occurred after the authority necessary to decide ECF No. 86 had ended or exceeded the administrative action permissible after recusal or statutory disqualification.

The available record does not establish the effective scope of the reassignment, whether authority over ECF No. 86 remained, or the procedure used to designate the successor. Plaintiff

requests determination of those matters and vacatur if the challenged disposition lacked authority or constituted prohibited participation.

Independently, Plaintiff requests that the District Judge determine the October 22 developments' effect on pending ECF No. 93. At minimum, the completed prospective reassignment must remain distinct from the unresolved requests concerning ECF Nos. 64 and 84. ECF No. 96 does not determine the financial-conflict facts or the retrospective application. Plaintiff requests adjudication of that application on its own grounds, with factual determinations to the extent necessary, and without delaying independently warranted relief on the existing objections.

## II. PROCEDURAL HISTORY AND GOVERNING REVIEW

### A. Chronology

On September 9, 2026, ECF No. 64 required Plaintiff to file by September 11, 2026 a redlined comparison of the proposed Second Amended and Supplemental Complaint (ECF No. 59-1) against the original Complaint (ECF No. 1). On September 13, 2026, Plaintiff submitted Rule 72(a) objections to ECF Nos. 63, 64, and 65 and a motion to set aside ECF No. 64 (ECF Nos. 66, 67, 68). On October 7, 2026, ECF No. 84 denied ECF Nos. 15 and 54 as premature and denied ECF No. 59 for nonproduction of the comparison.

On October 13, 2026, Plaintiff filed three coordinated applications, each entered October 14, 2026. ECF No. 86 moved before Magistrate Judge Davis for disqualification under 28 U.S.C. § 455(b)(4) and § 455(a), supported by a Declaration and by Exhibits A and B, the Financial Disclosure Reports for calendar years 2025 and 2024 (ECF Nos. 86-1 through 86-3). ECF Nos. 89, 90, and 91 presented Rule 72(a) objections to ECF No. 84 before the District Judge. ECF Nos. 93 and 94 moved before the District Judge for targeted vacatur of ECF Nos. 64 and 84, withdrawal or modification of the referral, and interim relief.

On October 22, 2026, the docket recorded the reassignment of this action to Magistrate Judge Fitzpatrick and the entry of ECF No. 96. Both actions are dated October 22, 2026. ECF No. 96 describes the reassignment as completed. The available entries do not establish the relative timing of execution, issuance, entry, and the effective termination or modification of the relevant designation.

**B. The allocation of issues among the October 13 filings**

ECF No. 86 asked the Magistrate Judge to state on the record whether the asset reported as "FB common stock" is common stock of Meta Platforms, Inc.; whether that interest was held on July 30, 2026 and on each date on which ECF Nos. 62, 63, 64, 65, 82, and 84 were entered; the date and manner of any divestiture; whether the interest is held directly or through a fund within 28 U.S.C. § 455(d)(4)(i); and any other fact material to § 455(f). ECF No. 86, Part V. It requested disqualification upon those determinations and, upon disqualification, "the ministerial steps necessary to return or transfer the referred matters through the Court's assignment procedures." *Id.*, Parts V, VII(A1)–(A4). It stated that the companion filings "seek the retrospective and case-management remedies" and that "[t]his Motion does not." *Id.*, Part VI. It reserved review under Rule 72(a) of any order disposing of it. *Id.*

ECF No. 93 requests the retrospective and referral relief. ECF No. 93 ¶ 10 states seven requests: (R1) withdrawal or modification of the referral, with affected matters retained by the District Judge or reassigned through the Court's assignment procedures; (R2) vacatur of ECF No. 84 and of the comparison requirement and deadline in ECF No. 64 upon the statutory findings identified in its paragraph 5; (R3) restoration of ECF Nos. 15, 54, and 59 to pending status; (R4) affirmative adjudication of those motions or prompt independent determination; (R5) interim protection; (R6) coordinated determination with the existing objections; and (R7) a decision record. ECF No. 93 ¶ 2 states that it does not extend or restart any period to object.

