**EXHIBIT A**

Submitted as a proposed supplement with Plaintiff's request for leave under Local Civil Rule 7(F)(1).

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,
*Defendants.*

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL, AND RELATED INTERIM RELIEF (ECF NO. 93)**

Plaintiff submits this Supplement, upon leave of Court, to update ECF No. 93 for developments on the docket after its filing. It adds no ground and requests no new relief.

## I. SUBSEQUENT DEVELOPMENTS

1. On October 22, 2026, an unnumbered docket entry stated: "Case Reassigned to Magistrate Judge William E. Fitzpatrick. Magistrate Judge Ivan D. Davis no longer assigned to the case."

2. On October 22, 2026, ECF No. 96, signed by Magistrate Judge Davis, denied ECF No. 86 as moot. Its docket entry states: "The case has been reassigned to Magistrate Judge William E. Fitzpatrick."

3. ECF No. 96 identifies ECF No. 86 only. It records no determination on the matters identified in ECF No. 86, Part V. It does not refer to ECF No. 93.

4. Plaintiff's Rule 72(a) Objections to ECF No. 96, filed with this Supplement, request determination of the authority under which ECF No. 96 was issued and identification of the procedure by which the successor designation was made.

## II. EFFECT ON THE RELIEF REQUESTED IN ECF NO. 93 ¶ 10

5. *(R1) Referral.* The removal of Magistrate Judge Davis from the assignment is accomplished. Plaintiff does not seek his reinstatement. The remaining referral question concerns the authorized disposition of the referred matters and any warranted correction of the successor designation, as requested in the Objections to ECF No. 96. Plaintiff maintains (R1) to that extent.

6. *(R2) Vacatur.* ECF No. 96 grants no relief from ECF No. 64 or ECF No. 84. Plaintiff maintains (R2).

7. *(R3) Restoration and preservation.* ECF No. 96 grants no relief as to ECF Nos. 15, 54, or 59. Plaintiff maintains (R3).

8. *(R4) Affirmative adjudication.* ECF No. 96 grants no relief as to the merits of ECF Nos. 15, 54, or 59. Plaintiff maintains (R4).

9. *(R5) Interim protection.* The component in (R5)(a) directed to further substantive action by Magistrate Judge Davis is addressed by the reassignment. Plaintiff maintains (R5)(b), concerning reliance on the nonproduction condition in ECF No. 64, and (R5)(c), concerning the sequencing of the amendment and financial-conflict issues relative to any claim-terminating disposition of ECF Nos. 10, 21, or 45.

10. *(R6) Existing objections.* Plaintiff requests that the October 22 developments be addressed within the coordinated determination requested in (R6), with the prospective disposition in ECF No. 96 kept distinct from the retrospective requests in ECF No. 93.

11. *(R7) Decision record.* Plaintiff maintains (R7) to the extent the findings and reasons requested are necessary to decide the relief still sought.

**III. SCOPE**

12. This Supplement does not extend or restart any period to object under Rule 72(a). It does not revive ECF No. 26. It does not withdraw any position preserved in ECF No. 93 ¶ 11.

Date: October 23, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Supplement to Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate-Judge Referral, and Related Interim Relief (ECF No. 93), including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 23, 2026

**GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 23, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*