**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE THE AMENDMENT AND DISCOVERY DENIALS (DKT. NO. 90) AND MOTION FOR TARGETED VACATUR OF ECF NOS. 64 AND 84, WITHDRAWAL OR MODIFICATION OF THE MAGISTRATE-JUDGE REFERRAL AND RELATED INTERIM RELIEF (DKT. NO. 93)**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Rule 72(a) Objections to ECF No. 84 and Motion to Set Aside the Amendment and Discovery Denials (Dkt. No. 90), and Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate Judge Referral, and Related Interim Relief (Dkt. No. 93). In support of its response, Meta states the following:

## I. PROCEDURAL HISTORY

Plaintiff's First Amended Complaint ("FAC") seeks to hold Defendants National Center for Missing & Exploited Children ("NCMEC") and Katie Hall (collectively, the "NCMEC Defendants") liable for responding to draft subpoenas that Plaintiff sent to NCMEC. The FAC also seeks to hold Meta liable for purportedly conspiring with the NCMEC Defendants to send the responses to the draft subpoenas. After NCMEC and Meta filed Motions to Dismiss the FAC (Dkt.

Nos. 10 and 21), Plaintiff filed a Motion for Leave to File a Supplemental Complaint, seeking to add allegations based on NCMEC's Motion to Dismiss and a Motion to Dismiss filed by Meta (along with 3 co-defendants) in a separate action filed by Plaintiff. *See* Dkt. No. 26. Plaintiff subsequently withdrew that Motion to file a renewed version, attaching a proposed Second Amended Complaint to his Motion for Leave to File Supplemental Complaint. Dkt. No. 59. Separately, while Defendants' Motions to Dismiss remained pending, Plaintiff also filed Motions for Leave to Serve Interrogatories prior to a Rule 26(f) conference on both NCMEC (Dkt. No. 15) and Meta (Dkt. 54), seeking to serve similar interrogatories on both NCMEC and Meta relating to the existence of CyberTipline reports associated with 3 identifiers provided by Plaintiff.

On September 9, 2026, Magistrate Judge Davis ordered Plaintiff to "provide a redlined version of the Amended Complaint. . . no later than September 11, 2026" to allow the Court to review the changes and additions in the proposed amended complaint. Dkt. No. 64. Rather than comply with this order, Plaintiff filed Rule 72(a) objections and a motion to set aside the requirement that he submit a redlined version of the amended complaint. *See* Dkt. Nos. 66, 67. On October 7, 2026, nearly a month after ordering Plaintiff to submit a redlined version of his proposed Second Amended Complaint, Magistrate Judge Davis denied Plaintiff's Motion for Leave to File his Second Amended Complaint based on his failure to comply with the order. Dkt. No. 84. In that same order, Magistrate Judge Davis also denied Plaintiff's requests for leave to serve interrogatories as premature, because the District Judge has not yet issued a scheduling order in the matter.

In response to the Magistrate Judge's order denying his motions, Plaintiff filed: (1) a motion to disqualify Magistrate Judge Davis under 28 U.S.C. § 455 (Dkt. No. 86), (2) Rule 72(a) objections and a corresponding motion to set aside the order denying his Motions (Dkt. Nos. 89

and 90), and (3) a motion for vacatur of both the order denying his request and the order requiring Plaintiff to submit a redlined version of his proposed amended complaint. Dkt. No. 93. The matter has since been reassigned to Magistrate Judge William Fitzpatrick and Plaintiff's Motion to Disqualify Magistrate Judge Davis has been denied as moot. Dkt. No. 96.

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions" and "permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593 (E.D. Va. 2014). For non-dispositive matters, "the review of a magistrate's order is [] governed by the clearly erroneous or contrary to law standard of review." *Id.* (internal quotations omitted). Under Rule 72(a), the "Court will [] review the factual portions of the Magistrate Judge's order under the clearly erroneous standard, but will review legal conclusions to determine if they are contrary to law." *Id.*

## III. DISCUSSION

### A. Magistrate Judge Davis Did Not Err in Denying Plaintiff's Leave to Serve Interrogatories or to File a Supplemental Complaint

Magistrate Judge Davis properly denied Plaintiff's request for early discovery as premature, because "discovery has not officially begun in this case" where "currently there is no Scheduling Order in this case." Dkt. No. 84 at 1-2; *see Bui v. Smyth*, No. 1:23-cv-1224, 2023 WL 11691500, at *1 (E.D. Va. Oct. 24, 2023) (denying request for early discovery because "the parties have not conferred as required by Rule 26(f) and the Court has not issued a scheduling order authorizing the parties to begin engaging in discovery" and "Defendants have filed their motions to dismiss"); *see also Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) ("A district court has 'wide latitude in controlling discovery'").

