FILED
10/28/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-WEF
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF ECF NOS. 90 AND 93**

Plaintiff replies to Meta's opposition, ECF No. 101, to Plaintiff's Rule 72(a) objections to ECF No. 84 (ECF Nos. 89, 90, 91) and to Plaintiff's motion for targeted vacatur (ECF Nos. 93, 94). Plaintiff seeks correction of the challenged rulings and determination of the remaining relief on the existing submissions.

## I. ECF NO. 84 RESTS ON A LEGAL PREMISE RULE 26(d)(1) DOES NOT PERMIT.

ECF No. 84 states that "the Court cannot issue an order concerning Plaintiff's Motions because discovery has not officially begun in this case." ECF No. 84 at 1–2. Rule 26(d)(1) bars discovery before the Rule 26(f) conference "except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). ECF Nos. 15 and 54 asked for that order. ECF No. 84 identifies the absence of ordinary discovery and a Scheduling Order as preventing the requested authorization. Rule 26(d)(1) expressly permits authorization by court order. The

objection is to the legal reason the order gives. A court abuses its discretion when it "relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (quotation omitted).

Meta answers that the Magistrate Judge "expressly construed Plaintiff's 'Motions as requests for expedited discovery.'" ECF No. 101 at 4. The label does not resolve the objection. The sentence after the label states the premise Plaintiff challenges. Describing the motions as requests for early discovery does not change the reason the order gives for declining to authorize them.

Meta also incorporates its arguments from ECF No. 73: that the requests should await the dismissal motions and that the answers would not help Plaintiff. ECF No. 101 at 4. Those are alternative grounds, and ECF No. 91 at 5–7 answers them. The seven interrogatories ask where the two reports originated, what identifying information they contained, and whether they were connected to any account Plaintiff held. ECF Nos. 15-1, 54-1. Each permits one of three answers. None asks for the reports. NCMEC states that Plaintiff "does not have access to those reports." ECF No. 74 at 5. That statement describes the gap: Defendants hold the records and seek dismissal with prejudice on the ground that the letters' statements are true. ECF No. 91 at 5–6. Plaintiff requests the answers now because Defendants' motions place the content of those records at issue before any Scheduling Order will issue. The proposed pleading states its claims without the answers. ECF No. 91 at 6–7. Whether to authorize the questions and whether any answer may be considered on a Rule 12(b)(6) motion are separate questions. The Court should authorize the requests on the existing showing or restore them for determination under Rule 26(d)(1). ECF No. 90 ¶ 16(f)–(g).

## II. META DOES NOT RESOLVE THE PENDING COMPARISON AND DEADLINE OBJECTIONS OR ESTABLISH FUTILITY OF THE PROPOSED PLEADING.

Plaintiff does not dispute the Court's authority to require a comparison document. ECF No. 91 at 11. Plaintiff produced none through October 7. The objections did not stay ECF No. 64. *Id.* at 13–14. The question is whether denial of ECF No. 59, with the filed proposed pleading and the existing merits briefing before the Court, was the appropriate consequence. ECF No. 64 issued on September 9 and set September 11 as the compliance date. ECF No. 64. Plaintiff's declaration states that actual notice of ECF No. 64 arrived at about 9:09 p.m. on September 11. ECF No. 68-1 ¶¶ 8–9. On September 13 Plaintiff requested relief from the expired deadline under Rule 6(b)(1)(B) and a compliance period keyed to a ruling on the baseline. ECF No. 67 ¶ 7. No comparison followed through October 7. ECF No. 84 at 2. NCMEC called the initial missed deadline "understandable." ECF No. 74 at 4. ECF No. 84 found "ample opportunity" to comply. ECF No. 84 at 2. It did not separately address the requested deadline relief or the baseline objection when making that finding. Those circumstances bore on whether denial, rather than a defined compliance period, was the appropriate response. Meta's opposition does not address them.

Meta's chronology states that "[r]ather than comply with this order, Plaintiff filed Rule 72(a) objections." ECF No. 101 at 2. The deadline expired on September 11. The objections were submitted on September 13. ECF No. 67 ¶ 5. The weeks of nonproduction that followed are a separate period, during which the request for deadline relief remained pending.

