FILED
10/28/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-WEF
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION FOR ENTRY OF A SCHEDULING ORDER AND, AS NECESSARY, AN INITIAL PRETRIAL CONFERENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(b) AND LOCAL CIVIL RULE 16(B)**

Plaintiff Marvelle J. Ballentine moves under Federal Rule of Civil Procedure 16(b)(1)–(3) and Local Civil Rule 16(B) for three forms of relief. First, Plaintiff requests entry of a scheduling order after the report or consultation that Rule 16(b)(1) requires. Second, Plaintiff requests an initial pretrial conference if one is necessary to obtain that consultation. Third, if either step is postponed, Plaintiff requests that the order state the good cause found under Rule 16(b)(2) and the date or event on which scheduling will next be addressed. Under Local Civil Rule 7(F), a supporting memorandum and a proposed order accompany this Motion.

## I. GROUNDS

1. The action is pending. The operative pleading is the First Amended Complaint. ECF 5. ECF 84 denied Plaintiff's motion for leave to amend. ECF 84 at 1–2. Applications challenging that denial remain pending. The action is not without an operative pleading.

2. The events that start the Rule 16(b)(2) period have occurred. Defendant National Center for Missing & Exploited Children ("NCMEC") was served on July 31, 2026. ECF 3. NCMEC appeared on August 12, 2026, by filing its motion to dismiss. ECF 10.

3. The ordinary Rule 16(b)(2) deadline, absent a finding of good cause for delay, was October 13, 2026. Sixty days after August 12, 2026 was Sunday, October 11, 2026. Monday, October 12, 2026 was Columbus Day. The period ran to Tuesday, October 13, 2026. Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A), 16(b)(2). The memorandum shows the computation.

4. No scheduling order has been entered. The docket through ECF 101 contains no Rule 16(b) scheduling order. ECF 84 stated on October 7, 2026 that "currently there is no Scheduling Order in this case." ECF 84 at 1–2.

5. The parties' conference under Rule 26(f) is the subject of a separate motion. This Motion does not depend on the disposition of that motion, and that motion does not depend on the disposition of this one. Rule 16(b)(1)(B) supplies a route to the scheduling order that does not require a completed Rule 26(f) report.

6. This Motion does not rest on any Defendant's conduct. Plaintiff seeks a scheduling order because the Rule 16(b)(2) period has run and the action is not exempt from Rule 16(b).

7. This Motion does not claim that passage of the scheduling deadline itself authorizes service of discovery. It does not claim that the lapse affects the Court's jurisdiction or the validity of any order entered since.

## II. SCOPE

8. This Motion seeks initial case management. It does not seek enforcement of Plaintiff's Rule 26(f) proposals, authorization of particular discovery, sanctions, or reconsideration of any prior order. The pending applications challenging the amendment and discovery denials and addressing the reassignment remain presented on their own grounds. No request is withdrawn by this Motion.

## III. RELIEF REQUESTED

9. *Entry of the scheduling order.* Plaintiff requests that the Court:

(a) set a Rule 16(b) scheduling conference on a date certain within 21 days after entry of the order granting this Motion, unless a sufficient Rule 26(f) report filed before that date permits entry of the scheduling order without a conference;

(b) enter the scheduling order at the conference or within seven days after it, limiting the time to join other parties, amend the pleadings, complete discovery, and file motions, Fed. R. Civ. P. 16(b)(3)(A), and fixing the discovery cut-off, the final pretrial conference date, and, where practicable, the trial date, Local Civil Rule 16(B); and

(c) shorten the preparatory intervals under Fed. R. Civ. P. 26(f)(1) and 26(f)(4) and Local Civil Rule 26(A)(1), so that the parties confer no later than seven days before the Court's conference and file a written Rule 26(f) report no later than three days before it, with oral reporting only if the Court excuses the written report. Plaintiff requests that the conference-setting order select dates that can be met after the order issues.

10. *Independent request for an initial conference.* If the Court determines that entry of the complete scheduling order should await disposition of a pending matter, Plaintiff separately requests that the Court determine whether an initial scheduling conference can proceed now to establish the remaining case-management steps.

11. *Disposition upon postponement.* If the Court postpones either the scheduling conference or entry of the scheduling order, Plaintiff requests that the order state the good cause found under Rule 16(b)(2) and the date or event on which scheduling will next be addressed.

12. This alternative request does not constitute agreement that further postponement is warranted and does not withdraw the request for scheduling now.

13. The proposed 21-day, seven-day, and three-day periods are requested case-management terms. The rules do not impose them.

Date: October 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Entry of a Scheduling Order and, as Necessary, an Initial Pretrial Conference Under Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16(B), with its Certificate of Service, Local Civil Rule 83.1(N) Certification, and Generative Artificial Intelligence Disclosure and Citation Certification;

2. Memorandum in Support; and

3. Proposed Order Setting Scheduling Conference and Directing Entry of Scheduling Order.

Counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc. are registered users of the Court's Case Management/Electronic Case Filing (CM/ECF) system. Upon the Clerk's docketing of the submission, the CM/ECF system will transmit a Notice of Electronic Filing to each of them, and service will be made through that means under Federal Rule of Civil Procedure 5(b)(2)(E). EDSS submission is not itself service.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Motion for Entry of a Scheduling Order and, as Necessary, an Initial Pretrial Conference Under Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16(B), including the Certificate of Service, this Certification, and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 28, 2026

## GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 28, 2026



Marvelle J. Ballentine
Plaintiff, *pro se*