FILED
10/28/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-WEF
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A SCHEDULING ORDER AND, AS NECESSARY, AN INITIAL PRETRIAL CONFERENCE**

## I. INTRODUCTION

This action has an operative complaint, appearing Defendants, and pending motions. ECF 5, 10, 21, 45. It has no Rule 16(b) scheduling order. NCMEC was served on July 31, 2026, and appeared on August 12, 2026. ECF 3, 10. Under Fed. R. Civ. P. 16(b)(2) and 6(a), the ordinary deadline for the scheduling order, absent a finding of good cause for delay, was October 13, 2026. ECF 84 confirmed on October 7, 2026 that no scheduling order existed. ECF 84 at 1–2.

Plaintiff requests three things. First, entry of the scheduling order after the report or consultation Rule 16(b)(1) requires. Second, an initial scheduling conference where necessary to obtain that consultation, even if the Court is not prepared to enter the complete schedule at once. Third, if either step is postponed, an order stating the good cause found under Rule 16(b)(2) and

the date or event on which scheduling will next be addressed. The third request is not a substitute for the first two and is not consent to postponement.

This Motion does not seek authorization of particular discovery, adjudication of any discovery dispute, or reconsideration of any ruling. It asks the Court to establish the timetable for a pending action.

## II. PROCEDURAL FACTS

| Date | Event | Record |
|---|---|---|
| July 30, 2026 | Action commenced. | ECF 1 |
| July 31, 2026 | NCMEC served. | ECF 3 |
| August 6, 2026 | First Amended Complaint filed. | ECF 5 |
| August 12, 2026 | NCMEC appeared by filing its motion to dismiss. | ECF 10 |
| October 7, 2026 | ECF 84 denied the two Rule 26(d)(1) motions and the motion for leave to amend, and stated that no scheduling order exists. | ECF 84 at 1–2 |
| October 22, 2026 | ECF 96 denied ECF 86 as moot. | ECF 96 |
| Through ECF 101 | No Rule 16(b) scheduling order appears on the docket. | Docket |

Three motions to dismiss are pending. ECF 10, 21, 45. Plaintiff's objections and applications concerning ECF 84 and ECF 96 remain pending. ECF 89, 90, 93, 97–99. None of those filings is the subject of this Motion.

## III. RULE 16(b) GOVERNS THIS ACTION, AND ITS ORDINARY DEADLINE RAN ON OCTOBER 13, 2026.

### A. The action is not exempt.

Rule 16(b)(1) applies "[e]xcept in categories of actions exempted by local rule." Fed. R. Civ. P. 16(b)(1). Local Civil Rule 16(A) exempts "[p]roceedings upon a defendant's default and matters involving habeas corpus petitions, other pro se prisoner petitions, bankruptcy proceedings,

condemnation cases, forfeitures, and reviews from administrative agencies." E.D. Va. L. Civ. R. 16(A). This is a civil action by a non-prisoner asserting claims under 42 U.S.C. § 1985(2) and Virginia law. ECF 5. It is in none of the exempt categories. Local Civil Rule 16(B) therefore applies: "In all other civil actions, as promptly as possible after a complaint or notice of removal has been filed, the Court shall schedule an initial pretrial conference to be conducted in accordance with Fed. R. Civ. P. 16(b)." Local Civil Rule 16(B).

**B. The computation.**

Rule 16(b)(2) provides that "unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Local Civil Rule 16(B) sets the same outer bound: "not later than sixty (60) days from first appearance or ninety (90) days after service of the complaint." Local Civil Rule 16(B).

| **Trigger** | **Computation** | **Result** |
|---|---|---|
| First appearance: August 12, 2026 (ECF 10) | Day 60 is Sunday, October 11, 2026. Monday, October 12, 2026 is Columbus Day, a legal holiday. Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A). The period runs to the next day that is not a weekend or holiday. | **Tuesday, October 13, 2026** |
| Service: July 31, 2026 (ECF 3) | Day 90 is Thursday, October 29, 2026. | October 29, 2026 |
| Rule 16(b)(2) selects "the earlier" | The appearance-based date controls. | **October 13, 2026** |

Rule 6(a) governs the computation of "any time period specified in these rules." Fed. R. Civ. P. 6(a). The 90-day interval is not a second period that opens after the 60-day period closes. Rule 16(b)(2) selects the earlier of the two. The ordinary Rule 16(b)(2) deadline, absent a finding of good cause for delay, was October 13, 2026.

### C. The command and the exception.

Rule 16(b)(2) states both. The judge "must issue" the scheduling order within the period. The judge may issue it later upon finding "good cause for delay." Fed. R. Civ. P. 16(b)(2). Plaintiff does not contend that the lapse affects the Court's jurisdiction or the validity of any order entered since. Plaintiff does not contend that passage of the deadline itself authorizes service of discovery. Plaintiff contends that the period has run and that the rule now calls for one of two things: a scheduling order, or a finding of good cause for a defined delay.

## IV. RULE 16(b)(1) SUPPLIES TWO ROUTES TO THE SCHEDULING ORDER, AND EITHER CAN BEGIN NOW.

Rule 16(b)(1) provides two means of proceeding: receipt of the parties' Rule 26(f) report or consultation with counsel and the unrepresented party at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(A)–(B). Plaintiff requests the conference route if a sufficient report is not available. Local Civil Rule 16(B) permits scheduling without a conference where the federal requirements are otherwise satisfied; Plaintiff does not invoke it to dispense with both alternatives.

