FILED
10/28/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-WEF
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**PLAINTIFF'S MOTION FOR AN ORDER DIRECTING COMPLETION OF THE RULE 26(f) CONFERENCE AND SUBMISSION OF A DISCOVERY PLAN**

Plaintiff Marvelle J. Ballentine moves under Federal Rule of Civil Procedure 26(f)(1)–(3), and under the Court's case-management authority under Federal Rule of Civil Procedure 16, for an order directing the appearing parties to complete the conference Rule 26(f) requires by a date certain and to file a written report identifying the parties' agreed proposals and each party's separately stated positions on the matters Rule 26(f)(3) requires the discovery plan to address. Under Local Civil Rule 7(F), a supporting memorandum, the Declaration of Marvelle J. Ballentine with Exhibits A, B, C-1, and C-2, and a proposed order accompany this Motion.

## I. GROUNDS

1. The action has an operative pleading and appearing parties. The operative pleading is the First Amended Complaint. ECF 5. Defendant National Center for Missing & Exploited Children ("NCMEC") appeared on August 12, 2026, ECF 10; Defendant Meta

Platforms, Inc. ("Meta") appeared on August 21, 2026, ECF 21; and Defendant Katie Hall appeared on September 2, 2026, ECF 45. Each appearance was by motion to dismiss. Those motions remain pending. The Doe Defendants have not been identified or served and are not participants in the conference.

2. Plaintiff transmitted written Rule 26(f) planning materials on October 16, 2026. On that date Plaintiff transmitted by electronic mail to counsel of record for each appearing Defendant a written Rule 26(f)(2) proposal directed to that Defendant and a common agenda addressed to all appearing parties, and requested each Defendant's written response by October 30, 2026. Ballentine Decl. ¶¶ 3–6; Exs. A, B. The materials stated that transmission, expiration of the response date, silence, or refusal would not be treated as completion of the conference. Ex. A §§ I, IV, V.

3. The October 28, 2026 correspondence presents a disagreement about whether planning should proceed while the motions to dismiss are pending. On October 28, 2026, Plaintiff wrote to counsel for NCMEC and Hall requesting the position of each of those Defendants on three subjects: whether it intended to participate in the Rule 26(f) conference; whether it contended that any order or other authority excused or postponed its Rule 26(f) obligations; and whether it would oppose an order directing the parties to conduct the conference by a date certain and submit a discovery plan identifying unresolved disagreements. Ballentine Decl. ¶ 7; Ex. C-1. Plaintiff sent a separate email to counsel for Meta on the same date requesting Meta's position on the same subjects. Ballentine Decl. ¶ 7; Ex. C-2. Counsel for NCMEC and Hall replied the same day that counsel considered a Rule 26(f) conference premature because the pending motions, if granted in full, would dispose of all claims, because the surviving claims are not yet known, and because Plaintiff might seek leave to amend after a dismissal. Ballentine Decl. ¶ 8; Ex. C-1. The reply

identified no order or other authority postponing the conference, proposed no date, and did not state whether NCMEC or Hall would oppose an order setting a conference deadline. Ex. C-1. Meta's counsel had not responded as of the execution of the accompanying Declaration. Ballentine Decl. ¶ 9.

4. The October 30, 2026 response date was requested by Plaintiff. It was not set by the Court. It had not passed when this Motion was filed. Plaintiff files now because the October 28 reply states a position that planning should await the disposition of the motions to dismiss. That is a disagreement about timing that a prospective order can resolve. Plaintiff does not contend that any Defendant has defaulted on the October 30 date.

5. The Rule 26(f) conference has not been completed. Plaintiff has reviewed the docket through ECF 101 and has located no order expressly postponing the parties' Rule 26(f) conference. Ballentine Decl. ¶ 10.

6. A prospective order can resolve the timing dispute while preserving every party's substantive positions. The requested order directs participation and reporting. It does not require any party to agree with Plaintiff's proposals, and it permits each party to state in the report its position on dismissal, immunity, sequencing, phasing, and any requested postponement of discovery.

