FILED
10/28/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v.

Case No. 1:26-cv-02331-RDA-WEF
The Honorable Judge
Rossie D. Alston Jr.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER DIRECTING COMPLETION OF THE RULE 26(f) CONFERENCE AND SUBMISSION OF A DISCOVERY PLAN**

## INTRODUCTION

This action has an operative complaint and three appearing Defendants, each of which has moved to dismiss. ECF 5, 10, 21, 45. On October 16, 2026, Plaintiff transmitted written Rule 26(f) proposals and a common agenda to counsel for each Defendant and requested responses by October 30, 2026. Ballentine Decl. ¶¶ 3–6; Exs. A, B. On October 28, 2026, Plaintiff asked counsel for NCMEC and Hall to state whether each of those Defendants would participate, whether it relied on any order or authority postponing its obligations, and whether it would oppose an order setting a conference deadline, and sent a separate request to Meta's counsel concerning Meta. Ballentine Decl. ¶ 7; Exs. C-1, C-2. Counsel for NCMEC and Hall replied that a conference is premature

while the motions to dismiss are pending. Ballentine Decl. ¶ 8; Ex. C-1. Meta has not responded. Ballentine Decl. ¶ 9.

The parties disagree about whether Rule 26(f) planning should proceed before the motions to dismiss are decided. That is a timing question. Plaintiff asks the Court to answer it prospectively: set a date for completing the conference, set a date for the report, and let each party state in the report whatever position it holds on sequencing, phasing, or postponement of discovery. The Motion does not ask the Court to adopt Plaintiff's proposals, to order answers to interrogatories or production of documents, to modify ECF 84, or to find that any party has acted in bad faith.

**PROCEDURAL FACTS**

| **Date** | **Event** | **Record** |
|---|---|---|
| August 6, 2026 | First Amended Complaint filed. | ECF 5 |
| August 12, 2026 | NCMEC appears by motion to dismiss. | ECF 10 |
| August 21, 2026 | Meta appears by motion to dismiss. | ECF 21 |
| September 2, 2026 | Hall appears by motion to dismiss. | ECF 45 |
| October 7, 2026 | ECF 84 denies two motions for leave to serve limited interrogatories before the Rule 26(f) conference as premature and states that no scheduling order exists. | ECF 84 at 1–2 |
| October 16, 2026 | Plaintiff transmits three Rule 26(f)(2) proposals and a common agenda to all counsel; responses requested by October 30, 2026. | Decl. ¶¶ 3–6; Exs. A, B |
| October 28, 2026 | Plaintiff requests the positions of NCMEC and Hall, and separately of Meta, on participation, claimed authority for postponement, and opposition to a conference order. | Decl. ¶ 7; Exs. C-1, C-2 |
| October 28, 2026 | Counsel for NCMEC and Hall replies that a conference | Decl. ¶ 8; Ex. C-1 |

| | | |
|---|---|---|
| | is premature. | |
| Through ECF 101 | Plaintiff's docket review locates no order expressly postponing the Rule 26(f) conference. | Decl. ¶ 10 |

## I. RULE 26(f) ASSIGNS PLANNING RESPONSIBILITIES TO THE APPEARING PARTIES.

Rule 26(f)(1) provides that, except in exempted proceedings or "when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). This action is not an exempted proceeding under Rule 26(a)(1)(B). Plaintiff has located no order of this Court directing otherwise. Ballentine Decl. ¶ 10.

Rule 26(f)(2) states what the conference is for and who must arrange it. The parties "must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." *Id.* Rule 26(f)(3) lists what the plan must state, including "the parties' views and proposals" on the subjects of discovery, "whether discovery should be conducted in phases or be limited to or focused on particular issues," the handling of electronically stored information, the timing and method for complying with Rule 26(b)(5)(A), changes to discovery limits, and any other orders the Court should enter under Rule 26(c) or Rule 16(b) and (c). Fed. R. Civ. P. 26(f)(3)(A)–(F).

Those provisions apply to Plaintiff, who has appeared pro se, and to counsel of record for NCMEC, Hall, and Meta, each of which has appeared. ECF 10, 21, 45. The obligation is joint. Rule 26(f)(2) does not assign to Plaintiff alone the task of arranging the conference, and it does not permit an appearing party to decline participation on its own assessment of timing.

This Motion does not depend on establishing that a particular conference deadline has already passed. The Rule 16(b)(2) computation is presented in Plaintiff's companion Motion for Entry of a Scheduling Order and is not repeated here. The request here is prospective: a workable order setting the dates by which the appearing parties will complete what Rule 26(f) requires.

## II. PENDING MOTIONS TO DISMISS DO NOT, BY THEMSELVES, EXCUSE PARTICIPATION.

The 1993 Advisory Committee Note expressly addresses pending Rule 12 motions: "The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (subdivision (f)). The same Note contemplates that agreement may not be reached, and that where it is not, the report should "indicate the competing proposals of the parties" so that the court can resolve them. *Id.* The rule's text is the principal authority; the Note explains its application to the circumstance counsel's reply describes.

