FILED
11/1/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE, **Case No.** 1:26-cv-02331

*Plaintiff,*

v.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*
_________________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Marvelle J. Ballentine moves under Federal Rules of Civil Procedure 15(a)(2), 15(d), 20(a)(2), and 21 for leave to file the Second Amended Complaint attached as Exhibit A. Under Local Civil Rule 7(F)(1), a Memorandum in Support accompanies this Motion and states the grounds. Plaintiff incorporates it by reference. A Declaration of Marvelle J. Ballentine and a Proposed Order also accompany this Motion.

## I. THE SUBMISSION

1. Exhibit A is the complete proposed Second Amended Complaint ("SAC"). It is one integrated pleading. It incorporates no prior pleading by reference.

2. Exhibit B is a comparison of Exhibit A against the Complaint (ECF No. 1). It marks each addition and deletion. It is the comparison described in the Court's September 9, 2026 Order (ECF No. 64).

3. Exhibit C is a comparison of Exhibit A against the operative First Amended Complaint (ECF No. 5). It marks each addition and deletion made to the operative pleading.

4. Plaintiff submits a complete proposed Second Amended Complaint, together with comparisons against both the original Complaint (ECF No. 1) and the operative First Amended Complaint (ECF No. 5), to facilitate the Court's review of the proposed amendments.

## II. THE PRIOR MOTION AND ITS DISPOSITION

5. On September 8, 2026, Plaintiff moved for leave to file a second amended and supplemental complaint (ECF No. 59). On September 9, 2026, the Court ordered Plaintiff to provide a redlined version of the proposed pleading showing the changes made to the Complaint (ECF No. 1), no later than September 11, 2026 (ECF No. 64).

6. On October 7, 2026, the Court denied ECF No. 59. The Order stated one ground: "Plaintiff was given ample opportunity to comply with the Court's September 9, 2026 Order [Dkt. No. 64] by producing a redlined Second Amended Complaint but has failed to do so as of the date of this Order." ECF No. 84 at 2. The Order made no finding of futility, prejudice, bad faith, or undue delay. It did not address the merits of any claim or any argument raised in the pending motions to dismiss.

7. Defendants Hall and the National Center for Missing & Exploited Children ("NCMEC") requested, in opposing ECF No. 59, "the opportunity to supplement or amend this Opposition, if and when Plaintiff submits the redline version of the proposed Second Amended Complaint." ECF No. 74 at 4. Defendant Meta Platforms, Inc. ("Meta") has stated that "nothing in Magistrate Judge Davis's order expressly precludes Plaintiff from renewing his request to amend by curing his failure to comply with the Court's order requiring Plaintiff submit a redlined version of the proposed amended complaint." ECF No. 101 at 6.

8. This Motion supplies the comparison. It presents the request for leave anew, on the complete record.

## III. THE PROPOSED PLEADING

9. The First Amended Complaint (ECF No. 5) is the operative pleading. The SAC replaces it with one integrated pleading.

10. The SAC adds one defendant: Panayiota Souras, also known as Yiota G. Souras, NCMEC's Chief Legal Officer, sued individually. Ex. A ¶¶ 14, 21, 91–104. The First Amended Complaint identified among the John/Jane Doe Defendants "the NCMEC personnel who approved the issuance of the April 22, 2026 letters." ECF No. 5 ¶ 25. The SAC alleges, on information and belief, that Souras participated in that approval or authorization. The SAC names Souras in Counts I, II, IV, V, and VI. Ex. A, Counts I, II, IV, V, VI.

11. The SAC adds no cause of action. It retains the six-count structure of the First Amended Complaint. Count I and Count II plead defamation per se and defamation by implication against Hall, Souras, and NCMEC, one count for each of the two April 22, 2026 letters. Count III pleads intentional infliction of emotional distress against Hall and NCMEC. Count IV pleads conspiracy under the first clause of 42 U.S.C. § 1985(2) against all Defendants. Count V pleads Virginia common-law conspiracy against all Defendants. Count VI pleads insulting words under Va. Code § 8.01-45 against Hall, Souras, and NCMEC. Ex. A, Counts I–VI.

12. The SAC pleads additional facts in four categories. First, facts concerning Souras's responsibilities and her alleged participation in the review, approval, and authorization of the April 22, 2026 letters. Ex. A § J. Second, facts concerning Plaintiff's legal name and Plaintiff's Meta accounts, and, on information and belief, the contents of the two CyberTipline reports the letters reference. Ex. A § T. Third, facts concerning the letters' wording, omitted limitations, and the meaning a reasonable reader would take from them. Ex. A §§ K, L. Fourth,

events occurring after the First Amended Complaint was filed: NCMEC's August 12, 2026 memorandum, the August 13, 2026 correspondence with counsel for NCMEC and Hall, Meta's August 13, 2026 filing in the Northern District of California, and Hall's September 2, 2026 filings. Ex. A § P.

