FILED
11/1/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE, **Case No.** 1:26-cv-02331

*Plaintiff,*

v.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*
_________________________________________/

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 60(a) MOTION TO CLARIFY OR CORRECT ECF NO. 108**

## I. INTRODUCTION: THE ORDER IDENTIFIES THE ATTRIBUTED DECISION-MAKER BUT NOT THE UNDERLYING ACTION

ECF No. 108 attributes to the District Judge a choice "to refrain from beginning any discovery until resolution of the pending motions to dismiss." ECF No. 108 at 2. The Order does not identify the order, instruction, or other action on which that attribution rests. The District Judge's docketed orders and notices address other subjects. The one earlier docketed order that addresses discovery timing was signed by the previously assigned magistrate judge.

The same passage carries a second question of original meaning. Page 1 of the Order identifies four requests: a scheduling order, a Rule 26(f) conference and discovery plans, an initial pretrial conference, and a statement of the next scheduling event. ECF No. 108 at 1. Page 2 resolves them through a statement about "any discovery." The Order does not state whether the attributed

choice was understood to reach the scheduling and planning steps it identifies, or substantive discovery alone.

Plaintiff requests clarification of the action and scope the Court intended the passage to describe, and correction of the text only if a qualifying oversight, omission, or unintended ambiguity prevents the text from expressing that intent. Plaintiff seeks conformity between the words of the Order and the determination the Court made on October 29, 2026. Plaintiff does not seek a different determination.

## II. RULE 60(a) PERMITS CORRECTION OF EXPRESSION, NOT RECONSIDERATION OF AN INTENTIONAL DETERMINATION

### A. The Rule.

Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The Rule applies to an "order." This Motion invokes subdivision (a) alone. It does not invoke the grounds for relief from a final judgment in subdivision (b).

### B. *Sartin*.

The Fourth Circuit has fixed the scope of subdivision (a). "Rule 60(a) is not confined just to fixing typographical and other clerical errors." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014). A mistake arising from oversight or omission "occurs when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." *Id.* at 265–66. The phrase "also includes an unintended ambiguity that obfuscates the court's original intent." *Id.* at 266. The power "is circumscribed by the court's intent when it issued the order or judgment." *Id.* A court may not use the Rule to change its mind about the determination it made. *Id.* at 265. Original intent "may be ascertained through

consideration of contemporaneous documents, such as a memorandum opinion or transcript, and by the presiding judge's own subsequent statements regarding his intent." *Id.* at 266 (internal quotation marks and citation omitted). The Fourth Circuit treated the issuing judge's subsequent explanation as reliable evidence of that intent and examined whether the contemporaneous record supported it. *Id.* at 266–67. The Fourth Circuit resolved the validity of an earlier Rule 60(a) clarification order while deciding the causation element of a malpractice appeal. *Id.* at 263–67.

Two propositions follow. Original intent controls what correction is permitted. The issuing judge's subsequent statement is evidence of that intent, assessed against the record.

**C. *Chavez-Deremer*.**

The Fourth Circuit has also fixed the boundary. "[A] court is not authorized to use Rule 60(a) to reconsider an issue that has already been decided, or to revisit the court's decisions already made." *Chavez-Deremer v. Medical Staffing of America, LLC*, Nos. 23-2176, 23-2284, slip op. at 69 (4th Cir. July 17, 2025) (published), reported at 147 F.4th 371, 416 (citing *Sartin*, 756 F.3d at 265). A party may not relabel a substantive ruling as a clerical mistake to obtain further litigation of it. *Id.*, slip op. at 69–70. The movant there sought further litigation of damages determinations the district court had already made. *Id.* The Fourth Circuit affirmed the denial. *Id.*, slip op. at 70–71.

**D. The threshold applied.**

The two decisions state one test. Rule 60(a) asks whether the words of the order express what the issuing court intended when it entered the order. It does not ask whether the court should have intended something else. This Motion asks the first question only.

The threshold carries an acknowledgment. An unexplained attribution is not necessarily an inadvertent one. An omitted citation does not itself establish a correctable mistake. An intentional inference is not a drafting error because it may be disputed. The Court "is not required to state

findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). This Motion does not rest on an entitlement to additional reasons. If the passage accurately expresses the original determination and contains no qualifying oversight, omission, or unintended ambiguity, Rule 60(a) requires no expanded statement, and Plaintiff requests none. The Motion is directed to the possibility that the passage does not express that determination, and to the means Rule 60(a) supplies if it does not.

