FILED
11/1/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE, **Case No.** 1:26-cv-02331

*Plaintiff,*

v.

KATIE HALL, individually;
NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN;
META PLATFORMS, INC.;
and JOHN/JANE DOES 1–6,

*Defendants.*
_______________________________________/

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE CONSOLIDATED STATEMENT OF PROCEDURAL IRREGULARITIES AND JUDICIAL ACTIONS**

## INTRODUCTION

### THE COMPLAINT SAYS "ONE MAN, WITHOUT A LAWYER." THE COURT'S FIRST ORDER SAYS "HER."

On August 6, 2026, Plaintiff filed his First Amended Complaint, ECF No. 5. That pleading contains fifty-one masculine references to Plaintiff: forty-two masculine pronouns, four references to "man," three references to "Mr. Ballentine," and one reference each to "father" and "husband." The identification begins in the opening paragraphs. Paragraph 2 refers to "a man's name." Paragraph 3 identifies Plaintiff as "one man, without a lawyer." Paragraphs 4 and 6 repeat the reference to a man. ECF No. 5 ¶¶ 2–4, 6. On the same day, Plaintiff filed his Motion for Partial Summary Judgment, ECF No. 6, and supporting memorandum, ECF No. 7. The motion's two

references to "her" concern Defendant Katie Hall, not Plaintiff. The accompanying memorandum separately describes Plaintiff as the person who provided advance notice of subpoenas "he intended to serve." ECF No. 7 at 1. Six days later, District Judge Alston entered ECF No. 12, stating that Plaintiff filed "her Amended Complaint" and "her Motion for Partial Summary Judgment," and directing the Clerk to provide the order to Plaintiff at "her last known address." ECF No. 12 at 1. The Court thus referred to Plaintiff as female three times in its first order adjudicating his motion, notwithstanding the contrary identifying information in the operative pleading and accompanying memorandum. The order denied the motion as premature before any Defendant had opposed it. The discrepancy raises a question apparent from the documents themselves: whether the identifying information expressly provided in the materials before the Court was consulted or verified before the order issued.

Plaintiff has testified that he did not use his full legal name to operate any Meta account he used. NCMEC's April 22, 2026 letters associated that name, an alternate name, and an email identifier, joined by "and/or," with two CyberTipline reports. Neither letter identifies which identifier appeared in either underlying report. NCMEC knows which. He does not. On April 22, 2026, NCMEC's Corporate Counsel typed the name onto NCMEC letterhead directly after the words "two (2) CyberTipline reports concerning" and mailed it to him twice. The CyberTipline exists to catch people who hurt children. There is no reader in this country who does not know what those words mean next to a man's name. For six months he has tried to ask one question: is his name in those reports?

He first tried in May, in this courthouse, in a case he brought over the letters. He served no discovery. He filed no discovery motion. He did what Rule 26 asks of every party and proposed a planning conference. NCMEC went to the Court and asked that there be no discovery at all,

because information provided in discovery "could give rise to further litigation from Mr. Ballentine." The Court stayed discovery two days later. When he brought this action, NCMEC's counsel wrote in August that if he so much as requested a meet-and-confer, counsel would move for a stay. He asked three yes-or-no questions instead. NCMEC answered that he "simply cannot possibly know." The Court said discovery had not begun. He asked for discovery to begin. The Court said it must wait for the motions to dismiss, the same motions that say he cannot know. The stay motion NCMEC promised was never filed. It was never needed.

The magistrate judge who said discovery had not begun, and who denied the amendment, had, according to his own financial disclosures, reported Meta common stock through the end of last year. Mr. Ballentine asked him to say on the record whether he still held it when he ruled, and whether the law permitted him to rule at all. He never answered. Instead the case was reassigned, by a process that appears nowhere on the docket and was never explained to the plaintiff, and the judge whose interest was in question signed the order declaring the question moot. The new magistrate judge's first act in the case was to deny a scheduling order and relieve every defendant of the Rule 26(f) conference the rules require of them, before any defendant had moved for it. In two cases and six months, every door closed before a defendant had to push on it. The question of whose name is in the reports has still not been answered by anyone.

**ARGUMENT**

**I. LEAVE IS REQUIRED, AND THE COURT HAS AUTHORITY TO GRANT IT.**

Local Civil Rule 7(F)(1) permits no further briefs or written communications without leave of Court. Exhibit A is a written communication to the Court that is not a brief on a pending motion. Plaintiff therefore asks for leave. The Court's authority to receive a record document on its own docket is not in question. The only question is whether Exhibit A serves a purpose the Rules recognize. It does.

Rule 72(a) provides that a party "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Objections to ECF Nos. 63, 64, 65, 84, and 96 are on file. ECF Nos. 66, 89, 97. Each remains undecided. Exhibit A places those orders, the objections to them, the rule each objection invokes, and the consequence of each in one chronology. On any appeal, the record consists of the papers and exhibits filed in this Court. Fed. R. App. P. 10(a)(1). A document that collects the preserved objections in sequence is a record document in the ordinary sense.

## II. ONE DOCUMENT SERVES THE COURT BETTER THAN NINE.

On October 30, 2026, nine of Plaintiff's motions and objections were pending with no disposition on the docket. Exhibit A, Part XI. The orders they address were entered by two magistrate judges across seven weeks. Exhibit A, Part II. The District Judge, in deciding the objections, and any reviewing court, in deciding an appeal, would otherwise reconstruct the sequence from more than one hundred docket entries and three separate objection packages. Exhibit A does that work once. Every quotation in it is reproduced from the docketed document cited, with a page citation, so that each entry can be checked against the docket in a minute. Declaration ¶ 3.

## III. NO DEFENDANT IS PREJUDICED.

Exhibit A requests no relief. It adds no ground to any pending objection or motion. It renews no argument. It moves no deadline and requires no response. A Defendant who disputes any entry in it may say so in one page. Leave to file costs the Defendants nothing, and denial of leave would leave the District Judge to assemble the same chronology without it.

**CONCLUSION**

Plaintiff requests that the Court grant leave to file Exhibit A and direct the Clerk to docket it as a separate entry.

Date: November 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N)**

Pursuant to Local Civil Rule 83.1(N), I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, the Memorandum in Support of Plaintiff's Motion for Leave to File Consolidated Statement of Procedural Irregularities and Judicial Actions, including this Certification and the Generative Artificial Intelligence Disclosure and Citation Certification accompanying it.

Name of Pro Se Litigant: Marvelle J. Ballentine

Signature of Pro Se Litigant
Executed on: November 1, 2026

**GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE AND CITATION CERTIFICATION**

Plaintiff prepared this filing in part using generative AI-assisted agentic motion drafting through a proprietary methodology under development by Plaintiff. Plaintiff certifies that he has reviewed all citations to legal authorities and the record for accuracy.

Date: November 1, 2026



Marvelle J. Ballentine
Plaintiff, *pro se*