**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN, *ET AL.*,<br><br>Defendants. | ) | Case No. 1:26-CV-02331-RDA-WEF |

OPPOSITION OF DEFENDANTS KATIE HALL, ESQ. &
THE NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Katie Hall, Esq. and The National Center for Missing & Exploited Children [collectively, "NCMEC"], by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby respectfully oppose Plaintiff's second Motion for Leave to File a Second Amended Complaint [Doc. 114]. The Motion for Leave should be denied on the basis of futility. In further support, NCMEC states as follows:

I. FACTUAL SETTING/PROCEDURAL POSTURE

The subject Motion represents Plaintiff's sixth effort to state a claim as to NCMEC, whether by original pleading or attempts to amend his Complaint as to the dispute in question. In the original lawsuit filed by Plaintiff in this matter—*Ballentine v. NCMEC*, Case No. 1:26-cv-01341 (E.D. Va.)—Plaintiff filed his original complaint on May 19, 2026. After NCMEC moved to dismiss the complaint, Plaintiff filed a motion for leave to file an amended complaint on July 27, 2026, which motion was opposed by NCMEC. Two days later, on July 29, 2026, Plaintiff

voluntarily dismissed the lawsuit (presumably to avoid the potential that he would not be granted leave to amend).

The following day, Plaintiff filed the original complaint in this matter. [Doc. 1]. Approximately one week later, Plaintiff filed a First Amended Complaint. [Doc. 5]. On August 20, 2026, Plaintiff filed a motion seeking leave to file a Supplemental Complaint. [Doc. 28]. (Plaintiff later withdrew that request.) On September 8, 2026, Plaintiff filed a Motion for Leave to File Second Amended and Supplemental Complaint. [Doc. 59]. The Court ordered Plaintiff to file a redlined version of the proposed pleading on September 9, 2026. [Doc. 64]. Plaintiff refused to comply with the September 9 Order, instead filing objections [Doc. 66] and a motion to set aside the Order. [Doc. 67]. On October 7, 2026, the Court denied Plaintiff's original motion for leave to file a second amended complaint, noting that "Plaintiff was given ample opportunity to comply with the Court's September 9, 2026 Order… but has failed to do so."

Plaintiff's asserts that his proposed Second Amended Complaint seeks to add NCMEC's chief legal officer—Ms. Yiota Souras, Esq.— as a named defendant. Doc. 114 at ¶ 10. The pleading does not add any additional causes of action. *Id.* at ¶ 11. Other than seeking to add Ms. Souras as a defendant, Plaintiff asserts that the pleading is intended to (a) plead facts concerning Ms. Souras' responsibilities and her role in the events at issue; (b) plead "facts concerning Plaintiff's legal name and Plaintiff's Meta accounts and, on information and belief, the contents of the two CyberTipline reports [at issue]…" and (c) "facts concerning the letters' wording, omitted limitations, and the meaning a reasonable reader would take from them." *Id.* at ¶ 12.[1]

[1] While the redlined version of the proposed Second Amended Complaint contains significantly more changes, the majority appear to be relatively minor, such as changing "states" to "disclosed" and "having undergone" to "undergoing," *etc.*

As to Ms. Souras, while the majority of the alleged facts are asserted "upon information and belief," the new allegations appear to relate to Ms. Souras' role as Chief Legal Officer at NCMEC, and to the fact that she was employed as an associate at Orrick, Herrington & Sutcliffe LLP more than twenty years prior. *See* Doc. 114 at Ex. B, pp. 17-20. (That firm represents co-defendant Meta Platforms, Inc. in this matter.) Otherwise, the allegations effectively repeat the allegations made as to Ms. Hall relating to the transmission of the letters in question.

As to the facts "concerning Plaintiff's legal name [*etc.*]," these new allegations contain further reference to Plaintiff's legal name, that he never used his legal name as a username or to set up a Meta-owned platform, *etc.* *Id.* at pp. 33-34.

As to the final asserted substantive changes, they include noting that NCMEC's response indicated a period of "July 1, 2022 through the date of compliance," while the letters stated "July 1, 2022 and the present"; alleging that the Schedule requested "CyberTipline report, referral or submission," while the responsive letters referred to "CyberTipline reports"; and that the letters listed the search terms utilized in the same order in which they were submitted by Plaintiff. *Id.* at pp. 20.

Plaintiff does not add any causes of action, but continues to seek $42,820,260.00 (Forty-Two Million Eight Hundred and Twenty Thousand Two Hundred and Sixty Dollars) in damages.

## II. STANDARD OF REVIEW

Under Rule 15(a), leave to amend is to be granted freely, "absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Hardee v. Mun. Jail Va. Beach Sheriff's Off.*, 2025 U.S. Dist. LEXIS 184735, *5 (E.D. Va. 2025) (quoting *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)); *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (same). A proposed amendment is futile "when it is clearly insufficient

or frivolous on its face… [or] if the claim it presents would not survive a motion to dismiss." *Id.*; *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 375 (4th Cir. 2008). In determining futility, the Court is empowered to "apply common sense." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

## III. ARGUMENT

NCMEC respectfully submits that leave to amend at this stage would be futile and unnecessary, as both NCMEC and co-defendant Meta Platforms, Inc. have motions to dismiss pending, which have been fully briefed by all interested parties to the respective motions. None of the additional factual allegations appear to have any impact on the arguments raised in NCMEC's pending motions to dismiss, thus rendering amendment futile at present.[2] (That is not to suggest that NCMEC presumes to predict how the Court will rule on its pending Motions to Dismiss; only that further amendment at present would not impact the arguments raised in the Motions.)

