**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6,<br><br>Defendants. | ) | Case No. 1:26-cv-02331-RDA-IDD |

**DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Meta Platforms, Inc., ("Meta") by and through its undersigned counsel, hereby respectfully opposes Plaintiff Marvelle J. Ballentine's Motion for Leave to File a Second Amended Complaint (Dkt. No. 114). In support, Meta states as follows:

## I. PROCEDURAL HISTORY

As described in Meta's Motion to Dismiss the First Amended Complaint ("FAC"), Plaintiff filed a series of actions against Meta across several courts, all stemming from the alleged disablement of his Facebook account. *See* Dkt. No. 22 at 3-5. Across these actions, Plaintiff has routinely filed amended complaints (or sought leave to do so), consistently delaying decisions on motions to dismiss. Indeed, since September 9, 2025, when Plaintiff filed his first complaint against Meta in the United States District Court for the Northern District of California, Plaintiff has filed 12 complaints against Meta across four courts (not counting his proposed amended and supplemental complaints in the instant action).

Plaintiff's strategy of repeatedly seeking to amend his complaint, delaying resolution of his claims, and wasting the resources of both the court and the parties, has continued in this action. Plaintiff first brought the claims he raises in the instant action against Defendants NCMEC and Katie Hall (together, the "NCMEC Defendants) in a separate action, *Ballentine v. Nat'l Ctr. for Missing & Exploited Children*, No. 1:26-cv-1341 (E.D. Va.). In that action, Plaintiff sought leave to amend his complaint to add claims against Meta. After the NCMEC Defendants opposed that request, Plaintiff voluntarily dismissed that action, re-asserting his claims in the instant action one day later. *See* Dkt. No. 1. Plaintiff filed his FAC shortly thereafter (Dkt. No. 5), and each Defendant moved to dismiss the FAC. *See* Dkt. Nos. 10, 21, 45.

Following Defendants' briefing on the Motions to Dismiss, Plaintiff sought leave to amend his complaint in the instant matter three additional times, including the instant motion. *See* Dkt. Nos. 26, 59, 114. Plaintiff withdrew his first request for leave to amend after Meta's Opposition noted that Plaintiff failed to attach a copy of his proposed amended complaint to his motion. *See* Dkt. Nos. 53, 57. After Plaintiff filed his second request for leave to amend (Dkt. No. 59), the Court ordered Plaintiff to "provide a redlined version of the Amended Complaint" in order to provide the Court with "sufficient information to issue an order on this matter." Dkt. No. 64. Plaintiff failed to comply with that order, and the Court denied his second motion. Dkt. No. 84.

Plaintiff now seeks leave to amend *for a third time*, reiterating many of the allegations in Plaintiff's prior proposed amendments against Meta and the NCMEC Defendants. *See* Dkt. No. 114.[1] Plaintiff also seeks to add a new proposed defendant, Panayiota Souras, who Plaintiff alleges

---

[1] The instant motion was one of eleven motions filed by Plaintiff over the course of two days seeking a variety of relief, in a transparent effort to drive up litigation costs to attempt to coerce a settlement. *See* Dkt. Nos. 109-135; *see also* Dkt. No. 133 (Plaintiff asserting that "an early settlement conference" may be appropriate "[g]iven the number and scope of the pending proceedings").

is the "Chief Legal Officer of NCMEC." Dkt. No. 114-2, Second Amended Complaint, ("SAC") ¶ 21.

## II. <u>PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT IS FUTILE.</u>

"[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement [a complaint] are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198, n. 15 (4th Cir. 2002). In either case, "leave to amend a pleading should be denied. . . when the amendment would be futile." *Brannen v. Selene Finance, LP*, No. 2:18-cv-602, 2019 WL 13251099, at *2, 5 (E.D. Va. Nov. 14, 2019) (denying leave to file supplemental complaint where "it would be futile to permit" Plaintiff's "supplemental pleading" where his "right to relief" remained "a matter of pure speculation"); *see also Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (holding a proposed amendment is futile "when it is clearly insufficient or frivolous on its face…[or] if the claim it presents would not survive a motion to dismiss.").

As to Plaintiff's supplemental allegations regarding the NCMEC Defendants, including the proposed addition of NCMEC's Chief Legal Officer as a defendant, Meta fully adopts the arguments in NCMEC's Opposition, which explain why the supplemental allegations are "futile and unnecessary." Dkt. No. 139 at 4-6.

Nor do Plaintiff's proposed supplemental allegations as to Meta save his failed claims. First, the proposed SAC alleges that because Meta mentioned this case in its motion to dismiss a separate action that Plaintiff brought against Meta in the Northern District of California (*Ballentine v. Meta Platforms, Inc.*, No. 3:26-cv-05939-RFL (N.D. Cal.)), "[b]y August 13, 2026, Meta had actual knowledge that this action exists" and therefore the "August 13, 2026 filing is alleged as a subsequent fact bearing on Meta's knowledge, position, coordination, and litigation context." SAC ¶¶ 184-185. But Plaintiff acknowledges that "[n]o claim for relief rests on" this proposed new

allegation regarding Meta. *Id.* ¶ 185. And, as Meta explained in its previous opposition to Plaintiff's request to amend (Dkt. No. 53), Meta's knowledge that Plaintiff sued NCMEC as of August 13, 2026 has no relevance whatsoever to Plaintiff's claims against Meta, which are premised on Plaintiff's assertion that Meta somehow conspired with NCMEC in connection with letters that NCMEC sent to Plaintiff on April 22, 2026. Indeed, Plaintiff now acknowledges that "no claim rests on" this proposed supplemental allegation. Dkt. No. 115 at 13. Because Plaintiff's newly added allegations against Meta are plainly irrelevant to his claims or the issues raised in Meta's motion to dismiss, amendment would be futile and Plaintiff's motion should be denied. *See Porter v. Blue Ridge Bankshares, Inc.*¸ No. 3:24-cv-909, 2025 WL 2025356, at *5, n.4 (E.D. Va. July 18, 2025) (denying leave to amend as futile where "the proposed amended complaint does not change the Court's analysis regarding Defendants' Motion to Dismiss"); *Dacha v. Moody*, No. 3:24-cv-713, 2026 WL 625494, at *15 (E.D. Va. Mar. 5, 2026) (denying motion to supplement under Rule 15(d) because "[p]ermitting [plaintiff] to supplement the records with the facts" identified in the motion to supplement "would be futile" where the facts could not plausibly serve "as a factual basis for any claim" against defendants).

Second, Plaintiff also suggests that the fact that NCMEC's Chief Legal Officer was employed at Orrick (which represents Meta in this action) *twenty years ago* supports his conspiracy theory. *See* SAC ¶ 96. It does not. Nowhere does Plaintiff allege, in any non-conclusory fashion, that Ms. Souras had any contact with Meta regarding the subject matter of any of his claims. Instead, the proposed SAC alleges only that Ms. Souras participated in the purported conspiracy by participating in drafting the response to Plaintiff's proposed subpoena through her role at NCMEC. SAC ¶ 154. The mere allegation that Ms. Souras worked at Orrick *twenty years* prior to the events at issue does not and cannot give rise to any plausible inference of conspiracy.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's renewed Motion for Leave to File a Second Amended Complaint.

Dated: November 16, 2026

Respectfully submitted,

By: */s/ Hillary Dang*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, I caused DEFENDANT META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307

This 16th day of November, 2026.

By: */s/ Hillary Dang*

Hillary Dang
Virginia State Bar No. 92188
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
hdang@orrick.com