### C. ECF No. 96

The docket entry for ECF No. 96 identifies ECF No. 86 as the matter before the Court, states that the matter "can be resolved without oral argument," orders that the Motion "is DENIED AS MOOT," and states: "The case has been reassigned to Magistrate Judge William E. Fitzpatrick." The entry records no determination on any item in ECF No. 86, Part V. It does not refer to ECF No. 93. It does not identify the basis for the reassignment or the authority under which ECF No. 96 was entered after the reassignment it describes.

### D. Governing review

The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Whether a magistrate judge possessed authority to decide a matter is a question of law. A disposition entered without that authority is contrary to law. Plaintiff does not seek de novo reconsideration under Rule 72(b). *Wall v. Rasnick*, 42 F.4th 214 (4th Cir. 2022) (No. 21-6553, slip op. at 3), states the Rule 72(a) framework. It does not decide when a reassignment terminates a magistrate judge's authority, and Plaintiff does not cite it for that proposition.

A district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to the exceptions stated in § 636(b)(1)(A). In this District, "[m]agistrate judges . . . are authorized and specially designated to perform all duties authorized or allowed to be performed by United States magistrate judges by the United States Code and any rule governing proceedings in this Court," and "[d]uties and cases may be assigned or referred to a magistrate judge by an order entered in the action or on the instructions of a district judge." E.D. Va. Loc. Civ. R. 72. The same rule provides that a Rule 72(a) objection "shall be considered a motion and is subject to the briefing and notice requirements on Local Civil Rule 7." *Id.* The District Judge controls the scope of the referral. The present record concerns an ordinary pretrial

referral, and Plaintiff does not invoke the standard for vacating a consensual reference under § 636(c)(4).

ECF No. 93 invokes Rule 54(b) for revision of ECF Nos. 64 and 84. Plaintiff maintains that authority there. Plaintiff does not invoke Rule 60(b)(4) and does not contend that any order is void. Timely objection under Rule 72(a) is the vehicle for review of ECF No. 96.

## III. AUTHORITY TO ISSUE ECF NO. 96

### A. The issue

Magistrate Judge Davis remained a magistrate judge of this District on October 22, 2026. The question is whether, when ECF No. 96 was issued, he retained authority to adjudicate ECF No. 86 in this action.

Plaintiff objects to the disposition of ECF No. 86 if, when ECF No. 96 was issued, the reassignment had terminated the authority necessary to adjudicate that motion and no applicable statutory, standing, or case-specific authority permitted the disposition. Plaintiff requests identification of the operative authority and the effect of reassignment on it. The objection does not rest merely on the absence of a separately docketed referral order.

### B. What the record does and does not establish

ECF No. 96 gives one reason for its disposition: the case "has been reassigned." The reassignment entry states that Magistrate Judge Davis is "no longer assigned to the case." The two entries together describe a completed reassignment and a disposition that relies on it. They do not establish the relative timing of execution, issuance, entry, and the effective termination or modification of the designation. They do not state whether the reassignment withdrew every matter then pending before Magistrate Judge Davis in this action or preserved any specified matter.

Plaintiff does not assert that the reassignment entry terminated every possible source of authority. Plaintiff does not assume that a motion under advisement remained with Magistrate

Judge Davis. Those are competing propositions. The docket does not resolve them. Local Civil Rule 72 permits referral "on the instructions of a district judge" without an entered order, and an instruction of that kind would not appear on the docket. For that reason the objection asks the Court to identify the operative authority, in whatever form it took, and to determine whether the disposition of ECF No. 86 fell within it.

**C. The record request**

Plaintiff requests that the District Judge place on the record, in the decision itself, through a statement of the Clerk, or from existing records, four matters:

1. The effective scope of the reassignment and, where material and available, its timing relative to ECF No. 96.

2. Whether authority over ECF No. 86 remained and the source of that authority.

3. Whether the reassignment reflected recusal, another disqualification determination, or another administrative basis relevant to the Objections.

4. The governing successor-selection procedure and whether that procedure was followed.

Plaintiff requests an opportunity to address any newly supplied material factual information before it becomes a basis for decision. Plaintiff does not request a deposition of any judicial officer, access to chambers communications, inquiry into judicial mental processes, or the production of timestamps that may not exist. The request is for the source of administrative authority, which the Court can state.