Plaintiff appears to fault Magistrate Judge Davis's order for failing to consider whether his requested early discovery should have been authorized by a court order pursuant to Rule 26(d). Dkt. No. 91 at 4. In denying Plaintiff's request for leave to serve interrogatories, however, Magistrate Judge Davis expressly construed Plaintiff's "Motions as requests for expedited discovery." Dkt. No. 84 at 1. And, for the reasons stated in Meta's Opposition to Plaintiff's Motion for Leave to Serve Four Interrogatories on Meta, Plaintiff has failed to identify any justification warranting expedited discovery here. *See* Dkt. No. 73 (arguing that expedited discovery was unwarranted here because case-dispositive motions to dismiss were pending, plaintiff's proposed discovery would not be helpful in resolving the motions to dismiss, and, if plaintiff's claims survive dismissal, he could seek the discovery later in the case). Plaintiff's objections do not effectively refute any of Meta's arguments, instead reiterating arguments from his original motion for leave to serve interrogatories.

Plaintiff's objections to Magistrate Judge Davis's denial of his Motion for Leave to File a Second Amended Complaint are similarly meritless. Plaintiff largely takes issue with the requirement that he submit a redlined version of the proposed amended complaint and the denial of his motion based on non-compliance with that requirement. *See* Dkt. No. 91 at 8-11. In ruling on Plaintiff's motion for leave to amend, Magistrate Judge Davis found that the Court "does not possess sufficient information to" rule on Plaintiff's request without a redline showing "the changes, deletions, and additions" made to the Complaint. Dkt. No. 64. Courts in the Fourth Circuit routinely require parties seeking to amend their pleadings to file redlines showing applicable changes. *See, e.g., Vogel v. RMAC Trust*, No. 1:24-cv-2182, 2025 WL 1095370, at * 1 (E.D. Va. Apr. 11, 2025) (providing that if plaintiffs "wish to seek leave to file an amended Complaint" they may file a motion to amend with "a redlined copy of the proposed amended Complaint against the

original Complaint"). "Filing a redline version of the Amended Complaint is not an empty exercise" but rather "provides essential notice. . . as to the new claims." *Oyola v. Wash. Metro. Area Transit Auth.*, No. 8:21-cv-540, 2021 WL 6884624, at *1 (D. Md. Nov. 12, 2021). Over a month after the Court ordered Plaintiff to submit a redlined version of his amended Complaint, Plaintiff failed to complete this essential exercise, warranting denial of his motion for leave to amend.

Moreover, granting Plaintiff leave to file the proposed Second Amended Complaint would be futile. As explained in Meta's Opposition to Plaintiff's Motion for Leave to Amend his Complaint (Dkt. No. 83), the new allegations in Plaintiff's proposed Second Amended Complaint relate only to Meta's alleged awareness of this action based on language in Meta's Motion to Dismiss in a separate action brought by Plaintiff, and have no relevance to Plaintiff's conspiracy claims against Meta. Nothing in Plaintiff's Rule 72(a) objections refute this argument, and instead merely reiterate his assertion that his new allegations relate to "Meta's knowledge, Meta's state of mind, Meta's awareness of the relationship between this action," and separate litigation Plaintiff filed against Meta, without explaining how these allegations support his conspiracy claims against Meta. Dkt. No. 91 at 22-23.

**B. Vacatur of Magistrate Judge Davis's Orders Is Not Warranted**

Plaintiff's objection requesting the vacatur of Magistrate Judge Davis's orders based on the alleged violations of 28 U.S.C. § 455 is similarly without merit. *See* Dkt. Nos. 91 at 24; *see also* Dkt. No. 94. As an initial matter, there has been no finding of any violation of 28 U.S.C. § 455 here. But even assuming there was a violation of 28 U.S.C. § 455, vacatur of Magistrate Judge Davis's prior orders is unwarranted.