ECF No. 64 required comparison against the original Complaint, ECF No. 1. ECF No. 59 would replace the First Amended Complaint, ECF No. 5. ECF No. 59 ¶ 3. A comparison against ECF No. 1 combines changes already made in ECF No. 5 with the changes now proposed. That is the basis for the request to reconsider or clarify the baseline. ECF No. 67 ¶ 7. *Vogel* denied amendment without prejudice and permitted a renewed motion with clean and marked copies.

*Vogel v. RMAC Trust Series 2016-CTT*, No. 1:24-cv-2182, ECF No. 37 at 1–2 (E.D. Va. Apr. 11, 2025).

Meta states that ECF No. 84 does not expressly preclude another request to amend with a comparison. ECF No. 101 at 6. Restoring ECF No. 59 permits determination on the submissions already filed: the proposed pleading, ECF No. 59-1; the memorandum, ECF No. 60; and the oppositions, ECF Nos. 73, 74, and 83. ECF No. 90 ¶ 16(d)–(e).

Meta's futility argument rests on ECF No. 83, which adopts the applicable arguments of NCMEC and Hall and separately challenges the relevance of Meta's August 13, 2026 filing in the 376 Action. ECF No. 83 at 1, 3; ECF No. 101 at 5. The proposed pleading pleads the August filing as a subsequent fact bearing on Meta's knowledge and state of mind and states that it "is not an independent basis for liability." ECF No. 59-1 ¶ 276. Plaintiff does not offer the August filing as proof of the April agreement. ECF No. 91 at 22. The inference of agreement rests on the April sequence: NCMEC and Meta received the same materials, ¶ 127; each moved against the same discovery, ¶ 128; Hall issued two case-specific letters the next day, before formal service and before any ruling, ¶¶ 130–135; the letters served the deterrent purpose alleged, ¶¶ 174–180; and the acts alleged are the issuance and transmission of those letters, ¶¶ 181–184. Plaintiff asks the Court to assess those allegations together under the pleading standard. Section S, ECF No. 59-1 ¶¶ 203–215, is separate. It pleads on personal knowledge the account names Plaintiff used, ¶¶ 204–209, and pleads on information and belief what the reports contained and whom they identified, ¶¶ 211–214. Those allegations bear on falsity and on the Hall and NCMEC grounds answered at ECF No. 91 at 19–22. They do not themselves establish Meta's participation in an agreement. Futility should be assessed against the complete proposed pleading and the grounds already briefed.

## III. REASSIGNMENT DOES NOT RESOLVE THE PENDING OBJECTIONS OR THE REQUESTED RETROSPECTIVE RELIEF.

Meta argues that Rule 72(a) review "ensure[s]" that any errors "can be remedied through that review, rather than by vacating the orders." ECF No. 101 at 7. Meta identifies review that remains to be performed. Plaintiff requests that review and a determination of the remaining retrospective relief. Rule 72(a) directs the District Judge to consider timely objections and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The objections identify a legal premise (Part I), a finding made without addressing a pending request and a baseline objection (Part II), and the choice of denial as the consequence. Meta's reliance on available review does not establish what that review will resolve. Plaintiff has also requested independent determination of the restored motions. ECF No. 93 ¶ 10(R4).

Meta's authorities involved review already completed. In *Brock* the Second Circuit reviewed the dismissal "anew, without any deference" and had "already concluded that the district court did not err"; the second and third *Liljeberg* factors "weigh in favor of vacatur," and the first outweighed them. *Brock v. Zuckerberg*, No. 21-1796-cv, slip op. at 11–12 (2d Cir. Apr. 27, 2022) (summary order). In *ExxonMobil* "an unconflicted district judge then gave the case a fresh look—that is, she reviewed his decision de novo" on "pure questions of law." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 174 (2d Cir. 2022). That procedure is the independent determination Plaintiff requests.