The parties' Rule 26(f) conference is the subject of a separate motion. Plaintiff does not represent here that the conference is complete, and this Motion does not depend on it.

Where no completed report exists, Rule 16(b)(1)(B) supplies the Court's own means of scheduling. Rule 26(f)(1) ties the parties' conference to the Court's calendar: the parties must confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," except "when the court orders otherwise." Fed. R. Civ. P. 26(f)(1). Rule 26(f)(4) permits a court, by local rule, to require the parties' conference to occur less than 21 days before the scheduling conference, to shorten the reporting interval, and to excuse the written report in favor of oral reporting at the Rule 16(b) conference. Fed. R. Civ. P. 26(f)(4). Local Civil Rule 26(A)(1) adopts those adjustments for this District. Local Civil Rule 26(A)(1)(a)–(b). A

conference-setting order that shortens the intervals supplies dates the parties can meet after the order issues. Plaintiff requests that order. Mot. ¶ 9(c).

The 2015 amendment to Rule 16(b)(2) shortened the scheduling timetable to reduce delay at the beginning of litigation. The Advisory Committee recognized that some cases require more time to prepare a complete schedule, and contemplated that an initial scheduling conference would ordinarily occur within the timetable even where final scheduling required additional time. Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment. That distinction supports the separate request in Motion ¶ 10: if the Court determines that the complete scheduling order should await another development, the Court can still hold the initial conference now and establish the remaining case-management steps. Plaintiff does not contend that the note entitles Plaintiff to the particular dates proposed.

The party-to-party conference under Rule 26(f) and the Court's conference under Rule 16(b) are distinct events. Plaintiff does not offer the Court's conference as a finding that the parties' conference has occurred. Plaintiff does not ask the Court to find that any Defendant has declined to participate, to require a written-only conference, or to adopt Plaintiff's proposals by default. Plaintiff asks the Court to set the consultation Rule 16(b)(1)(B) describes and to direct the preparatory steps the Court requires.

## V. ECF 84 IDENTIFIED THE ABSENCE OF A SCHEDULING ORDER; THIS MOTION REQUESTS THE PROCESS WHOSE ABSENCE IT IDENTIFIED.

ECF 84 addressed Plaintiff's motions for limited discovery before the Rule 26(f) conference and Plaintiff's motion for leave to amend. ECF 15, 54, 59. It denied the discovery motions "as premature" and stated that "discovery officially begins when the District Judge issues a Scheduling Order and currently there is no Scheduling Order in this case." ECF 84 at 1–2. ECF

84 did not set a scheduling timetable and did not make a finding of good cause for delay under Rule 16(b)(2).

ECF 84 relied on the absence of a scheduling order in denying the requests before it. Plaintiff maintains his objections to that reasoning in the pending review applications. ECF 89, 90, 93. This Motion presents a different request: establish the scheduling process whose absence the order identified. Continued absence of that process leaves no date for the next ordinary case-management step.

If the Court relies on ECF 84 as a reason to defer scheduling itself, Plaintiff requests identification of that construction and its basis.

## VI. PENDING MOTIONS ARE MANAGED THROUGH THE SCHEDULE, NOT THROUGH AN UNDEFINED POSTPONEMENT.

Three motions to dismiss are pending. ECF 10, 21, 45. Rule 16(b)(2) measures the ordinary deadline from service or appearance, not from the filing of an answer. Pending motions may be relevant to a case-specific finding of good cause for delay, but their existence does not replace that determination. The first is a docket fact. The second is a determination Rule 16(b)(2) assigns to the judge.

The First Amended Complaint is the operative pleading. ECF 5. Scheduling proceeds from the operative pleading. Rule 16(b)(3)(A) requires the scheduling order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b)(4) permits modification "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Those provisions allow a schedule to be entered while motions are pending and adjusted when rulings issue. The Court retains its authority to sequence the case through the schedule it enters.

Plaintiff does not ask the Court to predict the disposition of the pending motions. Plaintiff asks the Court to establish the timetable governing this action while those motions remain pending. If the Court determines that a pending motion supplies good cause for delay, Rule 16(b)(2) accommodates that determination, with the scope and duration of the postponement identified. This Motion does not request a stay of the motions to dismiss and does not expand any sequencing request already pending.

## VII. ANY POSTPONEMENT SHOULD STATE ITS BASIS AND THE NEXT SCHEDULING STEP.

Rule 16(b)(2) predicates delay on a finding of good cause. Fed. R. Civ. P. 16(b)(2). If the Court postpones the scheduling conference or entry of the scheduling order, Plaintiff requests that the order state the good cause found and the date or event on which scheduling will next be addressed. A stated basis permits the parties to determine what remains required and when the action will proceed. The request for a stated basis is not consent to postponement and does not withdraw the request for scheduling now.

## VIII. CONCLUSION

Plaintiff requests that the Court: (1) enter a scheduling order after the report or consultation Rule 16(b)(1) requires, with the preparatory intervals shortened under Rule 26(f)(1), Rule 26(f)(4), and Local Civil Rule 26(A)(1); (2) set an initial scheduling conference on a date certain if the Court requires one to accomplish that consultation, or if the Court determines that the complete scheduling order should await another development; and (3) if the Court postpones either step, state the good cause found under Rule 16(b)(2) and the date or event on which scheduling will next be addressed. Plaintiff requests disposition of each request to the extent the preceding request is denied or deferred.

Date: October 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the Memorandum in Support of Plaintiff's Motion for Entry of a Scheduling Order and, as Necessary, an Initial Pretrial Conference Under Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16(B), including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 28, 2026

## GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*