7. The requested dates can be coordinated with the separately requested Rule 16 schedule. Plaintiff's Motion for Entry of a Scheduling Order (ECF __) requests a Rule 16(b) scheduling conference within 21 days of the order granting it, with the parties' conference no later than seven days before and the report no later than three days before the Court's conference. The proposed order here provides that its deadlines govern unless another order expressly sets different

conference or reporting dates, and that any coordinated dates are calculated from the Rule 16 conference as actually scheduled.

## II. SCOPE

8. This Motion seeks participation and reporting. It does not request adoption of Plaintiff's discovery proposals, answers to interrogatories, production of documents, sanctions, or modification of ECF 84. Plaintiff's pending objections and applications concerning ECF 84 and ECF 96 remain presented on their own grounds, and no request is withdrawn by this Motion.

9. This Motion does not depend on the disposition of Plaintiff's Motion for Entry of a Scheduling Order, and that motion does not depend on the disposition of this one.

## III. LOCAL CIVIL RULE 37(E)

10. This Motion seeks prospective case-management directions under Rules 16 and 26(f). It does not seek an order compelling disclosure or a response to a discovery request. Plaintiff's written efforts to obtain participation appear in the Declaration and Exhibits A through C-2. No telephone or in-person consultation concerning this request occurred. Plaintiff does not represent that the correspondence satisfies Local Civil Rule 37(E). If the Court determines that Local Civil Rule 37(E) applies, Plaintiff requests permission to proceed on that correspondence despite the absence of live consultation.

## IV. RELIEF REQUESTED

11. Plaintiff requests that the Court enter the accompanying proposed order, which:

(a) directs Plaintiff and counsel for each appearing Defendant to complete the Rule 26(f) conference no later than 14 days after entry of the order, by substantive written exchange on the subjects identified in Rule 26(f)(2)–(3) and Exhibit A § III, unless the Court directs otherwise;

(b) directs the parties to file the written discovery-plan report within 14 days after completing the conference and no later than 18 days after entry of the order, unless the Court

expressly sets a different reporting deadline, stating the parties' agreed proposals and each party's separately attributed position on each subject in Rule 26(f)(3), including any requested sequencing, phasing, or postponement of discovery and any proposed protective or scheduling terms;

(c) provides that the report shall not portray any party's disagreement or silence as assent;

(d) provides that if the conference remains incomplete, the parties shall file a joint status report by the reporting deadline; that a party unable to obtain a joint report shall file its own report by that deadline; that each report shall identify the participation, exchanges, and remaining obstacle; and that a status report does not constitute completion of the conference, extend the completion deadline, or excuse further participation;

(e) shortens the preparatory intervals under Rule 26(f)(1), Rule 26(f)(4), and Local Civil Rule 26(A)(1) to the extent necessary to meet those dates;

(f) provides that the deadlines in the order govern unless another order expressly sets different conference or reporting dates; that any coordinated dates are calculated from the Rule 16(b) conference as actually scheduled and remain achievable after entry; and that the pendency of Plaintiff's Motion for Entry of a Scheduling Order does not postpone compliance; and

(g) preserves all pending motions, defenses, objections, and existing orders except as the order expressly provides.

12. If the Court postpones the conference, Plaintiff requests that the order identify the scope of the postponement and a definite date or event for renewed consideration. These are requested case-management terms.

13. The proposed 14-day and 18-day periods are requested terms. The rules do not impose them.

Date: October 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for an Order Directing Completion of the Rule 26(f) Conference and Submission of a Discovery Plan, with its Certificate of Service, Local Civil Rule 83.1(N) Certification, and Generative Artificial Intelligence Disclosure and Citation Certification;

2. Memorandum in Support;

3. Declaration of Marvelle J. Ballentine, with Exhibits A, B, C-1, and C-2; and

4. Proposed Order Directing Completion of the Rule 26(f) Conference and Submission of a Discovery Plan.

Counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc. are registered users of the Court's Case Management/Electronic Case Filing (CM/ECF) system. Upon the Clerk's docketing of the submission, the CM/ECF system will transmit a Notice of Electronic Filing to each of them, and service will be made through that means under Federal Rule of Civil Procedure 5(b)(2)(E). EDSS submission is not itself service.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Motion for an Order Directing Completion of the Rule 26(f) Conference and Submission of a Discovery Plan, including the Certificate of Service, this Certification, and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 28, 2026

## **GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*