Counsel's October 28 reply states three reasons for postponement: the pending motions, if granted in full, would dispose of all claims; the surviving claims are not yet known; and Plaintiff might seek leave to amend after a dismissal. Ex. C-1. Each of those is a contingency that the planning process is designed to address.

First, planning can identify how each contingency affects the proposed schedule. Rule 26(f)(2) directs the parties to consider "the nature and basis of their claims and defenses" as they stand.

The First Amended Complaint is the operative pleading. ECF 5. The defenses asserted in the pending motions are known. A plan developed from that record can state the parties' views on what discovery, if any, should precede the Court's rulings.

Second, Defendants may propose phased discovery, deferral of substantive discovery until the motions are decided, or other protective terms. Rule 26(f)(3)(B) requires the plan to state the parties' views on "whether discovery should be conducted in phases or be limited to or focused on particular issues." Rule 26(f)(3)(F) invites proposals for "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)." A Defendant that believes no discovery should proceed until the motions are decided states that position in the report.

Third, the report places those proposals before the Court for resolution. That is the function Rule 26(f)(2) assigns it. The Court then decides sequencing with each party's position stated, rather than with one party's position stated in correspondence and the planning step not performed.

The proposition this Motion rests on is limited: the pendency of the motions to dismiss does not, by itself, excuse participation in planning. Plaintiff does not contend that every request for postponement lacks merit. This Motion asks the Court to decide when the conference will occur. It does not ask the Court to decide any request concerning the sequencing or postponement of substantive discovery; those requests belong in the report, where each party states its position for the Court's resolution. The Court retains its authority to modify or defer the process under Rule 26(f)(1) and Rule 16. Nothing in the requested order affects the immunity defenses NCMEC and Hall have asserted, which they may preserve in the report and in every other filing. The order sought here would require each Defendant to state its position in the form the Rule prescribes, by a date the Court sets.

## III. THE CORRESPONDENCE PRESENTS A CURRENT TIMING DISPUTE.

Plaintiff requested responses by October 30, 2026. Ex. A § IV. That date had not passed when this Motion was filed, and Plaintiff does not contend that any Defendant defaulted on it. Plaintiff files now because the October 28 reply states a position, not because a deadline expired.

The reply states that a conference is "premature at this juncture" and that "it seems premature to be planning discovery" until the motions are decided and any further amendment is known. Ex. C-1. That is a position that planning should await further developments. It identifies no order of this Court postponing the conference, proposes no date, and does not answer whether NCMEC or Hall would oppose an order setting a deadline. Ex. C-1. The position is stated by counsel for NCMEC and Hall. The reply's reference to "Meta and my clients" does not state Meta's position, and counsel does not represent Meta. Meta's counsel has not responded to Plaintiff's separate request. Ballentine Decl. ¶ 9. Plaintiff does not attribute the reply to Meta.

An order setting a completion date and a report date resolves the dispute the correspondence presents. It identifies when participation must occur and how any disagreement reaches the Court. No finding of bad faith is necessary to enter it, and Plaintiff does not request one.

## IV. A SUBSTANTIVE WRITTEN EXCHANGE CAN PRODUCE THE REQUIRED REPORT.

Rule 26(f)(2) requires the parties to "confer." The 2000 amendment replaced the earlier requirement that the parties "meet." The accompanying Note explains that the parties may confer by means other than a face-to-face meeting, while preserving the court's authority to require face-to-face attendance by order in a particular case. Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment (subdivision (f)). The Note does not establish a right to confer by any particular

means, and it does not make an unanswered invitation a completed conference. Plaintiff does not contend that it does.

Plaintiff requests the Court's approval of a defined written process. The October 16 common agenda identifies the subjects: the nature and basis of claims and defenses and possibilities for resolution; initial disclosures and any objections to their timing; preservation; subjects, timing, and phasing of discovery; electronically stored information; privilege and work-product procedures, including the timing and method for complying with Rule 26(b)(5)(A), which Rule 26(f)(3)(D) as amended effective December 1, 2025 requires the plan to address; changes to discovery limits; and protective and scheduling orders. Ex. A § III. The agenda keys each subject to the provision of Rule 26(f)(2) or (3) that requires it. *Id.*

The requested order directs substantive exchange on those subjects and reconciliation of positions before the report is filed. It does not request a finding that transmission of the October 16 materials completed the conference. Plaintiff does not make that contention. The conference and the report are separate steps. The conference is completed when each appearing party has stated its position on each required subject and the parties have attempted in good faith to agree. Substantive disagreement may remain after that exchange; the report records it. Failure to agree does not itself establish failure to complete the conference. Ex. A § V.