13. The proposed Second Amended Complaint retains federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(1), supplemental jurisdiction under § 1367(a), and restores § 1332(a)(1) as an alternative basis for original jurisdiction over the state-law claims, as supported by the citizenship and amount-in-controversy allegations. Ex. A ¶¶ 9–11.

14. The SAC combines amendment under Rule 15(a)(2) with supplementation under Rule 15(d) in one pleading. The amended matter and the supplemental matter concern the same two April 22, 2026 letters, the same six claims, and the same course of conduct.

## IV. GROUNDS

15. Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires." Rule 15(d) permits a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 20(a)(2) permits joinder of a defendant against whom a right to relief is asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Rule 21 provides that the Court "may at any time, on just terms, add or drop a party."

16. No Defendant has answered. No scheduling order has issued under Rule 16(b). Discovery has not begun. ECF No. 108 at 2. Rule 15(a)(2) alone supplies the standard for amendment.

17. The claims against Souras arise from the same two letters as every claim in the First Amended Complaint. The questions whether the letters were issued before formal service,

what the letters conveyed, whether the imputation was false, and who within NCMEC approved the letters are common to Souras, Hall, and NCMEC.

18. The amendment prejudices no Defendant. It adds no theory of recovery. It is offered before any answer, before any scheduling order, and before any discovery. Defendants have briefed the subjects the SAC addresses. ECF Nos. 11, 22, 39, 45.

19. The amendment is not futile. The SAC pleads facts that, accepted as true, state each of the six existing claims, including the claims against Souras. The Memorandum in Support addresses each dismissal theory Defendants have asserted.

20. The post-filing events in Section P are transactions, occurrences, and events that happened after August 6, 2026. They concern the same letters, the same Defendants, and the same claims. Rule 15(d) permits their inclusion in the operative pleading.

## V. RELATIONSHIP TO PENDING PAPERS

21. Plaintiff's pending objections and applications concerning ECF Nos. 64 and 84 remain submitted in their respective proceedings. Granting this Motion would provide the immediate relief of permitting the proposed superseding pleading. Plaintiff requests no determination through this Motion concerning the continued justiciability or disposition of the remaining objections or retrospective-relief requests, which remain subject to the effect of any relief actually granted.

22. The pending motions to dismiss directed to the First Amended Complaint (ECF Nos. 10, 21, 45) are procedural context. This Motion requests no disposition of those motions.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (a) granting Plaintiff leave under Federal Rules of Civil Procedure 15(a)(2), 15(d), 20(a)(2), and 21 to file the Second Amended Complaint attached as Exhibit A, deeming Exhibit A filed as of the date of the order, and deeming it the operative pleading in this action; (b) directing the Clerk, to the extent administratively necessary, to docket the Second Amended Complaint separately as the operative complaint; (c) directing the Clerk to issue a summons for Defendant Panayiota Souras under Federal Rule of Civil Procedure 4(b) upon Plaintiff's presentation of a completed summons form; (d) providing that Defendants Hall, NCMEC, and Meta shall respond to the Second Amended Complaint within the time prescribed by Federal Rule of Civil Procedure 15(a)(3) or such other time as the Court directs, and that Defendant Souras shall respond within the time prescribed by Federal Rule of Civil Procedure 12(a) following service; and (e) granting such further relief as the Court deems just.

Date: November 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

# CERTIFICATE OF SERVICE

I certify that on November 1, 2026, I submitted the following documents to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS):

1. Plaintiff's Motion for Leave to File Second Amended Complaint, with its Certificate of Service, Local Civil Rule 83.1(N) Certification, and Generative Artificial Intelligence Disclosure and Citation Certification;

2. Memorandum in Support;

3. Declaration of Marvelle J. Ballentine;

4. Exhibit A — Proposed Second Amended Complaint;

5. Exhibit B — Comparison of the Proposed Second Amended Complaint against the Complaint (ECF No. 1);

6. Exhibit C — Comparison of the Proposed Second Amended Complaint against the First Amended Complaint (ECF No. 5); and

7. Proposed Order.

Counsel of record for Defendants National Center for Missing & Exploited Children, Katie Hall, and Meta Platforms, Inc. are registered users of the Court's Case Management/Electronic Case Filing (CM/ECF) system. Upon the Clerk's docketing of the submission, the CM/ECF system will transmit a Notice of Electronic Filing to each of them, and service will be made through that means under Federal Rule of Civil Procedure 5(b)(2)(E). EDSS submission is not itself service.

Date: November 1, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, Plaintiff's Motion for Leave to File Second Amended Complaint, including the Certificate of Service, this Certification, and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: November 1, 2026

## GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: November 1, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*