### E. Presentation to the issuing magistrate judge.

ECF No. 108 disposed of two nondispositive case-management motions. A judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A). Local Civil Rule 72 recognizes referral of such matters by entered order or on the instructions of a district judge. Rule 60(a) applies to an "order." Correction of the Magistrate Judge's own nondispositive order to conform it to his intent is presented to the officer whose intent governs. Plaintiff does not reopen the successor-designation question through this Motion. That question is presented in ECF Nos. 97–99 and remains pending there.

## III. THE IDENTIFIED RECORD DOES NOT RESOLVE THE ATTRIBUTION

*Sartin* identifies contemporaneous documents as one source of original intent. 756 F.3d at 266. The docketed orders and notices in this action that bear on the attribution are these.

| Record | Issuing officer | Subject relevant to this application |
|---|---|---|
| ECF No. 12 at 1 | Judge Alston | Denies Plaintiff's first partial-summary-judgment motion as premature, "without prejudice to renewal at an appropriate time." |
| ECF No. 25 at 1; ECF No. 48 at 1 | Judge Alston | Provide notice and response opportunities concerning the Meta and Hall dismissal motions. |

| | | |
|---|---|---|
| ECF No. 50 at 1 | Judge Alston | Vacates the hearing on NCMEC's dismissal motion and directs that the motion "will be decided on the papers." |
| ECF No. 70 at 1 | Judge Alston | Grants leave to file the proposed sur-reply and deems it filed. |
| ECF No. 82 at 1–2 | Judge Davis | Accepts Plaintiff's motion for leave to file a supplemental memorandum as a reply and directs disclosure of generative-AI use and citation review. |
| ECF No. 84 at 1–2 | Judge Davis | Denies two early-discovery motions as premature, states that "discovery has not officially begun" and that "currently there is no Scheduling Order in this case," and denies leave to amend. |

Two distinctions follow from the table.

First, authorship. ECF No. 84 is the earlier docketed order that addresses discovery timing. Magistrate Judge Davis signed it.

Second, content. ECF No. 84 describes the absence of a scheduling order and states that discovery has not begun. It does not itself expressly identify a district-judge instruction postponing discovery until the dismissal motions are adjudicated. A statement that a scheduling order has not been entered is not the same statement as a description of a judge's decision not to enter one.

Neither distinction is offered to disturb ECF No. 84. Plaintiff's objections to ECF No. 84 are pending in ECF Nos. 89 and 90 and proceed on their own grounds. The distinctions serve one purpose here. The reviewed documents do not identify the action ECF No. 108 describes.

The table does not exhaust every possible source of the attribution. Local Civil Rule 72 recognizes referral "on the instructions of a district judge." An instruction need not appear in a separately entered order. The rule's text recognizes that method of assignment; it does not establish that a particular discovery-postponement instruction existed or state its terms. Plaintiff does not plead that no instruction existed. Plaintiff pleads that the reviewed record does not identify one and that the passage does not state whether one exists.

## IV. ANY CLARIFICATION OR CORRECTION MUST PRESERVE THE ORIGINAL DETERMINATION

The passage may describe one of three things. The Rule 60(a) consequence differs for each.

### A. An order or instruction of the District Judge.

If the Court intended the passage to describe an order or instruction the District Judge issued, Plaintiff requests identification of that action as it existed when ECF No. 108 issued: by date and docket citation where available, or by its operative terms where it was not separately entered. Plaintiff requests only what is necessary to clarify the published description. Plaintiff does not request chambers correspondence, drafts, internal deliberations, or testimony. If the existing text describes the instruction accurately, no textual correction is warranted, and the clarification identifies the action the Order already names.

### B. An inference or determination by the Magistrate Judge.

The posture on October 29, 2026 was three pending dismissal motions and no scheduling order. If the Court intended the passage to state a conclusion it drew from that posture, rather than a direction communicated by the District Judge, Plaintiff requests that the clarification say so. Plaintiff does not request correction on that ground alone. Where the words express an intentional inference, the words are accurate for Rule 60(a) purposes, and whether the inference is correct is a question for a different procedural vehicle. *See Chavez-Deremer*, slip op. at 69. Correction is

warranted under this heading only if the words "the District Judge has chosen" do not express what the Court meant when it wrote them.

**C. An inadvertent attribution.**

If the identification of the District Judge, or the description of the source, resulted from oversight, Rule 60(a) authorizes correction to identify what the Court actually intended. *Sartin*, 756 F.3d at 266–67 (concluding that the court did not abuse its discretion in using Rule 60(a) to give effect to its original intent to sanction counsel individually, although its sanctions orders named only "Plaintiffs"). Plaintiff proposes no replacement language. A substitute sentence would state a determination the existing record does not establish. The Court must identify its original determination before any replacement text can be settled.