First, NCMEC argues that Counts I, II, III, and VI are barred by the litigation privilege. The facts desired to be added do not impact those arguments whatsoever, as NCMEC contends that it is (at a minimum) shielded from Plaintiff's defamation and intentional infliction of emotional distress claims by that privilege. Ms. Souras, as NCMEC's Chief Legal Officer, would similarly enjoy that privilege, to the extent this Court determines it to be applicable.

Second, NCMEC asserts that NCMEC (including Ms. Hall) enjoy qualified immunity as to Counts I, II, and V (if not all counts), pursuant to 18 U.S.C. § 2258D and 34 U.S.C. § 20505. As briefed in support of NCMEC's Motions to Dismiss, 18 U.S.C. § 2258D provides immunity to NCMEC, as well as "any director, officer, employee, or agent of NCMEC, arising from the

---

[2] The desired addition of Ms. Souras as a defendant would not impact those arguments, either.

performance of any CyberTipline responsibilities or functions of NCMEC…" 18 U.S.C. § 2258D(a). Similarly, 34 U.S.C. § 20505 provides for immunity from defamation, libel, slander, *etc.*—in the absence of actual malice, or action taken unrelated to an activity mandated by federal law— for NCMEC, "including any of its officers, employees, or agents…" As such, the inclusion of Ms. Souras (as NCMEC's Chief Legal Officer) would not impact this basis for dismissal, either, nor does it appear that any additional factual allegations would have any impact on the Court's analysis, either.

Third, NCMEC has asserted that the allegedly-defamatory statements are true, and thus not actionable. Plaintiff has not plausibly alleged that the allegedly-defamatory statements in question are not, in fact, true, because Plaintiff does not have access to those statements. (Given the sensitive nature of NCMEC's CyberTipline work, and the need to encourage reporting of suspected instances of child exploitation without fear of retaliatory lawsuits, there is obviously good reason these are not publicly-available documents.) While Plaintiff has asserted that he has not engaged in any conduct constituting a violation of any law that would give rise to a meritorious CyberTipline report, that is not the issue; the issue is whether NCMEC received such a report, and Plaintiff cannot plausibly assert that is untrue. No additional factual allegations, nor the attempted inclusion of Ms. Souras, can change that.

Fourth, NCMEC has argued that the allegedly-defamatory meaning cannot reasonably be imputed from the language in NCMEC's responsive letters to Plaintiff (which, as noted in the Motions to Dismiss, is a question of law). NCMEC is not alleged to have stated that Plaintiff engaged in reportable conduct, nor does NCMEC take that position. NCMEC is alleged to have stated that it received two CyberTipline reports based on the search terms requested by Plaintiff. The proposed amended pleading does not impact this argument, either; what Plaintiff requested,

and how NCMEC responded, are spelled out in black and white, and not susceptible to additional factual allegations. Further, the proposed amended pleading does not establish or allow for a reasonable inference that NCMEC's statements not only imparted false innuendo, but also that NCMEC intended or endorsed the false innuendo. *See, e.g., Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993).

Fifth, NCMEC has asserted that Plaintiff's claims for Intentional Infliction of Emotional Distress also fail on the grounds that Plaintiff cannot plausibly assert that NCMEC's action of responding to subpoenas mailed to NCMEC by Plaintiff was "intentional or reckless," nor that NCMEC's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community…" *Russo v. White*, 241 Va. 23, 27 (1991). Plaintiffs' proposed amended complaint does not impact that analysis, either.

Finally, NCMEC asserts that Plaintiff's conspiracy counts—Counts IV and V—fail, as they are predicated entirely on conclusory allegations with no factual support whatsoever. Presumably, Plaintiff believes that the allegation that Ms. Souras worked as an associate for the firm representing co-defendant Meta Platforms, Inc.—approximately 20 years ago-- informs these conspiracy counts. NCMEC respectfully submits that does not. Orrick maintains numerous offices throughout North America, Europe, China, Singapore, Japan, *etc.*, and has presumably employed many thousands of attorneys over the past 20 years. *See, e.g.,* orrick.com/en/Locations. No other additional facts asserted appear to relate to Plaintiff's conclusory assertions as to the existence and operation of the alleged conspiracy or conspiracies.

## IV. CONCLUSION

As noted, NCMEC does not presume to know how the Court will rule on the pending motions to dismiss. However, in the event that NCMEC's motions to dismiss are granted in full, that would be dispositive of all of Plaintiff's claims as to NCMEC, and would also be dispositive of any claims that could be asserted as to Ms. Souras. Given that Plaintiff has previously amended his Complaint, and the proposed modifications to the First Amended Complaint would not disturb successful dismissal arguments by NCMEC, NCMEC respectfully requests that this Honorable Court deny Plaintiff's Motion for Leave to Amend, or in the alternative hold the motion in abeyance until the Court ascertains whether Plaintiff is able to state any claim upon which relief may be granted as to NCMEC.

Respectfully submitted,

JORDAN COYNE LLP

/s/ *Padraic K. Keane*

Padraic K. Keane, VSB No. 88876
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com

*Counsel for Defendants Katie Hall, Esq. and The National Center for Missing and Exploited Children*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2026, true and correct copies of the foregoing were electronically filed and served on all counsel of record, and were served via first-class mail and electronic mail upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se* Plaintiff

/s/ *Padraic K. Keane*
Padraic K. Keane