## IV. RECUSAL, STATUTORY DISQUALIFICATION, AND PERMISSIBLE ADMINISTRATIVE ACTION

### A. Three distinct circumstances

The second objection is independent of the first. It requires the Court to distinguish three circumstances. The first is an established recusal. The second is an established statutory duty to disqualify under 28 U.S.C. § 455. The third is the mere pendency of a motion requesting disqualification. The filing of a § 455 motion does not establish the alleged financial interest. It does not eliminate the judge's ability to decide the motion. The statutory conditions in § 455(b)(4), § 455(d)(4), and § 455(f) must be addressed before a duty to disqualify is established. The issue under this objection is whether ECF No. 96 was an authorized administrative disposition or prohibited adjudication under the circumstances the Court determines to exist.

### B. Participation after recusal

In *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 22-2168, slip op. at 52–54 (4th Cir. Aug. 5, 2024) (published), reported at 111 F.4th 337, a district judge recused under a prophylactic policy, the Clerk reassigned the case and recorded "conflict" as the reason, and the case later returned to the same judge. The Fourth Circuit held that once a judge recuses himself from a case he should remain recused, even though the recusal may not originally have been required. *Id.* at 4, 52–54. The court relied on *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899, 904–05 (4th Cir. 1983) (en banc), for the rule that a recused judge is "out of service insofar as that case is concerned" and "should take no action which would possibly affect the outcome of [the] case." *Duke Energy*, slip op. at 53 (quoting *Arnold*, 712 F.2d at 904–05).

*Duke Energy* supports the rule against a recused judge acting in the same case. It does not hold that every same-day reassignment and docket-closing order is invalid. Its facts involved a clerk-recorded reassignment based on a conflict, which shows that the absence of a document

labeled "recusal" is not dispositive of whether a recusal occurred. Timing alone does not establish that the reassignment here was a recusal. The record does not say what it was. That is the third matter in the record request.

### C. Permissible administrative action

*In re BellSouth Corp.*, 334 F.3d 941, 949–50 & n.4 (11th Cir. 2003), distinguishes substantive participation from administrative transfer. The district judge there did not rule on the merits and did not designate a successor. He referred the matter to the Clerk for random reassignment and stayed the matters before him. The Eleventh Circuit held that the referral was ministerial and contrasted cases in which a judge continued to enter substantive orders after the duty to recuse arose. *Id.* at 949–50. The court also recognized that technical error of this kind does not invariably warrant vacatur, and it applied the *Liljeberg* factors in that assessment. *Id.* at 949 n.4. *BellSouth* arose on a petition for mandamus. Its mandamus standard does not govern this Rule 72(a) application. Its distinction between substantive participation and administrative transfer does.

*McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983), holds that a disqualified judge "has no authority to sign such an order, or any other judicial order, pertaining to a proceeding in which he is disqualified." The Fifth Circuit vacated the disqualified judge's order assigning the cases to a named successor. *Id.*

Plaintiff contends that disposing of ECF No. 86 after the relevant authority ended would exceed implementation of a transfer. The Court should determine whether ECF No. 96 was authorized adjudication, permissible administrative closure, or action beyond the authority remaining. Its title and dispositive verb do not alone resolve that question.

**D. Plaintiff's prior request**

ECF No. 86 requested determination of the statutory question and supporting facts before further substantive action, followed, upon disqualification, by transfer through the Court's procedures. ECF No. 86, Part VII(A3)–(A4). Plaintiff does not object merely because Judge Davis addressed a motion directed to him. The present objection concerns the authority and permissible scope of the disposition in light of the completed reassignment described in ECF No. 96.

**E. The statutory grounds are maintained**

The record on which ECF No. 86 rests remains before the Court. The Financial Disclosure Reports for calendar years 2025 and 2024 report "FB common stock" at Part VII, line 6, with a gross year-end value of $15,001 to $50,000 and no reported transaction on that line. ECF No. 86-2 at 2; ECF No. 86-3 at 4. The public filings establishing the relationship between "FB" and Meta Platforms, Inc. are identified in ECF No. 87, Part II.B. Section 455(b)(4) requires disqualification where the judge knows that he has a financial interest in a party. Section 455(d)(4) defines a financial interest as ownership of a legal or equitable interest "however small," with the exception in § 455(d)(4)(i) for an interest held through a mutual or common investment fund. Section 455(f) permits divestiture to cure a disqualification discovered after substantial judicial time has been devoted to the matter. Section 455(a) applies independently.