In determining whether vacatur of prior orders is appropriate based on a violation of 28 U.S.C. § 455, courts consider: (1) the risk of injustice to the parties in the particular case, (2) the risk that the denial of relief will produce injustice in other cases, and (3) the risk of undermining the public confidence in the judicial process. Here, even assuming any conflict subject to 28 U.S.C. § 455 exists here, the weighing of these three factors counsels against vacatur of Magistrate Judge Davis's orders. First, giving continued effect to Magistrate Judge Davis's orders does not pose any risk of injustice or prejudice to Plaintiff. *See Brock*, 2022 WL 1231044, at *4 (denying motion to vacate orders based on district judge's "failure to recuse in light of his wife's stock ownership in Facebook" even though "the second and third factors weigh in favor of vacatur" because "the risk of injustice to the parties is exceedingly low"). Neither of the two orders issued by Magistrate Judge Davis dismissed any of Plaintiff's claims nor did they address the merits of any of Plaintiff's claims or the arguments raised in Defendants' Motions to Dismiss. *See Chesher v. 3M Co.*, No. 3:15-cv-2123, 2022 WL 88328, at *2 (D.S.C. Jan. 6, 2022) (denying motion for vacatur of judgment based on order on defendant's motion to exclude plaintiff's expert because the recused judge "made no substantive rulings as to the" relevant entities).

Moreover, neither order provides any final judgment nor do they foreclose Plaintiff from renewing his requests at a later stage in the action. Indeed, with respect to Plaintiff's requested discovery, Magistrate Judge Davis found only that Plaintiff's request for discovery was "premature," leaving open the possibility that Plaintiff can seek the sought discovery later in the case, if his claims survive Defendants' Motions to Dismiss. And, with respect to Plaintiff's proposed amended complaint, nothing in Magistrate Judge Davis's order expressly precludes Plaintiff from renewing his request to amend by curing his failure to comply with the Court's order requiring Plaintiff submit a redlined version of the proposed amended complaint. Accordingly, any

potential injustice caused by the orders is mitigated by the fact that Plaintiff may pursue his requests again at a later stage of the litigation.

Second, that denial of Plaintiff's requested relief will risk future injustice is minimal here. Plaintiff filed timely objections to Magistrate Judge Davis's orders and had an opportunity to seek reassignment, and the case has since been re-assigned to Magistrate Judge William Fitzpatrick. *See* Dkt. No. 96; *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 174 (2d Cir. 2022) (finding that the "risk of harm in future cases is minimal. . . because the district court disclosed the conflict as soon as [the judge] became aware of it and because [challenging party] has had ample opportunity to challenge [the judge's] rulings").

Finally, vacatur is not warranted here to protect against any risk of harm to public confidence in the judicial process because the challenged orders will be independently reviewed by the District Judge. As noted above, Plaintiff has filed Rule 72(a) objections to the order requiring him to submit a redlined version of the proposed Second Amended Complaint (Dkt. No. 66) and the order denying his leave to serve discovery and file his Second Amended Complaint. (Dkt. No. 90). These objections ensure that Magistrate Judge Davis's orders will be reviewed by the District Judge and if there are any errors in those orders, they can be remedied through that review, rather than by vacating the orders. *See ExxonMobil Oil Corp.,* 44 F.4th at 174 (concluding that "declining to vacate the judgment poses little additional risk to the public's confidence the judiciary" where party "had ample opportunity to challenge [conflicted judge's] rulings" before unconflicted judges, noting that "public also has an interest in speedy adjudication of disputes, an interest that would not be furthered by forcing the parties to re-brief the same issues")*; Waldon,* 2022 WL 4552673, at *2 (denying motion to vacate judge's prior orders based on alleged conflict of interest because appellate court reviewed and affirmed judge's decision, showing "that there is

no risk of injustice to [plaintiffs] from [district judge's] failure to recuse"). Indeed, "there need not be a draconian remedy for every violation of §455(a)"—let alone every alleged violation of §455(a). *See Brock v. Zuckerberg*, No. 21-1796, 2022 WL 1231044, at *3 (2d Cir. Apr. 27, 2022) (quoting *Liljeberg v. Health Servcs. Acquisition Corp.*, 486 U.S. 847, 862 (1988)).

## IV. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court overrule Plaintiff's Rule 72(a) Objections to ECF No. 84 and deny his Motion to Set Aside the Amendment and Discovery Denials (Dkt. No. 90) and Motion for Targeted Vacatur of ECF Nos. 64 and 84, Withdrawal or Modification of the Magistrate Judge Referral, and Related Interim Relief (Dkt. No. 93).

Dated: October 27, 2026

Respectfully submitted,

By: */s/ Hillary Dang*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I caused the foregoing to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307

This 27th day of October, 2026.

By: *<u>/s/ Hillary Dang</u>*
Hillary Dang