Meta states that "there has been no finding of any violation of 28 U.S.C. § 455." ECF No. 101 at 5. ECF No. 96 denied the disqualification motion as moot because "[t]he case has been reassigned." ECF No. 96. It did not decide whether Judge Davis held a qualifying interest on the dates of ECF Nos. 64 and 84, how any interest was held, whether knowledge existed where the statute requires it, or whether an exception applies. The annual reports document past holdings.

They are not a finding of qualifying ownership during the challenged rulings. ECF No. 93 ¶ 5. Plaintiff requests those findings to the extent necessary to determine the remaining statutory and retrospective relief, on the conditional terms stated in ECF No. 93 ¶¶ 5 and 10(R2).

Meta's remaining cases turn on their facts. In *Chesher* the entities whose stock the judge held had been voluntarily dismissed before the challenged rulings, and those rulings neither benefited nor bound them. *Chesher v. 3M Co.*, No. 3:15-cv-2123-RMG, ECF No. 330 at 4–6 (D.S.C. Jan. 6, 2022). Meta remains a party, and ECF No. 84 denied discovery directed to Meta. ECF No. 84 at 1. *Litovich* rejected later appellate review as an adequate answer in the circumstances of the documented conflict and the substantive proceedings before it. *Litovich v. Bank of Am. Corp.*, No. 21-2905, slip op. at 19–20 (2d Cir. July 2, 2024). Vacatur under § 455 is neither categorical nor foreclosed; it turns on the risk of injustice to the parties, the risk of injustice in other cases, and the risk of undermining public confidence. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862–64 (1988).

Those considerations apply on a short record. ECF No. 84 excluded the proposed pleading and denied the specified discovery. Three dismissal motions will otherwise be decided against a pleading Plaintiff moved to replace on September 7. ECF No. 94 at 5–6. Later discovery depends on the case continuing. If a qualifying conflict is established, the consequences of prior participation in those rulings require a determination. The requested procedure preserves every existing submission and requires no retrial. ECF No. 93 ¶ 10(R3).

## IV. RELIEF

Plaintiff requests that the Court: (1) set aside the challenged rulings in ECF No. 84; (2) remove the comparison prerequisite and vacate the September 11, 2026 deadline in ECF No. 64, determining the preserved objections in ECF Nos. 66 and 67 together with ECF No. 90; (3) grant ECF No. 59, deem ECF No. 59-1 the operative pleading, and authorize ECF Nos. 15 and 54 on the

terms already requested; (4) alternatively, restore ECF Nos. 15, 54, and 59 for independent determination on their existing authorized submissions without an additional comparison; (5) if the Court sustains a comparison requirement, identify the baseline and set the compliance period requested in ECF No. 67 ¶ 7; (6) determine ECF Nos. 66, 67, and 76, including the request concerning ECF No. 76-1, on the coordinated basis stated in ECF No. 90 ¶¶ 15–16; (7) determine the remaining statutory and retrospective relief under ECF No. 93 ¶ 10 to the extent necessary, with any conflict-based vacatur matched to the established period and the particular orders; and (8) determine these matters before, or expressly within, any disposition of ECF Nos. 10, 21, or 45 that would terminate a claim in reliance on the exclusion of ECF No. 59-1 or on the factual premises the interrogatories address. Relief independently warranted on the first four objections should issue without awaiting resolution of every financial-conflict question. ECF No. 90 ¶ 16(h).

Date: October 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I submitted Plaintiff's Consolidated Reply in Support of ECF Nos. 90 and 93, with this Certificate of Service, the Certification Pursuant to Local Civil Rule 83.1(N), and the Generative Artificial Intelligence Disclosure and Citation Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS). Counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc. are registered users of the Court's CM/ECF system. Upon the Clerk's docketing of the submission, the CM/ECF system will transmit a Notice of Electronic Filing to each of them, and service will be made through that means under Federal Rule of Civil Procedure 5(b)(2)(E). EDSS submission is not itself service.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Consolidated Reply in Support of ECF Nos. 90 and 93, including the Certificate of Service, this Certification, and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 28, 2026

## GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*