## V. THE REQUESTED ORDER COMPLEMENTS THE RULE 16 MOTION.

Plaintiff's Motion for Entry of a Scheduling Order (ECF __) addresses the Court's scheduling process under Rule 16(b): the scheduling conference and entry of the scheduling order. This Motion addresses the parties' obligations under Rule 26(f): participation in the planning conference and submission of the discovery-plan report. Each motion is independent of the other. Mot. ¶ 9; ECF __ ¶ 5.

ECF 84 addressed two motions under Rule 26(d)(1) for leave to serve limited interrogatories before the Rule 26(f) conference, ECF 15 and 54. The order interpreted them as "requests for expedited discovery" and denied them as premature because "discovery has not officially begun in this case" and "discovery officially begins when the District Judge issues a Scheduling Order and currently there is no Scheduling Order in this case." ECF 84 at 1–2. ECF 84 does not address the parties' conference under Rule 26(f) and does not postpone it. Those motions sought particular discovery under one of Rule 26(d)(1)'s exceptions to the ordinary sequence. This Motion seeks completion of the planning conference that Rule 26(d)(1) ordinarily places before discovery. Plaintiff maintains his objections to ECF 84 in the pending applications, ECF 89, 90, 93, and does not ask the Court to revisit ECF 84 here. The Motion does not request interrogatory answers, production of documents, or modification of ECF 84. An order directing the conference would direct the step that Rule 26(f) places before discovery and that supplies the report on which the Court may enter a scheduling order under Rule 16(b)(1)(A); the companion motion separately invokes the consultation route under Rule 16(b)(1)(B).

## VI. THE REQUESTED DEADLINES PROVIDE A DEFINED NEXT STEP.

The proposed order sets completion of the conference no later than 14 days after entry and filing of the report within 14 days after completion and no later than 18 days after entry, unless the Court expressly sets a different reporting deadline. The outer limit allows each Defendant to respond to the October 16 proposals, allows one round of reconciliation on remaining issues under the agenda's procedure, Ex. A §§ IV–V, and allows the report to be prepared from the positions as last stated. The 14-days-after-completion term preserves Rule 26(f)(2)'s ordinary reporting period where the conference is completed early.

The companion motion requests a Rule 16(b) scheduling conference within 21 days of its granting order, with the parties' conference no later than seven days before and the report no later

than three days before that conference. The two orders may issue on different dates, and the Rule 16 conference may be set earlier than day 21. The proposed order therefore provides that its deadlines govern unless another order expressly sets different conference or reporting dates; that any coordinated dates are calculated from the Rule 16 conference as actually scheduled and remain achievable after entry; and that the pendency of the companion motion does not postpone compliance. Proposed Order ¶ 7. The parties will not be subject to two calendars, and no deadline will run retrospectively.

Rule 26(f)(4) permits the Court, by local rule, to require the parties' conference to occur less than 21 days before the scheduling conference and to shorten the reporting period. Local Civil Rule 26(A)(1) adopts those adjustments. Plaintiff requests the shortened intervals to the extent necessary.

If the Court postpones the conference, Plaintiff requests that the order identify the scope of the postponement and a definite date or event for renewed consideration. That is a requested case-management term. Plaintiff does not contend that a postponement under Rule 26(f)(1) requires the finding that Rule 16(b)(2) requires for delay of the scheduling order.

## VII. LOCAL CIVIL RULE 37(E).

This Motion seeks prospective case-management directions under Rules 16 and 26(f). It does not seek an order compelling disclosure or a response to a discovery request. Plaintiff's written efforts to obtain participation appear in the Declaration and exhibits: the October 16 transmission of three proposals and a common agenda, Decl. ¶¶ 3–6, Exs. A, B; the October 28 requests for each Defendant's position, Decl. ¶ 7, Exs. C-1, C-2; the reply of counsel for NCMEC and Hall, Decl. ¶ 8, Ex. C-1; and the absence of a response from Meta's counsel, Decl. ¶ 9. No telephone or in-person consultation concerning this request occurred. Plaintiff does not represent that the correspondence satisfies Local Civil Rule 37(E). If the Court determines that Local Civil

Rule 37(E) applies, Plaintiff requests permission to proceed on that correspondence despite the absence of live consultation.

**CONCLUSION**

Plaintiff requests that the Court enter the accompanying proposed order directing the appearing parties to complete the Rule 26(f) conference no later than 14 days after entry; to file the written discovery-plan report within 14 days after completing the conference and no later than 18 days after entry, unless the Court expressly sets a different reporting deadline, stating agreed proposals and each party's separately attributed positions; and providing that those deadlines govern unless another order expressly sets different conference or reporting dates.

Date: October 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the Memorandum in Support of Plaintiff's Motion for an Order Directing Completion of the Rule 26(f) Conference and Submission of a Discovery Plan, including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: October 28, 2026

## <u>GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION</u>

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: October 28, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*