## V. CLARIFICATION SHOULD IDENTIFY THE ORIGINALLY INTENDED REACH OF THE SAME PASSAGE

ECF No. 108 at 1 identifies the four requests before it: "First, Plaintiff requests entry of a scheduling order. Second, Plaintiff requests an order directing the parties to complete a Rule 26(f) conference and file respective discovery plans. Third, Plaintiff requests an initial pretrial conference. Fourth, if any of these steps are postponed, Plaintiff requests that the order state the date or event on which scheduling will next be addressed." The underlying motions described their own scope. ECF No. 103 sought "initial case management" and disclaimed any contention that passage of the scheduling deadline "authorizes service of discovery." ECF No. 103 ¶¶ 7–8. ECF No. 105 sought "participation and reporting" and disclaimed any request for "answers to interrogatories, production of documents." ECF No. 105 ¶ 8.

The passage resolves those requests through a statement concerning "any discovery." That treatment presents a question about the reach originally intended for the statement. Plaintiff does not characterize the Order as inconsistent with itself. The Order can intentionally deny scheduling

and planning relief on the ground that substantive discovery has been deferred. Whether that reasoning suffices is a reconsideration or review question and is not presented here. What is presented is whether the words "any discovery" were intended to describe a decision about substantive discovery alone, or a decision that also reached entry of a scheduling order, the initial pretrial conference, the parties' Rule 26(f) conference, and the discovery-plan report.

A related question of original operation attaches. Both motions were denied without prejudice. That disposition is not unclear. The question is whether ECF No. 108 was intended only to deny the requested orders, or also to recognize or direct a postponement of the planning steps requested in ECF No. 105. The Order identifies "resolution of the pending motions to dismiss" as the relevant event. ECF No. 108 at 2. The uncertainty concerns which steps the attributed decision was understood to cover before that event occurs.

Plaintiff asks what the Order meant. Plaintiff does not ask the Court to enter a stay, to make a good-cause finding, to decide any present deadline, to establish a resumption procedure, or to rule that planning must proceed. Any clarification describes the Order's original operation. It does not create a new postponement.

## VI. THE LIMITED CLARIFICATION MATTERS WITHOUT DECIDING THE MERITS

Accurate attribution distinguishes an order that implements a direction of the District Judge from an order that states the Magistrate Judge's own inference or determination. Accurate scope distinguishes denial of two requested orders from an intended direction concerning the planning steps themselves. Each distinction concerns what the Order is, not whether the Order was right. Plaintiff does not contend that every party's present obligations turn on this one sentence. Other rules and orders may bear on them. Plaintiff contends only that the sentence should say what the Court meant it to say.

This Motion does not argue that pending dismissal motions cannot support postponement. It does not address the Rule 16(b)(2) date or the sufficiency of good cause. It does not challenge the general proposition the Order quotes from another district court. ECF No. 108 at 1–2. Those matters are reconsideration or review questions and are not presented here. This Motion does not extend, and does not substitute for compliance with, the Rule 72(a) objection period applicable to ECF No. 108.

## VII. CONCLUSION AND RELIEF

Plaintiff requests entry of the accompanying Proposed Order, which (1) to the extent necessary to address a qualifying omission or unintended ambiguity, clarifies whether the passage at ECF No. 108 at 2 describes an order or instruction of the District Judge, an inference or determination by the Magistrate Judge, or another identified judicial action, and identifies any order or instruction by date and docket citation or by its operative terms; (2) clarifies how that action was understood, when ECF No. 108 issued, to relate to the scheduling order, the initial pretrial conference, the Rule 26(f) conference, and the discovery-plan report, and whether ECF No. 108 was intended only to deny the requested orders without prejudice or also to recognize or direct postponement of the planning steps requested in ECF No. 105; (3) corrects the identified passage by stating replacement language only if the existing text fails to express the determination actually intended on October 29, 2026; and (4) leaves the denial without prejudice of ECF Nos. 103 and 105 unchanged, creates no new obligation, and resolves no separately filed application.

The Order attributes a decision to the District Judge and applies it to the requests before the Court. Rule 60(a), as the Fourth Circuit construes it, permits the issuing judge to confirm that the text expresses that determination and to conform the text if it does not. Plaintiff requests that order, with the denial unchanged.

Date: November 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the Memorandum in Support of Plaintiff's Rule 60(a) Motion to Clarify or Correct ECF No. 108, including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: November 1, 2026

**GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: November 1, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*