The reports establish the holding at year-end 2024 and year-end 2025. They do not establish the holding on any date in 2026. ECF No. 86, Part II; ECF No. 93 ¶ 5. ECF No. 96 did not determine the factual questions identified in ECF No. 86, Part V. Those questions remain relevant to the extent necessary to decide the statutory grounds and retrospective relief presented in ECF No. 93. Plaintiff requests that the District Judge address them in that proceeding rather than treat the completed reassignment as resolving them. A mootness disposition supplies no finding on ownership, knowledge, divestiture, or statutory compliance. The inclusion of requested findings

in ECF No. 86 does not by itself require the Court to make every finding after the prospective request has become unnecessary. Fed. R. Civ. P. 52(a)(3). Plaintiff requests a factual and legal basis sufficient to decide the relief still sought, and no more.

## V. SUCCESSOR DESIGNATION AND CONDITIONAL CORRECTION

A disqualified judge may not select the judge who will succeed to the case. *McCuin*, 714 F.2d at 1261. Permitting that selection "would violate the congressional command that the disqualified judge be removed from all participation in the case" and "might, in addition, create suspicion that the disqualified judge will select a successor whose views are consonant with his." *Id.* Referral to the Clerk for assignment under the court's procedures is permitted. *BellSouth*, 334 F.3d at 949–50. The application of *McCuin* depends on facts not established here. The record does not identify who directed the reassignment or under what procedure, and the absence of a publicly described selection mechanism is not proof that the selection was unauthorized.

Plaintiff requests identification of the authority and procedure that produced the successor designation. If the designation resulted from discretionary selection by a disqualified officer or another unauthorized process, Plaintiff requests correction under the Court's governing assignment procedures, administered without the disqualified officer's participation. Plaintiff requests Clerk-administered random selection to the extent authorized by those procedures. If the existing designation complied with the governing procedure, Plaintiff requests that determination.

This request bears on the first objection and on the pending referral relief in ECF No. 93 ¶ 10(R1). If the officer who issued ECF No. 96 also directed the successor designation, the authority for both acts rests on the same determination. ECF No. 93 ¶ 10(R1) requests that affected matters be reassigned "through the Court's assignment procedures." Identification of the procedure actually used answers whether that request has been satisfied.

Plaintiff claims no right to a different magistrate judge. A procedure conducted under the Court's rules may designate Magistrate Judge Fitzpatrick. Plaintiff raises no objection to Magistrate Judge Fitzpatrick personally and does not seek the reinstatement of Magistrate Judge Davis.

## VI. ECF NO. 96'S EFFECT ON PENDING ECF NO. 93; ALTERNATIVE RELIEF

ECF No. 96 disposed of ECF No. 86 on mootness grounds following reassignment. It did not determine whether the challenged earlier participation complied with § 455 and did not adjudicate ECF No. 93. Plaintiff requests that the District Judge decide ECF No. 93 on its own grounds, resolving the statutory facts to the extent necessary to that decision, or granting independently warranted relief without reaching unnecessary questions.

Plaintiff does not contend that ECF No. 96 purports to decide ECF No. 93, and Plaintiff does not ask the Court to restore every determination requested in ECF No. 86 as a standalone controversy. The live relief is the requested correction of ECF Nos. 64 and 84 and the pending referral questions. The determinations necessary to that relief belong in the District Judge's resolution of the pending applications, on an appropriate factual record. Plaintiff does not request that any inquiry be returned to Magistrate Judge Davis.

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 862–64 (1988), separates the question whether a judge should have disqualified himself from the question what remedy follows for past participation. The Court identified three considerations for the remedial question: the risk of injustice to the parties in the particular case, the risk that denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. *Id.* at 864. *Liljeberg* arose on a Rule 60(b)(6) motion for relief from a final judgment. The present application concerns interlocutory orders, and the grounds invoked in ECF No. 93, including Rule 54(b) and § 636(b)(1)(A), supply the vehicle. Vacatur does not follow automatically from a § 455

violation. The remedial question, where reached, is decided on the *Liljeberg* considerations and on the record the Court develops.

The District Judge may grant complete relief from ECF Nos. 64 and 84 on the procedural grounds independently briefed in ECF Nos. 66, 67, 89, 90, and 91 without deciding every financial-conflict question. Plaintiff preserves that route and does not make any collateral determination a prerequisite to it.

## VII. CONSEQUENCES, COORDINATED DETERMINATION, AND LEAVE TO SUPPLEMENT

### A. Consequences

The consequence of any defect in ECF No. 96 must be assessed separately from the continuing effects of ECF Nos. 64 and 84. An authorized district-judge determination that considers the preserved grounds and supplies appropriate relief may eliminate any remaining consequence of the October 22 disposition. Reassignment alone does not perform that review. Rule 61 directs the Court to disregard errors that do not affect a party's substantial rights, and Plaintiff requests correction matched to the consequence established, not reversal for its own sake. Fed. R. Civ. P. 61.

Leaving necessary issues unresolved while the challenged orders control the operative pleading can matter on review. In *Wall v. Rasnick*, 42 F.4th 214 (4th Cir. 2022) (No. 21-6553, slip op. at 3, 9–10), timely and specific Rule 72(a) objections remained reviewable when the final judgment implicitly rejected them, and the court vacated because the underlying issues had been left unresolved by the magistrate judge and were material to the result. Plaintiff does not contend that every omitted finding, unexplained ruling, or implicit denial is reversible. Plaintiff states the issues here with the specificity that Rule 72(a) and Rule 46 require so that the Court can decide them.

Plaintiff maintains by reference the requests concerning ECF No. 64 (ECF Nos. 66, 67; ECF No. 93 ¶ 10(R2)), ECF No. 84 (ECF Nos. 89, 90, 91; ECF No. 93 ¶ 10(R2)–(R4)), and ECF No. 59 (ECF No. 93 ¶ 10(R3)–(R4)). This Memorandum does not repeat their merits. This package does not restart any period to object.

### B. Coordinated determination

Plaintiff requests that the District Judge retain determination of the authority and assignment questions and coordinate them with ECF No. 93 and the pending objections. ECF No. 93 ¶ 10(R6). Plaintiff maintains the request in ECF No. 93 ¶ 10(R5)(c) that the amendment and financial-conflict issues be determined before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate a claim and that relies on the exclusion of the proposed pleading. Plaintiff does not request a stay. The pendency of these Objections does not prevent the Court from granting independently warranted relief on the amendment and discovery objections, and Plaintiff requests that relief without awaiting resolution of every assignment question. ECF No. 93 ¶ 10(R6).

### C. Leave to supplement

Local Civil Rule 7(F)(1) provides that “[n]o further briefs or written communications may be filed without first obtaining leave of Court.” The October 22 developments postdate ECF No. 93 and bear on its requests (R1), (R5), and (R6). The Proposed Supplement, Exhibit A, is confined to those developments and their effect on ECF No. 93 ¶ 10. It repeats no argument from ECF No. 94 and adds no ground. Plaintiff requests leave to file it, with such opportunity for the Defendants to respond as the Court directs. Rule 15(d) governs supplemental pleadings and is not invoked.

## VIII. CONCLUSION

Plaintiff requests that the Court (1) grant leave to file Exhibit A; (2) retain determination of the Objections and place on the record the four matters identified in Part III.C; (3) determine

Objections One and Two and, if either is sustained, vacate ECF No. 96 and dispose independently of ECF No. 86's prospective request; (4) in the alternative, define the limited effect of ECF No. 96 and determine ECF No. 93 on its own grounds; (5) identify the authority and procedure that produced the successor designation and correct it if it was unauthorized; and (6) coordinate these determinations with the pending applications, distinguishing relief granted, requests pending, and requests rendered unnecessary.

Date: October 23, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the Memorandum in Support of Plaintiff's Rule 72(a) Objections to ECF No. 96 and Motion to Set Aside or Modify That Order, Determine Reassignment Authority, and Grant Leave to Supplement ECF No. 93, including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine



Signature of Pro Se Litigant
Executed on: October 23, 2026

**GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 23, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*